

# FILED

JUN 1 3 2005

Phil Lombardi, Clerk
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

|  |  |  |
|---|---|---|
| 1.  STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT C. MILES TOLBERT, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| 1.  TYSON FOODS, INC., 2.  TYSON POULTRY, INC., 3.  TYSON CHICKEN, INC., 4.  COBB-VANTRESS, INC., 5.  AVIAGEN, INC., 6.  CAL-MAINE FOODS, INC., 7.  CAL-MAINE FARMS, INC., 8.  CARGILL, INC., 9.  CARGILL TURKEY         PRODUCTION, LLC, 10. GEORGE'S, INC., 11. GEORGE'S FARMS, INC., 12. PETERSON FARMS, INC., 13. SIMMONS FOODS, INC., and 14. WILLOW BROOK FOODS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**05CV0329 JOE-SAJ**

Case No. _____
JURY TRIAL DEMANDED

LCvR3.1 Statement: This action is related to City of Tulsa v. Tyson Foods, Inc., 01-CV-0900-EA(C)

## COMPLAINT

COMES NOW the Plaintiff, the State of Oklahoma, ex rel. W.A. Drew Edmondson, in

his capacity as Attorney General of the State of Oklahoma and Oklahoma Secretary of the

Environment C. Miles Tolbert in his capacity as the Trustee for Natural Resources for the State

of Oklahoma under CERCLA, and alleges as follows:

## I.    NATURE OF THE CASE

1.    Millions of chickens and turkeys, owned by the Poultry Integrator Defendants, are raised annually on hundreds of farms throughout the Illinois River Watershed (the "IRW"), and include, without limitation, birds raised for food products ("broilers"), birds raised for egg production ("layers") and birds raised for breeding and resupply purposes ("breeders" and "pullets"). These "poultry growing operations" result in the generation of hundreds of thousands of tons of poultry waste for which the Poultry Integrator Defendants are legally responsible. It has been, and continues to be, the Poultry Integrator Defendants' practice to store and dispose of this waste on the lands within the IRW -- a practice that has caused injury to the IRW, including the biota, lands, waters and sediments therein. The Poultry Integrator Defendants are responsible for this injury. Accordingly, pursuant to federal and state law, the State of Oklahoma brings this action against the Poultry Integrator Defendants seeking, *inter alia,* abatement of these practices, expenses for assessing the injury and damage to the IRW (including the biota, lands, waters and sediments therein) caused by these practices, remediation of the injury to the IRW (including the lands, waters and sediments therein) caused by these practices, damages for the lost value and restoration of the natural resources of the IRW caused by these practices, and equitable relief.

## II.    JURISDICTION & VENUE

2.    The State of Oklahoma is asserting claims under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.* The State of Oklahoma is, further, asserting claims under the federal common law of nuisance. As such, this Court has jurisdiction over the subject matter of this lawsuit pursuant to

28 U.S.C. § 1331 and 42 U.S.C. § 9613(b). This Court has supplemental jurisdiction over the state law claims being asserted herein pursuant to 28 U.S.C. § 1367.

3. The State of Oklahoma has suffered injury to the IRW, including the biota, lands, waters and sediments therein, as a result of the Poultry Integrator Defendants' wrongful acts and omissions. The IRW, including the lands, waters and sediments therein, is situated, in part, in the Northern District of Oklahoma. As such, venue is proper in this Court pursuant to 42 U.S.C. § 9613(b). Further, a substantial part of the events or omissions giving rise to the claims being asserted herein occurred within the Northern District of Oklahoma, and a substantial part of the property that is the subject to the action is situated in the Northern District of Oklahoma. As such, venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Personal jurisdiction is properly exercised over each of the Poultry Integrator Defendants named herein in that each has engaged in acts or omissions within and outside of Oklahoma that have injured the IRW, including the biota, lands, waters and sediments therein, in Oklahoma and / or has deliberately engaged in significant activities in Oklahoma amounting to continuous and systematic contacts with Oklahoma. *See* Fed. R. Civ. P. 4(e), (k).

## III.   THE PARTIES

### A.   Plaintiff

5. The State of Oklahoma is a sovereign state of the United States. The State of Oklahoma, without limitation, has an interest in the beds of navigable rivers to their high water mark, as well as all waters running in definite streams. Additionally, the State of Oklahoma holds all natural resources, including the biota, land, air and waters located within the political boundaries of Oklahoma in trust on behalf of and for the benefit of the public. The State of Oklahoma, by and through its Attorney General, brings this action on its own behalf and as

3

parens patriae on behalf of the residents of Oklahoma.  Attorney General W.A. Drew

Edmondson, as chief law officer of the State of Oklahoma, possesses complete dominion over

every litigation in which he properly appears in the interest of the State of Oklahoma, whether or

not there is a relator or some other nominal party.  Oklahoma Secretary of the Environment C.

Miles Tolbert is the duly appointed trustee for natural resources for the State of Oklahoma under

CERCLA.

  **B.**  **Poultry Integrator Defendants**

  6.  Poultry Integrator Defendant Tyson Foods, Inc. is a Delaware corporation with its

principal place of business in Arkansas.  At times pertinent to this complaint, Poultry Integrator

Defendant Tyson Foods, Inc., individually and / or by and through its duly authorized agents,

servants, employees and / or contractors who were and are acting in the course and scope of their

agency, servitude, employment and / or contracts and in the furtherance of the business of

Poultry Integrator Defendant Tyson Foods, Inc., has been engaged in poultry growing operations

in the IRW, and is responsible for the poultry waste created by these poultry growing operations,

its handling and storage, and its disposal on lands within the IRW and the resultant injury to the

IRW, including the biota, lands, waters and sediments therein.

  7.  Poultry Integrator Defendant Tyson Poultry, Inc. is a Delaware corporation with

its principal place of business in Arkansas.  At times pertinent to this complaint, Poultry

Integrator Defendant Tyson Poultry, Inc., individually and / or by and through its duly

authorized agents, servants, employees and / or contractors who were and are acting in the

course and scope of their agency, servitude, employment and / or contracts and in the furtherance

of the business of Poultry Integrator Defendant Tyson Poultry, Inc., has been engaged in poultry

growing operations in the IRW, and is responsible for the poultry waste created by these poultry

4

growing operations, its disposal on lands within the IRW and the resultant injury to the IRW, including the biota, lands, waters and sediments therein.

8.       Poultry Integrator Defendant Tyson Chicken, Inc. is a Delaware corporation with its principal place of business in Arkansas.  At times pertinent to this complaint, Poultry Integrator Defendant Tyson Chicken, Inc., individually and / or by and through its duly authorized agents, servants, employees and / or contractors who were and are acting in the course and scope of their agency, servitude, employment and / or contracts and in the furtherance of the business of Poultry Integrator Defendant Tyson Chicken, Inc., has been engaged in poultry growing operations in the IRW, and is responsible for the poultry waste created by these poultry growing operations, its handling and storage, and its disposal on lands within the IRW and the resultant injury to the IRW, including the biota, lands, waters and sediments therein.

9.       Poultry Integrator Defendant Cobb-Vantress, Inc. is a Delaware corporation with its principal place of business in Arkansas.  At times pertinent to this complaint, Poultry Integrator Defendant Cobb-Vantress, Inc., individually and / or by and through its duly authorized agents, servants, employees and / or contractors who were and are acting in the course and scope of their agency, servitude, employment and / or contracts and in the furtherance of the business of Poultry Integrator Defendant Cobb-Vantress, Inc., has been engaged in poultry growing operations in the IRW, and is responsible for the poultry waste created by these poultry growing operations, its handling and storage, and its disposal on lands within the IRW and the resultant injury to the IRW, including the biota, lands, waters and sediments therein.

10.      Poultry Integrator Defendant Aviagen, Inc. is a Delaware corporation with its principal place of business in Alabama.  At times pertinent to this complaint, Poultry Integrator Defendant Aviagen, Inc., individually and / or by and through its duly authorized agents,

servants, employees and / or contractors who were and are acting in the course and scope of their

agency, servitude, employment and / or contracts and in the furtherance of the business of

Poultry Integrator Defendant Aviagen, Inc., has been engaged in poultry growing operations in

the IRW, and is responsible for the poultry waste created by these poultry growing operations, its

handling and storage, and its disposal on lands within the IRW and the resultant injury to the

IRW, including the biota, lands, waters and sediments therein.

      11.    Poultry Integrator Defendant Cal-Maine Foods, Inc. is a Delaware corporation

with its principal place of business in Mississippi.  At times pertinent to this complaint, Poultry

Integrator Defendant Cal-Maine Foods, Inc., individually and / or by and through its duly

authorized agents, servants, employees and / or contractors who were and are acting in the

course and scope of their agency, servitude, employment and / or contracts and in the furtherance

of the business of Poultry Integrator Defendant Cal-Maine Foods, Inc., has been engaged in

poultry growing operations in the IRW, and is responsible for the poultry waste created by these

poultry growing operations, its handling and storage, and its disposal on lands within the IRW

and the resultant injury to the IRW, including the biota, lands, waters and sediments therein.

      12.    Poultry Integrator Defendant Cal-Maine Farms, Inc. is a Delaware corporation

with its principal place of business in Mississippi.  At times pertinent to this complaint, Poultry

Integrator Defendant Cal-Maine Farms, Inc., individually and / or by and through its duly

authorized agents, servants, employees and / or contractors who were and are acting in the

course and scope of their agency, servitude, employment and / or contracts and in the furtherance

of the business of Poultry Integrator Defendant Cal-Maine Farms, Inc., has been engaged in

poultry growing operations in the IRW, and is responsible for the poultry waste created by these

poultry growing operations, its handling and storage, and its disposal on lands within the IRW and the resultant injury to the IRW, including the biota, lands, waters and sediments therein.

13.     Poultry Integrator Defendant Cargill, Inc. is a Delaware corporation with its principal place of business in Minnesota. At times pertinent to this complaint, Poultry Integrator Defendant Cargill, Inc., individually and / or by and through its duly authorized agents, servants, employees and / or contractors who were and are acting in the course and scope of their agency, servitude, employment and / or contracts and in the furtherance of the business of Poultry Integrator Defendant Cargill, Inc., has been engaged in poultry growing operations in the IRW, and is responsible for the poultry waste created by these poultry growing operations, its handling and storage, and its disposal on lands within the IRW and the resultant injury to the IRW, including the biota, lands, waters and sediments therein.

14.     Poultry Integrator Defendant Cargill Turkey Production, LLC is a Delaware corporation with its principal place of business in Minnesota. At times pertinent to this complaint, Poultry Integrator Defendant Cargill Turkey Production, LLC, individually and / or by and through its duly authorized agents, servants, employees and / or contractors who were and are acting in the course and scope of their agency, servitude, employment and / or contracts and in the furtherance of the business of Poultry Integrator Defendant Cargill Turkey Production, LLC, has been engaged in poultry growing operations in the IRW, and is responsible for the poultry waste created by these poultry growing operations, its handling and storage, and its disposal on lands within the IRW and the resultant injury to the IRW, including the biota, lands, waters and sediments therein.

15.     Poultry Integrator Defendant George's, Inc. is an Arkansas corporation with its principal place of business in Arkansas. At times pertinent to this complaint, Poultry Integrator

7

Defendant George's, Inc., individually and / or by and through its duly authorized agents, servants, employees and / or contractors who were and are acting in the course and scope of their agency, servitude, employment and / or contracts and in the furtherance of the business of Poultry Integrator Defendant George's, Inc., has been engaged in poultry growing operations in the IRW, and is responsible for the poultry waste created by these poultry growing operations, its handling and storage, and its disposal on lands within the IRW and the resultant injury to the IRW, including the biota, lands, waters and sediments therein.

16.     Poultry Integrator Defendant George's Farms, Inc. is an Arkansas corporation with its principal place of business in Arkansas.  At times pertinent to this complaint, Poultry Integrator Defendant George's Farms, Inc., individually and / or by and through its duly authorized agents, servants, employees and / or contractors who were and are acting in the course and scope of their agency, servitude, employment and / or contracts and in the furtherance of the business of Poultry Integrator Defendant George's Farms, Inc., has been engaged in poultry growing operations in the IRW, and is responsible for the poultry waste created by these poultry growing operations, its handling and storage, and its disposal on lands within the IRW and the resultant injury to the IRW, including the biota, lands, waters and sediments therein.

17.     Poultry Integrator Defendant Peterson Farms, Inc. is an Arkansas corporation with its principal place of business in Arkansas.  At times pertinent to this complaint, Poultry Integrator Defendant Peterson Farms, Inc., individually and / or by and through its duly authorized agents, servants, employees and / or contractors who were and are acting in the course and scope of their agency, servitude, employment and / or contracts and in the furtherance of the business of Poultry Integrator Defendant Peterson Farms, Inc., has been engaged in poultry growing operations in the IRW, and is responsible for the poultry waste created by these

8

poultry growing operations, its handling and storage, and its disposal on lands within the IRW and the resultant injury to the IRW, including the biota, lands, waters and sediments therein.

18.    Poultry Integrator Defendant Simmons Food, Inc. is an Arkansas corporation with its principal place of business in Arkansas.  At times pertinent to this complaint, Poultry Integrator Defendant Simmons Food, Inc., individually and / or by and through its duly authorized agents, servants, employees and / or contractors who were and are acting in the course and scope of their agency, servitude, employment and / or contracts and in the furtherance of the business of Poultry Integrator Defendant Simmons Food, Inc., has been engaged in poultry growing operations in the IRW, and is responsible for the poultry waste created by these poultry growing operations, its handling and storage, and its disposal on lands within the IRW and the resultant injury to the IRW, including the biota, lands, waters and sediments therein.

19.    Poultry Integrator Defendant Willow Brook Foods, Inc. is a Missouri corporation with its principal place of business in Missouri.  At times pertinent to this complaint, Poultry Integrator Defendant Willow Brook Foods, Inc., individually and / or by and through its duly authorized agents, servants, employees and / or contractors who were and are acting in the course and scope of their agency, servitude, employment and / or contracts and in the furtherance of the business of Poultry Integrator Defendant Willow Brook Foods, Inc., has been engaged in poultry growing operations in the IRW, and is responsible for the poultry waste created by these poultry growing operations, its handling and storage, and its disposal on lands within the IRW and the resultant injury to the IRW, including the biota, lands, waters and sediments therein.

20.    Defendants named above are collectively referred to as the "Poultry Integrator Defendants."

9

21.     Unless otherwise noted, each and every count alleged herein applies to each and every Poultry Integrator Defendant.

## IV.   FACTUAL ALLEGATIONS

### A.     The Illinois River Watershed

22.     The 1,069,530-acre Illinois River Watershed ("IRW") straddles the Oklahoma-Arkansas border.  The approximately 576,030 acres of the IRW that are located in Oklahoma include portions of Delaware, Adair, Cherokee and Sequoyah counties.  *See* Exhibit 1.

23.     Within the IRW are the Illinois River, as well as its major tributaries, the Baron (a/k/a Barren) Fork River, the Caney Creek and the Flint Creek.  Approximately 70 miles of the Illinois River have been designated by the Oklahoma Legislature as a Scenic River Area. Additionally, approximately 35 miles of the Baron Fork River and approximately 12 miles of the Flint Creek have been designated by statute as Scenic River Areas.

24.     The designation as "Scenic River Areas" reflects a recognition by the Oklahoma Legislature that these rivers and streams "possess such natural scenic beauty, water conservation, fish, wildlife and outdoor recreation values of present and future benefit to the people of the state that it is the policy of the Legislature to preserve these areas for the benefit of the people of Oklahoma."

25.     The Illinois River and its tributaries are viewed as outstanding water resources for, *inter alia,* recreation, fish and wildlife propagation and aesthetic values.

26.     The Illinois River feeds into the 12,900 acre Tenkiller Ferry Lake, which has been described as "the emerald jewel in Oklahoma's crown of lakes."

27.     Among the recreational uses for which the resources of the Illinois River, its tributaries, Tenkiller Ferry Lake and the adjoining lands have been justly noted are floating (canoes, kayaks and rafts), fishing, camping, swimming, diving, hiking and sightseeing.

28.     Additionally, the waters of the IRW have been used, and are used, and may in the future be used as a source of drinking water.

29.     In recent years these resources have been and are continuing to be polluted and degraded, and their uses have been and are continuing to be injured and impaired.

30.     This pollution of and injury to the IRW, including the biota, lands, waters and sediments therein, are indivisible.

31.     The Poultry Integrator Defendants, by virtue of their improper poultry waste disposal practices, are responsible for this pollution of, as well as the degradation of, impairment of  and injury to the IRW, including the biota, lands, waters and sediments therein.

**B.      The Poultry Integrator Defendants' Domination and Control of the Actions and Activities of Their Respective Poultry Growers**

32.     Each of the Poultry Integrator Defendants is in the business of producing poultry and / or poultry products for sale and use / consumption in the United States and internationally.

33.     Each of the Poultry Integrator Defendants is intimately involved in and controls each stage of the poultry growing process.

34.     Each of the Poultry Integrator Defendants raises its birds itself and / or contracts with "growers" to raise its birds.

35.     The contracts establishing the growing arrangements between the respective Poultry Integrator Defendants and their poultry growers are presented to the poultry growers with no opportunity to negotiate their essential terms, and constitute contracts of adhesion.

36.     Under the terms of a typical contract for broilers, for example, a poultry grower agrees to raise to adulthood a flock of chicks and / or poults belonging to a respective Poultry Integrator Defendant.

37.     Each of the Poultry Integrator Defendants supplies the chicks and / or poults to its respective poultry growers, and picks up the birds from its respective poultry growers when the birds reach maturity.

38.     The birds are owned by the respective Poultry Integrator Defendants throughout the entire growing process.

39.     Additionally, each of the respective Poultry Integrator Defendants formulates, provides and owns the feed that is fed to its birds during the growing process.  The constituents found in poultry waste are influenced by the feed formulas.

40.     Further, each of the Poultry Integrator Defendants dictates to its respective poultry growers all aspects of the care and handling for its birds.  Specifically, each of the Poultry Integrator Defendants dictates to its respective poultry growers, without limitation:

    a.     the type of the buildings, equipment and other facilities used in the poultry grower's operation;

    b.     the feed to be fed to the birds;

    c.     the feed supplements to be fed to the birds;

    d.     the medications and vaccinations to be provided to the birds; and

    e.     the environmental conditions under which the birds are raised.

41.     During the growing process, each of the Poultry Integrator Defendants makes numerous periodic site visits to its respective poultry growers' poultry growing operations to ensure compliance with its dictates regarding the care and handling of its birds.

12

42.     Each of the Poultry Integrator Defendants is similarly intimately involved in and controls each stage of the poultry growing process with respect to layer, breeder and pullet growing operations.

43.     In sum, each of the Poultry Integrator Defendants so dominates and controls the actions and activities of its respective poultry growers that the relationship is not one of independent contractor, but rather one of employer and employee or one of principal and agent, and one of owner, operator or arranger of poultry waste under CERCLA.

44.     Alternatively, even should the relationship with the Poultry Integrator Defendants be one of independent contractor, the Poultry Integrator Defendants have known and have had reason to know that in the ordinary course of the poultry growers raising birds in the usual and prescribed manner poultry waste will be handled and disposed of in such a manner to cause injury to the IRW, including the biota, lands, waters and sediments therein, and therefore the Poultry Integrator Defendants are legally responsible for their respective poultry growers' poultry waste and its environmental impacts.

45.     Additionally, many of the Poultry Integrator Defendants themselves own poultry growing operations.  At these operations, too, the respective Poultry Integrator Defendants control all aspects of the care and handling of the birds and are, therefore, owners, operators or arrangers of poultry waste under CERCLA.

**C.     The Poultry Integrator Defendants' Poultry Waste Generation**

46.     Poultry growing operations within the IRW are estimated to generate hundreds of thousands of tons of poultry waste per year.

47.     Because each of the respective Poultry Integrator Defendants at all times owns its birds being raised within the IRW, because each of the respective Poultry Integrators at all times

13

formulates and owns the feed being fed to its birds being raised within the IRW, and because each of the respective Poultry Integrator Defendants at all times so dominates and controls the actions and activities of its respective poultry growers with respect to the growing of its birds as well as controlling its own poultry growing operations, the Poultry Integrator Defendants are responsible for the safe handling and disposal of the poultry waste generated in the course of the poultry growing operations associated with their respective birds.

> **D.** **The Poultry Integrator Defendants' Improper Poultry Waste Disposal Practices and Their Impact**

48.     Each of the Poultry Integrator Defendants has long known that it has been and continues to be the practice to routinely and repeatedly improperly store the poultry waste generated in the course of its respective growing operations on lands within the IRW. *See, e.g.,* Exhibit 2.

49.     Each of the Poultry Integrator Defendants has long known that it has been and continues to be the practice to dispose of the poultry waste generated in the course of its respective growing operations by routinely and repeatedly applying it to lands within the IRW. *See, e.g.,* Exhibit 3.

50.     Each of the Poultry Integrator Defendants has long known that the application of poultry waste to lands within the IRW, in the amounts that it is applied, is in excess of any agronomic need and is not consistent with good agricultural practices and, as such, constitutes waste disposal rather than any normal or appropriate application of fertilizer.

51.     Each of the Poultry Integrator Defendants has long known that the application of its poultry waste to lands within the IRW, in the amounts that it is applied and with the

14

frequency that it is applied, far exceeds the capacity of the soils and vegetation to absorb those nutrients present in the poultry waste.

52.     Each of the Poultry Integrator Defendants has long known that these poultry waste disposal practices lead to the run-off and release of large quantities of phosphorus and other hazardous substances, pollutants and contaminants in the poultry waste onto and from the fields and into the waters of the IRW.

53.     Each of the Poultry Integrator Defendants has long known that the application of poultry waste to lands within the IRW causes large quantities of phosphorus and other hazardous substances, pollutants and contaminants to accumulate in the soils.  At many locations, phosphorus and other hazardous substances, pollutants and contaminants have built up in the soil to such an extent that, even without any additional application of poultry waste to the land, the excess residual phosphorus and other hazardous substances, pollutants and contaminants will continue to run-off and be released into the waters of the IRW in the future.

54.     Despite this knowledge, each of the Poultry Integrator Defendants has, by virtue of its contracts, arranged for its respective growers to take possession of the poultry waste coming from its birds.  Each of the Poultry Integrator Defendants has made this arrangement with full knowledge that the growers were annually placing hundreds of thousands of tons of their poultry waste directly on the ground and that these actions would lead to the run off and release of  phosphorus and other hazardous substances, pollutants and contaminants into the lands and waters of the IRW.

55.     Simply put, each of the Poultry Integrator Defendants has long known that poultry waste is an enormous contributor to phosphorus and other pollution in the IRW. Nevertheless, each of the Poultry Integrator Defendants continues to allow large amounts of its

15

respective poultry waste to be improperly stored and applied on lands within the IRW each year (hereinafter "poultry waste disposal practices").

56.     The Poultry Integrator Defendants' poultry waste disposal practices are not, and have not been, undertaken in conformity with federal and state laws and regulations.

57.     In sum, each of the Poultry Integrator Defendants has long known that such poultry waste disposal practices present the threat that constituents of poultry waste will run off and be released into and from the land to which the poultry waste is applied thereby potentially adversely impacting the IRW, including the biota, lands, waters and sediments therein, and that such practices have in fact resulted in constituents of poultry waste running off and being released into and from the land to which the poultry waste is applied thereby adversely impacting the IRW, including the biota, lands, waters and sediments therein.

58.     Each of the Poultry Integrator Defendants has long known that poultry waste contains a number of constituents that can and do cause harm to the environment and pose human health hazards.  These constituents include, but are not limited to:

      a.     phosphorus / phosphorus compounds;

      b.     nitrogen / nitrogen compounds;

      c.     arsenic / arsenic compounds;

      d.     zinc / zinc compounds;

      e.     copper / copper compounds;

      f.     hormones; and / or

      g.     microbial pathogens.

59.     The lands and waters in the IRW in fact contain elevated levels of a number of such constituents.

60.     The elevated levels of such constituents in the IRW, including in the lands, waters and sediments therein, as well as the resultant injury to the IRW, including the biota, lands, waters and sediments therein, have been caused by the Poultry Integrator Defendants' improper poultry waste disposal practices.

61.     Phosphorus / phosphorus compounds and nitrogen / nitrogen compounds have been designated as hazardous substances under CERCLA. Elevated levels of phosphorus / phosphorus compounds, as well as elevated levels of nitrogen / nitrogen compounds, can cause periodic algae blooms, excessive algal growths, hypolimnetic anoxia and other adverse impacts, and have in fact caused periodic algae blooms, excessive algal growths, hypolimnetic anoxia and other adverse impacts in the waters of the IRW, resulting in eutrophication, a degradation in water quality and sediments, injury to biota and impaired uses. *See, e.g.,* Exhibit 4.

62.     Certain arsenic / arsenic compounds, zinc / zinc compounds, and copper / copper compounds are also designated as hazardous substances under CERCLA. Elevated concentrations of arsenic, for example, have been shown to cause cancer, as well as adverse effects to the gastrointestinal tract, the cardiovascular system, blood, the liver, the lungs, skin and the nervous system, in humans. Elevated concentrations of zinc have been shown to cause adverse effects to the gastrointestinal tract and blood in humans. Elevated concentrations of copper have been shown to cause adverse effects to the gastrointestinal tract in humans. Additionally, elevated concentrations of these metals may be toxic to sensitive terrestrial, aquatic and sediment species.

63.     Elevated levels of hormones, including estradiol, in rivers, streams and lakes cause -- even in very low concentrations -- adverse effects on the reproductive biology of fish and other aquatic vertebrate species.

17

64.     Elevated levels of microbial pathogens, including e. coli and other coliforms, campylobacter, enterococci, yersinia, clostridium, salmonella and staphylococcus, are known to be present in poultry waste.  These microbial pathogens are toxic and can cause illness when they are ingested by human beings and biota.

### E.     The Reason for This Lawsuit

65.     In a recent advertisement published in Oklahoma, certain of the Poultry Integrator Defendants admitted that one source of excess nutrients in the waters of eastern Oklahoma is poultry waste.

66.     Additionally, in a recent open letter published to the citizens of Oklahoma, certain of the Poultry Integrator Defendants admitted that their poultry waste "potentially impact[s] the health of the rivers and streams that lie within [Oklahoma's Scenic River Watersheds]."

67.     In that same open letter, certain of the Poultry Integrator Defendants further admitted that they "are prepared to do [their] part to take care of the poultry portions of the nutrient equation."

68.     To date, however, the Poultry Integrator Defendants' actions have not matched this rhetoric.  By comparison, other major industries in Oklahoma have long accepted responsibility for the proper management and disposal of wastes that are generated by their business so as not to cause any release to the environment.

69.     Indeed, the Poultry Integrator Defendants continue with their improper poultry waste disposal practices to this day.  Accordingly, the State of Oklahoma has been forced to bring this lawsuit against the Poultry Integrator Defendants to protect and restore the IRW, including the biota, land and waters therein.

V.    **CAUSES OF ACTION**

A.    **Count 1:**    **CERCLA Cost Recovery -- 42 U.S.C. § 9607**

70.    The State of Oklahoma realleges and incorporates herein the foregoing allegations of this Complaint, and further alleges as follows:

71.    By and through the Poultry Integrator Defendants' activities and operations, "hazardous substances" within the meaning of CERCLA, 42 U.S.C. § 9601(14), including but not limited to phosphorus and phosphorus compounds, nitrogen and nitrogen compounds, zinc and zinc compounds, copper and copper compounds and arsenic and arsenic compounds, were disposed of in the IRW, including the lands, waters and sediments therein, resulting in "releases" and/or "threatened releases" of hazardous substances within the meaning of CERCLA, 42 U.S.C. § 9601(22), into the IRW, including the lands, waters and sediments therein.

72.    The IRW, including the lands, waters and sediments therein, constitutes a "site or area where a hazardous substance . . . has been deposited, stored, disposed of, or placed, or otherwise come to be located; . . . ." and, as such, constitutes a "facility" within the meaning of CERCLA, 42 U.S.C. § 9601(9). Furthermore, the grower buildings, structures, installations and equipment, as well as the land to which the poultry waste has been applied, also constitute a "facility" within the meaning of CERCLA, 42 U.S.C. § 9601(9), from which the "releases" and / or "threatened releases" of "hazardous substances" into the IRW, including the lands, waters and sediments therein, resulted.

73.    Each of the Poultry Integrator Defendants is a "person" within the meaning of CERCLA, 42 U.S.C. § 9601(21).

74.    The Poultry Integrator Defendants are covered persons within the meaning of CERCLA, 42 U.S.C. § 9607(a), in that they, individually and collectively, have arranged for the

19

disposal of their poultry waste which contains hazardous substances, including but not limited to phosphorus and phosphorus compounds, nitrogen and nitrogen compounds, zinc and zinc compounds, copper and copper compounds and arsenic and arsenic compounds, which has been released to and within the IRW, including the lands, waters and sediments therein, and these hazardous substances have been released within the IRW, including the lands, waters and sediments therein.

75.     Additionally, the Poultry Integrator Defendants are covered persons within the meaning of CERCLA, 42 U.S.C. § 9607(a), in that they, individually and collectively, have been owners and / or operators during the time their poultry waste containing these hazardous substances was generated and disposed of and released into the IRW, including the lands, waters and sediments therein.

76.     As a result of responding to these releases or threatened releases of hazardous substances by the Poultry Integrator Defendants into the IRW, including the lands, waters and sediments therein, the State of Oklahoma has incurred, and will continue to incur, necessary response costs in a manner consistent with the National Contingency Plan ("NCP"), or alternatively, in a manner not inconsistent with the NCP.  These costs include, but are not limited to, costs of monitoring, assessing and evaluating water quality, wildlife and biota in the IRW.

77.     Accordingly, the State of Oklahoma is entitled to recover from the Poultry Integrator Defendants, jointly and severally, all of the State of Oklahoma's past and present necessary response costs under CERCLA § 107.  Further, the State of Oklahoma is entitled to a declaratory judgment holding the Poultry Integrator Defendants liable, jointly and severally, for all future necessary response costs incurred by the State of Oklahoma.

**B.**     **Count 2:**     **CERCLA Natural Resource Damages -- 42 U.S.C. § 9607**

78.     The State of Oklahoma realleges and incorporates herein the foregoing allegations of this Complaint, and further alleges as follows:

79.     The Oklahoma Secretary of the Environment, acting on behalf of the State of Oklahoma, is the designated CERCLA trustee for "natural resources" in, belonging to, managed by, held in trust by, appertaining to or otherwise controlled by the State of Oklahoma and shall assess damages to natural resources for purposes of CERCLA for those natural resources under their trusteeship.

80.     By and through the Poultry Integrator Defendants' activities and operations, "hazardous substances" within the meaning of CERCLA, 42 U.S.C. § 9601(14), including but not limited to phosphorus and phosphorus compounds, nitrogen and nitrogen compounds, zinc and zinc compounds, copper and copper compounds and arsenic and arsenic compounds, were disposed of in the IRW, including the biota, lands, waters and sediments therein, resulting in "releases" and/or "threatened releases" of hazardous substances within the meaning of CERCLA, 42 U.S.C. § 9601(22), into the IRW, including the lands, waters and sediments therein.

81.     The IRW, including the lands, waters and sediments therein, constitutes a "site or area where a hazardous substance . . . has been deposited, stored, disposed of, or placed, or otherwise come to be located; . . . ." and, as such, constitutes a "facility" within the meaning of CERLCA, 42 U.S.C. § 9601(9). Furthermore, the grower buildings, structures, installations and equipment, as well as the land to which the poultry waste has been applied, also constitute a "facility" within the meaning of CERCLA, 42 U.S.C. § 9601(9), from which the "releases" and / or "threatened releases" of "hazardous substances" into the IRW, including the lands, waters and sediments therein, resulted.

21

82.   Each of the Poultry Integrator Defendants is a "person" within the meaning of CERCLA, 42 U.S.C. § 9601(21).

83.   The Poultry Integrator Defendants are covered persons within the meaning of CERCLA, 42 U.S.C. § 9607(a), in that they, individually and collectively, have arranged for the disposal of their poultry waste which contains hazardous substances, including but not limited to phosphorus and phosphorus compounds, nitrogen and nitrogen compounds, zinc and zinc compounds, copper and copper compounds and arsenic and arsenic compounds, which has been released to and within the IRW, including the lands, waters and sediments therein, and these hazardous substances have been released within the IRW, including the lands, waters and sediments therein.

84.   Additionally, the Poultry Integrator Defendants are covered persons within the meaning of CERCLA, 42 U.S.C. § 9607(a), in that they, individually and collectively, have been owners and / or operators during the time their poultry waste containing these hazardous substances was generated, disposed of and released into the IRW, including the lands, waters and sediments therein.

85.   As a result of the release of hazardous substances by the Poultry Integrator Defendants into the IRW, including the lands, waters and sediments therein, there has been injury to, destruction of, and loss of natural resources in the IRW, including the land, fish, wildlife, biota, air, water, ground water, drinking water supplies and all other such resources therein, for which the Oklahoma Secretary of the Environment is trustee on behalf of the State of Oklahoma.

86.   This injury to, destruction of, and loss of natural resources in the IRW, including the land, fish, wildlife, biota, air, water, ground water, drinking water supplies and all other such

22

resources therein, for which the Oklahoma Secretary of the Environment is trustee on behalf of the State of Oklahoma is continuing.

87.     The natural resources that have been and continue to be injured, destroyed, or lost as a result of the release of hazardous substances by the Poultry Integrator Defendants include, but are not limited to the land, fish, wildlife, biota, air, water, ground water, drinking water supplies and all other such resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the State of Oklahoma.

88.     The State of Oklahoma has incurred reasonable and necessary costs to assess and evaluate this injury, destruction and loss of the natural resources.

89.     Accordingly, the Poultry Integrator Defendants are jointly and severally liable to the State of Oklahoma and the Oklahoma Secretary of the Environment as trustee under CERCLA 107 for damages for injury to, destruction of, and loss of these natural resources in the IRW, including the land, fish, wildlife, biota, air, water, ground water, drinking water supplies and all other such resources therein, including but not limited to (a) the cost to restore, replace, or acquire the equivalent of such natural resources; (b) the compensable value of lost services resulting from the injury to such natural resources; and (c) the reasonable cost of assessing injury to the natural resources and the resulting damages.

**C.     Count 3:     State Law Nuisance**

90.     The State of Oklahoma realleges and incorporates herein the foregoing allegations of this Complaint, and further alleges as follows:

91.     As a result of their poultry waste disposal practices, the Poultry Integrator Defendants have intentionally caused an unreasonable invasion of, interference with and impairment of the State of Oklahoma's and the public's beneficial use and enjoyment of the IRW,

23

including the biota, lands, waters and sediments therein, thereby causing the State of Oklahoma and the public inconvenience, annoyance, impairment of use, interference with enjoyment, and other injury. This unreasonable and intentional invasion of, interference with and impairment of the State of Oklahoma's and the public's beneficial use and enjoyment of the IRW, including the biota, lands, waters and sediments therein, by the Poultry Integrator Defendants continues to this day.

92.     Additionally, as a result of their poultry waste disposal practices, the Poultry Integrator Defendants' wrongful conduct has caused an unreasonable and substantial danger to the public's health and safety in the IRW, including the lands, waters and sediments therein. This unreasonable and substantial danger to the public's health and safety in the IRW, including the lands, waters and sediments therein, by the Poultry Integrator Defendants continues to this day.

93.     Such conduct thereby constitutes a private and public nuisance under applicable state law. The nuisance and injuries caused thereby are substantial, tangible, continuing, and both temporary and permanent. The continuation of such conduct threatens irreparable harm.

94.     The Poultry Integrator Defendants have at all times pertinent to this complaint known that an invasion of, interference with and impairment of the State of Oklahoma's and the public's beneficial use and enjoyment of the IRW, including the biota, lands, waters and sediments therein, as well as the creation of an unreasonable and substantial danger to the public's health and safety, have resulted from, or have been substantially certain to result from, their wrongful poultry waste disposal practices.

95.     Further, by statute, the Poultry Integrator Defendants' pollution of the waters within the IRW and placement / contribution to the placement of poultry wastes where they are

24

likely to cause pollution of the IRW, including the lands, waters and sediments therein, constitute a public nuisance *per se* pursuant to 27A Okla. Stat. § 2-6-105.

96.     Yet further, by statute, the Poultry Integrator Defendants are subject to the jurisdiction of the Oklahoma Department of Agriculture, Food, and Forestry pursuant to the Oklahoma Environmental Quality Act and, as such, their pollution of the land and waters within the IRW constitutes a public nuisance *per se* pursuant to 2 Okla. Stat. § 2-18.1.

97.     By reason of the foregoing, the State of Oklahoma is entitled to equitable relief, including but not limited to an injunction requiring each and all of the Poultry Integrator Defendants to abate their pollution-causing conduct --including immediate cessation of all releases of poultry waste constituents to the soils and waters of the State of Oklahoma -- to remediate the IRW, including the lands, waters and sediments therein, and to pay all costs associated with quantifying the amount of remediation and natural resource damages as well as the amount of natural resource damages itself.

98.     By reason of the foregoing, the State of Oklahoma has also incurred, and will incur in the future, damages, including special and direct damages, costs and expenses as a result of the nuisance for which it is entitled to receive compensation and reimbursement from the Poultry Integrator Defendants, jointly and severally.

99.     Exemplary and punitive damages should also be awarded based on the Poultry Integrator Defendants' reckless and intentional indifference to and disregard of the public's health and safety in the IRW, including the lands, waters and sediments therein.

100.     The State of Oklahoma is further entitled to reasonable attorneys' fees, court costs and interest pursuant to 12 Okla. Stat. § 940.

### D.      Count 4:      Federal Common Law Nuisance

101.    The State of Oklahoma realleges and incorporates herein the foregoing allegations of this Complaint, and further alleges as follows:

102.    As a result of their poultry waste disposal practices, the Poultry Integrator Defendants have intentionally carried on an activity that has caused and is causing an unreasonable invasion of, interference with, impairment to, inconvenience to, annoyance to and injury to the State of Oklahoma and the public's beneficial use and enjoyment of the IRW, including the biota, lands, waters and sediments therein.

103.    Additionally, as a result of their poultry waste disposal practices, the Poultry Integrator Defendants have intentionally carried on an activity that has significantly threatened to cause and is significantly threatening to cause an unreasonable invasion of, interference with, impairment to, inconvenience to, annoyance to and injury to the State of Oklahoma and the public's beneficial use and enjoyment of the IRW, including the biota, lands, waters and sediments therein.

104.    Furthermore, as a result of their poultry waste disposal practices, the Poultry Integrator Defendants have intentionally carried on an activity that has caused and is causing unreasonable and substantial danger to the public's health and safety in the IRW, including the lands, waters and sediments therein.

105.    Additionally, as a result of their poultry waste disposal practices, the Poultry Integrator Defendants have intentionally carried on an activity that has significantly threatened to cause and is significantly threatening to cause unreasonable and substantial danger to the public's health and safety in the IRW, including the lands, waters and sediments therein.

106.    Such conduct thereby constitutes a nuisance under applicable federal law.  The injuries caused thereby are substantial, tangible and continuing, and are both temporary and permanent.  The continuation of such conduct threatens irreparable harm.

107.    The Poultry Integrator Defendants have at all times pertinent to this complaint known that an invasion of, interference with and impairment of the State of Oklahoma's and the public's beneficial use and enjoyment of the IRW, including the biota, lands, waters and sediments therein, as well as the creation of an unreasonable and substantial danger to the public's health and safety, have resulted from, or have been substantially certain to result from, their wrongful poultry waste disposal practices.

108.    By reason of the foregoing, the State of Oklahoma is entitled to equitable relief, including but not limited to an injunction requiring each and all of the Poultry Integrator Defendants to abate their pollution-causing conduct, to remediate the IRW, including the lands, waters and sediments therein, and to pay all costs associated with quantifying the amount of remediation and natural resource damages as well as the amount of natural resource damages itself.

109.    By reason of the foregoing, the State of Oklahoma has also incurred, and will incur in the future, damages, including special and direct damages, costs and expenses as a result of the nuisance for which it is entitled to receive compensation and reimbursement from the Poultry Integrator Defendants, jointly and severally.

110.    Exemplary and punitive damages should also be awarded based on the Poultry Integrator Defendants' reckless and intentional indifference to and disregard of the public's health and safety in the IRW, including the lands, waters and sediments therein.

### E.   Count 5:   Trespass

111.   The State of Oklahoma realleges and incorporates herein the foregoing allegations of this Complaint, and further alleges as follows:

112.   The Poultry Integrator Defendants' poultry waste disposal practices have resulted in an actual and physical invasion of and interference with the State of Oklahoma's property interests in the IRW, including the biota, lands, waters and sediments therein. This actual and physical invasion of and interference with the State of Oklahoma's property interests in the IRW, including the biota, lands, waters and sediments therein, by the Poultry Integrator Defendants is continuing.

113.   The Poultry Integrator Defendants have known that their poultry waste disposal practices have resulted in or have been substantially certain to result in an actual and physical invasion of and interference with the State of Oklahoma's property interests in the IRW, including the biota, lands, waters and sediments therein, and thus have been and continue to be intentional.

114.   This actual and physical invasion of and interference with the State of Oklahoma's property interests in the IRW, including the biota, lands, waters and sediments therein, by the Poultry Integrator Defendants have been, and continue to be, without authority or consent.

115.   Such conduct thereby constitutes a trespass under applicable state law. The trespass and injuries caused thereby are substantial, tangible, continuing, and both temporary and permanent. The continuation of such conduct threatens irreparable harm.

116.   By reason of the foregoing, the State of Oklahoma is entitled to equitable relief, including but not limited to an injunction requiring each and all of the Poultry Integrator

Defendants to abate their pollution-causing conduct, to remediate the IRW, including the lands, waters and sediments therein, and to pay all costs associated with quantifying the amount of remediation and natural resource damages as well as the amount of natural resource damages itself.

117. By reason of the foregoing, the State of Oklahoma has also incurred, and will incur in the future, damages, costs and expenses as a result of the trespass for which it is entitled to receive compensation and reimbursement from the Poultry Integrator Defendants, jointly and severally.

118. Exemplary and punitive damages should also be awarded based on the Poultry Integrator Defendants' reckless and intentional indifference and harm to the State of Oklahoma's property interests in the IRW, including the biota, lands, waters and sediments therein, as well as their reckless and intentional disregard of the public's health and safety in the IRW, including the lands, waters and sediments therein.

119. The State of Oklahoma is further entitled to reasonable attorneys' fees, court costs and interest pursuant to 12 Okla. Stat. § 940.

F.      **Count 6:**      **Violation of 27A Okla. Stat. § 2-6-105 & 2 Okla. Stat. § 2-18.1**

120. The State of Oklahoma realleges and incorporates herein the foregoing allegations of this Complaint, and further alleges as follows:

121. The Poultry Integrator Defendants, by and through their wrongful poultry waste disposal practices, have caused pollution of the waters in the IRW within Oklahoma. Each instance of this conduct constitutes a violation of 27A Okla. Stat. § 2-6-105.

122. Additionally, the Poultry Integrator Defendants, by and through their wrongful poultry waste disposal practices, have placed or caused to be placed poultry waste in locations

29

where it is likely to cause pollution of the air, land and waters in the IRW in Oklahoma. Each instance of this conduct also constitutes a violation of 27A Okla. Stat. § 2-6-105.

123.     Additionally, the Poultry Integrator Defendants are subject to the jurisdiction of the Oklahoma Department of Agriculture, Food, and Forestry pursuant to the Oklahoma Environmental Quality Act and, by and through their wrongful poultry waste disposal practices, have caused pollution of the land and waters within the IRW in Oklahoma. Each instance of this conduct constitutes a violation of 2 Okla. Stat. § 2-18.1.

124.     Pursuant to 27A Okla. Stat. § 2-3-504 and 2 Okla. Stat. § 2-16, the State of Oklahoma is entitled to an assessment of civil penalties against the Poultry Integrator Defendants for each respective violation together with attorney fees and costs associated with the collection of such civil penalties, injunctive relief against the Poultry Integrator Defendants compelling compliance with 27A Okla. Stat. § 2-6-105 and 2 Okla. Stat. § 2-18.1, respectively, and all such other relief as may be provided for under the law.

G.     Count 7:     **Violation of 2 Okla. Stat. § 10-9.7 and Oklahoma
                     Administrative Code § 35:17-5-5**

125.     The State of Oklahoma realleges and incorporates herein the foregoing allegations of this Complaint, and further alleges as follows:

126.     The Poultry Integrator Defendants' wrongful poultry waste disposal practices, by and through those practices that occurred in Oklahoma, have caused the runoff of poultry waste into the waters in the IRW within Oklahoma, contamination of the waters of the IRW within Oklahoma, and the creation of an environmental or public health hazard within Oklahoma. Each instance of this conduct constitutes a violation of the Animal Waste Management Plan criteria

set forth in the Oklahoma Registered Poultry Feeding Operations Act, 2 Okla. Stat. § 10-9.7, and

of the Oklahoma Administrative Code, § 35:17-5-5.

127.    Additionally, the Poultry Integrator Defendants, by and through their poultry

waste disposal practices that occurred in Oklahoma, have caused discharges or runoffs or

releases of significant pollutants to the waters in the IRW in Oklahoma, contamination of the

waters of the IRW within Oklahoma, and the creation of an environmental or public health

hazard within Oklahoma. Each instance of this conduct also constitutes a violation of the

Animal Waste Management Plan criteria set forth in the Oklahoma Registered Poultry Feeding

Operations Act, 2 Okla. Stat. § 10-9.7, and of the Oklahoma Administrative Code, § 35:17-5-5.

128.    Pursuant to 2 Okla. Stat. § 10-9.11, the State of Oklahoma is entitled to an

assessment of civil penalties against the Poultry Integrator Defendants for each violation

together with attorney fees and costs associated with the collection of such civil penalties,

injunctive relief against the Poultry Integrator Defendants compelling compliance with the

Animal Waste Management Plan criteria set forth in the Oklahoma Registered Poultry Feeding

Operations Act, 2 Okla. Stat. § 10-9.7, and with the Oklahoma Administrative Code, § 35:17-5-

5, and all such other relief as may be provided for under the law.

**H.    Count 8:    Violation of Oklahoma Administrative Code, § 35:17-3-14**

129.    The State of Oklahoma realleges and incorporates herein the foregoing allegations

of this Complaint, and further alleges as follows:

130.    The Poultry Integrator Defendants' wrongful poultry waste disposal practices, by

and through those practices that occurred in Oklahoma, have caused the runoff of poultry waste

resulting in a discharge to the surface and ground waters of the IRW within Oklahoma. Each

instance of this conduct, to the extent the poultry waste disposal practice occurred on land owned or leased by the owner of a poultry growing operation subject to Oklahoma Concentrated Animal Feeding Operation Act, 2 Okla. Stat. § 9-200, *et. seq.*, constitutes a violation of the Animal Waste Management Plan criteria set forth in the Oklahoma Administrative Code, § 35:17-3-14.

131.    Pursuant to 2 Okla. Stat. § 9-212, the State of Oklahoma is entitled to an assessment of civil penalties against the Poultry Integrator Defendants for each violation together with attorney fees and costs associated with the collection of such civil penalties, injunctive relief against the Poultry Integrator Defendants compelling compliance with the Animal Waste Management Plan criteria set forth in the Oklahoma Administrative Code, § 35:17-3-14, and all such other relief as may be provided for under the law.

**I.    Count 9:    Unjust Enrichment / Restitution / Disgorgement**

132.    The State of Oklahoma realleges and incorporates herein the foregoing allegations of this Complaint, and further alleges as follows:

133.    The Poultry Integrator Defendants have engaged in improper poultry waste disposal practices, as described above.

134.    By engaging in these improper poultry waste disposal practices, the Poultry Integrator Defendants have avoided the costs of properly managing and disposing of their poultry waste -- not only to their enormous economic benefit and advantage, but also at great cost to the lands and waters comprising the IRW and at the expense of, and in violation of, the State of Oklahoma's rights.

135.    In fairness and equity, these are costs that should have been borne by the Poultry Integrator Defendants.

136.   The State of Oklahoma has thereby conferred a benefit upon the Poultry Integrator Defendants.

137.   This benefit has not been voluntarily conferred upon the Poultry Integrator Defendants by the State of Oklahoma.

138.   The Poultry Integrator Defendants have knowingly retained this benefit and have, therefore, been unjustly enriched.

139.   There exists no other remedy at law that can adequately compensate the State of Oklahoma for the entirety of the loss and damages it has suffered as a result of the Poultry Integrator Defendants' improper poultry waste disposal practices and pollution of the IRW, including the lands, waters and sediments therein, and therefore the State of Oklahoma is entitled to restitution from the Poultry Integrator Defendants.  Further, the State of Oklahoma is entitled to disgorgement of all gains the Poultry Integrator Defendants realized in consequence of their wrongdoing.

## VI.   PRAYER FOR RELIEF

Wherefore, the State of Oklahoma and, where applicable, the Oklahoma Secretary of the Environment respectfully request that this Court enter judgment against the Poultry Integrator Defendants, jointly and severally, on each of the claims alleged above and award the following relief:

1.   All past monetary damages suffered by and all costs and expenses incurred by the State of Oklahoma as a result of and in connection with the Poultry Integrator Defendants' past wrongful conduct;

2.   A declaration that the Poultry Integrator Defendants are liable for all future monetary damages suffered by and all costs and expenses incurred by the State of Oklahoma as a

result of and in connection with the continuing effects of the Poultry Integrator Defendants' past wrongful conduct;

     3.     A permanent injunction requiring each and all of the Poultry Integrator Defendants to immediately abate their pollution-causing conduct in the IRW, to remediate the IRW, including the lands, waters and sediments therein, to take all such actions as may be necessary to abate the imminent and substantial endangerment to the health and the environment, and to pay all costs associated with assessing and quantifying the amount of remediation and natural resource damages as well as the amount of natural resource damages itself;

     4.     Restitution in an amount sufficient to make the State of Oklahoma whole for the loss and damages it has suffered on account of the Poultry Integrator Defendants' improper poultry waste disposal practices and pollution of the IRW, including the lands, waters and sediments therein, as well as disgorgement of all gains the Poultry Integrator Defendants realized in consequence of their wrongdoing;

     5.     Punitive and exemplary damages, to the maximum extent allowable under the law;

     6.     Statutory penalties, to the maximum extent allowable under the law;

     7.     Prejudgment interest;

     8.     All attorneys fees and costs of suit (including but not limited to court costs, expert and consultant costs, and litigation and investigative expenses); and

     9.     All such other and further relief as is just and appropriate.

## VII.   JURY DEMAND

The State of Oklahoma requests a trial by jury on all issues so triable.

Respectfully submitted,

W.A. Drew Edmondson (OBA #2628)
Attorney General
State of Oklahoma
2300 North Lincoln Boulevard
Suite 112
Oklahoma City, OK  73105
(405) 521-4396
(405) 521-0669 (FAX)

C. Miles Tolbert
Secretary of the Environment
State of Oklahoma
3800 North Classen
Oklahoma City, OK  73118
(405) 530-8800
(405) 530-8990 (FAX)

DATED:  June 13, 2005