## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.    STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT C. MILES TOLBERT, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA,<br><br>                  Plaintiff,<br><br>v.<br><br>1.    TYSON FOODS, INC.,<br>2.    TYSON POULTRY, INC.,<br>3.    TYSON CHICKEN, INC.,<br>4.    COBB-VANTRESS, INC.,<br>5.    AVIAGEN, INC.,<br>6.    CAL-MAINE FOODS, INC.,<br>7.    CAL-MAINE FARMS, INC.,<br>8.    CARGILL, INC.,<br>9.    CARGILL TURKEY<br>          PRODUCTION, LLC,<br>10.  GEORGE'S, INC.,<br>11.  GEORGE'S FARMS, INC.,<br>12.  PETERSON FARMS, INC.,<br>13.  SIMMONS FOODS, INC., and<br>14.  WILLOW BROOK FOODS, INC.,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  4:05-cv-00329-JOE-SAJ |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO "DEFENDANT TYSON POULTRY, INC.'S MOTION TO DISMISS
COUNT 3 OF PLAINTIFF'S FIRST AMENDED COMPLAINT"**

TABLE OF CONTENTS

I.     INTRODUCTION..............................................................................................5

II.    LEGAL STANDARD......................................................................................6

III.   ARGUMENT....................................................................................................7

      A.  The State's March 9, 2005 Notice of Intent to File Suit Under RCRA Complies

          With the Statutory Requirements..................................................................7

            1.  The State Fulfilled the Statutorily-Required Notice.........................7

            2.  The State's Notice Gave Sufficient Information...........................10

      B.  The State May Properly Bring a RCRA Citizen Suit Under 42 U.S.C. §

          6972(a)(1)(B)..........................................................................................12

IV.   CONCLUSION..............................................................................................16

## TABLE OF AUTHORITIES

### CASES

*Atwell v. KW Plastics Recycling Division*, 173 F.Supp.2d 1213 (M.D. Ala. 2001),.................................................. 11

*Blumenthal Power Company, Inc. v. Browning-Ferris, Inc.*, 1995 WL 19021214, (D. Md. Apr. 19, 1995).............. 11

*California v. Department of the Navy*, 631 F.Supp. 584 (N.D. Cal. 1986)................................................. 13

*California v. Department of the Navy*, 845 F.2d 222 (9th Cir. 1988).........................................................14

*Coeur D'Alene Tribe of Idaho v. Hammond*, 384 F.3d 674  (9th Cir. 2004)................................................. 14

*College Park Holdings, LLC v. RaceTrac Petroleum, Inc.*, 239 F.Supp.2d 1322 (N.D. Ga. 2002),............................. 9

*Commonwealth of Massachusetts v. United States Veterans Administration*, 541 F.2d 119 (1st Cir. 1976).............. 14

*Cottrell, Ltd. v. Biotrol International, Inc.*, 191 F.3d 1248 (10th Cir. 1999)................................................. 6

*Gaylor v. United States*, 74 F.3d 214 (10th Cir. 1996) ................................................................. 13

*Hallstrom v. Tillamook County*, 110 S.Ct. 304 (1989). ................................................................. 7, 9

*Lone Star Industries, Inc. v. Horman Family Trust*, 960 F.2d 917 (10th Cir. 1992) ....................................... 7

*Robey v. Shapiro, Marianos & Cejda, LLC*, 340 F.Supp.2d 1062 (N.D. Okla. 2004)................................................. 6

Rothschild v. United States, 21 S.Ct. 197 (1900) ................................................................. 15

*Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226 (10th Cir. 1999)................................................. 6

*Tennessee Valley Authority v. Hill*, 98 S.Ct. 2279 (1978) ................................................................. 15

*Two Rivers Terminal, L.P. v. Chevron USA, Inc.*, 96 F.Supp.2d 426 (M.D. Pa. 2002), ................................................. 9

*United States Department of Energy v. Ohio*, 112 S.Ct. 1627 (1992). .................................................13, 14, 15

*United States v. Caro*, 260 F.3d 1209 (10th Cir. 2001) ................................................................. 13

*United States v. Colorado*, 990 F.2d 1565 (10th Cir. 1993) ................................................................. 13

*Utah State Department of Health v. Ng*, 649 F. Supp. 1102 (D. Utah 1986)........................................................14, 15

### STATUTES

33 U.S.C. § 1365(b)................................................................................11

42 U.S.C. § 6903(15)................................................................. 13

3

42 U.S.C. § 6972(a)(1)..................................................................................................................... 13

42 U.S.C. § 6972(a)(1)(A) ......................................................................................................... 7, 10

42 U.S.C. § 6972(a)(1)(B) ..............................................................................5, 7, 8, 10, 11, 12

42 U.S.C. § 6972(b)..................................................................................................................... 7, 10

42 U.S.C. § 6972(b)(2)(A)................................................................................................................. 7

42 U.S.C. § 6972(b)(2)(A)(i)-(iii)................................................................................................... 8

## REGULATIONS & RULES

40 C.F.R. § 254.2 ........................................................................................................................ 8, 10

40 C.F.R. § 254.2(a)(1).............................................................................................................8, 9, 10

Fed. R. Civ. P. 12(b)(6) ................................................................................................................... 6

COMES NOW Plaintiff, the State of Oklahoma, ex rel. W.A. Drew Edmondson in his

capacity as Attorney General of the State of Oklahoma and Oklahoma Secretary of the

Environment C. Miles Tolbert in his capacity as the Trustee for Natural Resources for the State

of Oklahoma under CERCLA ("the State"), by and through counsel, and respectfully submits

that the Tyson Poultry, Inc.'s Motion to Dismiss Count 3 of Plaintiff's First Amended Complaint

("Tyson RCRA Motion") is not well-taken and should be denied.[1]

## I.    Introduction

The State, as part of its lawsuit to hold the Poultry Integrators answerable for their

pollution of the Illinois River Watershed ("IRW"), has asserted a citizen suit claim under 42

U.S.C. § 6972(a)(1)(B) of the Solid Waste Disposal Act (also known as the Resource

Conservation and Recovery Act or "RCRA"). *See* First Amended Complaint ("FAC"), Count 3,

¶¶ 90-97. Specifically, the State has alleged that poultry waste is a solid and / or hazardous

waste. FAC, ¶ 92. The State has further alleged that each of the Poultry Integrator Defendants

has in the past been or is now a generator of poultry waste and / or has in the past been or is now

an owner or operator of treatment, storage or disposal facility for poultry waste, and that each of

the Poultry Integrator Defendants is a "person" who has contributed to and / or is contributing to

the past or present handling, storage, treatment, transportation or disposal of poultry waste in the

IRW and lands and waters therein. FAC, ¶¶ 93-94. Lastly, the State has alleged that an

imminent and substantial endangerment to health or the environment may be presented and is in

fact presented as a direct and proximate result of each of the Poultry Integrator Defendants'

---

[1]    This Memorandum in Opposition is intended to respond not only to the Tyson
RCRA Motion, but also to all of the other Poultry Integrator Defendants which have joined and /
or adopted the Tyson RCRA Motion.

respective contribution to the handling, storage, treatment, transportation or disposal of poultry

waste in the IRW and lands and waters therein.  FAC, ¶ 95.

Defendant Tyson Poultry contends that the State's RCRA claim should be dismissed

because (1) the State failed to comply with RCRA's pre-filing citizen suit notice requirements,

and (2) the State is not a proper party to bring a RCRA citizen suit.  Tyson RCRA Motion, p. 2.

Defendant Tyson Poultry is wrong on both accounts.

## II.    Legal Standard

The standard for analyzing a motion to dismiss for failure to state a claim under Fed. R.

Civ. P. 12(b)(6) is well established:

> [A]ll well-pleaded factual allegations in the amended complaint are accepted as
> true and viewed in the light most favorable to the nonmoving party.  A 12(b)(6)
> motion should not be granted unless it appears beyond doubt that the plaintiff can
> prove no set of facts in support of his claim which would entitle him to relief.
> The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence
> that the parties might present at trial, but to assess whether the plaintiff's
> complaint alone is legally sufficient to state a claim for which relief may be
> granted.

*Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citations

and quotations omitted).

"[T]he Federal Rules of Civil Procedure erect a powerful presumption against rejecting

pleadings for failure to state a claim.  Granting defendant's motion to dismiss is a harsh remedy

which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading

but also to protect the interests of justice." *Cottrell, Ltd. v. Biotrol International, Inc.*, 191 F.3d

1248, 1251 (10th Cir. 1999) (citations and quotations omitted).  "The threshold of sufficiency

that a complaint must meet to survive a motion to dismiss for failure to state a claim is

exceedingly low." *Robey v. Shapiro, Marianos & Cejda, LLC*, 340 F.Supp.2d 1062, 1064 (N.D.

Okla. 2004) (citation and quotations omitted).  "A motion to dismiss for failure to state a claim is

viewed with disfavor, and is rarely granted." *Lone Star Industries, Inc. v. Horman Family Trust*, 960 F.2d 917 (10th Cir. 1992) (citation and quotations omitted).

## III. Argument

### A. The State's March 9, 2005 Notice of Intent to File Suit under RCRA complies with the statutory requirements

#### 1. The State fulfilled the statutorily-required notice

The State has brought a RCRA citizen suit claim under 42 U.S.C. § 6972(a)(1)(B), alleging an imminent and substantial endangerment to health and the environment. 42 U.S.C. § 6972(b)(2)(A) has a statutory pre-filing notice provision which provides:

> (2)(A) No action may be commenced under subsection (a)(1)(B) of this section prior to ninety days after the plaintiff has given notice of the endangerment to--
> (i) the Administrator;
> (ii) the State in which the alleged endangerment may occur;
> (iii) any person alleged to have contributed or to be contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste referred to in subsection (a)(1)(B) of this section . . . .

The Supreme Court has held "where a party suing under the citizen suit provisions of RCRA fails to meet the notice and 60-day requirements of § 6972(b), the district court must dismiss the action as barred by the terms of the statute."[2] *Hallstrom v. Tillamook County*, 110 S.Ct. 304, 312 (1989).

On or about March 9, 2005, the State sent its Notice of Intent to File Suit to, among others, (1) the EPA Administrator, (2) the Governors of Oklahoma and Arkansas, and (3) each of the Poultry Integrator Defendants. *See* FAC, Exhibit 5. The State filed its FAC wherein it included a claim under RCRA on August 19, 2005. Docket No. 18. Thus, the State fully

---

[2] This decision was in the context of a RCRA citizen suit brought pursuant to 42 U.S.C. § 6972(a)(1)(A). There is a sixty day notice requirement for such actions, while there is a ninety day notice requirement for citizen suits brought pursuant to 42 U.S.C. § 6972(a)(1)(B). *See* 42 U.S.C. § 6972(b).

complied with the statutory pre-filing requirements set forth in 42 U.S.C. § 6972(b)(2)(A)(i)-(iii).

Defendant Tyson Poultry apparently[3] contends, however, that the State failed to comply with the

allegedly accompanying regulations pertaining to the service of notice, 40 C.F.R. § 254.2, and

therefore under *Hallstrom* the State's RCRA claim should be dismissed.  40 C.F.R. § 254.2

provides that:

> (a)(1) If the alleged violator is a private individual or corporation, service of
> notice shall be accomplished by registered mail, return receipt requested,
> addressed to, or by personal service upon, the owner or site manager of the
> building, plant, installation, or facility alleged to be in violation.  A copy of the
> notice shall be mailed to the Administrator of the Environmental Protection
> Agency, the Regional Administrator of the Environmental Protection Agency for
> the region in which the violation is alleged to have occurred, <u>and the chief</u>
> <u>administrative officer of the solid waste management agency for the State in</u>
> <u>which the violation is alleged to have occurred</u>.  If the alleged violator is a
> corporation, a copy of the notice shall also be mailed to the registered agent, if
> any, of that corporation in the State in which such violation is alleged to have
> occurred.

(Emphasis added.)  Defendant Tyson Poultry points out that the State did not send its Notice of

Intent to File Suit to the Director of the Arkansas Department of Environmental Quality.  *See*

FAC, Exhibit 5.  To maintain its position that the State's notice letter is deficient with respect to

Arkansas,[4] Defendant Tyson Food must, however, not only ignore the fact that 40 C.F.R. §

---

[3]     The State states "apparently" in that Defendant Tyson Poultry admits that
"[n]either RCRA <u>nor its implementing regulations</u> provide any specific guidance regarding the
notice requirements applicable to a [42 U.S.C.] § 6972(a)(1)(B) citizen suit alleging an imminent
and substantial endangerment to health or the environment."  Tyson RCRA Motion, p. 4
(emphasis added); *see also* Tyson RCRA Motion, p. 4 fn. 2 ("there are no additional
requirements in Part 254 [of the Code of Federal Regulations] which are directed specifically to
subsection (a)(1)(B) 'endangerment' citizen suits").  In contradiction to these admissions,
however, Defendant Tyson Poultry later incongruously claims that "the plain language of RCRA
and <u>its implementing regulations required</u> the Oklahoma Attorney General to provide a copy of
the State's RCRA Notice to the Director of the Arkansas Department of Environmental Quality .
. . ."  Tyson RCRA Motion, p. 7 (emphasis added).

[4]     There is no dispute that the State gave proper notice under the regulations with
respect to Oklahoma.  *See* Tyson RCRA Motion, p.7, fn. 3.

254.2(a)(1) by its very language is inapplicable to "endangerment actions," but also give the

holding in *Hallstrom* an overly expansive reading, and one unsupported by the caselaw.

As to the first point, a close reading of 40 C.F.R. § 254.2(a)(1) reflects that it speaks only

in terms of "violators" and "violations." It does not once speak in terms of persons contributing

to the handling or disposal of solid or hazardous wastes that present an endangerment to health or

the environment. "Violators" and "violations" are the lexicon of § 6972(a)(1)(A) actions, not §

6972(a)(1)(B) "endangerment" actions like the one being brought here. Thus, under a plain

reading of 40 C.F.R. § 254.2(a)(1), there was no requirement that the State comply with this

regulation and send its RCRA notice letter to the Director of the Arkansas Department of

Environmental Quality.

Even were this Court to determine that 40 C.F.R. § 254.2(a)(1) is applicable to §

6972(a)(1)(B) endangerment actions, however, dismissal of the State's RCRA claim under

*Hallstrom* would not be warranted. As the court explained in *Two Rivers Terminal, L.P. v.*

*Chevron USA, Inc.*, 96 F.Supp.2d 426, 432 (M.D. Pa. 2002), a § 6972(a)(1)(B) case:

> However, *Hallstrom* did not hold that a RCRA plaintiff had to comply with the
> administrative regulation dealing with notice. Certainly, the regulation provides
> specific guidance on how to accomplish notice, but the statute only requires
> notice, not any particular form of notice. As noted, CUSA did receive notice here,
> so we will not dismiss this suit because the notice did not conform to section
> 254.2(a). We acknowledge that compliance with section 254.2(a) is preferable
> and eliminates disputes over notice, but we cannot agree that it is necessary.

Similarly, in *College Park Holdings, LLC v. RaceTrac Petroleum, Inc.*, 239 F.Supp.2d 1322,

1332 (N.D. Ga. 2002), a § 6972(a)(1)(A) case, the court explained:

> [T]he court fails to see how *Hallstrom* controls the RCRA notice issue in the
> instant case. Although settling on a strict interpretation of the statute itself,
> *Hallstrom* did not hold that a RCRA plaintiff had to comply with the
> administrative regulations dealing with notice. Certainly, the regulations provide
> specific guidance on how to accomplish notice, but the statute only requires
> notice, not any particular form of notice. Here, RaceTrac did receive notice, so

9

> the court will not dismiss the suit because the notice did not conform to 40 C.F.R. § 254.2(a).  The court acknowledges that compliance with section 254.2(a) is preferable to noncompliance because it eliminates disputes over notice, but the court cannot agree that such regulatory compliance is a prerequisite to subject matter jurisdiction in federal court.

(Citations omitted.)  Simply put, compliance with the statute is a prerequisite to filing; compliance with the regulations is not (if in fact the regulation even applies).  Therefore, inasmuch as there is no dispute that the State did in fact comply with the statutory requirements, dismissal of the State's RCRA claim on this ground is improper.  To the extent that the State's RCRA notice letter was required to comply with 40 C.F.R. § 254.2(a)(1) – and the State does not believe it was required to – the State should be afforded the opportunity to cure without dismissal.

### 2.    The State's notice gave sufficient information

Defendant Tyson Poultry also contends that "[t]he State's RCRA Notice fails to identify the specific 'imminent and substantial endangerment to health or the environment' or to provide the Tyson Defendants with sufficient information to deduce this on their own."  Tyson RCRA Motion, p. 11.[5]  Defendant Tyson Poultry is wrong.

At the outset it should be noted that 42 U.S.C. § 6972(b) does not specify the information that must be contained in the pre-filing notice for a 42 U.S.C. § 6972(a)(1)(B) citizen suit beyond

---

[5]    In other parts of its motion, Defendant Tyson Poultry speaks in terms of "violations."  *See, e.g.,* Tyson RCRA Motion, p. 12 ("the State's RCRA Notice does not identify what laws, regulations, or standards have been violated or even when the violations occurred").  Defendant Tyson Poultry is apparently confused.  As noted above, the State's RCRA citizen suit is being brought pursuant to 42 U.S.C. § 6972(a)(1)(B), not 42 U.S.C. § 6972(a)(1)(A).  Under 42 U.S.C. § 6972(a)(1)(B), the State need only allege that Defendant Tyson Poultry "has contributed or . . . is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health of the environment."  The State is not required to allege violations of laws, regulations or standards.  That is only required of a claim brought under 42 U.S.C. § 6972(a)(1)(A).

simply that it "give[] notice of the endangerment." Likewise, there are no regulations mandating the content of the pre-filing notice for a 42 U.S.C. § 6972(a)(1)(B) citizen suit. *See Blumenthal Power Company, Inc. v. Browning-Ferris, Inc.*, 1995 WL 19021214, *3-4 (D. Md. Apr. 19, 1995) (holding that "the specificity requirement of [40 C.F.R.] § 254.3 is appropriate only for private actions filed under § 6972(a)(1)(A)").[6]

In any event, in its letter, the State has given ample notice to the Poultry Integrator Defendants of the endangerment. For instance, the State's notice letter plainly spells out the activity of the Poultry Integrator Defendants that it alleges constitutes the endangerment. *See* FAC, Exhibit 5, pp. 2-3 ("[I]t has been the practice of the Poultry Integrators to dispose of this waste on lands within the IRW resulting in the release of this waste and associated pollutants, into the soils, ground water and surface waters of the IRW – a practice which may and does present an imminent and substantial endangerment . . ."); p. 3 ("The Poultry Integrators' waste management and disposal practices, combined with their failure to respond adequately to the continued release of poultry waste into the IRW, present an imminent and substantial endangerment . . ."); p. 3 ("The Poultry Integrators' waste management and disposal practices have caused and will continue to cause the migration of the pollutants throughout the waters and natural resources in the IRW. These conditions pose an imminent and substantial endangerment . . ."). Additionally, the State's notice letter plainly spells out the endangerment that the constituents in poultry waste pose to human health and the environment. *See* FAC, Exhibit 5, p. 3 (listing non-exclusive list of constituents). Further, the State's notice letter plainly spells out

---

[6]     Defendant Tyson Poultry's attempts to analogize to the regulatory notice provisions of the Clean Water Act ("CWA") are unavailing. Unlike RCRA, the CWA explicitly provides that "Notice under this subsection shall be given in such manner as the Administrator shall prescribe by regulation." 33 U.S.C. § 1365(b). Thus, *Atwell v. KW Plastics Recycling Division*, 173 F.Supp.2d 1213 (M.D. Ala. 2001), is not on point.

the persons responsible for poultry waste causing the alleged endangerment. *See* FAC, Exhibit 5, p. 2 ("These 'poultry growing operations' owned by, operated by, and / or under contract with the Poultry Integrators generate hundreds of thousands of tons of poultry waste for which the Poultry Integrators are legally responsible"). Yet further, the State's notice letter plainly spells out the timeframe pertaining to this endangerment. *See* FAC, Exhibit 5, p. 2 (Since approximately 1980, it has been the practice of the Poultry Integrators . . ."). And finally, the State's notice letter plainly spells out how to stop the endangerment. *See, e.g.,* FAC, Exhibit 5, p. 4 ("immediately cease all disposal and releases of poultry waste to the environment . . ."). In light of the foregoing, it is disingenuous for Defendant Tyson Poultry to contend that the State's notice fails to apprise it of the nature of the endangerment. Nothing could be further from the truth.

**B.    The State may properly bring a RCRA citizen suit under 42 U.S.C. § 6972(a)(1)(B)**

42 U.S.C. § 6972(a)(1)(B) sets forth the RCRA citizen suit provision under which the State is proceeding. It provides:

(a) In general

Except as provided in subsection (b) or (c) of this section, <u>any person</u> may commence a civil action on his own behalf --

* * *

(1)(B) against any person, including the United States and any other governmental instrumentality or agency, to the extent permitted by the eleventh amendment to the Constitution, and including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment . . . .

12

(Emphasis added.)  42 U.S.C. § 6903(15) defines "person" as "an individual, trust, firm, joint

stock company, corporation (including a government corporation), partnership, association,

State, municipality, commission, political subdivision of a State, or any interstate body and shall

include each department, agency, and instrumentality of the United States."  (Emphasis added.)

By the plain language of the statute, it is clear that RCRA allows a state to bring a citizen suit.

Buttressing this conclusion is the unequivocal and unqualified statement of the Supreme

Court on the matter: "A State is a 'citizen' under the CWA and a 'person' under RCRA, and thus

is entitled to sue under these [citizen suit] provisions." *United States Department of Energy v.*

*Ohio,* 112 S.Ct. 1627, 1634 (1992).[7]  *See also Ohio,* 112 S.Ct. at 1632, fn. 5 ("'person' for

purposes of RCRA includes a State"); *United States v. Colorado,* 990 F.2d 1565, 1578 (10th Cir.

1993) ("Colorado could enforce RCRA in federal court by relying on RCRA's citizen suit

provision, 42 U.S.C. § 6972(a)(1) . . . provided that it complied with the requisite notice

provisions").  This, then, should be the end of the inquiry.

Against this back-drop of unambiguous statutory language and a clear Supreme Court

pronouncement on the matter, however, Defendant Tyson Poultry nevertheless contends that the

State does not have standing to sue under the RCRA citizen suit provision.  Defendant Tyson

Poultry's contention rests almost entirely on an isolated district court opinion of nearly 20 years

ago interpreting the CWA (not RCRA), *California v. Department of the Navy,* 631 F.Supp. 584

(N.D. Cal. 1986) (holding that a state was not authorized to bring a citizen suit under the CWA).

---

[7]     Defendant Tyson Poultry suggests that this statement by the United States
Supreme Court is "only" dicta.  Without necessarily agreeing with Defendant Tyson Poultry's
characterization of this statement, it is important to note that the Tenth Circuit has stated that "we
accord great weight to the dicta of the Supreme Court." *United States v. Caro,* 260 F.3d 1209,
1210 (10th Cir. 2001); *see also Gaylor v. United States,* 74 F.3d 214, 217 (10th Cir. 1996) ("this
court considers itself bound by Supreme Court dicta almost as firmly as by the Court's outright
holdings, particularly when the dicta is recent and not enfeebled by later statements").

Tyson RCRA Motion, pp. 14-16.  At the outset, one is left to wonder if the *California* district

court would have so held in light of the Supreme Court's subsequent *Ohio* decision, which

explicitly stated a state is a "citizen" under the CWA and thus entitled to sue under the CWA

citizen suit provisions.[8]  *See Ohio,* 112 S.Ct. at 1634.

One is also left to wonder about the precedential effect of the *California* district court's

reasoning in light of the fact that the Ninth Circuit expressly did not reach the citizen suit issue

when the case went up on appeal inasmuch as the issue was withdrawn by the State of California

for other reasons.  *See California v. Department of the Navy,* 845 F.2d 222, 223 fn. 1 (9th Cir.

1988) ("California's claim under the citizen suit provision of § 505 is no longer before us. . . . .We

thus express no opinion as to whether the district court correctly held that a state is not a 'citizen'

within the meaning of § 505(a)").

And further, one must take note of other courts that have analyzed the CWA statutory

language and reached a conclusion contrary to the *California* district court.  *See, e.g.,*

*Commonwealth of Massachusetts v. United States Veterans Administration,* 541 F.2d 119, 121

fn. 1 (1st Cir. 1976) ("Therefore, § 505(a)(1) authorized the Commonwealth of Massachusetts, as

a citizen, to bring a civil action against an agency of the United States for violation of the

conditions of a NPDES permit").

But in the final analysis, it is of course the language of RCRA, not the CWA, that

controls whether the State may assert a citizen suit claim.  In *Utah State Department of Health v.*

---

[8]       *See, e.g., Coeur D'Alene Tribe of Idaho v. Hammond,* 384 F.3d 674 683 (9th Cir.
2004) ("Even if it could be considered a dictum, however, that would be of little significance
because our precedent requires that we give great weight to dicta of the Supreme Court")
(emphasis added).

*Ng*, 649 F. Supp. 1102, 1106-07 (D. Utah 1986),[9] the court took on squarely the question of

whether "the State of Utah can bring suit under the citizen suit provision of RCRA."  The *Ng*

court concluded that it could, reasoning that the "the reference to 'any person' under Section 7002

of RCRA, 42 U.S.C. § 6972 (Supp. 1985) is broad and unrestricted in scope.  On its face, we

hold that it encompasses a suit by the Utah State Department of Health."  649 F. Supp. at 1107.

The *Ng* Court, further, rejected the State of Utah's contention that the ninety day notice of

endangerment provision did not apply to states, reasoning that the notice provision was "equally

broad."  649 F. Supp. at 1107.  In rejecting the State of Utah's argument, the *Ng* court explained:

> Plaintiff argues that the purpose behind giving notice is to avoid litigation by
> prompting voluntary compliance or administrative enforcement of the laws
> involved, and that when the state is bringing suit it makes no sense to require that
> it prompt itself into action.  While this argument has appeal, this court cannot
> agree that a state should be entitled to evaluate and determine the fruitlessness of
> such notice.  Under different circumstances the EPA or the responsible parties
> might take action if proper notice were given by and <u>to the state</u>. . . .

649 F. Supp. at 1107 (emphasis added).

In sum, there is absolutely no question that the State may bring a RCRA citizen suit

claim.  To conclude otherwise is to resort to "ingenuity to create ambiguity," ambiguity which

simply does not exist in the plain language of RCRA.  *Cf.* Rothschild v. United States, 21 S.Ct.

197, 198 (1900) (dutiability of wrapper tobacco under tariff act); *Tennessee Valley Authority v.*

*Hill*, 98 S.Ct. 2279, 2291, n. 18 (1978) (assertions of ambiguity do not transform a clear statute

into an ambiguous provision).

---

[9]      This decision predates the Supreme Court's *Ohio* decision and its clear-cut
pronouncement on the issue.

## IV.    Conclusion

WHEREFORE, premises considered, Defendant Tyson Poultry's motion seeking

dismissal of the State's RCRA claim should be denied in all respects.

Respectfully submitted,

W.A. Drew Edmondson (OBA #2628)
Attorney General
Kelly H. Burch (OBA #17067)
J. Trevor Hammons (OBA #20234)
Assistant Attorneys General
State of Oklahoma
2300 North Lincoln Boulevard
Suite 112
Oklahoma City, OK  73105
(405) 521-3921

M. David Riggs (OBA #7583)
Joseph P. Lennart (OBA #5371)
Richard T. Garren (OBA #3253)
Douglas A. Wilson (OBA #13128)
Sharon K. Weaver (OBA #19010)
Riggs, Abney, Neal, Turpen, Orbison & Lewis
502 West Sixth Street
Tulsa, OK  74119
(918) 587-3161

Robert A. Nance (OBA #6581)
D. Sharon Gentry (OBA #15641)
Riggs, Abney, Neal, Turpen, Orbison & Lewis
Paragon Building, Suite 101
5801 Broadway Extension
Oklahoma City, OK  73118
(405) 843-9909

J. Randall Miller (OBA #6214)
Louis W. Bullock (OBA #1305)
David P. Page (OBA #6852)
Miller, Keffer & Bullock, PC
222 South Kenosha Avenue
Tulsa, OK  74120
(918) 743-4460

16

Frederick C. Baker (admitted *pro hac vice*)
Elizabeth C. Ward (admitted *pro hac vice*)
Motley Rice LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465
(843) 216-9000

William H. Narwold (admitted *pro hac vice*)
Motley Rice LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
860-882-1682

*Attorneys for the State of Oklahoma*

November 18, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2005, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the electronic records currently on file, the Clerk of Court will transmit a Notice of Electronic filing to the following ECF registrants:

- **Frederick C Baker**
  fbaker@motleyrice.com mcarr@motleyrice.com;fhmorgan@motleyrice.com
- **Vicki Bronson**
  vbronson@cwlaw.com lphillips@cwlaw.com
- **Martin Allen Brown**
  mbrown@jpm-law.com brownmartinesq@yahoo.com
- **Louis Werner Bullock**
  LBULLOCK@MKBLAW.NET
  NHODGE@MKBLAW.NET;BDEJONG@MKBLAW.NET
- **W A Drew Edmondson**
  fc_docket@oag.state.ok.us
  drew_edmondson@oag.state.ok.us;suzy_thrash@oag.state.ok.us.
- **John R Elrod**
  jelrod@cwlaw.com vmorgan@cwlaw.com
- **Bruce Wayne Freeman**
  bfreeman@cwlaw.com sperry@cwlaw.com
- **Richard T Garren**
  rgarren@riggsabney.com dellis@riggsabney.com
- **Dorothy Sharon Gentry**
  sgentry@riggsabney.com jzielinski@riggsabney.com
- **Robert W George**
  robert.george@kutakrock.com donna.sinclair@kutakrock.com
- **Thomas James Grever**
  tgrever@lathropgage.com
- **Jennifer Stockton Griffin**
  jgriffin@lathropgage.com dschatzer@lathropgage.com
- **John Trevor Hammons**
  thammons@oag.state.ok.us
  Trevor_Hammons@oag.state.ok.us;Jean_Burnett@oag.state.ok.us
- **Theresa Noble Hill**
  thill@rhodesokla.com mnave@rhodesokla.com
- **Philip D Hixon**
  Phixon@jpm-law.com
- **Mark D Hopson**
  mhopson@sidley.com dwetmore@sidley.com;joraker@sidley.com
- **Stephen L Jantzen**
  sjantzen@ryanwhaley.com loelke@ryanwhaley.com;mkeplinger@ryanwhaley.com
- **John F Jeske**
  jjeske@faegre.com qsperrazza@faegre.com;dboehme@faegre.com

- **Jay Thomas Jorgensen**
  jjorgensen@sidley.com noman@sidley.com;bmatsui@sidley.com
- **Raymond Thomas Lay**
  rtl@kiralaw.com dianna@kiralaw.com;niccilay@cox.net
- **Nicole Marie Longwell**
  Nlongwell@jpm-law.com ahubler@jpm-law.com
- **Archer Scott McDaniel**
  Smcdaniel@jpm-law.com jwaller@jpm-law.com
- **James Randall Miller**
  rmiller@mkblaw.net smilata@mkblaw.net;clagrone@mkblaw.net
- **Robert Allen Nance**
  rnance@riggsabney.com jzielinski@riggsabney.com
- **George W Owens**
  gwo@owenslawfirmpc.com ka@owenslawfirmpc.com
- **David Phillip Page**
  dpage@mkblaw.net smilata@mkblaw.net
- **Robert Paul Redemann**
  rredemann@pmrlaw.net cataylor@pmrlaw.net;shopper@pmrlaw.net
- **Melvin David Riggs**
  driggs@riggsabney.com pmurta@riggsabney.com
- **Randall Eugene Rose**
  rer@owenslawfirmpc.com ka@owenslawfirmpc.com
- **Patrick Michael Ryan**
  pryan@ryanwhaley.com jmickle@ryanwhaley.com;kshocks@ryanwhaley.com
- **Robert E Sanders**
  rsanders@youngwilliams.com
- **David Charles Senger**
  dsenger@pmrlaw.net lthorne@pmrlaw.net;shopper@pmrlaw.net
- **Colin Hampton Tucker**
  chtucker@rhodesokla.com scottom@rhodesokla.com
- **John H Tucker**
  jtuckercourts@rhodesokla.com
- **Elizabeth C Ward**
  lward@motleyrice.com
- **Sharon K Weaver**
  sweaver@riggsabney.com ajohnson@riggsabney.com
- **Timothy K Webster**
  twebster@sidley.com jwedeking@sidley.com;ahorner@sidley.com
- **Terry Wayen West**
  terry@thewestlawfirm.com
- **Edwin Stephen Williams**
  steve.williams@youngwilliams.com
- **Douglas Allen Wilson**
  Doug_Wilson@riggsabney.com pmurta@riggsabney.com
- **Lawrence W Zeringue**
  lzeringue@pmrlaw.net cataylor@pmrlaw.net;shopper@pmrlaw.net

I hereby certify that on November 18, 2005, I served the foregoing document by U.S. Postal Service on the following, who are not registered participants of the ECF System:

**Delmar R Ehrich**
Faegre & Benson (Minneapolis)
90 S 7TH ST STE 2200
MINNEAPOLIS, MN 55402-3901

**James Martin Graves**
Bassett Law Firm
P O Box 3618
Fayetteville, AR 72702

**Thomas C Green**
Sidley Austin Brown & Wood LLP
1501 K ST NW
WASHINGTON, DC 20005

**William H Narwold**
Motley Rice LLC (Hartford)
20 CHURCH ST 17TH FLR
HARTFORD, CT 06103

**C Miles Tolbert**
Secretary of the Environment
State of Oklahoma
3800 NORTH CLASSEN
OKLAHOMA CITY, OK 73118

**Gary V Weeks**
Bassett Law Firm
P O Box 3618
Fayetteville, AR 72702