# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT C. MILES TROBERT, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>TYSON FOODS, INC., INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB-VANTRESS, INC., AVIAGEN, INC., CAL-MAINE FOODS, INC., CAL-MAINE FARMS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., SIMMONS FOODS, INC., and WILLOW BROOK FOODS, INC.,<br><br>　　　　　　Defendant(s). | Case No. 05-CV-329-TCK-SAJ |

## OPINION AND ORDER

Currently before the Court are the motions by Plaintiffs to compel Defendants Simmons Foods, Inc. [Docket No. 894], Cargill Inc. [Docket No. 895], George's Inc. and George's Farm [Docket No. 896], Peterson Farms, Inc. [Docket No. 897], Cobb-Vantress, Inc. [Docket No. 898], and Tyson Foods, Inc. [Docket No. 899] to respond to Plaintiff's May 30, 2006 set of requests for production. The Court has reviewed the briefs filed by the

parties and considered the arguments and case law presented by the parties.[1/] Plaintiffs' motions are denied. [Docket Nos. 894, 895, 896, 897, 898, 899].

Plaintiffs filed motions to compel discovery from Simmons Foods, Inc., Cargill Inc., George's Inc., George's Farm, Peterson Farms, Cobb-Vantress, Inc., and Tyson Foods, Inc. (hereafter collectively the Defendants). Plaintiffs reference the discovery requests as "centering on documents and materials produced to plaintiffs in a similar poultry waste pollution lawsuit previously brought in this Court, *City of Tulsa v. Tyson Foods Inc.*" [Docket No. 894 at 1]. In the discovery requests, Plaintiffs request the documents and materials made available by the Defendants in the *City of Tulsa* lawsuit, the privilege logs previously produced in the *City of Tulsa* lawsuit, written discovery responses in the *City of Tulsa* lawsuit, transcripts of depositions in the *City of Tulsa* lawsuit, documents regarding compliance with the consent order in the *City of Tulsa* lawsuit. Plaintiffs additionally request joint defense agreements to which Defendants are a party that pertain to the current lawsuit.

**City of Tulsa Documents**

Plaintiffs argue that the similarities between the two lawsuits dictates the production of the *City of Tulsa* documents in this lawsuit. Plaintiffs list similarities between the cases such as governmental agencies suing poultry integrators, similar defendants, alleged impairment of use of Oklahoma waters, alleged pollution of drinking water, pollution of a watershed, activities by poultry integrators, legal arguments related to the relationship

---

[1/] The Court did not hear oral argument on these issues, but concluded that the briefs presented by the parties were sufficient for the Court's consideration of this issue. *See, e.g., Snowden v. Connaught Labs, Inc.*, 137 F.R.D. 325 (D. Kan. 1991); *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495 (D. Md. 2000).

between the poultry integrators and their growers, manner of disposal of poultry waste, allegations of phosphorus and nitrogen poultry waste, and CERCLA, state law nuisance, trespass, and unjust enrichment claims.

Although Plaintiffs do identify some surface similarities between the *City of Tulsa* action and the currently pending case, such similarities are not enough to require a *carte blanche* production of all documents from the *City of Tulsa* action. The two lawsuits involve two separate watersheds, different water bodies, and different poultry farms located on separate watersheds. Plaintiffs provide no explanation for seeking the depositions and documents in an action which dealt with a different watershed and different water bodies. The Court has considered the arguments of the parties as submitted in the briefs, and the Court has listened to hours of oral argument on different issues detailing the differences in the two watersheds. The Court concludes that the relevancy of the requested documents is not readily apparent on its face.

Discovery is governed by the Federal Rules of Civil Procedure which permit a party to discovery any matter that is relevant to a claim or defense.

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. Proc. 26(b)(1).

Plaintiffs may discover any information that is relevant to a claim or defense of any party. In this instance, Plaintiffs appear to equate "similarity to a prior lawsuit" to relevant to a claim or defense in the current proceeding. The Court cannot accept that this conclusion is automatic. As noted, the two lawsuits involve different watersheds. In addition, Defendants have indicated that the expert witnesses in the two cases will be different, and the claims by Plaintiffs in this lawsuit are broader than in the *City of Tulsa* lawsuit. The Court will not order the Defendants to respond to the broad discovery requests of Plaintiffs based on the information presently before the Court. The Court finds that the requested discovery by Plaintiffs for documents in the *City of Tulsa* lawsuit is not necessarily relevant to the current proceeding.

Plaintiffs rely upon *Snowden v. Connaught Labs., Inc.*, 137 F.R.D. 325 (D. Kan. 1991). In *Snowden*, the court considered whether requests for all documents and information previously produced in a lawsuit should be produced in the lawsuit currently before the court. The court granted the request and ordered the information from the prior lawsuit produced. *Snowden* is distinguished from the action currently before the Court. First, the cases in *Snowden* were the same – the parties argued that a DPT vaccine led to permanent injuries. This is in striking contrast to this case which involved similar allegations in completely different watersheds. Second, *Snowden* references the Fed. R. Civ. Proc. 26 predecessor to the current rule. The prior Fed. R. Civ. Proc. 26 permitted discovery that was relevant to the subject matter of the action. The current Fed. R. Civ. Proc. 26 limits discovery to the claims and defenses in the action. Finally, *Snowden* focused on the issue of relevancy and recognized, in citing to other cases, that in many cases relevancy could not be presumed.

-- 4 --

> The threshold question here is relevance. Although relevance in the context of discovery is decidedly broader than in the context of admissible evidence, it is not without limits. Parties to a lawsuit are only entitled to discover information that "appears reasonably calculated to lead to the discovery of admissible evidence.." F.R. Civ. P. 26(b)(1). Whether pleadings in one suit are "reasonably calculated" to lead to admissible evidence in another suit is far from clear. F.R. Evid. 401, 406. <u>In the Court's view, discovery of this type of information typically will *not* lead to admissible evidence</u>. *Id.* But that determination depends on the nature of the claims, the time when the critical events in each case took place, and the precise involvement of the parties, among other considerations. (emphasis in original) *Payne* at 469.

*Snowden* at 329-330, *citing Payne v. Howard*, 75 F.R.D. 465 (D.C. D.C. 1977) (*underline added, italics in original)*.

Plaintiffs also refer to *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495 (D. Md. 2000). *Tucker* is also a products liability action in which the parties sought discovery of documents in a prior litigation which involved the same alleged defect – adhesion of the components of a steel belted radial tire. The Court is not persuaded that *Tucker* requires production under the circumstances as alleged in the case presently before the Court.

Plaintiffs assert that Defendants have asserted boilerplate and formulaic objections of undue burden and relevancy. The Court does not favor boilerplate objections. A party maintaining that a response would be unduly burdensome must establish the undue burden imposed by responding to the document requests. Plaintiffs claim Defendants have not met this burden.

In addressing the undue burden imposed by responding to Plaintiffs' discovery requests, many Defendants note that none of the experts in the *City of Tulsa* case are testifying in this action. Defendant Tyson notes that the production would require review

-- 5 --

of tens of thousands of pages. Defendant Peterson observes that the documents in the *City of Tulsa* case fill numerous boxes, that not all boxes have been physically located, and that production would require the recreation of the prior production in the *City of Tulsa* lawsuit. Defendant Peterson notes that over 20,000 pages of documents were provided to experts in the *City of Tulsa* action (with Defendant not retaining copies of all documents), over 18,408 pages of documents were produced from growers' files, and over 11,314 pages of documents were produced from Peterson processing plant files and correspondence related to the Eucha Spavinaw Watershed. The Court has some familiarity with the *City of Tulsa* case and concludes that responding to the requests as propounded would be overly burdensome.

The Court is not holding that no documents from the *City of Tulsa* action are relevant to this action. The Court is finding that Plaintiffs have not sufficiently articulated the relevance of the documents sought. Because production of all of the requested documents would be unduly burdensome, the Court will not require Defendants to review all documents to determine which documents are relevant. Plaintiffs may tailor more specific discovery requests detailing the documents or topics requested.[2] Several Defendants have indicated a willingness to produce documents to Plaintiffs, but all Defendants have objected to the wide-scale production currently sought by Plaintiffs.

**Joint Defense Agreements**

Plaintiffs additionally request that Defendants produce all copies of joint defense agreements to permit Plaintiffs to evaluate Defendants' claims of privilege. Defendants

---

[2] Several Defendants have expressed a willingness to produce documents if tailored to specific issues or topics. [Docket No. 904 at 2; 905 at 2; 906 at 7].

oppose the request asserting that issues of privilege are a matter of law and any agreements are protected by attorney client or attorney work product privileges.

Plaintiffs have not identified a privilege log or specific instance in which Plaintiffs have been denied documents or materials as protected by a joint defense agreement or privilege. The Court will not order the production of joint defense agreements to aide the evaluation of a privilege that is not specifically asserted or challenged. The Court will not decide such issues in the abstract.

**Discovery of Implementation of Tulsa Settlement Documents**

Plaintiffs additionally request that Defendants produce documents regarding the post-settlement activities of Defendants in the *City of Tulsa* case. The Court has reviewed the requests, but is not convinced, based on the briefs of the parties, that Plaintiffs have sufficiently articulated the relevance of such documents.

Dated this 4th day of October 2006.

Sam A. Joyner
United States Magistrate Judge