# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT C. MILES TOLBERT, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>TYSON FOODS, INC., INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB-VANTRESS, INC., AVIAGEN, INC., CAL-MAINE FOODS, INC., CAL-MAINE FARMS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., SIMMONS FOODS, INC., and WILLOW BROOK FOODS, INC.,<br><br>　　　　　　Defendant(s). | Case No. 05-CV-329-GKF-SAJ |

## **OPINION AND ORDER**

Pursuant to the request of the parties, the Court heard argument by the parties on the motion by the Tyson Defendants[1] for a more definite statement on counts one and two of the amended complaint. [Docket No. 71, 77].[2] The Court has reviewed the arguments of counsel, considered the case law submitted by the parties and reviewed the briefs of the

---

[1] The Court collectively refers to the Defendants bringing this motion as the "Tyson Defendants." The Tyson Defendants comprise Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Poultry, Inc., and Cobb-Vantress, Inc.

[2] The motion by the Tyson Defendants is Docket No. 71. Numerous Defendants joined in the motion by the Tyson Defendants. The Court rules only on the joinder by Peterson Farms in the motion. The other joinders filed by the other Defendants joined this motion and other motions. If the Court ruled on those joinders, the motions would no longer be pending. Therefore the Court lists only Docket Nos. 71 and 77.

parties. The Court denies the motion to make more definite and certain. [Docket No. 71, 77].

Defendants note that under the CERCLA claims asserted by Plaintiff (42 U.S.C. § 9601 *et seq.*) a Plaintiff is required to describe the "facility." Under the statute "facility" is defined as:

> (A) any building, structure, installation, equipment, pipe or pipeline (including any pipe into a sewer or publicly owned treatment works), well, pit, pond, lagoon, impoundment, ditch, landfill, Storage container, motor vehicle, rolling stock, or aircraft or
>
> (B) any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located; but does not include any consumer product in consumer use or any vessel

42 U.S.C. § 9601(9).

Defendants have filed a Fed. R. Civ. Proc. 12(e) motion requesting that the Court order that Plaintiff make their complaint more certain. Pursuant to Fed. R. Civ. Proc. 12(e),

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such other order as it deems just.

Fed. R. Civ. Proc. 12(e). Defendants contend that Plaintiff has insufficiently defined the term "facility" in accord with Plaintiff's CERCLA claim. Plaintiff made clear at the hearing that the "facility" asserted is the entire Illinois River Watershed, containing some 1,000,000 acres.

The Court concludes that Plaintiff's position on the issue is not vague or ambiguous. The Defendants can and have framed a responsive pleading. The motion to make more definite and certain is denied. This order does not reach the more substantive issue of whether or not a facility consisting of 1,000,000 acres is contemplated by the statute. If Defendants intend to further challenge Plaintiff's claims under this statute, additional dispositive motions are required.

The motion to make more definite and certain is denied.  [Docket No. 71, 77].

Dated this  26th day of February 2007.

*[signature]*

Sam A. Joyner
United States Magistrate Judge