# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT C. MILES TOLBERT, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA, | ) ) ) ) ) ) ) ) ) | Case No. 05-CV-329-GKF-SAJ |
| Plaintiff(s), | ) ) ) | |
| vs. | ) | |
| TYSON FOODS, INC., INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB-VANTRESS, INC., AVIAGEN, INC., CAL-MAINE FOODS, INC., CAL-MAINE FARMS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., SIMMONS FOODS, INC., and WILLOW BROOK FOODS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendant(s). | ) | |

## OPINION AND ORDER

The Court heard argument on the State of Oklahoma's Motion for a Protective Order to prohibit the deposition of Attorney General W.A. Drew Edmondson. After considering the briefs submitted by the parties, the argument of the parties at the hearing, and the case law referenced by the parties, the Court grants the Motion for a Protective Order. [Docket No. 1033].

I.    **Background and Procedural History**

Plaintiff has sued numerous Defendants asserting damages related to poultry waste in the Illinois River Watershed.  Attorney General Drew Edmondson is listed in the caption of the case filed by Plaintiff.

In December of 2006, Defendant Simmons Foods ("Simmons") notified Plaintiff that they wanted to take the deposition of the Attorney General.  Plaintiff responded that absent sufficient justification the Attorney General would not be made available for deposition. Defendant noted that the Attorney General was a named Plaintiff and therefore a deposition would be appropriate.  Plaintiff maintained the position that although the Attorney General was listed in the caption, the true named Plaintiff was the State of Oklahoma.  *See* [Docket No. 1033-2, 1-2].

Defendant Simmons sent a notice of deposition for a deposition beginning February 13, 2007.  [Docket No. 1033-3, at 1-3].  The deposition notice provides no other information as to the subject or topic of the deposition.  Plaintiff filed a Motion for Protective Order in this Court on January 23, 2007.

II.    **The Attorney General is not the True Party in this Action**

Defendant argues that because the Attorney General is a listed and named Plaintiff in this action his deposition is appropriate.  However, the Attorney General is listed in the caption of this action solely because he is bringing the action on behalf of the State of Oklahoma.  As such, the true party is the State of Oklahoma, not the Attorney General.

*See* 74 O.S. 2001, § 18:

("The duties of the Attorney General as the chief law officer of the state shall be: 1. To appear for the state and prosecute and defend all actions and proceedings, civil or criminal, in the Supreme Court and the Court of Criminal Appeals in which the state is interested as a party; 2. To appear for the state and prosecute and defend all actions and proceedings in any of the federal courts in which the state is interested as a party; 3. To initiate or appear in any action in which the interests of the state or the people of the state are at issue. . . .").

This lawsuit is styled "ex rel. W.A. Drew Edmondson, in his capacity as Attorney General of the State of Oklahoma." The state, not the Attorney General is the real party in interest and is the Plaintiff in this action. *See also United States v. Northside Realty Associates, Inc.*, 324 F. Supp. 287, 291 (N.D. Ga. 1971) ("Although this suit was initiated by the [United States] Attorney General, the real party in interest is the United States. Such suits may be brought in the name of the sovereign to protect the interest of the sovereign in seeing that its laws are enforce[d]").

Defendant suggests that even if the Attorney General is not a necessary Plaintiff or the true Plaintiff, that he is "acting like a Plaintiff." Defendant notes that deposing an entity, such as the State of Oklahoma, is not possible, and that depositions must therefore be taken of the individuals that comprise the entity. Defendant references numerous public statements made by the Attorney General, an interview by the Attorney General that appeared in the *Tulsa World*, and the Attorney General's actions as negotiator and decision-maker for the Plaintiff.

The Court has considered Defendant's arguments. However, Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks – a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff on topics listed by Defendant. A Fed. R. Civ. Proc. 30(b)(6) deposition enables the deposing party

-- 3 --

to designate the areas upon which examination is requested and it is designed for a "public or private corporation or a partnership or association or governmental agency." Fed. R. Civ. Proc. 30(b)(6).  The opposing party must designate an individual to testify "as to matters known or reasonably available to the organization. At oral argument, when Defendant's counsel was asked about whether or not a Fed. R. Civ. Proc. 30(b)(6) deposition could be used, Plaintiff's counsel agreed that it could be used.

III.    Depositions of Attorneys in an Action and the "Top Government" Official

In this case, the Attorney General fits two different categories of individuals whose depositions are not favored – attorneys in an action and "top governmental official."  Of course an individual in either category is not immunized from deposition.  However, absent the existence of certain circumstances the Court will prevent such a deposition.

Several courts have addressed the taking of a deposition of "opposing counsel."  In *Boughton v. Cotter Corp.*, 65 F.3d 823 (10th Cir. 1995), the Tenth Circuit Court of Appeals favorably discussed *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).

> The *Shelton* court held that depositions of opposing counsel should be limited to where the party seeking to take the deposition has shown that: (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.  The court gave the following as reasons for its decision to restrict the circumstances under which opposing counsel may be deposed: "Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation.  It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony.  Finally, the practice of deposing counsel detracts

> from the quality of client representation.  Counsel should be free
> to devote his or her time and efforts to preparing the client's
> case without fear of being interrogated by his or her opponent."

*Boughton*, 65 F.3d at 829.  *See also Simmons Foods, Inc. v. Willis*, 191 F.R.D. 625 (D. Kan.

2000); *In re Muskogee Environmental Conservation Co.*, 221 B.R. 526 (N.D. Okla. 1998).


In this case, the Attorney General has entered an appearance in the case and has

argued a portion of one motion before the Court.  Plaintiff does have a plethora of attorneys.

The Court has not been informed of and has not inquired about the day- to-day involvement

of the Attorney General in this action.  However, the Attorney General is an attorney and is

involved in this action.

In analyzing the *Shelton* factors, the Court is persuaded that the protective order

should be granted.  The first *Shelton* factor considers whether or not the Attorney General

is the only person with the information and knowledge sought by Defendant.  The Court is

not persuaded that this factor is met.  By serving a Fed. R. Civ. Proc. 30(b)(6) deposition

Plaintiff will designate a person knowledgeable about the information that Plaintiff seeks.

With regard to the second *Shelton* factor, Defendant maintains that Defendant does not

seek any information that is protected by the attorney client privilege.  The third *Shelton*

factor addresses whether or not the material is crucial to the preparation of the case.  This

factor was not developed by the parties and the Court declines to analyze this factor in

isolation.  Based on the availability of the Fed. R. Civ. Proc. 30(b)(6) deposition and because

the Attorney General is a record attorney in this action the Court concludes the protective

order should issue.        The Court is additionally persuaded that because the Attorney

General is a head government official that some degree of protection may be necessary

absent the necessity of discovering relevant factual information that is in the possession of

that government individual.

> In general heads of agencies and other top government
> executives are normally not subject to depositions.   The
> rationale pursuant to this policy is that such officials must be
> free to conduct their jobs without the constant interference of
> the discovery process.  An exception to this general rule exists
> concerning top officials who have direct personal factual
> information pertaining to material issues in the action.

*Church of Scientology of Boston v. Internal Revenue Service*, 138 F.R.D. 9, 12 (D. Mass.

1990).  Plaintiff refers the Court to at least one case in which this general premise was

applied to a state attorney general.  *California v. United States of America*, 2006 WL

2621647 (N.D. Cal. 2006).  This type of "protection," however, is not limited to the heads of

governmental agencies.   Corporate heads are similarly treated.   In *Evans v. Allstate*

*Insurance Co.*, 216 F.R.D. 515 (N.D. Okla. 2003), the Court discussed the standard for

evaluating whether or not a corporate officer should be disposed.

> The law governing depositions of "apex" employees is well
> articulated in *Folwell v. Hernandez*, 210 F.R.D. 169 (M.D.N.C.
> 2002).   In noting Sara Lee Corporation's reliance on the
> decision in *Baine v. General Motors*, 141 F.R.D. 332 (M.D. Ala.
> 1991), the *Folwell* Court stated:
>
>> The *Baine* Court held that Rule 26(b) gives the
>> court power to regulate harassing or burdensome
>> depositions,   and   that   unless   a   high   level
>> executive has unique personal knowledge about
>> the controversy, the court should regulate the
>> discovery   process   to   avoid   oppression,
>> inconvenience, and burden to the corporation and
>> to the executive. . . .

*Evans v. Allstate*, 216 F.R.D. 515, 518-19 (Okla. 2003).

The Court is not persuaded by Defendant that the deposition of the Attorney General is currently necessary.  The Motion for Protective Order is **Granted.**

It is so Ordered.

Dated this 26th day of February 2007.

Sam A. Joyner
United States Magistrate Judge