# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT C. MILES TOLBERT, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA,

     Plaintiff(s),

vs.

TYSON FOODS, INC., INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB-VANTRESS, INC., AVIAGEN, INC., CAL-MAINE FOODS, INC., CAL-MAINE FARMS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., SIMMONS FOODS, INC., and WILLOW BROOK FOODS, INC.,

     Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 05-CV-329-GKF-SAJ

## OPINION AND ORDER

   The Court heard argument on the Motion of the Tyson Defendants[1/] to Compel Plaintiff to fully answer interrogatories served on Plaintiff on May 2, 2006.  After considering the briefs submitted by the parties, the argument of the parties at the hearing, and the case law referenced by the parties, the Court grants the motion to compel. [Docket No. 1019].  The Tyson Defendants additionally request that the Court award attorneys fees incurred in filing of this motion.  The Court declines to rule on the request for attorneys fees at this

---

[1/] The Court collectively refers to the Defendants bringing this motion as the "Tyson Defendants."  The Tyson Defendants comprise Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Poultry, Inc., and Cobb-Vantress, Inc.

point.  The Court is ordering Plaintiff to review its responses and submit supplemental responses to Defendant within 30 days from the date of this order.  If Defendant wishes to assert a request for costs and attorneys fees associated with this motion after reviewing the new responses provided by Plaintiff, the Defendant should file an appropriate request with the Court and the Court will consider it at that time.

## I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiff began this lawsuit on June 13, 2005.  [Docket No. 1].  Plaintiff alleges that improper conduct of the Tyson Defendants and other poultry companies has contaminated the soil, water, sediment, biota, and possibly the air throughout more than 1,000,000 acres in the Illinois River Watershed ("IRW"), posing a danger to human health and to the environment.

The Tyson Defendants contend that although they have diligently attempted to discover the nature and scope of Plaintiffs' claims, they have been unable to do so.  The Tyson Defendants served Plaintiffs with interrogatories on May 2, 2006.  Cobb-Vantress served 13 interrogatories, and each of the remaining Tyson entities served 11 numbered interrogatories.[2/]  The interrogatories vary, with numerous interrogatories constituting "contention interrogatories" asking Plaintiff to provide the basis of specific claims in the lawsuit.

Plaintiff responded to the interrogatories on June 15, 2006.  Plaintiff's response contained numerous objections, including objections based on the attorney client and work

---

[2/]  The Court recognizes that the parties dispute the actual number of interrogatories served by Defendants.  The Court reference to the number of interrogatories is not a finding as to the actual number of interrogatories served.

product privilege.  Plaintiff's response to numerous interrogatories stated that documents would be produced pursuant to Fed. R. Civ. Proc. 33(d) in response to the interrogatory.

Defendants contend that Plaintiff's response is insufficient and does not adequately answer the interrogatories served on Plaintiff.  Plaintiff notes that it has produced more than 300 boxes of documents that are responsive to all of the Defendants' discovery requests. Plaintiff has additionally produced indices to Defendants of documents produced that are responsive to requests.  Plaintiff also states that it has responded to 234 requests for production, 74 interrogatories, and has turned over 12 to 14 boxes of documents comprising sampling data and other documents previously claimed as privileged.

## I.    PRIVILEGE ISSUES

Although the briefs discuss privilege issues and Plaintiff relies, in part, on objections based upon privileges in their responses to the Tyson Defendants' discovery requests, the Court understands that these issues are not presently before the Court.  Plaintiff has since the time that those objections were made produced numerous documents which Plaintiff previously claimed as privileged.[3/]   During oral argument, the Plaintiff stated  that all documents were either produced or listed on a privilege log.  Plaintiff represented that they were maintaining only a limited number of objections with regard to the responses to interrogatories.  The parties did not otherwise argue or present a privilege issue to the Court.

---

[3/]   The Court notes that although Plaintiff has produced such documents Plaintiff evidently never supplemented their interrogatory responses to indicate which documents were responsive to which interrogatories.

## II.     CONTENTION INTERROGATORIES AND FEDERAL RULE OF CIVIL PROCEDURE 33(d)

Many of the interrogatories served by Defendants on Plaintiff are contention interrogatories.  Contention interrogatories are permissible under the Federal Rules of Civil Procedure.

> Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1), and the answers may be used to the extent permitted by the rules of evidence.  An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other time.

Fed. R. Civ. Proc. 33©.   Contention interrogatories are not *per se* unreasonable.

Plaintiff asserts that the contention interrogatories proposed by the Tyson Defendants are overly burdensome to the extent that such interrogatories require a response that includes "each and every" fact and "every" and "all" documents.  Plaintiff additionally suggests that the Court should be careful in permitting the use of contention interrogatories and that a response should be delayed until after designated discovery is complete.   *See*, *e.g.*, *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. (D. Kan. 1998) ("Interrogatories should not require the answering party to provide a narrative of its case. . . . The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for 'every fact' which supports identified allegations or defenses.") *citations omitted*.  In contrast, Defendants maintain that contention interrogatories require a narrative response and that Plaintiff has improperly invoked Fed. R. Civ. Proc. 33(d).

The Federal Rules of Civil Procedure contemplate that, under certain circumstances, responses to interrogatory requests may be appropriately made by reference to documents.

> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries.    A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

Fed. R. Civ. Proc. 33(d).   However, an election by a party to respond by producing business documents requires reference to specific business documents rather than a general reference to numerous documents.

> The Committee is advised that parties upon whom interrogatories are served have occasionally responded by directing the interrogating party to a mass of business records or by offering to make all of the records available, justifying the response by the option provided by this subdivision.  Such practices are an abuse of the option.  A party who is permitted by the terms of this subdivision to offer records for inspection in lieu of answering an interrogatory should offer them in a manner that permits the same direct and economical access that is available to the party.  If the information sought exists in the form of compilations, abstracts or summaries then available to the responding party, those should be made available to the interrogating party.  The final sentence is added to make it clear that a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived.

-- 5 --

Advisory Committee Notes, 1980 Amendment, Fed. R. Civ. Proc. 33(d).   *See also American Rockwool, Inc. v. Owens-Corning Fiberglass Corp.*, 109 F.R.D. 263 (E.D.N.C. 1985) ("Directing the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate request for discovery. . . . A party utilizing Rule 33© to answer interrogatories must respond in sufficient detail to permit the interrogating party to identify readily the individual documents from which the answer may be ascertained."); *Puerto Rico Aqueduct & Sewer Authority v. Clow Corp.*, 108 F.R.D. (D. Puerto Rico 1985) (production of records without narrative answer permissible only if the specificity requirement is satisfied and the relative burdens of research are substantially the same for both parties).

Plaintiff has filed a complicated case involving assertions of pollution, damage to the environment and human health in an area up to 1,000,000 acres.  The interrogatories served by the Tyson Defendants are not simplistic and certainly require effort in response. Plaintiff has undertaken a response to the interrogatories.  However, upon reviewing the responses of Plaintiff, and even considering the complexities of the case and the served interrogatories, the Court cannot conclude that Plaintiff has sufficiently responded to the interrogatories.

Initially, the indices produced by Plaintiff listed the box and which box corresponded to the Defendants' interrogatories.  To determine which boxes of documents corresponded to any given interrogatory, Defendants had to create their own index from the provided indices.  At least four interrogatories had "responsive documents" in 136 boxes, with at least four other interrogatories having "responsive documents" in more than 62 boxes. Furthermore, the indices do not reference specific page numbers, bates numbers, or documents in the  boxes.  During oral argument, counsel for Defendant reviewed two

-- 6 --

separate boxes which were represented by Plaintiff as providing responsive documents to three different interrogatories. The Court is not persuaded that all boxes contained responsive documents, that Plaintiff's method of referencing the boxes sufficiently identifies responsive documents, or that the numerous documents referenced by Plaintiff as responsive to a given interrogatory satisfies Fed. R. Civ. Proc. 33(d).

In cross-referencing the indices produced by Plaintiff, Defendants determined that Plaintiff referenced no documents and therefore provided no response (under Fed. R. Civ. Proc. 33(d)) for at least two, and possibly as many as five, interrogatories. In addition, subsequent to the initial responses by Plaintiff to the interrogatories, Plaintiff subsequently produced between 12 and 14 additional boxes[4/] of information to Defendants. However, Plaintiff has provided no supplemental response to the interrogatories indicating which, if any interrogatories, correspond to any documents produced in the supplemental production. Further, no supplemental response appears forthcoming by Plaintiff.

The Court concludes that Plaintiff's responses are insufficient. The Court further recognizes the difficulties inherent in responding to contention interrogatories such as those propounded by Defendants. However, the fact that something is difficult does not excuse a response. Given the nature of this case, the Court can conceive of the use of Fed. R. Civ. Proc. 33(d) in responding to these contention interrogatories. However, such a response cannot reference entire boxes of documents unless the entire box of documents is actually responsive. A response that references documents requires (1) that the

---

[4/] Twelve large boxes and two smaller sized boxes.

responsive documents  actually exist, and (2) that the reference to the documents be specific enough for the opposing party to locate the documents.  The Court hereby orders a supplemental response by Plaintiff  in which the Plaintiff must, for each interrogatory, separately list the responsive documents. Where possible, Plaintiff should reference the range of Bates numbers and the box number responsive to the document request rather than a reference solely to the box number.[5]

The Court does not, by this Order, intend to require a certain form of response that is not helpful to the parties.  The parties may meet and confer and determine an appropriate manner of responding that will be both helpful to Defendants and reasonable for Plaintiff.  The Court does conclude that the current method is insufficient and suggests a response that includes Bates numbers to avoid situations where the parties' boxes of documents do not correspond.  Absent agreement by the parties to a preferred method, the Court will require Plaintiff to respond by listing responsive documents by Document Box and Bates numbers for each interrogatory.

The current indices and Fed. R. Civ. Proc. 33(d) production is not verified by Plaintiff. In supplementing the response, Plaintiff should provide appropriate verifications.

## III. NUMBER OF INTERROGATORIES.

The parties additionally dispute the number of interrogatories that have been served by Defendants.  Plaintiff maintains the number exceeds 100, including sub-parts. Defendants contend the number of interrogatories served numbers 49.   The federal rule

---

[5]   Hopefully a reference to specific bates numbers will prevent a recurrence of one problem which occurred during oral argument where counsel for Defendant represented that certain documents responsive to Defendants' interrogatory request were not located within a box, and Plaintiff maintained that the documents were located in Plaintiff's box but that Plaintiff's counsel did not know what was within Defendants box.

which centers this great debate   provides that "without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts. . . ."  Fed. R. Civ. Proc. 33(a). The interrogatories are spread among four Tyson defendant permitting a total of 100 interrogatories.   The local rules require counting of subparts in determining the number of interrogatories.  *See* LcvR 33.1 "Interrogatories inquiring as to the existence, location and custodian of documents or physical evidence shall each be construed as one interrogatory.  All other interrogatories, including subdivisions of one numbered interrogatory, shall be construed as separate interrogatories."

The court once more finds itself spending judicial time counting interrogatories. The court is presented with the grand etymological dispute of whether an inquiry into "all actions taken" and "practices employed by" is one question or two.  Are actions taken to "manage, address, reduce and control" chemical compounds in the IRW separate actions such that Defendants have used up four of their sacred 25 permitted inquiries?[6]  Only an expert etymologist, which the court is not, could untie such a Gordian knot, if it were worth untying, which it is not.  This court again repeats the prescription of the Court in *Ginn v. Gemini*, 137 F.R.D. 320, 322 (D. Nev. 1991). "Legitimate discovery efforts should not have to depend upon linguistic acrobatics, nor should they sap the court's limited resources in order to resolve hypertechnical disputes."

---

[6] Plaintiff's Brief in Response (Dkt # 1036), Page 22.

As previously ordered in this case[7], quality, not quantity, is the guiding discovery light for the court and counsel.  Any interrogatory, the probative value of which outweighs the burden of production, that may lead to admissible evidence will be allowed whether within or without the numbered 25.  Interrogatories over 25 will require prior court approval.  The count has completed its count and finds the score for interrogatories used is:

| | |
|---|---|
| Cobb-Vantress, Inc. | 20 |
| Tyson Poultry, Inc | 25 |
| Tyson Foods, Inc. | 14 |
| Tyson Chicken, Inc. | 25 |

## III.    EVASIVE OR INCOMPLETE ANSWERS

The Tyson Defendants object to the responses of Plaintiff as incomplete and evasive.  In several different types of interrogatories the Tyson Defendants request that Plaintiff identify specific violations that have occurred, the date of the locations, the name and address of the grower or other person involved in the violation and the warning or investigative reports related to the violation.  Plaintiff responded, in part, that "violations of these provisions have occurred wherever poultry waste for which Tyson Defendant is legally responsible and which was generated at concentrated animal feeding operations in Oklahoma has been, without limitation, overapplied, stored or land applied and run off, thereby resulting in a discharge to surface and/or ground water in those portions of the IRW located within Oklahoma. . . ."  *See* [Document 1019-4 at 11, Interrogatory No. 4.]  This

---

[7]  Order dated 10/24/2006, (Dkt. # 956).

-- 10 --

type of response is simply insufficient.  Plaintiff is answering the interrogatory by stating that the violations occur wherever a violation has occurred.  Such a response does not provide useful information.  The Court therefore concludes that Plaintiff should supplement its answers to Cobb-Vantress Numbers 3, 4, and 11; Tyson Foods Numbers 2, 3, 4, and 6; and Tyson Poultry Numbers , 4, 5, 6, 7, and 8.  Plaintiff may refer to specific documents in answering, but a response that references documents must be specific enough to enable the Defendants to locate the documents.  If Plaintiff is unable to answer the interrogatory with the requested specifics, Plaintiff may respond that such information is currently unknown, but that a response will be provided when known.        Some  of  the interrogatories served by the Tyson Defendants request information with regard to Plaintiff's damages calculations.  Such damages information is now required in the initial disclosures pursuant to the Federal Rules of Civil Procedure.  Plaintiff initially objected to the production of such information based  the fact that Plaintiff had not yet identified Plaintiff's non-testifying experts.  At oral argument, Plaintiff represented to the Court that Plaintiff was no longer withholding any documents or information based upon this objection. Plaintiffs are obligated to provide damage quantification to the extent it exists within Plaintiff's possession or knowledge.

All supplemental responses required herein are due within 30 days from the date of this order.

It is so Ordered.

Dated this 26th day of February 2007.

Sam A. Joyner
United States Magistrate Judge

-- 11 --