# EXHIBIT A

09/20/04  15:12 FAX 918 586 8082   CONNER & WINTERS   @003/015

09/17/04  FRI 15:26 FAX 405 521 6246   OK ATTORNEY GENERAL   @002

# CONTRACT FOR LEGAL SERVICES

Now on this 23rd day of JULY, 2004 the State of Oklahoma by and through the Attorney General ("the State") and the law firms Miller & Keffer, LLP, Riggs, Abney, Neal, Turpen, Orbison & Lewis and Motley Rice (collectively "the lawyers") in consideration of the terms and conditions set forth herein, enter into this Contract for Legal Services.

1. **Scope of engagement.** The State wishes to prosecute an action in a court of competent jurisdiction ("the suit") to recover damages and seek injunctive relief arising from pollution to the lands, rivers, streams and waters of the State of Oklahoma, including but not limited to the Illinois River and Lake Tenkiller, caused by commercial poultry operations both within and without the State of Oklahoma. The lawyers are willing to prosecute such an action, through investigation, settlement discussions, trial and any necessary appeals, under the direction and control of the Oklahoma Attorney General. The Attorney General shall determine the appropriate defendants and theories of liability, and shall have overall control and direction of the litigation, including but not limited to approval of staffing to be employed by the lawyers and approval of experts to be used in the suit as consultants or witnesses. The Attorney General and the State shall not be responsible for any fees or costs of such consultants, experts or other persons. This Agreement is solely between the Attorney General and the lawyers who are solely responsible for performance hereunder and this agreement does not constitute an agreement with or for the benefit of any third parties.

2. **Terms of engagement.** The parties understand that under no circumstances shall the State or the Attorney General be liable for any costs, expenses or attorney fees of the lawyers incurred in preparing and conducting this litigation. All expenses, costs and attorney fees, if any, shall come from the proceeds of the litigation, as a portion of the recovery in the suit after trial or settlement, from an award by the Court to be imposed upon the defendants, by agreement with the defendants, or some combination of these. The lawyers shall consult with and obtain the prior written approval of the Attorney General or his designee concerning major issues affecting the suit, including but not limited to the petition and dispositive motions, selection of consultants, experts and other professional services, discovery, pre-trial proceedings, trial, and settlement negotiations. Regular status meetings shall be held as requested by the Attorney General.

3. **Expenses and fees of lawyers.**

    a. The lawyers shall only be entitled to recover such fees, costs and expenses as are incurred in the prosecution of the suit from any monetary recovery in the suit after trial or settlement, from an award by the Court to be imposed upon the defendants, by agreement with the defendants, or some combination of these. In the event of no monetary recovery, neither the Attorney General nor the State will owe anything for costs, expenses or attorneys fees but the attorneys and the Attorney General may apply to the Court for attorney fees, costs and expenses to be paid by the defendants or may negotiate directly with the defendants for such attorney fees, costs and expenses. Expenses and costs shall include, but not be limited to, discovery, pre-trial proceedings, trial experts, investigators, consultants and other contractors, travel, copying, freight and postage, communications charges, and any other necessary expenses related to the Litigation. Costs and expenses shall be the first priority of

09/20/04 15:13 FAX 918 586 ____2    CONNER & WINTERS    ☒003

09/17/04 FRI 15:27 FAX 405 521 6246    OK ATTORNEY GENERAL    ☒003

use of any settlement, recovery, or award by the Court. All costs and expenses related to the Litigation shall be advanced by the lawyers and will be recovered by the lawyers from any monetary recovery.

    b. The parties recognize that successful resolution of the suit may result in an award of both monetary damages and injunctive relief. Such injunctive relief could result in eliminating new pollution into Oklahoma's lands, rivers, streams and waters through changes in the way the poultry industry disposes of chicken wastes, containment of such wastes, required remediation of lands, rivers, streams and waters under court order, as well as public awareness and communications programs. The parties acknowledge that injunctive relief may be more significant and of greater value to the State than monetary damages. Therefore, the parties agree that the fee due the lawyers shall have two components, a percentage of any monetary damages recovered, and an equal percentage of the value of injunctive relief obtained. The fee as agreed to herein shall be the second priority use of any settlement or monetary recovery in the suit. The total fee shall be subject to an agreed fee cap as set forth below.

    c. The lawyers shall be entitled to 33 1/3% of any monetary damages recovered in the suit by judgment or settlement, whether such damages are paid in a lump sum or in a structured payment over time.

    d. The lawyers shall also be entitled to 33 1/3% of the value of any injunctive relief obtained. The parties shall use their best efforts to agree on the value of injunctive relief obtained. In the absence of an agreement between the parties as to the value of injunctive relief, the value of such relief shall be determined by consideration of economic model used in the suit, the cost of remediation imposed on the defendants by the Court or the jury, or by other methods agreed upon by the parties. Should the parties fail to agree on the value of the injunctive relief obtained, the value shall be determined by a three member arbitration panel whose decision shall be final and unappealable. Each party shall choose one member of the panel and the two members shall choose the third who shall be the chairperson. The arbitration shall be conducted under rules established by the panel.

    e. In the event the suit results in an award of monetary damages, injunctive relief or remediation or any combination of these awards through judgment or settlement, the total amount of the costs, expenses and fees to be paid to the attorneys shall not exceed 50 % of the amount of the monetary damages (the fee cap), except under circumstances set forth in subparagraph g below. In the event that the suit does not result in an award of monetary damages, attorneys fees, costs and expenses shall only be recoverable through a court award or settlement.

    f. Should the Court award the State as prevailing party attorney costs, expenses and fees to be paid by the defendants, the State shall support as an award of reasonable attorney fees in an amount not less than the contingency fee amount required by this contract. Any costs, expenses or fees due the lawyers under this contract shall first be satisfied from funds

09/20/04  15:13 FAX 918 586 ____    CONNER & WINTERS                                     ☒004

09/17/04  FRI 15:27 FAX 405 521 6246       OK ATTORNEY GENERAL                          ☒004

awarded by the Court from the defendants. Such an award of costs, expenses and fees shall not be considered as part of monetary damages and shall not be subject to the lawyers' 33 1/3% contingency.

      g. Should the costs, expenses and fees awarded by the Court from the defendants exceed the costs, expenses and fees otherwise due the lawyers under this section, the lawyers shall be entitled to the costs, expenses and fees awarded by the Court rather than those otherwise due under this section.

      h. In the event of withdrawal of any lawyer or the lawyers, the Attorney General and the State will owe nothing for attorney fees, costs or expenses, and the attorney(s) withdrawing shall not have any right of recourse against the Attorney General or the State for any legal costs incurred or services performed.

      i. The attorneys shall use best efforts to maximize the ultimate net recovery for the State, including using best efforts to recover costs, expenses and fees in the first instance from Defendants, either through settlement or by petitioning the Court. In the event that attorney fees, costs and expenses are paid directly to the lawyers, the State will receive an equal credit against the contingency fee, costs and expenses due the lawyers under this Agreement. If the Court awards attorney fees, expenses and costs, the State shall be entitled to that portion of the award that is based on services provided by the Attorney General and the contingency fee due the lawyers from the defendants under this Agreement shall not be reduced by the amount awarded directly to the Attorney General for his services.

   **4. Effect of participation by other Plaintiffs on common recovery.** Should any other plaintiff join in the suit, and a common recovery of either money damages or injunctive relief result, the costs, expenses and fees due the lawyers shall be based on the value of the total recovery before any allocation of the value of the recovery among the plaintiffs. The lawyers agree that they will not represent any other party in this suit without prior written approval from the Attorney General.

   **5. The State shall handle public statements.** The parties recognize that the suit will be one in the public interest, and that public statements about its conduct shall come from the Attorney General or his designee.

   **6. Confidentiality.** The lawyers agree to keep all information gained in the course of representation confidential to the full extent allowed by law, including, but not limited to, information pertaining to the suit, the Office of Attorney General and its officers and employees. The lawyers will not use such information to the detriment of the Office of Attorney General nor its officers and employees at any time. It is understood and agreed that any agreement between the lawyers and others providing professional services to the lawyers relating to the suit shall contain a confidentiality clause that conforms to the requirements of this paragraph.

   **7. Malpractice Insurance.** Counsel presently maintains reasonable malpractice insurance and agrees to maintain such insurance during the term of this Agreement which shall begin upon execution of the contract by all parties and end upon completion of the litigation.

09/20/04 MON 13:51 FAX 479 444 7289    FAX NEWS BUREAU                                  ☒004

8. **Modification.** This Agreement may be modified at any time, in whole or in part, by consent of the Attorney General and the lawyers. Such modification shall be in writing and signed by all parties to the Agreement.

Agreed:

*/s/ W.A. Drew Edmondson*
W.A. Drew Edmondson
Attorney General
State of Oklahoma

_____
Miller & Keffer, LLP

_____
Riggs, Abney, Neal, Turpen, Orbison & Lewis

_____
Motley Rice    William H. Narwold
              Managing Member