# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT C. MILES TROBERT, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>TYSON FOODS, INC., INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB- VANTRESS, INC., AVIAGEN, INC., CAL-MAINE FOODS, INC., CAL-MAINE FARMS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., SIMMONS FOODS, INC., and WILLOW BROOK FOODS, INC.,<br><br>　　　　　　Defendants. | Case No. 05-CV-329-GKF-SAJ |

## **OPINION AND ORDER**[1]

Comes on for decision The Cargill Defendants' Motion to Compel [Dkt # 1054] and The Cargill Defendants' Motion to Address Electronic Discovery Issues [Dkt. #1135].[2] The Court, having fully considered the arguments and submissions of counsel, finds each motion shall be granted in part and denied in part as set forth herein.

---

[1] Some hyperlinks to web based sources are included for the convenience of the parties.

[2] The "Cargill Defendants" refers to both Defendant Cargill, Inc., and Cargill Turkey Production, LLC., unless otherwise noted.

1

At hearing held on Friday, April 27, 2007, counsel announced agreement had been reached on two of the four issues raised by the motion to compel. The first issue was the adequacy of Plaintiff's privilege logs, which the parties agreed would be revised and produced on May 4, 2007. The second issue involved the adequacy of the Plaintiff's responses to interrogatories. The parties agreed the responses would be supplemented on June 1, 2007 under the same standards as set forth in the Court's Orders dated February 26, 2007 and April 4, 2007 [Dkt. #'s 1061, 1118], referenced by the parties as the "Tyson rule."

## I. MOTION TO COMPEL

### A. PRODUCTION OF DOCUMENTS KEPT IN THE ORDINARY COURSE OF BUSINESS

The first issue remaining to be resolved by the Court is the adequacy of Plaintiff's responses to motions to produce documents filed separately by Cargill, Inc., ("Cargill") and Cargill Turkey Production, LLC. ("CTP"). Defendants assert the same standard applies to production of documents pursuant to Fed.R.Civ.P. 34 ("Rule 34") as applies to production of documents pursuant to Fed.R.Civ.P. 33 ("Rule 33"). Plaintiff urges there is a less stringent standard where documents are produced as kept in the normal course of business. Plaintiff was granted leave to submit supplemental authorities on that issue.

The Court has reviewed Plaintiff's supplemental authority [Dkt. #1140] and Defendants' reply [Dkt. # 1142]. Both sides are to complimented. The cited authority was thorough but concise and well focused on the issue of concern and was a great help to the Court.

The Court finds applicable law surrounding document production pursuant to Rule

34 in comparison to Rule 33 to be as follows.  Plaintiff is correct in its position that the texts of Rules 33(d) and 34(b) set forth different production requirements on their face where the documents are produced as kept in the ordinary course of business.  Rule 33(d) and Rule 34(b) address distinct needs, and consequently impose distinct requirements.

Rule 33(d) allows, in some circumstances, production of business records to constitute the answer to an interrogatory, and:

> . . . [I]t is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts, or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

Fed.R.Civ.P. 33(d).

A responding party has a duty to indicate, with some degree of specificity, from what documents the answer can be "derived or ascertained." This Court's Order on Plaintiff's Motion for Reconsideration of the Court's Order regarding Defendant Tyson's Motion to Compel[3] relaxed the Court's initial requirement that responsive documents be Bates stamped. Instead, Plaintiff, in responding to a Rule 33(d) interrogatory, was ordered to "isolate responsive documents within each box by the insertion of clips, dividers, durable index tabs or other similar method, which allows the interrogatory to which the documents respond to be clearly identified".  Dkt. #1118 at p. 2.

By its terms, Rule 34(b) also gives a responding party an option in the manner of production when responding to a Motion to Produce Documents, as follows:

---

[3] This was referenced by the parties at hearing as the "Tyson rule."

> A party who produces documents for inspection shall produce them as they are kept in the usual course of business **or** shall organize and label them to correspond with the categories in the request (emphasis added);

The Court agrees that the specificity required in responding to a Rule 33(d) request to "isolate responsive documents within each box by the insertion of clips, dividers, durable index tabs or other similar method, which allows the interrogatory to which the documents respond to be clearly identified" is not applicable to a Rule 34(b) response. See *Renda Marine, Inc., V. U.S.* 58 Fed. Cl. 57, 63 (U.S.Cl. 2003), in which the court rejected the argument that Rules 33(d) and 34(b) should be given the same interpretation to promote consistency in the overall operation of the discovery rules.

The Cargill Defendants are correct that, in spite of these different production requirements, Rules 34(b) and 33(d) are intended to complement each other. The 2006 Federal Rules Civil Advisory Committee note makes clear that for electronically stored information "Rule 33(d) is amended to parallel Rule 34(a)." The 1970 Advisory Committee note provides, "the procedure provided in Rule 34. . .is essentially the same as that in Rule 33 . . . and the discussion in the note appended to that rule is relevant to Rule 34 as well.

Several courts have pronounced the general rule that "defendant is not required to identify to which requests the produced documents are responsive, if defendant produces them as they are kept in the usual course of business." *Washington v. Thurgood Marshall Academy,* 232 F.R.D. 6 (D.D.C. 2005). Other courts, however, have added labeling and identification method requirements for documents produced as they are kept in the usual course of business based upon the special circumstances of the case. The *Renda Marine* court noted:

> It appears that the pivotal consideration in deciding discovery challenges

4

under rule 34(b), like the defendant's in this case, where a large number of documents have been produced based on an "as they are kept in the usual course of business" election is whether the filing system for the produced documents "is so disorganized that it is unreasonable for the [party to whom the documents have been produced] to make [its] own review." *Renda Marine at 64.*

A Georgia court, in *U.S. Commodities Futures Trading Commission v. American Derivatives Corp.,* 2007 WL 1020838 (N.G. 2007), discussed a producing party's obligation under Rule 34(b) in great detail with language and facts particularly applicable to the case at bar. The court noted the issue had been previously addressed in *Williams v. Tasser Int'l., Inc.,* 2006 WL 1835437 (N.D. Ga. 2006), in which the court explained:

> Rule 34 specifically requires that the party producing documents "produce them as they are kept in the usual course of business or ... organize and label them to correspond with the categories in the request." ... While the party producing "cannot attempt to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents," the plain language of Rule 34 makes clear that "a responding party has no duty to organize and label the documents if it has produced them as they are kept in the usual course of business." *Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.,* 222 F.R.D. 594, 598 (E.D.Wis.2004); *see also Rowlin v. Ala. Dep't of Pub. Safety,* 200 F.R.D. 459, 462 (M.D.Ala.2001) ("[U]nder Rule 34, it is up to the producing party to decide how it will produce its records, provided that the records have not been maintained in bad faith."); cf. Fed.R.Civ.P. 34 advisory committee note to 1980 amendment (explaining that this provision of Rule 34 was intended to facilitate the discovery of relevant information, and to prevent parties from "deliberately ... mix[ing] critical documents with others in the hope of obscuring significance.").
>
> *5 *Williams,* 2006 WL 1835437, at *7. The Court went on to explain, however, that while Rule 34 does allow a party to produce responsive documents as they are kept in the ordinary course of business, it does not explain what it means to produce documents in that manner. Thus, the Court made clear that the producing party "has an obligation to organize the documents in such a manner that [the requesting party] may obtain, with reasonable effort, the documents responsive to their requests." *Id.* Thus, simply directing the requesting party to the file cabinets and saying, "Here are our documents as they are kept in the ordinary course of business," would be wholly insufficient to satisfy the producing party's obligations under Rule 34. Rather, to the extent the producing party elects to produce responsive documents as they

are kept in the ordinary course of business, it must either direct the responding party to the location or locations within its files where documents responsive to each of their specific requests may be found, or provide a key or index to assist the responding party in locating the responsive documents. *See id.* Furthermore, the Court emphasized that if it were to conclude that the filing system utilized by the producing party was so disorganized as to prevent the requesting party from making a meaningful review of the requested documents, it would not hesitate to order that documents be organized and specifically labeled as responsive to particular requests. *Id.* (citing *Wagner v. Dryvit Sys., Inc.,* 208 F.R.D. 606, 610-11 (D.Neb.2001) ("producing large amount of documents in no apparent order does not comply with a party's obligation under Rule 34"); *Kozlowski v. Sears, Roebuck & Co.,* 73 F.R.D. 73, 76 (D.Mass.1976) (stating that a party "may not excuse itself from compliance with Rule 34 ... by utilizing a system of record-keeping which conceals rather than discloses relevant records, or makes it unduly difficult to identify or locate them, thus rendering the production of the documents an excessively burdensome and costly expedition.")). Finally, the Court emphasized that if the producing party were to be " 'overly generous' in identifying responsive documents so as to unduly burden [the requesting party] in their search of those documents," the Court would similarly require that documents be organized and specifically labeled as responsive to particular requests. *Id.*

Here, Defendants have offered to make responsive documents available for inspection and copying and to produce those documents as they are kept in the ordinary course of business. That is Defendants' option under Rule 34. That said, Defendants do not satisfy their Rule 34 obligations by merely opening their files, and leaving Plaintiff to sift through documents in an effort to locate those that are responsive to its requests. Rather, Defendants are obligated to provide some reasonable assistance to Plaintiff in the location of responsive documents. *Thus, Defendants must either direct Plaintiff to the specific location or locations within its files where documents responsive to each of their requests may be found, or provide a key or index to assist Plaintiff in locating the responsive documents. (*Emphasis added.)

One court found that offering warehoused documents did not constitute production in the usual course of business. *Am. Int'l Specialty Lines Ins. Co. V. NWI-I, Inc.*, 240 F.R.D. 401, 410-411 (N.D. Ill. 2007). But see *In re Adelphia Communications Corp.*, 338 F.R. 546, 551-52 (Bankr.D.N.Y. 2005), in which the court found archived documents may be kept in the ordinary course of business and found:

6

> "It is clear that the absence of a comprehensive index in the Dryvit case was significant to the district court's determination that access to the document depository was a not a permissible method of production. . . . The court qualifies its ruling by explicitly stating that in order to satisfy the requirements of Rule 34(b) any archived documents produced must be thoroughly indexed, the boxes accurately labeled and the depository in good order."

The distinction is not whether the document are achieved or used daily.  The distinction is whether they are properly indexed and labeled.

The documents in this case have been removed from their normal files and placed in boxes for review.  One court has noted the improbability that parties in the ordinary course of business "routinely haphazardly stores documents in a cardboard box." *T.N. Taube Corp. v. Marine Midland Mortgage Co.,* 136 F.R.D. 449, 456 (W.D.N.C. 1991).  This Court finds that removal to cardboard boxes does not destroy the "ordinary business" distinction but it does add the precaution that only responsive documents be placed in the boxes.  Inclusion of nonresponsive documents clearly violates the letter and spirit of the rule.

This Court hereby orders a supplemental Rule 34(b) production by the 16th day of June, 2007.  The supplemental production shall insure that a complete and fully accurate index shall be provided showing the box number which responds to each specific Motion to Produce.  The responsibility is on Plaintiff to insure that there are no documents in the box that are not responsive to the Motion to Produce.  As Plaintiff represented at hearing that mistakes in the original index as referenced by Defendants should be isolated occurrences, supplementation should not be an onerous task.  Plaintiff also represented at hearing that the Cargill Defendants had agreed that documents responsive to requests from other defendants can be commingled with the documents produced to the Cargill

Defendants. The Cargill Defendants' did not dispute this at hearing. The parties are directed to meet and confer in the event there is a dispute on that issue.

Plaintiff argues that document production from the Cargill Defendants does not comply with the stringent requirements they would like the Court to impose on Plaintiff. The Court finds all rules for production set forth herein are to be equally applicable to all parties, whether it be goose, gander, turkey or chicken.

## B. ADEQUACY OF INTERROGATORY RESPONSES

The remaining issue regarding the motion to compel is the adequacy of Plaintiff's responses to interrogatories where Plaintiff did not rely on Fed.R.Civ.P. 33(d), instead offering a narrative response. At hearing, Cargill Defendants' counsel represented objections remained only as to the responses to Cargill, Inc.'s ("Cargill") interrogatories numbered 1,9,13, and 17, and CTP's interrogatories numbered 17 and 18. [4] The Court finds the responses to Cargill interrogatories numbered 1 and 17 are adequate and need no supplementation. Responses to CTP's interrogatories numbered 17 and 18 are also adequate.

The Court further finds that Plaintiff's response is not adequate as to Cargill interrogatory number 9. Plaintiff is to file a supplemental response describing with particularity each instance of which Plaintiff has knowledge where a Cargill entity has used poultry waste disposal practices in violation of federal and state laws and regulations. If Plaintiff has no direct evidence of such violation and is relying on circumstantial evidence,

---

[4] To the extent Plaintiff is objecting to contention interrogatories, the Court has previously ruled that contention interrogatories are permitted and not premature under Fed. R. Civ. P. 33, as set forth on page 4 of Order filed February 26, 2007 (Dkt. #1063).

the response shall so state and shall describe the circumstantial evidence with as much particularity as possible. To the extent any evidence is withheld due to attorney client privilege or work product, the circumstances shall be described with sufficient particularity to assess the application of such privilege. Plaintiff has properly responded that the decision has not been made regarding what witnesses will testify to these facts.

The Court further finds that Plaintiff's response is inadequate as to Cargill interrogatory number 13. Plaintiff is to file a supplemental response describing with particularity each instance of which Plaintiff has knowledge in which a Cargill entity has created or maintained a nuisance in the State of Oklahoma. If Plaintiff has no direct evidence of such violation and is relying on circumstantial evidence, the response shall so state and shall describe the circumstantial evidence with as much particularity as possible. If Plaintiff has no direct or circumstantial evidence other than that provided in the response to Cargill interrogatory number 2, the supplemental response shall so state. To the extent any evidence is withheld due to attorney client privilege or work product, the circumstances shall be described with sufficient particularity to assess the application of such privilege. Plaintiff has properly responded that the decision has not been made regarding what witnesses will testify to these facts.

## II. ELECTRONIC DISCOVERY ISSUES

The Cargill Defendants' Motion to Address Electronic Discovery Issues [Dkt. #1135], initially styled a status report, was filed at the invitation of the Court in order to assure that electronic discovery issues are moving forward. Cargill Defendants' request the Court to provide guidance as to the meaning of "potentially discoverable" in the Court's Order regarding electronic discovery dated April 6, 2007 (Dkt. #1125). The Court finds the motion

should be granted.   The breadth of "potentially discoverable esi" is the same as the description of general discovery under Rule 26 (b)(1).  It obviously goes beyond the initial voluntary disclosures under Rule 26.  It does not require that the Plaintiff find and disclose to Defendants all potentially discoverable information unless in response to a specific discovery request.

The Court's April 6 Order required supplementation of initial disclosures to incorporate identification of ESI no later than April 15, 2007.   Should any of the deadlines set by the Court's April 6 Order  need to be readdressed, the parties should file an appropriate motion.

As to any discovery requests that were served after initial disclosure, or any discovery requests which have yet to be served, the obligation is on the requesting party to  express their interest in ESI in a particular agency or department,  by letter, by motion or during a meet and confer. The Court directs the parties to the Guidelines for the Discovery of Electronic Stored Information for the District of Kansas located at www.ksd.uscourts.gov to serve as guidance pending enactment by this district court of its own local rules and/or guidelines.       The Cargill Defendants asked in their motion that the Court should set deadlines for ESI.  The parties announced their agreement that ESI production regarding currently outstanding discovery requests will be completed  on or before July 2, 2007.

The Court notes that although no formal preservation order has been entered herein, the obligation of the parties to preserve evidence, including ESI, arises as soon as a party is aware the documentation may be relevant.  The Court further advises the parties that they should be very cautious in relying upon any "safe harbor" doctrine as described

10

in new Rule 37(f).

### III. OTHER STATE AGENCIES

As of the date of this hearing, Plaintiff had not provided a list of state agencies represented by Plaintiff's counsel for purposes of proceeding with discovery.[5] Defendants advised the Court there are some state agencies, the Departments of Agriculture, Wildlife, Tourism and Health, which have yet to be scheduled for initial document production and an additional agency, the Oklahoma Scenic Rivers Commission, where production of documents was started, but not completed. The parties are to meet and confer to schedule document production for these agencies, and to continue discussions regarding production of ESI in light of the Court's direction herein. Plaintiff is also to provide the list of represented agencies so that Defendants may begin third party discovery should that be necessary, within ten days of the date of this Order.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that The Cargill Defendants' Motion to Compel [Dkt # 1054] is granted in part and denied in part as set forth herein. The Cargill Defendants' Motion to Address Electronic Discovery Issues [Dkt. #1135] is granted in part and denied in part as set forth herein.

DATED THIS 17th DAY OF MAY, 2007.

Sam A. Joyner
United States Magistrate Judge

---

[5] Plaintiff announced that local and county health boards and the state legislature are excluded from Plaintiff counsels' representation.