**E-FILED**

Apr 4, 2007 12:42 PM
KIRI TORRE
Chief Executive Officer
Superior Court of CA, County of Santa Clara
Case #1-00-CV-788657 Filing #G-2399
By R. Walker, Deputy

1

2

3

4

5

6

7

8               **SUPERIOR COURT OF CALIFORNIA**

9                  **COUNTY OF SANTA CLARA**

10

11   COUNTY OF SANTA CLARA, ET AL.,            Case No. 1-00-CV-788657

12              Plaintiffs,                    **ORDER REGARDING DEFENDANTS'
                                               MOTION TO BAR PAYMENT OF**
13                                             **CONTINGENT FEES TO PRIVATE**
                                               **ATTORNEYS**
14   vs.

15   ATLANTIC RICHFIELD COMPANY, ET AL.,

16              Defendants.

17

18

19

20        The motion by Defendants Atlantic Richfield Company; American Cyanamid Company;

21   ConAgra Grocery Products Company; E.I. du Pont de Nemours and Company; Millennium

22   Inorganic Chemicals Inc.; NL Industries, Inc.; and The Sherwin-Williams Company for an order

23   to bar payment of contingent fees to private attorneys came on for hearing before the Honorable

24   Jack Komar on April 3, 2007, at 9:00 a.m. in Department 17C.  The matter having been

25   submitted, the Court orders as follows:

26   I.      Defendants' Requests for Judicial Notice

27          A.      Defendants' request for judicial notice of Plaintiffs' agreements with outside

28   counsel (Exs. A - I) is DENIED.  While judicial notice of the agreements is not proper, the Court

1

**EXHIBIT**

tabbies®

1  has considered the agreements as evidence in connection with Defendants' motion. Plaintiffs do

2  not contest the authenticity of the agreements and have provided identical copies of some of the

3  agreements in opposition.

4        B.     Defendants' request for judicial notice of a minute order from *People v. Atlantic*

5  *Richfield Co., et al.*, Orange County Superior Court Case No. 804030 (Ex. J), is GRANTED as

6  to the existence of the order.

7        C.     Defendants' request for judicial notice of the size of the budgets of the plaintiff

8  entities (Reply Exs. A – I) is DENIED. The amount of a specific entity's budget is not a proper

9  subject of judicial notice. An entity's projections and expectations regarding its budget may

10  change during the course of the fiscal year at issue. Further, the sizes of the budgets are not

11  relevant to the issues in Defendants' motion.

12  II.     <u>Defendants' Motion</u>

13        Defendants seek an order precluding Plaintiffs from retaining outside counsel under any

14  agreement in which the payment of fees and costs is contingent on the outcome of the litigation.

15  Defendants contend the government may not retain a private attorney on a contingent fee basis to

16  litigate a public nuisance claim.

17        Plaintiffs contend there is no absolute bar to retaining outside counsel on a contingent fee

18  basis to litigate a public nuisance claim and, given the circumstances under which outside

19  counsel was retained in this case, disqualification of outside counsel is not warranted.

20        In *People ex rel. Clancy v. Superior Court* (1985) 39 Cal.3d 740 ("*Clancy*"), the

21  California Supreme Court "evaluate[d] the propriety of a contingent fee arrangement between a

22  city government and a private attorney whom it hired to bring abatement actions under the city's

23  nuisance ordinance." (*Clancy*, 39 Cal.3d at 743.) The California Supreme Court explained that

24  "the contingent fee arrangement between the City and Clancy is antithetical to the standard of

25  neutrality that an attorney representing the government must meet when prosecuting a public

26  nuisance abatement action. In the interests of justice, therefore, we must order Clancy

27  disqualified from representing the City in the pending abatement action." (*Id.*, at 750.)

28

2

E-Filed: Apr 4, 2007 12:42 PM, Superior Court of CA, County of Santa Clara, Case #1-00-CV-788657 Filing #G-2399

1    *Clancy* is applicable to the instant case.  Plaintiffs fail to persuasively distinguish *Clancy*,

2    or otherwise persuasively articulate why their fee arrangements with outside counsel are proper.

3    Plaintiffs' main argument is that the government attorneys continue to retain and/or exercise

4    decision-making authority and control over the litigation in this case.[1]  The fact remains,

5    however, that outside counsel (*i.e.*, Thornton & Naumes, Motley Rice LLC, and Mary Alexander

6    and Associates for the City and County of San Francisco, and Cotchett, Pitre & McCarthy for

7    most of the other public entities) are co-counsel in this case.  They are performing work as

8    attorneys for the plaintiff government entities, and consequently they are subject to the standard

9    of neutrality articulated in *Clancy*.  Oversight by the government attorneys does not eliminate the

10   need for or requirement that outside counsel adhere to the standard of neutrality.

11       Moreover, as a practical matter, it would be difficult to determine (a) how much control

12   the government attorneys must exercise in order for a contingent fee arrangement with outside

13   counsel be permissible, (b) what types of decisions the government attorneys must retain control

14   over, *e.g.*, settlement or major strategy decisions, or also day-to-day decisions involving

15   discovery and so forth, and (c) whether the government attorneys have been exercising such

16   control throughout the litigation or whether they have passively or blindly accepted

17   recommendations, decisions, or actions by outside counsel.  Plaintiffs in their opposition

18   characterize outside counsel as "collaborators." (*See* Pls.' Mem. Opp. Motion, at 8:21-22.)

19   Given the inherent difficulties of determining whether or to what extent the prosecution of this

20   nuisance action might or will be influenced by the presence of outside counsel operating under a

---

[1] Some of the agreements between Plaintiffs and Cotchett, Pitre & McCarthy (formerly Cotchett, Pitre & Simon) clearly state outside counsel "is given absolute discretion in the decision of who to sue and who not to sue, if anyone, and what theories to plead and what evidence to present." However, many of the Plaintiffs revised or are in the process of revising this language in their agreements with the Cotchett firm. Further, the declarations submitted in opposition to Defendants' motion uniformly state that the government attorneys have retained decision-making authority and responsibility in the case, notwithstanding the hiring of outside counsel.

3

---

Case No. 1-00-CV-788657
Order Re: Defs.' Motion to Bar Contingent Fees

E-Filed: Apr 4, 2007 12:42 PM, Superior Court of CA, County of Santa Clara, Case #1-00-CV-788657 Filing #G-2399

1   contingent fee arrangement, outside counsel must be precluded from operating under a

2   contingent fee agreement, regardless of the government attorneys' and outside attorneys' well-

3   meaning intentions to have all decisions in this litigation made by the government attorneys.

4        Plaintiffs make two additional arguments in their opposition.  Plaintiffs contend public

5   policy should preclude disqualification in this case, because the government entities and lawyers

6   lack the resources and specific expertise necessary to prosecute this action.  The standard of

7   neutrality should apply, however, regardless of the wealth of either the government lawyer or the

8   defendant.  (*See City & County of San Francisco v. Philip Morris, Inc.* (N.D. Cal. 1997) 957 F.

9   Supp. 1130, 1136 fn. 3 ["The Court wishes to make clear that it does not base this ruling on

10   plaintiffs' argument that, as a matter of public policy, a contingent fee arrangement is necessary

11   in this case to make it feasible for the financially strapped government entities to match

12   resources with the wealthy tobacco defendants.  The Court does not find this argument

13   convincing in light of the concerns expressed in Clancy."].)

14        Plaintiffs also contend Defendants' motion is premature, unless and until Defendants are

15   found liable, the Court determines the appropriate form and scope of the abatement remedy, and

16   the Court determines the appropriate amount of fees in this case.  This action may be resolved

17   prior to such determinations, however, *e.g.*, by way of settlement or by way of other dispositive

18   motion.  If Defendants are entitled to neutral prosecution by government attorneys who are not

19   operating under a contingent fee arrangement, then they are so entitled throughout the

20   prosecution of this case.

21        Accordingly, Defendants' motion for an order precluding Plaintiffs from retaining

22   outside counsel under any agreement in which the payment of fees and costs is contingent on the

23   outcome of the litigation is GRANTED.  Plaintiffs shall have 30 days to file with the court new

24   fee agreements in accordance with this order.  In lieu of filing the actual agreements, Plaintiffs

25   may provide declarations detailing the fee arrangements with outside counsel.

26

27   Dated: April 4, 2007            /s/    Jack Komar

28                                 Hon. Jack Komar
                                     Judge of the Superior Court