# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT C. MILES TROBERT, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TYSON FOODS, INC., INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB- VANTRESS, INC., AVIAGEN, INC., CAL-MAINE FOODS, INC., CAL-MAINE FARMS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., SIMMONS FOODS, INC., and WILLOW BROOK FOODS, INC.,<br><br>　　　　　Defendants. | Case No. 05-CV-329-GKF-SAJ |

## OPINION AND ORDER[1]

Comes on for determination Cal-Maine Food, Inc's Combined Motion to Compel Discovery Responses From Plaintiff [Dkt. # 1221] ; State of Oklahoma's Motion to Compel Defendant Simmons Foods, Inc. To Disclose Joint Defense Agreement [Dkt. # 1232]; State of Oklahoma's Motion to Compel Defendant Cargill, Inc. and Defendant Cargill Turkey

---

[1] The Court notes the filing of this Opinion and Order postdates some deadlines with which the parties were directed to comply at hearing on September 27, 2007. The Opinion and Order memorializes the Court's rulings.

1

Production LLC to Produce for Deposition A 30 (b)(6) Designee Fully Knowledgeable on the Noticed Subjects [Dkt. # 1244]; State of Oklahoma's Motion to Determine the Sufficiency of Defendant Peterson Farms, Inc.'s Responses to the State's April 20, 2007 Requests to Admit [Dkt. # 1249]; State of Oklahoma's Motion to Compel Defendant Peterson Farms, Inc. to Produce A Properly Prepared 30(b)(6) Designee For Deposition and to Allow Full Questioning of that Designee [Dkt. # 1250]; Cargill Defendants' Rule 37 Motion for Sanctions [Dkt. # 1252]; Cargill Defendants' Cross Motion for Protective Order [Dkt. # 1257]; Tyson Food Inc.'s Second Motion to Compel Plaintiffs to respond to Requests for Production served April 25, 2007 [Dkt. #1258][2]; Cargill Defendants' Motion to Compel Production of Responsive ESI [Dkt. #1261]; Defendant, Peterson Farms, Inc.'s Joinder in Cargill Defendants' Motion to Compel Production of Responsive ESI, deemed by the Court to be a Motion for Joinder [Dkt. #1268]; Peterson Farms Inc.'s Motion for Protective Order Precluding Further Examination of its 30(b)(6) Designees on Topics Identified Within Deposition Notice [Dkt. # 1264]; State of Oklahoma's Motion to Determine the Sufficiency of Defendants George's, Inc.'s and George's Farms, Inc.'s Responses to the State's April 20, 2007 Requests to Admit [Dkt. # 1265]; Cargill Defendants' Motion to Strike Plaintiffs' "Omnibus Motion" Regarding ESI Discovery [Dkt. # 1278]; Peterson Farms, Inc.'s Joinder in the Cargill Defendants' Motion To Strike Plaintiffs' "Omnibus Motion" Regarding ESI Discovery, deemed by the Court to be a Motion for Joinder [Dkt. #1281]; Joinder by Tyson Foods, Inc., Tyson Poultry, Inc., Tyson Chicken, Inc., and Cobb-Vantress, Inc. in the Cargill Defendants' Motion To Strike Plaintiffs'

---

[2] State of Oklahoma ("Plaintiff/State"), is occasionally referenced in the filings in the plural. The Court will refer to Plaintiff in the singular unless directly citing from a filed pleading.

"Omnibus Motion" Regarding ESI Discovery, deemed by the Court to be a Motion for Joinder [Dkt. #1289]*;* and, George's Inc.'s and George's Farms, Inc.'s Joinder In Cargill Defendants' Motion To Strike Plaintiffs' "Omnibus Motion" Regarding ESI Discovery, deemed by the Court to be a Motion for Joinder [Dkt. #1293].[3] The Court, having considered the arguments presented in the filings and at hearing held on September 27, 2007, finds as follows:

## I. MOTIONS REGARDING INTERROGATORIES AND DOCUMENT PRODUCTION

### A. Cal-Maine Food, Inc's Combined Motion to Compel Discovery Responses From Plaintiff [Dkt. #1221][4]

Cal-Maine's motion is sustained as to Interrogatories numbered 1 and 2. Plaintiff is to serve supplemental response on or before October 19, 2007 which complies with the following language from the Court's prior Order, Dkt. # 1150.[5]

> Plaintiff is to file a supplemental response describing with particularity each instance of which Plaintiff has knowledge where a Cargill [Cal-Maine] entity has used poultry waste disposal practices in violation of federal and state laws and regulations. If Plaintiff has no direct evidence of such violation and is relying on circumstantial evidence, the response shall so state and shall describe the circumstantial evidence with as much particularity as possible.

Interrogatory responses are to be signed in compliance of Fed. R. Civ. P. 33(b)(2). The motion is denied as to Interrogatories numbered 7, 8 and 9 on grounds of relevance. The request for attorney fees and costs is denied.

### B. Cargill Defendants' Rule 37 Motion for Sanctions [Dkt. # 1252]

---

[3] Motion captions are cited as they appear in the filings.

[4] Hereinafter "Cal-Maine."

[5] On October 10, 2007, Plaintiff filed an unopposed motion to extend time for response from the original date of October 9, 2007 following hearing, which was granted.

The Court denies the motion as to witnesses and sufficiency of narratives. The only action which the Court finds could justify the imposition of Rule 37 sanctions is Plaintiff's withdrawal of its Rule 33(d) designations after Cargill Defendants ("Cargill/Cargill Defendants") expended time and expense in reviewing those designations. Cargill Defendant are therefore directed to file a supplemental brief within two days of the filing of the official Court transcript of this hearing detailing all time and expense incurred in reviewing the designations before they were withdrawn. The briefing should also address whether those designations contained responsive information which was also withdrawn with the designations. Plaintiff shall respond within fourteen (14) days. Reply brief shall be filed ten (10) days thereafter.[6] The parties are encouraged to meet and confer to attempt to resolve the issues. The motion for sanctions is taken under advisement as to the issues requiring additional briefing.[7]

Plaintiff shall serve a properly signed supplemental response to interrogatories numbered 9 and 13 which complies with the above language from the Court's prior Order, Dkt. #1150, and includes any supplementation contained in Plaintiff's response brief. Supplemental response is to be filed on or before October 19, 2007. [8]

**C. Tyson Food Inc.'s Second Motion to Compel Plaintiffs to respond to Requests for Production served April 25, 2007 [Dkt. #1258][9]**

---

[6] These dates were extended by unopposed motion from the dates originally set by the Court following the hearing. This Order reflects the extended dates.

[7] Cargill Defendants filed "Notice of Advice to the Court" on 10/17/07 [Dkt. #1324] in which they reserve the option of seeking sanctions pending completion of ongoing meet and confers with Plaintiff. The Court will address this by separate Order.

[8] See footnote 6.

[9] Hereinafter "Tyson."

4

Tyson's motion is sustained. Plaintiff, by agreement, will supplement production in response to Requests For Production numbered 4,19,21-25, 27 and 31. Plaintiff is ordered to deliver supplemental production on or before October 22, 2007 which fully complies with the direction set forth in the Court's prior Order, Dkt. #1150. Plaintiff is specifically directed to page seven (7) of the Order in regard to Rule 34(b) production. Any response which is made in reliance upon existing privilege logs shall include specific reference to that part of the privilege log that addresses documents withheld from production such that Tyson can determine the validity of the claimed privilege.

## II. MOTION REGARDING JOINT DEFENSE

### A. State of Oklahoma's Motion to Compel Defendant Simmons Foods, Inc. To Disclose Joint Defense Agreement [Dkt. # 1232]

Motion is Compel is denied in part and granted in part. The Court has reviewed "Supplemental Joint Defense and Confidentiality Agreement" dated March 23, 2005 following submission by Defendant Simmons Foods, Inc. ("Simmons") for *in camera* review. The Court finds the document itself should not be produced. However, the Court finds the identity of the parties to the agreement is not privileged. The parties who signed the agreement are Cargill Turkey Production LLC, Tyson Foods, Inc., Peterson Farms, Inc., George's, Inc., Cobb-Vantress, Inc., Simmons Industries, Inc., and Willow Brook Foods, Inc.

## III. MOTIONS REGARDING RULE 30(B)(6) DEPOSITIONS

### A. State of Oklahoma's Motion to Compel Defendant Cargill, Inc. and Defendant Cargill Turkey Production LLC to Produce for Deposition A 30 (b)(6) Designee Fully Knowledgeable on the Noticed Subjects [Dkt. # 1244]

### B. Cargill Defendants' Cross Motion for Protective Order [Dkt. # 1257]

**C. State of Oklahoma's Motion to Compel Defendant Peterson Farms, Inc. to Produce A Properly Prepared 30(b)(6) Designee For Deposition and to Allow Full Questioning of that Designee [Dkt. # 1250]**

**D. Peterson Farms Inc.'s Motion for Protective Order Precluding Further Examination of its 30(b)(6) Designees on Topics Identified Within Deposition Notice [Dkt. # 1264]**

Motions to Compel and Motions for Protective Order are granted in part and denied in part as set forth herein.[10] The following rules shall govern all depositions in this action, including those taken pursuant to Fed. R. Civ. P. 30(b)(6). Deposition questioning shall proceed as permitted at trial. See Fed. R. Civ. P. 30(c).

Pursuant to Fed.R.Civ. P. 30(d)(1), witnesses shall not be directed to refuse to answer a question unless to preserve a privilege, to enforce a prior limitation set by the Court or to present a motion to the Court. Relevance objections should be addressed by motion to compel and/or for protective order. If a question is asked that is not included in the scope of the notice, the witness must answer if the witness knows the answer. The witness is not obligated to become educated on any subject not included in the notice.

Regarding the period of time for which a witness must be educated in preparation for deposition, the Court refers the parties to the Court's Order dated July 6, 2007, Dkt. #1207, at page 3. The Court ruled that the corporate knowledge of Cargill regarding detriment to the environment from the application of poultry waste to the ground is relevant

---

[10]Defendant Peterson Farms Inc. Is hereinafter referred to as "Peterson." Plaintiff's motion as to Cargill Defendants precedes the actual deposition and is therefore not technically ripe for determination. However, because the issues are similar to those raised in relation to other Rule 30 (6)(b) motions, the Court finds addressing the issues will expedite the case.

without limit as to date or geographic location.[11]   The ruling shall apply to all parties. The Court finds, however, that any given witness need only be educated for a five (5) year period of time.  The Court notes one witness may not be knowledgeable in all areas and more than one witness may need to be deposed.

Cargill agreed to produce four (4) categories of documents beyond the five (5) year limit about which the Rule 30(b)(6) witness should be educated.  Any other knowledge or preparation requirement is governed by a five (5) year limit unless the Court finds evidence beyond the five (5) year limit is relevant after proper application and evidentiary hearing.

### IV. MOTIONS REGARDING REQUESTS FOR ADMISSION

**A. State of Oklahoma's Motion to Determine the Sufficiency of Defendant Peterson Farms, Inc.'s  Responses to the State's April 20, 2007 Requests to Admit [Dkt. # 1249]**

The motion is sustained in part and overruled in part.[12]  Plaintiff served 13 requests to admit on Peterson   Peterson's response contained numerous objections, primarily incorporating its General Objections to the Plaintiff's definitions. Peterson responded to seven (7) of the thirteen with some form of admission or denial and to the remaining six (6) requests, Peterson stated that it had made a reasonable inquiry and the information known or readily knowable by Peterson was insufficient to enable it to admit or deny the request. The responses to all thirteen (13) contained language conditioning the response on objections. Because of this, Plaintiff urges it cannot determine exactly which facts are

---

[11] Cargill Defendants filed a motion for clarification/reconsideration directed to the Court's ruling as to geographical scope the day before this hearing, which was not yet at issue. [Dkt. #1298]. It does not seek reconsideration of time frame.

[12] The phrasing of Plaintiff's motion caption is somewhat confusing. The Courts deems it to be a motion to compel sufficient responses insofar as the Court's ruling.

admitted or denied or the true basis for Peterson's inability to admit or deny. Plaintiff asks the Court to deem the responses insufficient and order supplementation.

Many of Peterson's objections were directed toward the definitions used in the Plaintiff 's requests. The Court finds Plaintiff is entitled to create the terms for its Request To Admit. Peterson's position that its objections to the definitions were included in an abundance of caution to insure that it was not ultimately admitting to technical terms which might later be turned against Peterson's is unwarranted. By responding to the requests, Peterson's does not admit the truth of the definitions. Accordingly, the Court finds Plaintiff's motion should be sustained as to Peterson's objections to the following terms: "poultry waste", "your poultry growing operations", "phosphorus", "run-off", and "waters of the state". The Court overrules Plaintiff's motion as to the terms "pathogens", "CERCLA", and "hazardous substances". The Court also concludes the State's motion as to the inclusion of general objections should be sustained.

The Court finds Peterson shall be required to file supplemental responses to Plaintiff's Requests To Admit on or before October 15, 2007. Responses will be limited to a five (5) year time period.

**B. State of Oklahoma's Motion to Determine the Sufficiency of Defendants George's, Inc.'s and George's Farms, Inc.'s Responses to the State's April 20, 2007 Requests to Admit [Dkt. # 1265][13]**

This motion is sustained in part and denied in part based upon the Court's ruling as to Dkt. #1249]. Defendants shall file supplemental responses on or before October 15, 2007.

---

[13]Hereinafter "George's."

## V. MOTIONS REGARDING ESI

### A. Cargill Defendants' Motion to Compel Production of Responsive ESI [Dkt. #1261]

Cargill Defendants' Motion to Compel is granted as follows:

1. In all circumstances where Plaintiff has produced ESI "collectively" to all Defendants in native format, Plaintiff must provide specific search queries, information, and technical support that will allow Defendants to ascertain the ESI provided in response to the specific requests;

2. Plaintiff must produce the responsive ESI in the ORACLE and SQL databases at OWRB and OCC in a reasonably useable format, which, in the case of a native format production, shall include providing the specific search queries, information, and technical support that would allow the Defendants to ascertain the ESI provided in response to their specific requests; and,

3. All ESI responsive to Defendants' discovery requests served on August 22, 2006 must be produced by October 15, 2007.

All ESI production from the Oklahoma Wildlife Department and Oklahoma Health Department is to be produced by October 15, 2007. All other production of ESI from Plaintiff is to be completed by December 1, 2007. This includes, but is not limited to, Oklahoma Department of Food and Forestry and the Department of Mines.[14]

The parties are to meet and confer within one (1) week of this hearing regarding the issues raised in State of Oklahoma's Omnibus Motion Regarding Deficiencies in Defendants' Respective ESI Responses, deemed by the Court to be a Motion to Compel [Dkt. # 1271].

### B. Defendant, Peterson Farms, Inc.'s Joinder in Cargill Defendants' Motion to Compel Production of Responsive ESI, deemed by the Court to be a Motion for Joinder [Dkt. #1268]

---

[14] Defendants Cargill, Tyson, George's, Peterson and Cal-Maine announced at hearing that they will complete ESI production to Plaintiff by December 1, 2007.

Motion for joinder is granted. Plaintiff is ordered to provide the relief granted to Cargill Defendants as set forth above as it relates to Peterson.

**C. Cargill Defendants' Motion to Strike Plaintiffs' "Omnibus Motion" Regarding ESI Discovery  [Dkt. # 1278]**

The motion is denied.

**D. Peterson Farms, Inc.'s Joinder in the Cargill Defendants' Motion To Strike Plaintiffs' "Omnibus Motion" Regarding ESI Discovery, deemed by the Court to be Motion for Joinder  [Dkt. #1281]**

The motion is denied as moot pursuant to the Court's ruling on the motion to strike.

**E. Joinder by Tyson Foods, Inc., Tyson Poultry, Inc., Tyson Chicken, Inc., and Cobb- Vantress, Inc. in the Cargill Defendants' Motion To Strike Plaintiffs' "Omnibus Motion" Regarding ESI Discovery, deemed by the Court to be a Motion for Joinder [Dkt. #1289]**

The motion is denied as moot pursuant to the Court's ruling on the motion to strike.

**F. George's Inc.'s and George's Farms, Inc.'s Joinder In Cargill Defendants' Motion To Strike Plaintiffs' "Omnibus Motion" Regarding ESI Discovery, deemed by the Court to be Motion for Joinder [Dkt. #1293]**

The motion is denied as moot pursuant to the Court's ruling on the motion to strike.

## VI. CONCLUSIONS

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Cal-Maine Food, Inc's Combined Motion to Compel Discovery Responses From Plaintiff [Dkt. # 1221] is granted in part and denied in part as set forth herein;  State of Oklahoma's Motion to Compel Defendant Simmons Foods, Inc. To Disclose Joint Defense Agreement [Dkt. # 1232] is granted in part and denied in part as set forth herein; State of Oklahoma's Motion to Compel Defendant Cargill, Inc. and Defendant Cargill Turkey Production LLC  to Produce for Deposition A 30 (b)(6) Designee Fully Knowledgeable on the Noticed Subjects

[Dkt. # 1244] is granted in part and denied in part as set forth herein; State of Oklahoma's Motion to Determine the Sufficiency of Defendant Peterson Farms, Inc.'s Responses to the State's April 20, 2007 Requests to Admit [Dkt. # 1249] is granted in part and denied in part as set forth herein; State of Oklahoma's Motion to Compel Defendant Peterson Farms, Inc. to Produce A Properly Prepared 30(b)(6) Designee For Deposition and to Allow Full Questioning of that Designee [Dkt. # 1250] is granted in part and denied in part as set forth herein; Cargill Defendants' Rule 37 Motion for Sanctions [Dkt. # 1252] is granted in part and taken under advisement in part pending further briefing as set forth herein; Cargill Defendants' Cross Motion for Protective Order [Dkt. # 1257] is granted in part and denied in part as set forth herein; Tyson Food Inc.'s Second Motion to Compel Plaintiffs to respond to Requests for Production served April 25, 2007 [Dkt. #1258] is granted; Cargill Defendants' Motion to Compel Production of Responsive ESI [Dkt. #1261] is granted; Defendant, Peterson Farms, Inc.'s Joinder in Cargill Defendants' Motion to Compel Production of Responsive ESI, deemed by the Court to be a Motion for Joinder [Dkt. #1268] is granted; Peterson Farms Inc.'s Motion for Protective Order Precluding Further Examination of its 30(b)(6) Designees on Topics Identified Within Deposition Notice [Dkt. # 1264] is granted in part and denied in part as set forth herein; State of Oklahoma's Motion to Determine the Sufficiency of Defendants George's, Inc.'s and George's Farms, Inc.'s Responses to the State's April 20, 2007 Requests to Admit [Dkt. # 1265] is granted in part and denied in part as set forth herein; Cargill Defendants' Motion to Strike Plaintiffs' "Omnibus Motion" Regarding ESI Discovery [Dkt. # 1278] is denied; Peterson Farms, Inc.'s Joinder in the Cargill Defendants' Motion To Strike Plaintiffs' "Omnibus Motion" Regarding ESI Discovery, deemed by the Court to be a Motion for Joinder [Dkt. #1281] is

denied; Joinder by Tyson Foods, Inc., Tyson Poultry, Inc., Tyson Chicken, Inc., and Cobb-Vantress, Inc. in the Cargill Defendants' Motion To Strike Plaintiffs' "Omnibus Motion" Regarding ESI Discovery, deemed by the Court to be a Motion for Joinder [Dkt. #1289] is denied; and George's Inc.'s and George's Farms, Inc.'s Joinder In Cargill Defendants' Motion To Strike Plaintiffs' "Omnibus Motion" Regarding ESI Discovery, deemed by the Court to be a Motion for Joinder [Dkt. #1293] is denied.

IT IS FURTHER ORDERED THAT Cargill Defendants' Motion to Compel Plaintiffs to Designate Deponents Under Rule 30(b)(6) [Dkt. # 1270]; State of Oklahoma's Omnibus Motion Regarding Deficiencies in Defendants' Respective ESI Responses, deemed by the Court to be a Motion to Compel [Dkt. # 1271]; Peterson Farms, Inc.'s Motion To Compel With Regard to Plaintiffs' Agency Privilege Logs [Dkt. # 1276]; Joinder by Cal-Maine Foods, Inc. and Cal-Maine Farms, Inc. in Peterson Farms, Inc.'s Motion To Compel With Regard to Plaintiffs' Agency Privilege Logs , deemed by this Court to be a Motion for Joinder [Dkt. #1277]; and The Cargill Defendants' Motion for Clarification/Reconsideration [Dkt. #1298] are set for hearing on November 6, 2007,  at 9:30 a.m.

DATED THIS 24nd DAY OF OCTOBER, 2007.

*Sam A. Joyner*
Sam A. Joyner
United States Magistrate Judge