# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT C. MILES TROBERT, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA, | ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| TYSON FOODS, INC., INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB- VANTRESS, INC., AVIAGEN, INC., CAL-MAINE FOODS, INC., CAL-MAINE FARMS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., SIMMONS FOODS, INC., and WILLOW BROOK FOODS, INC., | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 05-CV-329-GKF-SAJ

## OPINION AND ORDER

The Court held motion hearing on December 6, 2007, at which argument was heard on Cargill Defendants' Motion for Sanctions [Dkt. #'s 1252]; Cargill Defendants' Second Motion for Extension of Time to File Supplemental Brief [Dkt. # 1324]; Cargill Defendants' Motion to Compel Plaintiffs to Designate Deponents Under Rule 30(b)(6) [Dkt. # 1270];[1] State of Oklahoma's Motion for Protective Order Regarding the Conduct of 30

---

[1] State of Oklahoma ("Plaintiff/State"), is occasionally referenced in the filings in the plural. The Court will refer to Plaintiff in the singular unless directly citing from a filed pleading.

1

(b)(6) Depositions of the State [Dkt. #1309]; State of Oklahoma's Omnibus Motion Regarding Deficiencies in Defendants' Respective ESI Responses, deemed by the Court to be a Motion to Compel [Dkt. #1271]; Peterson Farms, Inc.'s Motion To Compel With Regard to Plaintiffs' Agency Privilege Logs [Dkt. # 1276]; Joinder by Cal-Maine Foods, Inc. and Cal-Maine Farms, Inc. in Peterson Farms, Inc.'s Motion To Compel With Regard to Plaintiffs' Agency Privilege Logs , deemed by this Court to be a Motion for Joinder [Dkt. #1277]; and, Tyson's Food Inc.'s Motion for Rule 37(a)(4)(A) Expenses and Attorneys' Fees [Dkt. #1340].[2]  Having considered the positions urged in the filings and at the hearing, the Court finds as follows:

Cargill Defendants' Motion for Sanctions [Dkt. #'s 1252] is held in abeyance at the request of the parties pending the filing of Plaintiff's response and Defendants' reply to the Supplemental Brief filed by the Cargill Defendants on December 4, 2007.  The Court will then consider the matter submitted unless hearing is requested.

Cargill Defendants' Second Motion for Extension of Time to File Supplemental Brief [Dkt. # 1324] is denied as moot.

Cargill Defendants' Motion to Compel Plaintiffs to Designate Deponents Under Rule 30(b)(6) [Dkt. # 1270] and State of Oklahoma's Motion for Protective Order Regarding the Conduct of 30 (b)(6) Depositions of the State [Dkt. #1309] are held in abeyance at the request of the parties.  Discussions are ongoing between the parties to resolve the remaining issues. The parties are directed to file motions to withdraw the motions or status report advising what issues remain unresolved on or before January 11, 2008.

---

[2]Motion captions are cited as they appear in the filings.

State of Oklahoma's Omnibus Motion Regarding Deficiencies in Defendants' Respective ESI Responses, deemed by the Court to be a Motion to Compel [Dkt. #1271] is granted in part and denied in part.

The Court finds the information and the ability to calculate the number of chickens and turkeys in the watershed is much more in the hands of the Defendants than the Plaintiff. Defendants are therefore obligated respond to this inquiry to the best of their ability. The Court defines this as Defendants giving their best estimate on an annual basis, if possible. However, should another time frame provide a more accurate response, such as "fiscal year", Defendants may so assert. The responses are to include the margin of error, the method of calculation, and are limited to the five (5) year period prior to filing of this action. Responses are to be submitted within thirty (30) days of this Order.

Defendants may add caveats to their responses so long as these do not limit the responses from being the "best estimate." Defendants are not prohibited from asserting that the unreliability of the information makes it inadmissible as evidence. This issue would be resolved by the Court at a later time, upon proper application.

Plaintiff announced the parties have made progress in resolving the issue of format to be used for production of ESI. The Court therefore finds the motion is denied as moot as to this issue, without prejudice to reurge the motion as warranted.

Peterson Farms, Inc.'s Motion To Compel With Regard to Plaintiffs' Agency Privilege Logs [Dkt. # 1276] is granted in part and taken under advisement in part. The motion is granted as to documents which had originally been listed on privilege logs and later removed, with the exception of OWRB #28, the request for which was withdrawn at hearing. The documents are to be produced on or before December 13, 2007, unless the parties

agree to an alternate date.

The motion is also granted as to the documents listed at page 23 of Defendant's motion insofar as they are to be submitted to the Court for *in camera* review on or before December 20, 2007.

The motion is taken under advisement as to all other issues. The Court will enter a separate Order as to those remaining issues.

Joinder by Cal-Maine Foods, Inc. and Cal-Maine Farms, Inc. in Peterson Farms, Inc.'s Motion To Compel With Regard to Plaintiffs' Agency Privilege Logs *,* deemed by this Court to be a Motion for Joinder [Dkt*.* #1277] is granted.  Rulings issued by the Court as to Peterson Farms, Inc.'s Motion To Compel shall apply to  Cal-Maine Foods, Inc. and Cal-Maine Farms, Inc*.*

Tyson's Food Inc.'s Motion for Rule 37(a)(4)(A) Expenses and Attorneys' Fees [Dkt. #1340] is denied.

IT IS SO ORDERED THIS 7th  DAY OF DECEMBER, 2007.

Sam A. Joyner
United States Magistrate Judge