## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA, ex rel. W.A. DREW
EDMONDSON, in his capacity as ATTORNEY
GENERAL OF THE STATE OF OKLAHOMA
AND OKLAHOMA SECRETARY OF THE
ENVIRONMENT C. MILES TOLBERT, in his
capacity as the TRUSTEE FOR NATURAL
RESOURCES FOR THE STATE OF
OKLAHOMA

                                                              **PLAINTIFFS**

     **v.**                                    **CASE NO.: 05-CV-00329 GKF –SAJ**

TYSON FOODS, INC., TYSON POULTRY, INC.,
TYSON CHICKEN, INC., COBB-VANTRESS,
INC., CAL-MAINE FOODS, INC., CAL-MAINE
FARMS, INC. CARGILL, INC., CARGILL
TURKEY PRODUCTION, LLC, GEORGE'S,
INC., GEORGE'S FARMS, INC., PETERSON
FARMS, INC., SIMMONS FOODS, INC. and
WILLOW BROOK FOODS, INC.

                                                              **DEFENDANTS**

## DEFENDANTS' EMERGENCY MOTION TO COMPEL THE SETTING OF A
## REASONABLE SCHEDULE FOR EXPERT DEPOSITIONS AND THE TIMELY
## PRODUCTION OF RELATED DOCUMENTS

Defendants respectfully move the Court for an order requiring Plaintiffs to

produce the expert witnesses supporting their Motion for Preliminary Injunction ("PI

Motion"), as well as documents related to each expert's testimony, in a timely and

reasonable manner.

## BACKGROUND

This litigation is hardly in its infancy. Indeed, Plaintiffs' First Complaint was

filed on June 13, *2005.* Since that time Plaintiffs have secretly worked on their motion

for a "preliminary" injunction, and despite the many pending discovery requests, have not

produced or even admitted the existence of the experts, documents, and information they

were generating as part of that effort. On November 14, *2007,* (just before the holidays),

4839-4214-8354.1

Plaintiffs finally unveiled their PI motion, demanding the Court's immediate attention to address purportedly "imminent and substantial" harms. PI Mot. at 24.

The PI Motion is supported by the affidavits of nine previously undisclosed expert witnesses, see PI Mot. Exs. 2–5; 13–18, each of whom may testify at the February hearing. Needless to say, understanding the opinions held by these individuals, and exploring the facts underlying them, is essential to Defendants' ability to present any meaningful opposition. Plaintiffs should have identified these experts and produced their documents before the PI Motion was filed under the long-pending discovery requests seeking identification of experts, expert opinions and materials reviewed by experts. At a minimum, they should have produced the information from these experts' files with the surprise motion on November 14. However, since Plaintiffs did not produce this information, upon receipt of the PI Motion Defendants requested Rule 26(a)(2)(B) disclosures for each, along with production of their supporting documentation, prior testimony, and related materials. See Exhibit 1 (letter of Nov. 16, 2007 from Bruce Jones to David Riggs & Richard Garren); Exhibit 2 (Defendant Tyson's request for production of documents). Plaintiffs did not respond to this discovery, but rather delayed. Accordingly, out of an abundance of caution, Defendants subsequently issued subpoenas to each expert seeking essentially the same materials. See Exhibit 3 (letter of Nov. 29, 2007 from Michael Bond to David Riggs).

Plaintiffs' eventual response was to offer the experts for depositions at a place and at times of Plaintiffs' choosing. See Exhibit 4. Plaintiffs proffer was remarkable in at least two respects. First, Plaintiffs were ill disposed towards producing any of the experts' documents. Second, Plaintiffs' proposed order had their experts Olsen and

Fisher appearing next to last, despite the fact that experts Johnson, Teaf, and Harwood apparently based their opinions in whole or in part on data and conclusions generated by Olsen and Fisher. *See, e.g.*, PI Mot. Ex. 4 at 6. To the extent any expert documents were offered, the Plaintiffs were careful to couch it in terms of offering only "reliance materials" (*i.e.*, materials relied upon by the experts as opposed to materials reviewed by the experts).

Defendants raised these concerns about Plaintiffs' unreasonable delays with the Court at a status conference on December 7, 2007. In response, the Court instructed Plaintiffs to make their expert witnesses available to Defendants for deposition on a reasonable schedule, and to produce each expert's documents at least 21 days prior to his or her deposition.

With these ground rules established, Defendants accepted the deposition dates that Plaintiffs had proposed for five of their experts. *See* Exhibit 5. Importantly, under this schedule, the depositions of Olsen and Fisher would have occurred before the depositions of the other experts who relied on their work. *See id.*

Unfortunately, Plaintiffs' pattern of delay has continued. Plaintiffs have withdrawn many of the dates they previously proposed, have moved Olsen and Fisher to the back of the line, and have made other changes as their experts have suddenly discovered conflicts that were not apparent when the Plaintiffs first offered their schedule. *See* Exhibit 6. The final schedule offered by Plaintiffs stands as follows:

| | |
|---|---|
| Robert S. Lawrence | January 3, 2008 |
| C. Robert Taylor | January 8, 2008 |
| Lowell Caneday | January 11, 2008 |
| Bernard Engel | January 15, 2008 |
| Valerie J. Harwood | January 23, 2008 |
| Gordon V. Johnson | January 25, 2008 |

J. Berton Fisher          January 29, 2008
Christopher Teaf         January 31, 2008
Roger Olsen              February 6, 2008

*See id.*

## ARGUMENT

Plaintiffs' proposed discovery schedule severely prejudices Defendants' ability to oppose Plaintiffs' PI Motion and fails to satisfy either the letter or the spirit of the Court's directions.

1. Plaintiffs' proposed deposition schedule places an extraordinary burden on Defendants' ability to respond to Plaintiffs' PI Motion. Defendants' oppositions to the PI motions are due on February 8th, a mere two days after Plaintiffs' last scheduled deposition. The hearing follows only 11 days later. During the deposition period Defendants must not only digest Plaintiffs' document productions and depose Plaintiffs' experts but must also retain and work with Defendants' own witnesses to prepare responsive expert testimony. Obviously, Defendants' experts need to see Plaintiffs' documents before they can even begin to analyze their content.

While Plaintiffs and their experts had two years to work up their motion and its supporting expert testimony, Plaintiffs' actions in keeping their experts and documents secret and in refusing to produce their documents even after the PI Motion was filed provide Defendants with only days to cobble together a response. These strategic delays are unfair and unjust to Defendants and this Court.

2. Plaintiffs' proposed deposition schedule is also deficient in the order in which it proposes to produce documents and take depositions. As noted above, several of Plaintiffs' experts rely on the opinions and conclusions of Fisher and Olsen. Yet,

4839-4214-8354.1                                    4

Plaintiffs propose that Defendants depose these two gentlemen on January 29th and February 6th. That order is, respectively, third to last, and dead last in the deposition schedule. This would leave Defendants with mere days to prepare their responses to Plaintiffs' core allegations. It would also seriously undercut Defendants' ability to probe earlier deponents' reliance on Fisher's and Olsen's data and conclusions. Finally, it is apparent to Defendants that the bulk of any documents supporting Plaintiffs' experts' testimony will be produced in relation to Fisher's and Olsen's depositions. If that is the case, Defendants will have either no or minimal opportunity to review and assess these documents before taking the depositions of other witnesses who relied on conclusions drawn from those documents.

Defendants are willing to work out a reasonable and mutually agreeable deposition schedule. Indeed, Defendants agreed to Plaintiffs' proposed dates for the majority of the depositions. But any schedule that holds the most important witnesses and documents for last is unreasonable and unworkable.

3. For the same reasons, Plaintiffs' proposed schedule also seriously prejudices Defendants' ability to prepare for the February 19th hearing. The last scheduled deposition, of a witness upon whose testimony others relied, is proposed to be taken on February 6th. While Plaintiffs had two years to prepare their motion, Defendants' and their experts will have barely two weeks to do so.

4. Plaintiffs have defended their proposed schedule citing the "considerable" burden placed on them by the Court's requirement that they produce supporting documents 21 days prior to each deposition. Any burden on plaintiffs results not from the Court's orders or Defendants' requests but from their own dilatory tactics.

First, as noted, Plaintiffs took some 2 years to seek a preliminary injunction, and months, if not years, to prepare their expert testimony. Defendants' reasonable requests for discovery into those experts' opinions was entirely foreseeable. Indeed, while Plaintiffs prepared their PI Motion they ignored the outstanding discovery requests for documents, data and the identification of experts. Plaintiffs have no excuse for not being prepared to produce materials immediately upon filing of the PI Motion.

Second, as of the date of this motion it has been 35 days since Plaintiffs filed their PI motion, 34 days since Defendants specifically requested production of these materials, and 12 days since the Court required Plaintiffs to comply with those requests within 21 days of each deposition. Yet, Plaintiffs still insist that they need up to an additional month to gather responsive documents. This is simply not reasonable.

If it takes *more than a month* for Plaintiffs' to simply gather and copy the relevant documents and data, how can Defendants be required to review and analyze the documents and data, have relevant experts develop testimony exposing the flaws in those materials, take depositions of the Plaintiffs' experts, and prepare for the PI hearing? Plaintiffs have created a strategy whereby they enjoy years to prepare and afford Defendants only days to respond. Plaintiffs' tactics are fundamentally unfair. Plaintiffs have created a strategy whereby they enjoy years to prepare and afford Defendants only days to respond. Plaintiffs continue to implement a strategy of delaying the production of materials that should have been produced long ago, and the result is fundamentally unfair.

Finally, Plaintiffs' repeated delays cannot be attributed to lack of manpower. Plaintiffs alone controlled the timing of when they would reveal their secret experts and

6

file their PI Motion. They should have been ready to provide the relevant materials to the Defendants. Indeed, they should have provided those materials previously. And Plaintiffs do not lack the manpower now. The PI Motion itself lists 24 different lawyers representing plaintiffs. Not counting the Attorney General himself, 23 pairs of hands, aided by the expert witnesses themselves and sundry support staff, are certainly able to do a better job marshalling the necessary documentation.

In view of the position in which Plaintiffs' actions place Defendants, the Defendants have no choice but to seek the Court's assistance in establishing a more reasonable schedule. Defendants seek a schedule which makes Fisher and Olsen available no later than early January, and produces all documents relevant to those depositions 21 days in advance. Alternatively, if Plaintiffs are unable to do so, the Court might postpone the date by which Defendants must respond to the PI Motion, as well as the hearing, in order to afford Defendants a fair opportunity to prepare.

Because every day of continued delay prejudices Defendants and this Court, Defendants request that the Court schedule a telephonic hearing without further delay for briefing. We will call the Court's clerk to alert the clerk of this request.

Respectfully submitted,

**KUTAK ROCK LLP**

BY:_____/s/ Robert W. George_____
　　　Robert W. George, OBA #18562
　　　Michael R. Bond
　　　Erin W. Thompson
　　　The Three Sisters Building
　　　214 West Dickson Street
　　　Fayetteville, Arkansas  72701-5221
　　　(479) 973-4200 Telephone
　　　(479) 973-0007 Facsimile

-AND-

Stephen Jantzen, OBA #16247
Paula Buchwald, OBA# 20464
Patrick M. Ryan, OBA #7864
RYAN, WHALEY & COLDIRON
119 North Robinson, Suite 900
Oklahoma City, Oklahoma 73102
(405) 239-6040 Telephone
(405) 239-6766 Facsimile

-AND-

Thomas C. Green
Mark D. Hopson
Timothy Webster
Jay T. Jorgensen
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005-1401
(202) 736-8000 Telephone
(202) 736-8711 Facsimile

**ATTORNEYS FOR
DEFENDANTS TYSON FOODS,
INC., TYSON POULTRY, INC.,
TYSON CHICKEN, INC. AND
COBB-VANTRESS, INC.**

BY: _____*/s/ A. Scott McDaniel*_____
(Signed by filing attorney with
permission)
A. Scott McDaniel, OBA #16460
Nicole M. Longwell, OBA #18771
Philip D. Hixon, OBA #19121
MCDANIEL LAW FIRM
320 South Boston Ave., Ste 700
Tulsa, Oklahoma 74103

-AND-

Sherry P. Bartley, AR BAR #79009
MITCHELL, WILLIAMS, SELIG,
  GATES & WOODYARD, PLLC
425 W. Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
**ATTORNEYS FOR PETERSON
FARMS, INC.**

BY:_____ */s/ John H. Tucker*_____
(Signed by filing attorney with
permission)
Theresa Noble Hill, OBA #19119
John H. Tucker, OBA #9110
Colin H. Tucker, OBA #16325
RHODES, HIERONYMUS, JONES,
TUCKER & GABLE
Post Office Box 21100
Tulsa, Oklahoma  74121-1100

-AND-

Terry W. West
THE WEST LAW FIRM
Post Office Box 698
Shawnee, Oklahoma  74802-0698

-AND-

Delmar R. Ehrich
Bruce Jones
Krisann Kleibacker Lee
FAEGRE & BENSON, LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, Minnesota  55402
**ATTORNEYS FOR CARGILL,
INC., AND CARGILL TURKEY
PRODUCTION, LLC**

BY:_____/s/ R. Thomas Lay_____
(Signed by filing attorney with permission)
R. Thomas Lay, OBA #5297
KERR, IRVINE, RHODES & ABLES
201 Robert S. Kerr Ave., Suite 600
Oklahoma City, Oklahoma  73102

-AND-

Jennifer S. Griffin
LATHROP & GAGE, L.C.
314 East High Street
Jefferson City, Missouri 65101
**ATTORNEYS FOR WILLOW BROOK FOODS, INC.**


BY:_____/s/ Randall E. Rose_____
(Signed by filing attorney with permission)
Randall E. Rose, OBA #7753
George W. Owens, ESQ.
OWENS LAW FIRM, P.C.
234 W. 13th Street
Tulsa, Oklahoma 74119

-AND-

James Martin Graves
Gary W. Weeks
Paul Thompson
BASSETT LAW FIRM
Post Office Box 3618
Fayetteville, Arkansas 72702-3618
**ATTORNEYS FOR GEORGE'S, INC. AND GEORGE'S FARMS, INC.**

BY:_____ */s/ John R. Elrod*_____

(Signed by filing attorney with permission)

John R. Elrod
Vicki Bronson, OBA #20574
Bruce Wayne Freeman
CONNER & WINTERS, L.L.P.
211 West Dickson Street
Fayetteville, Arkansas 72701

**ATTORNEYS FOR SIMMONS FOODS, INC.**

BY:_____ */s/ Robert P. Redemann*_____

(Signed by filing attorney with permission)

Robert P. Redemann, OBA #7454
Lawrence W. Zeringue, ESQ.
David C. Senger, OBA #18830
PERRINE, MCGIVERN, REDEMANN, REID,
BARRY & TAYLOR, P.L.L.C.
Post Office Box 1710
Tulsa, Oklahoma 74101-1710

-AND-

Robert E. Sanders
Stephen Williams
YOUNG, WILLIAMS, HENDERSON & FUSILIER
Post Office Box 23059
Jackson, Mississippi 39225-3059

**ATTORNEYS FOR CAL-MAINE FARMS, INC. AND CAL-MAINE FOODS, INC.**

## CERTIFICATE OF SERVICE

I certify that on the 19th day of December, 2007, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

W. A. Drew Edmondson, Attorney General
Kelly Hunter Burch, Assistant Attorney General
J. Trevor Hammons, Assistant Attorney General
Tina L. Izadi, Assistant Attorney General
Daniel P. Lennington, Assistant Attorney General

drew_edmondson@oag.state.ok.us
kelly_burch@oag.state.ok.us
trevor_hammons@oag.state.ok.us
tina_izadi@oag.state.ok.us
daniel.lennington@oag.ok.gov

Douglas Allen Wilson
Melvin David Riggs
Richard T. Garren
Sharon K. Weaver
Robert Allen Nance
Dorothy Sharon Gentry
Joseph P. Lennart
RIGGS ABNEY NEAL TURPEN ORBISON & LEWIS

doug_wilson@riggsabney.com
driggs@riggsabney.com
rgarren@riggsabney.com
sweaver@riggsabney.com
rnance@riggsabney.com
sgentry@riggsabney.com
jlennart@riggsabney.com

J. Randall Miller
Louis W. Bullock
MILLER KEFFER BULLOCK PEDIGO LLC

rmiller@mkblaw.net
lbullock@bullock-blakemore.com

David P. Page
BELL LEGAL GROUP

dpage@edbelllaw.com

Frederick C. Baker
Lee M. Heath
William H. Narwold
Elizabeth C. Ward
Elizabeth Claire Xidis
Ingrid L. Moll
Jonathan D. Orent
Michael G. Rousseau
Fidelma L. Fitzpatrick
MOTLEY RICE, LLC
**COUNSEL FOR PLAINTIFFS**

fbaker@motleyrice.com
lheath@motleyrice.com
bnarwold@motleyrice.com
lward@motleyrice.com
cxidis@motleyrice.com
imoll@motleyrice.com
jorent@motleyrice.com
mrousseau@motleyrice.com
ffitzpatrick@motleyrice.com

A. Scott McDaniel
Nicole Longwell
Philip D. Hixon
Craig A. Mirkes
MCDANIEL HIXON LONGWELL & ACORD, PLLC

smcdaniel@mhla-law.com
nlongwell@mhla-law.com
phixon@mhla-law.com
cmirkes@mhla-law.com

Sherry P. Bartley
MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, PLLC
**COUNSEL FOR PETERSON FARMS, INC.**

sbartley@mwsgw.com

R. Thomas Lay                                        rtl@kiralaw.com
KERR, IRVINE, RHODES & ABLES

David G. Brown                                       dbrown@lathropgage.com
Jennifer S. Griffin                                  jgriffin@lathropgage.com
LATHROP & GAGE, L.C.
**COUNSEL FOR WILLOW BROOK FOODS, INC.**

Robert P. Redemann                                   rredemann@pmrlaw.net
Lawrence W. Zeringue                                 lzeringue@pmrlaw.net
David C .Senger                                      dsenger@pmrlaw.net
PERRINE, MCGIVERN, REDEMANN, REID, BERRY & TAYLOR, PLLC

Robert E. Sanders                                    rsanders@youngwilliams.com
E. Stephen Williams                                  steve.williams@youngwilliams.com
YOUNG WILLIAMS P.A.
**COUNSEL FOR CAL-MAINE FOODS, INC. AND CAL-MAINE FARMS, INC.**

George W. Owens                                      gwo@owenslawfirmpc.com
Randall E. Rose                                      rer@owenslawfirmpc.com
THE OWENS LAW FIRM, P.C.

James M. Graves                                      jgraves@bassettlawfirm.com
Gary V. Weeks                                        gweeks@bassettlawfirm.com
BASSETT LAW FIRM
**COUNSEL FOR GEORGE'S INC. AND GEORGE'S FARMS, INC.**

John R. Elrod                                        jelrod@cwlaw.com
Vicki Bronson                                        vbronson@cwlaw.com
Bruce W. Freeman                                     bfreeman@cwlaw.com
D. Richard Funk                                      dfunk@cwlaw.com
P. Joshua Wisley                                     jwisley@cwlaw.com
CONNER & WINTERS, PLLC
**COUNSEL FOR SIMMONS FOODS, INC.**

John H. Tucker                                       jtucker@rhodesokla.com
Colin H. Tucker                                      chtucker@rhodesokla.com
Theresa Noble Hill                                   thill@rhodesokla.com
Leslie J. Southerland                                ljsoutherland@rhodesokla.com
RHODES, HIERONYMUS, JONES, TUCKER & GABLE

Terry W. West                                        terry@thewestlawfirm.com
THE WEST LAW FIRM

Delmar R. Ehrich                                     dehrich@faegre.com
Bruce Jones                                          bjones@faegre.com
Krisann C. Kleibacker Lee                            kklee@faegre.com
Dara D. Mann                                         dmann@faegre.com
Todd P. Walker                                       twalker@faegre.com
FAEGRE & BENSON LLP
**COUNSEL FOR CARGILL, INC. AND CARGILL TURKEY PRODUCTION, LLC**

I also hereby certify that I served the attached documents by United States Postal Service, proper postage paid, on the following who are not registered participants of the ECF System:

C. Miles Tolbert
Secretary of the Environment
State of Oklahoma
3800 North Classen
Oklahoma City, OK  73118
**COUNSEL FOR PLAINTIFFS**


                                        _____/s/ Robert W. George_____
                                        Robert W. George