# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT C. MILES TROBERT, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA,<br><br>    Plaintiff,<br><br>vs.<br><br>TYSON FOODS, INC., INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB- VANTRESS, INC., AVIAGEN, INC., CAL-MAINE FOODS, INC., CAL-MAINE FARMS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., SIMMONS FOODS, INC., and WILLOW BROOK FOODS, INC.,<br><br>    Defendants. | Case No. 05-CV-329-GKF-SAJ |

## **OPINION AND ORDER**[1]

Comes on for decision The Cargill Defendants' Rule 37(b) Motion for Sanctions [Dkt. #1252]. Having considered the arguments of counsel and after reviewing all supplemental briefing herein, the Court finds as follows.

On October 24, 2007, this Court entered an Order [Dkt. # 1336] addressing motions argued at September 27, 2007 hearing, which included Cargill Defendants' Rule

---

[1] State of Oklahoma ("Plaintiff/State"), is occasionally referenced in the filings in the plural. The Court will refer to Plaintiff in the singular unless directly citing from a filed pleading.

37(b) motion. [2] The Order states, at page 4:

> The Court denies the motion as to witnesses and sufficiency of narratives. The only action which the Court finds could justify the imposition of Rule 37 sanctions is Plaintiff's withdrawal of its Rule 33(d) designations after Cargill Defendants ("Cargill/Cargill Defendants") expended time and expense in reviewing those designations. Cargill Defendants are therefore directed to file a supplemental brief within two days of the filing of the official Court transcript of this hearing detailing all time and expense incurred in reviewing the designations before they were withdrawn. The briefing should also address whether those designations contained responsive information which was also withdrawn with the designations.

After several attempts to resolve the issue by meet and confer, Cargill Defendants filed a supplemental brief [Dkt. 1389], in which the following relief was requested:

1. A monetary sanction against Plaintiff in the amount of $1,000.00 for misuse of Rule 33(d); and,

2. A sanction in the form of a compelled Rule 30(b)(6) deposition of the person or persons most knowledgeable about Plaintiff's verification of the original interrogatory responses containing the Rule 33(d) references.

Cargill Defendants' request for sanctions is filed pursuant to Fed. R. Civ. P. 37(b)(2), which provides that if a party fails to comply with a prior order granting a motion to compel, the court shall require the party failing to obey the order to pay the reasonable attorney fees caused by such failure. In further support of the requested sanctions, Cargill Defendants cite to Fed.R. Civ.P. 37(a)(4)(A), which allows the awarding of attorney fees to the successful party on a motion to compel.

Cargill Defendants were the successful party on their original motion to compel [Dkt.

---

[2] Both parties have correctly recited the history of the supplemental briefing regarding this motion and it need not be repeated here.

#1054], which brought this discovery dispute to court.  See Order, Dkt. # 1150, filed May 17, 2007.  As stated above, however, the Court denied the subsequently filed motion for sanctions except and unless Cargill Defendants could show that Plaintiff had prejudicially caused unnecessary time and expense by the withdrawal of its 33(d) designations.

In what the Court accepts as a spirit of conciliatory resolution, Cargill Defendants submit that a nominal amount of $1,000.00 is appropriate. This amount is "obviously far below the Cargill Defendants' actual expenditures in reviewing the falsely designated documents and in bringing and arguing the motion that forced the Plaintiffs' 'confession.'" However, Cargill Defendants have not "detailed all time and expense incurred in reviewing the designations before they were withdrawn."  Nor have they "addressed whether those designations contained responsive information which was also withdrawn with the designations."

At this point, the Court has no specific evidence that withdrawing the 33(d) designations caused any additional expense for Cargill Defendants. It may be that such specific evidence does not exist.  It may be that the cost of developing that evidence and articulating it for the Court did not justify the effort in a case of this size.  Either way, the parties are wise to get this dispute behind them and move on to more urgent matters.  The request for order imposing $1,000.00 sanction is therefore denied.

Cargill Defendants were the successful party on the original motion to compel, but Cargill Defendants base their request at this point completely on the withdrawal of the 33(d) designations.  No itemized attorney fees records have been submitted.

As an additional sanction, Cargill Defendants ask the Court to compel a Rule 30(b)(6) deposition of the person or persons most knowledgeable about Plaintiff's

verification of the original interrogatory responses containing the Rule 33(d) references. The Court finds that such a deposition would be appropriate and necessary but sees no reason to order it as a sanction. If Cargill Defendants issue such a notice, Plaintiff is obligated to comply. Cargill Defendants should be sensitive to the overall deposition schedules and the prohibition of duplicative depositions without agreement or court order.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED the Cargill Defendants' Rule 37(b) Motion for Sanctions [Dkt. #1252] is denied.

DATED THIS 11TH DAY OF JANUARY, 2008.

Sam A. Joyner
United States Magistrate Judge