# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT C. MILES TROBERT, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA, <br><br> Plaintiff, <br><br>vs. <br><br>TYSON FOODS, INC., INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB- VANTRESS, INC., AVIAGEN, INC., CAL-MAINE FOODS, INC., CAL-MAINE FARMS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., SIMMONS FOODS, INC., and WILLOW BROOK FOODS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 05-CV-329-GKF-SAJ |

**OPINION AND ORDER**[1]

Comes on for decision State of Oklahoma's Motion to Reconsider Amended Scheduling Order [Dkt. #1386]. Having reviewed the briefs of the parties and having fully considered the arguments therein, the Court finds that said motion should be granted in part and denied in part.

The current scheduling order [Dkt.# 1376] sets separate dates for "Expert Reports on all issues Except Damages" and "Export Reports on Damages." The State's motion

---

[1] State of Oklahoma ("Plaintiff/State"), is occasionally referenced in the filings in the plural. The Court will refer to Plaintiff in the singular unless directly citing from a filed pleading.

asks the Court to reconsider this scheduling order and change the word damages to "all forms of relief" such that expert reports relating to all forms of relief, such as damages, injunctive relief, abatement orders, monitoring requests, buffer strips and other remedial plans would not be due until current due dates for expert damage reports on January 5, 2009 for Plaintiff and March 2, 2009 for Defendants.

The Court hereby denies such request. Defendants correctly point out that the Court has previously considered and rejected this request after argument by counsel at hearing. Modifications to the scheduling order, which has been relied upon by counsel since its entry on November 15, 2007, should not be made without clear benefit to all parties.

More importantly, the Court finds no substantive reason to grant the request. The Court understands State's arguments for a natural demarcation between relief and causation issues. However, it is equally true that much of the expert work regarding causation will be integrally involved with remediation options. This case was filed June 13, 2005. State's experts should be ready to fully opine on all issues of causation and issues of remediation and affirmative relief by the current deadline of April 1, 2008 for Plaintiff. It is the Court's intention that the very focused area of monetary damages is reserved for the second deadline. Otherwise, unnecessary delay could occur.

The Court agrees that the current schedule setting the Defendant's Expert Report on Damages and the Discovery Cut-Off on March 2, 2009 is not appropriate. Therefore the Discovery Cut-Off is extended to April 2, 2009 for all parties and the Dispositive Motion Deadline is extended to May 15, 2009.

THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT State of Oklahoma's Motion to Reconsider Amended Scheduling Order [Dkt. #1386] is

denied in part and sustained in part as set forth above.

DATED THIS 15TH DAY OF JANUARY, 2008.

Sam A. Joyner
United States Magistrate Judge