# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT C. MILES TROBERT, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA,<br><br>    Plaintiff,<br><br>vs.<br><br>TYSON FOODS, INC., INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB- VANTRESS, INC., AVIAGEN, INC., CAL-MAINE FOODS, INC., CAL-MAINE FARMS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., SIMMONS FOODS, INC., and WILLOW BROOK FOODS, INC.,<br><br>    Defendants. | Case No. 05-CV-329-GKF-SAJ |

## OPINION AND ORDER

Comes on for determination Peterson Farms, Inc.'s Motion To Compel With Regard to Plaintiffs' Agency Privilege Logs  [Dkt. # 1276][1] in which Peterson Farms, Inc., ("Peterson") seeks an Order from the Court striking claims of privilege for certain of the documents being withheld from production by the Plaintiff and compelling their production.

---

[1] State of Oklahoma ("Plaintiff/State"), is occasionally referenced in the filings in the plural. The Court will refer to Plaintiff in the singular unless directly citing from a filed pleading. Motion captions are cited as they appear in the filings.

1

### I. Applicable Law-Attorney Client Privilege

Peterson first asserts the motion must be considered under both state and federal law as claims are brought under both. The Tenth Circuit addressed this issue in *Sprague v. Thorn Americas, Inc.*, 129 F. 3d 1355 (10th Cir. 1997), concluding that when both state and federal claims are present, as to the state claims, privilege questions should be resolved by applying state law under Fed.R.Evid. 501 and *White v. American Airlines, Inc.*, 915 F. 2d 1414 (10th Cir. 1990). [2]

*Sprague* recognizes that where both state and federal claims are implicated, both state and federal law should be considered. If a privilege is upheld under one body of law but not the other, "then an analytical solution must be worked out to accommodate the conflicting policies embodied in the state and federal privilege law." This conclusion was based, in part, in recognition of the difficulty of recapturing divulged information, once released.

Plaintiff argues that federal common law applies. However, the Court has reviewed the claims raised herein and finds that state law claims are of equal importance to the federal claims raised. The claims raised must be reviewed in relation to the interest for which protection is sought rather than a numerical count of federal verses state based claims. The state interest is strong as evidenced by the filing of this action by the Oklahoma Attorney General.

The Court concludes that Oklahoma law should apply as to Attorney-Client Privilege.

---

[2]The Court notes that *White*, an appeal from the Northern District of Oklahoma, was a removed action which involved a state law cause of action.

This is supported by Fed.R.Evid. 501, which provides that privilege shall be determined in accordance with state law in respect to an element of a claim or defense in a civil action as to which state law applies.

Oklahoma law reflects public policy, expressing the strong presumption that the records of the State should be open through its Open Records Act, Okla. Stat. tit. 51, § 24A.1, *et. seq.* An exception exists for records protected by an evidentiary privilege, such as the attorney-client privilege. However, the State has the burden of establishing the exception's applicability.

While Oklahoma's Attorney-Client Privilege statute, Okla. Stat. tit. 12, § 2502, provides broad protection for attorney-client communications, it does not cover communications which were not covered at the time of their creation. Further, section 2502 (D)(7) creates a specific exception for communications between a public officer or agency and its attorney unless the communication concerns a pending investigation, claim or action and the court determines that disclosure will seriously impair the ability of the public officer or agency to process the claim or conduct a pending investigation, litigation or proceeding in the public interest.

The information provided by Plaintiff in its privilege logs is insufficient for Peterson or the Court to determine if a communication falls within the stated exceptions. Plaintiff is therefore ordered to revise the privilege logs to provide the dates, identity of individuals involved in the transaction/communication, and subject matter descriptions. Plaintiff is also ordered to indicate if a communication withheld on the ground of attorney-client privilege is in regard to a claim that concerns a pending investigation, claim or action and if the communication was created prior to, or after commencement of, the pending investigation,

claim or action to which it relates. Plaintiff must also state how disclosure will seriously impair the ability of the public officer or agency to process the claim or conduct a pending investigation, litigation or proceeding in the public interest. The revised privilege logs should be provided within thirty (30) days of the date of this Order. Communications/documents which were created prior to a pending claim or which are subject to a claim that is no longer pending, or on which Plaintiff cannot assert disclosure will seriously impair the ability of the public officer or agency to process the claim or conduct a pending investigation, litigation or proceeding in the public interest must be produced within the thirty (30) day period. At this time, production of data is not required beyond the five (5) year temporal limit previously imposed by this Court.[3] Production of communications/documents which contain especially sensitive information may be produced for "Attorney eyes only" under protective order.

## II. Work Product

As to documents which have not been produced under a claim of work product, the Court finds Peterson has established a special need for those documents and that the documents are not available from any other source pursuant to Fed.R.Civ.P. 26(b)(3) and Fed.R.Civ.P. 26(b)(4). Such documents are to be produced within thirty (30) days of the date of this Order.

## III. *In Camera* Submission

Plaintiff produced numerous documents for *in camera* review on December 20, 2007. This Order should resolve most, if not all, the issues regarding production of those

---

[3] State has filed a motion to expand the temporal limit beyond five (5) years. This is not yet at issue.

communications/documents. The Court finds the motion as to *in camera* review is therefore moot. Plaintiff may file new motion for *in camera* review of any documents not covered by this Order.

IT IS THEREFORE ORDERED THAT Peterson Farms, Inc.'s Motion To Compel With Regard to Plaintiffs' Agency Privilege Logs [Dkt. # 1276] is granted in part and denied in part as moot as set forth herein.

DATED THIS 16TH DAY OF JANUARY, 2008.

Sam A. Joyner
United States Magistrate Judge