# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA, ex rel. W.A. DREW )
EDMONDSON, in his capacity as ATTORNEY )
GENERAL OF THE STATE OF OKLAHOMA )
and OKLAHOMA SECRETARY OF THE )
ENVIRONMENT C. MILES TROBERT, in his )   Case No. 05-CV-329-GKF-SAJ
capacity as the TRUSTEE FOR NATURAL )
RESOURCES FOR THE STATE OF )
OKLAHOMA, )
                            )
         Plaintiff, )
                            )
vs. )
                            )
TYSON FOODS, INC., INC., TYSON )
POULTRY, INC., TYSON CHICKEN, INC., )
COBB- VANTRESS, INC., AVIAGEN, INC., )
CAL-MAINE FOODS, INC., CAL-MAINE )
FARMS, INC., CARGILL, INC., CARGILL )
TURKEY PRODUCTION, LLC, GEORGE'S, )
INC., GEORGE'S FARMS, INC., PETERSON )
FARMS, INC., SIMMONS FOODS, INC., and )
WILLOW BROOK FOODS, INC., )
                            )
        Defendants. )

## OPINION AND ORDER[1]

Comes on for decision Defendants' Opposed Joint Motion to Expand the Time to

Respond to State of Oklahoma's Motion to Expand the Discovery Period (Dkt. #1418), [Dkt.

#1438]; State of Oklahoma's Motion for a Status Conference Regarding Matters Pertaining

to the State's Motion for Preliminary Injunction [Dkt. #1465]; State of Oklahoma's Motion

for Sanctions Against the Cargill Defendants [Dkt. #1469]; Cargill Defendants' Motion to

---

[1]State of Oklahoma ("Plaintiff/State"), is occasionally referenced in the filings in the plural. The Court will refer to Plaintiff in the singular unless directly citing from a filed pleading.

1

Enforce Compliance with January 16, 2008 Order [Dkt. #1474]; The Cargill Defendants' Motion to Quash Rule 30 (B)(6) Notices[2] [Dkt. #1484]; and, The Cargill Defendants' Motion for Protective Order [Dkt. #1493].   The Court, having considered the submissions of counsel and argument made at January 30, 2008 hearing, finds as follows:

## I. Defendants' Opposed Joint Motion to Expand the Time to Respond to State of Oklahoma's Motion to Expand the Discovery Period (Dkt. #1418), [Dkt. #1438]

Defendants' motion is granted. Defendants shall file response brief(s) to Dkt. #1418 on or before March 10, 2008. Plaintiff is to file reply brief on or before March 24, 2008.  The parties may, by separate motion, request oral argument and/or evidentiary hearing, in which the need for hearing is clearly articulated. It should also set forth proposals for how a hearing should proceed, and whether live testimony will be required or if affidavits and/or deposition testimony will be sufficient. The parties are also directed to advise the Court whether the issue needs to be resolved before resumption of  Rule 30 (b)(6) depositions.

## II.  State of Oklahoma's Motion for a Status Conference Regarding Matters Pertaining to the State's Motion for Preliminary Injunction [Dkt. #1465]

The motion is granted. As to specific issues raised, the Court finds Defendants shall produce, by February 8, 2008,  all expert opinions but need not produce materials on which the opinions were based at that time.  Defendants are to produce all materials considered by defense experts in forming their opinions on or before February 12, 2008 at 5:00 p.m.

Plaintiff will not be allowed to take any depositions of Defendants' expert witnesses prior to hearing on preliminary injunction.  This is consistent with the District Judge Gregory Frizzell's  directives in the December 7, 2007 status hearing.

---

[2]Motion captions are cited as they appear in the filings.

Plaintiff's list of fact witnesses to be called at hearing, copies of Plaintiff's exhibits, and page and line designations for any depositions Plaintiff intends to read into the record or play by video as part of the case-in-chief shall be provided to Defendants by 5:00 p.m. on February 11, 2008.

Within forty-eight (48) hours of receipt of Plaintiff's production of the above listed pretrial information, Defendants are to produce to Plaintiff their lists of fact witnesses to be called at hearing, copies of exhibits, and page and line designations for any depositions Defendants intend to read into the record or play by video as part of their case.

The parties sought the Court's input/approval in regard to their agreement that Plaintiff will not object to Defendants presenting witnesses by deposition even though the witnesses are available, provided Plaintiff is allowed to call the witnesses live for cross examination. The Court finds this is a matter strictly reserved for the trial judge and it should therefore be brought to the attention of the trial judge sufficiently in advance of hearing to allow meaningful review.  Nevertheless,  the Court finds each side shall produce list of witnesses to be presented, whether live or by deposition, at least 48 hours prior to the date they are expected to be called to testify.

All exhibits, other than summary and/or demonstrative exhibits shall be exchanged on February 15, 2008. Summary and/or demonstrative exhibits are to be provided three (3) days in advance of their anticipated presentation at hearing.

### III.  Motions Regarding Rule 30(b)(6) Issues

State of Oklahoma's Motion for Sanctions Against the Cargill Defendants [Dkt. #1469] is denied; Cargill Defendants' Motion to Enforce Compliance with January 16, 2008 Order [Dkt. #1474] is granted; The Cargill Defendants' Motion to Quash Rule 30 (B)(6)

3

Notices [Dkt. #1484] is granted; and, The Cargill Defendants' Motion for Protective Order [Dkt. #1493] is granted.

Cargill's Motion to Strike Plaintiff's Motion for Sanctions [Dkt. #1488] is rendered moot.

IT IS SO ORDERED THIS 1st  DAY OF FEBRUARY, 2008.

Sam A. Joyner
United States Magistrate Judge