# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT C. MILES TROBERT, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA, <br><br> Plaintiff, <br><br> vs. <br><br> TYSON FOODS, INC., INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB- VANTRESS, INC., AVIAGEN, INC., CAL-MAINE FOODS, INC., CAL-MAINE FARMS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., SIMMONS FOODS, INC., and WILLOW BROOK FOODS, INC., <br><br> Defendants. | Case No. 05-CV-329-GKF-SAJ |

## **OPINION AND ORDER**[1]

Comes on for decision following expedited telephone hearing Cargill Defendants' Motion to Clarify [Dkt. #1518] in which Cargill Defendants seek clarification regarding the date upon which the parties are to exchange exhibits in advance of hearing on motion for preliminary injunction and the Court, having considered the arguments and authorities presented, finds the motion shall be granted as set forth herein.

---

[1] State of Oklahoma ("Plaintiff/State"), is occasionally referenced in the filings in the plural. The Court will refer to Plaintiff in the singular unless directly citing from a filed pleading.

1

In reviewing the Court's Order dated February 1, 2008 [Dkt. #1502] ("Order"), the Court notes a potential ambiguity as to the date on which the parties are to exchange exhibits. In paragraph one (1), page three (3) of the Order, Plaintiff was directed to produce copies of its exhibits (and other pretrial material)[2] no later than 5:00 p.m. on February 11, 2008.[3]

In paragraph two (2), page three (3) of the Order, Defendants were directed to produce their exhibits within forty-eight (48) hours of receipt of Plaintiff's production. This would fall on February 13.

Cargill Defendants correctly state that the Court also included the date of February 15, 2008, as the date all exhibits, other than summary and/or demonstrative exhibits, shall be exchanged in paragraph four (4), page three (3) of the Order. It is this later date on which Cargill Defendants wish to produce their pretrial materials.

At hearing preceding entry of the Order, Plaintiff had proposed all parties produce exhibits simultaneously on February 12. Defendants argued for a staggered production, proposing the date of February 12 as the date on which Plaintiff was to produce copies of exhibits and February 15 as the date Defendants were to produce copies of exhibits. The Court agreed that a staggered production was the best approach, moving Plaintiff's production forward one day to February 11 and giving Defendants forty-eight (48) hours,

---

[2]The production of other pretrial materials is not at issue.

[3]Plaintiff advised at hearing it was unable to comply by 5:00 p.m. due to some technical problems, but had complied by 5:15 p.m. on February 11.

rather than the three (3) days Defendants had sought, to produce their exhibits.[4]

The Motion to Clarify is therefore granted to reflect that Defendants are to provide copies of their exhibits and other pretrial materials listed in the Order on or before 5:15 p.m. on February 13, 2008.

The Court further clarifies paragraph three (3), page four (4) of the Order in that the witness list ordered to be produced at least forty-eight (48) hours prior to the date witnesses are expected to testify should include the date, time and order in which they are anticipated to be called to testify. This process should allow testimony to proceed in an orderly and efficient manner with a minimum of delay between witnesses.

Oral motion was also made during telephone hearing for the Court to clarify whether the Court's reference to summary and/or demonstrative exhibits being exchanged three (3) days in advance of their anticipated testimony is to be read in conjunction with Fed.R.Civ.P. 6 ("Rule 6"). It is the Court's intent that Rule 6 not apply to exclude weekends and holidays. Three (3) days should be read as seventy-two (72) hours. However, should the three (3) days cause production to fall on a Sunday, production shall instead be made on the preceding Saturday. Defendants are to designate a point person to whom Plaintiff is to make production and to insure that adequate contact information outside normal business days/hours is provided to Plaintiff by noon on February 13, 2008.

Oral motion was also made as to whether deposition designations should include objections stated by the opposing party. This issue arose after Defendants received Plaintiff's written deposition designations which omitted objections. The parties agreed that

---

[4]Defendants interpretation of the Order would therefore actually give them four days, one more day than they initially sought.

3

all designated video depositions would include objections.

IT IS THEREFORE ORDERED THAT Cargill Defendants' Motion to Clarify [Dkt. #1518] is granted as set forth herein.

DATED THIS 12TH DAY OF FEBRUARY, 2008.

Sam A. Joyner
United States Magistrate Judge