# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT C. MILES TROBERT, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA, ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, ) ) | Case No. 05-CV-329-GKF-SAJ |
| vs. ) ) | |
| TYSON FOODS, INC., INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB- VANTRESS, INC., AVIAGEN, INC., CAL-MAINE FOODS, INC., CAL-MAINE FARMS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., SIMMONS FOODS, INC., and WILLOW BROOK FOODS, INC., ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## **OPINION AND ORDER**[1]

Comes on for decision State's Motion for Reconsideration of the Court's Opinion and Order (Dkt. # 1463), filed on January 28, 2008, [Dkt. #1486] and State of Oklahoma's Motion for Extension of Time to Comply with the Court's Order to Produce Documents and Revise the State's Privilege Logs filed on March 7, 2008, [Dkt. #1617] . Having reviewed the arguments and authorities of the parties, the court finds motion for reconsideration

---

[1] State of Oklahoma ("Plaintiff/State"), is occasionally referenced in the filings in the plural. The Court will refer to Plaintiff in the singular unless directly citing from a filed pleading.

should be overruled. State's motion for extension of Time [Dkt. # 1617] is granted as set forth herein.

## I. STATE'S MOTION FOR RECONSIDERATION

State sets forth the grounds under which reconsideration may be requested, apparently proceeding under the "the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). State's first assertion is that the court erroneously relied on the Oklahoma Open Records Act, which State urges is a departure from the overwhelming weight of authority.

### A. Open Records Act

The court's original order referenced the Oklahoma public policy expressed by the Open Records Act, Okla. Stat. tit. 51, § 24A.1, *et seq.* The order made clear, however, that the decision was based on the specific language of the Oklahoma Attorney-Client Privilege statute ("privilege statute"), Okla. Stat. tit. 12, § 2502(D)(7) (2002). The court cited the precise language of the privilege statute which creates the specific exception for communications between a public officer and its attorney. The court finds nothing in the argument or authority submitted by State to support its argument that the court's decision departs from the overwhelming weight of authority. The court's order that revised privilege logs should reveal whether the documents relate to a pending claim or past claim is based on the specific language of the Oklahoma privilege statute, not on general attorney-client privilege law as recited by State.

### B. *In Camera* Submission

State alternatively requests that the revised privilege logs previously ordered to be

produced be submitted to the Court for *in camera* review in the event the court does not grant the motion to reconsider. State argues that: "The Oklahoma statute has no provision for making that determination in an open, adversary proceeding." To the contrary, the Oklahoma legislature was very careful to clearly state that such communications are not protected unless they concern a pending investigation, claim or action and the court determines that disclosure will impair the ability of the public officer to conduct the investigation. There is no suggestion the court is to make that determination in any proceeding other than an open, adversary proceeding. The request for *in camera* submission is therefore denied.

### C. Work Product

State urges the court has not protected the mental impressions of counsel under its current order. As to those documents which have not been produced *solely* under a claim of work product, the court found that Peterson has established a special need and the documents are not available from any other source under Fed.R.Civ.P. 26(b)(3). (emphasis added). The court's order was premised upon the representation that requested documents contain data from prior time periods. The substantial equivalent of data from prior time periods cannot be obtained from any other source. The court denies the request for reconsideration as to this issue, reiterating the language of the original order, "At this time, production of data is not required beyond the five (5) year temporal limit previously imposed by this Court."

### II. STATE'S MOTION FOR EXTENSION OF TIME

State's motion is granted. The date by which documents are to be produced and

privilege logs revised is extended rom March 7, 2008 to April 4, 2008.

### III. CONCLUSION

State's Motion for Reconsideration of the Court's Opinion and Order (Dkt. # 1463), filed on January 28, 2008, [Dkt. #1486] is overruled. State of Oklahoma's Motion for Extension of Time to Comply with the Court's Order to Produce Documents and Revise the State's Privilege Logs filed on March 7, 2008, [Dkt. #1617] is granted as set forth herein.

IT IS SO ORDERED THIS 14TH DAY OF MARCH, 2008.

*Sam A. Joyner*
Sam A. Joyner
United States Magistrate Judge