# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT C. MILES TOLBERT, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>TYSON FOODS, INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB-VANTRESS, INC., CAL-MAINE FOODS, INC., CAL-MAINE FARMS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., SIMMONS FOODS, INC., and WILLOW BROOK FOODS, INC.,<br><br>　　　　　　Defendants. | Case No. 05-CV-329-GKF-SAJ |

## OPINION AND ORDER

This matter comes before the Court on: (1) the Motion of Texas Farm Bureau, Texas Cattle Feeders Association, Texas Pork Producers Association and Texas Association of Dairymen to File Brief as Amicus Curiae [Document No. 1514]; (2) the Motion of the National Chicken Council, U.S. Poultry & Egg Association, and the National Turkey Federation for Permission to File Brief as Amici Curiae in Opposition to the Plaintiffs' Motion for Preliminary Injunction [Document No. 1542]; (3) the Motion for Leave to File Amicus by Arkansas Farm Bureau Federation [Document No. 1545]; (4) the Motion of American Farm Bureau Federation and National Cattlemen's Beef Association for Amicus Curiae [Document No. 1551]; and (5) the Motion of George R. Stubblefield Adair County Representative Oklahoma Scenic Rivers Commission Steven B. Randall Delaware

County Representative Oklahoma Scenic Rivers Commission for Permission to File Brief as Amicus Curiae in Opposition to the Plaintiff's Motion for Preliminary Injunction [Document No. 1589].

Participation as an amicus to brief and argue as a friend of the court is a privilege within the sound discretion of the court, depending upon a finding that the proffered information of the amicus is timely, useful, or otherwise necessary to the administration of justice. *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991).

> An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. [citations omitted]. Otherwise, leave to file an amicus curiae brief should be denied.

*Ryan v. Commodity Futures Trading Commission*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Chief Judge Posner, in chambers). Amicus briefs filed by allies of litigants which duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief, are an abuse and should not be allowed. *Id.* The term "amicus curiae" means friend of the court, not friend of a party. *Id.*

Upon review of the briefs submitted by the parties and the proposed amicus briefs, the Court concludes the motions should be denied for the following reasons.

First, the poultry integrator defendants are represented competently by lawyers who have thoroughly and extensively briefed the relevant issues.

Second, the proposed amici indicate their interest about this case, but do not contend they presently have interests in other pending cases that may be affected by the decision here.

Third, it does not appear that the proposed amici have such unique information or perspective that can help the Court beyond the help that the lawyers for the parties and the three permitted amici[1] are able to provide.

Finally, to permit the proposed amicus briefs would require the State to expend additional resources to file responses, although the issues have been fully briefed by the parties and three permitted amici.

WHEREFORE, for the reasons set forth above, the Motion of Texas Farm Bureau, Texas Cattle Feeders Association, Texas Pork Producers Association and Texas Association of Dairymen to File Brief as Amicus Curiae [Document No. 1514]; the Motion of the National Chicken Council, U.S. Poultry & Egg Association, and the National Turkey Federation for Permission to File Brief as Amici Curiae in Opposition to the Plaintiffs' Motion for Preliminary Injunction [Document No. 1542]; the Motion for Leave to File Amicus by Arkansas Farm Bureau Federation [Document No. 1545]; the Motion of American Farm Bureau Federation and National Cattlemen's Beef Association for Amicus Curiae [Document No. 1551]; and the Motion of George R. Stubblefield Adair County Representative Oklahoma Scenic Rivers Commission Steven B. Randall Delaware County Representative Oklahoma Scenic Rivers Commission for Permission to File Brief as Amicus Curiae in Opposition to the Plaintiff's Motion for Preliminary Injunction [Document No. 1589] are denied.

IT IS SO ORDERED this 5th day of May 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[1] The three permitted amici are the State of Arkansas, Oklahoma Farm Bureau, Inc., and Poultry Partners, Inc., an organization of 455 members, most of whom operate farms in Oklahoma, Arkansas and Missouri.