## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT C. MILES TOLBERT, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA, <br><br> Plaintiff, <br><br> vs. <br><br> TYSON FOODS, INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB-VANTRESS, INC., CAL-MAINE FOODS, INC., CAL-MAINE FARMS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., SIMMONS FOODS, INC., and WILLOW BROOK FOODS, INC., <br><br> Defendants. | Case No. 05-CV-329-GKF-SAJ |

**OPINION AND ORDER**

This matter comes before the Court on defendants' Motion to Exclude the Testimony of Valerie J. Harwood and Roger Olson. [docketed as Document No. 1619]. Defendants originally raised the motion orally during the hearing on the plaintiffs' Motion for Preliminary Injunction. The parties subsequently filed written briefs on the issue. [Document Nos. 1606, 1619 and 1648].

The admissibility of expert testimony at trial is governed by Rule 702 of the Federal Rules of Evidence. The rule requires the trial judge to screen scientific evidence to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). The primary purpose of the *Daubert* filter is to protect juries from being presented with technical evidence lacking a sound scientific basis, as

is implicit in the Supreme Courts' insistence that the trial judge performs a "gatekeeper" function. *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F. Supp. 2d 1011 (N.D. Ill. 2003) (Posner, C.J., sitting by designation), *aff'd*, 403 F.3d 1331 (Fed. Cir. 2005), *cert. denied*, 126 S.Ct. 2887 (2006). This is not a prevailing concern in a bench trial or hearing to the court, because the court functions as the trier of fact. *State of New York v. Solvent Chemical Co., Inc.*, 2006 WL 2640647 (W.D.N.Y. 2006). In such a case, it is the court's duty to assess and weigh the credibility of all expert witnesses, guided by the standards of Rule 702 and the *Daubert* standards of relevance and reliability. *Id.* Opposing counsel may assist in the performance of this duty through "[v]igorous cross-examination [and the] presentation of contrary evidence[.]" *Henry v Champlain Enterprises, Inc.*, 288 F.Supp.2d 202, 221 (N.D.N.Y. 2003), quoting *Daubert*, 509 U.S. at 596. *See also U.S. v. Brown,* 279 F.Supp.2d 1238, 1243 (S.D. Ala. 2003). The Court concludes that in this case, the proferred testimony of experts Harwood and Olson ought not be stricken and that defendants' arguments will be considered as to the weight, not the admissibility, thereof.

WHEREFORE, for the reasons set forth above, defendants' motion to exclude the testimony of Valerie J. Harwood and Roger Olson. [Document No. 1619] is denied.

IT IS SO ORDERED this 5th day of May 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma