# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT C. MILES TOLBERT, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA,<br><br>          Plaintiff,<br><br>vs.<br><br>TYSON FOODS, INC., INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB- VANTRESS, INC., AVIAGEN, INC., CAL-MAINE FOODS, INC., CAL-MAINE FARMS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., SIMMONS FOODS, INC., and WILLOW BROOK FOODS, INC.,<br><br>          Defendants. | Case No. 05-CV-329-GKF-SAJ |

## OPINION AND ORDER

Comes on for decision Defendants' Motion to Compel Plaintiffs' Compliance with the Court's Order on Data Production[1] [Dkt. #1605], The Cargill Defendants' Motion To Quash Second Amended Rule 30(b)(6) Notices [Dkt. #1683], The Cargill Defendants' Motion For Protective Order [Dkt. #1684], and State of Oklahoma's Motion for Protective Order and

---

[1] State of Oklahoma ("Plaintiff/State"), is occasionally referenced in the filings in the plural. The court will refer to Plaintiff in the singular unless directly citing from a filed pleading.

1

Motion to Quash Deposition Notice [Dkt. #1687]. Also before the court for status conference is State of Oklahoma's Motion to Expand the Discovery Period [Dkt. #1418]. Hearing was held on May 6, 2008.  Having considered the submissions of counsel in the filings and the arguments presented at hearing, the court finds as follows:

### I. Defendants' Motion to Compel Plaintiffs' Compliance with the Court's Order on Data Production [Dkt. #1605]

On January 5, 2007, this court issued an order, Dkt. # 1016, sustaining Defendant Cobb-Vantress, Inc.'s motion to compel discovery which sought the production of "requested data, testing, sampling and results" from Plaintiff. On February 29, 2008, Defendants jointly filed Motion to Compel Plaintiffs' Compliance with the Court's Order on Data Production [Dkt. #1605] alleging some of the required production under the January 5, 2007 order has been improperly delayed and/or not produced at all until after the filing of the instant motion.[2]

At time of hearing, it appears all production had been made. However, additional data continues to be accumulated. Thus, Plaintiff's continuing obligation under the court's January 5 order is one of supplementation as required by Fed.R.Civ.P.26 (e)(1), which states:

> A party who has made a disclosure under Rule 26 (a)-or who
> has responded to an interrogatory, request for production, or
> request for admission-must supplement or correct its disclosure
> or response:
>> (A) in a timely manner if the party learns that in some
>> material respect the disclosure or response is incomplete
>> or incorrect, and if the additional or corrective information

---

[2]Approximately one month after the filing of Defendants' motion, Plaintiff made supplemental productions of data which was the subject of Defendants' motion on March 25, April 4, April 29 and May 2, 2008.

> has not otherwise been made known to the other parties
> during the discovery process or in writing. . ..

The court must therefore determine whether Plaintiff has complied with its statutory duty to supplement in a timely manner prior to and after the filing of Defendants' motion. That determination will also govern future production.

### A. Production of Data Prior to Filing of Defendants' Motion

Plaintiff argues that the production of data has never been improperly delayed, asserting that any non-production or delays have been a normal and necessary part of such a large production. In support of this position Plaintiff submits the affidavit of Todd E. Burgesser. [Doc # 1691-2]. Paragraphs 8 through 10 of the affidavit contain admissions that data was not produced in some instances until five (5), six (6) or even eight (8) months after the data was generated.

Plaintiff argues delays were proper because of the necessity of conducting Quality Assurance/Quality Control ("QA/QC") before production. Plaintiff further asserts that there is no specific time required by Rule 26 and that, under the circumstances, production was made in a timely manner.

Even acknowledging some quality assurance is required and some administrative delays are appropriate, the court finds that in some instances, including those described in the Burgesser affidavit, production of the data was improperly delayed. The court therefore finds the motion to compel should be sustained as to production prior to the filing of the motion.

### B. Production of Data After Filing of Defendants' Motion

Defendants assert the filing of their motion was the motivation behind the production

which was made. Accordingly, Defendants request an order compelling Plaintiff to disclose all data as required by the court's January 5, 2007 order within ten (10) days of the date of this Order or within ten (10) days of the generation of the data. Defendants ask that the court order that all future untimely disclosed data be deemed inadmissible by Plaintiff at trial both as evidence and as expert reliance material. Defendants also seek attorney fees, to be awarded following submission of Defendants' statement of fees and costs incurred in connection with the motion to compel for *in camera* review.

Plaintiff urges the production was a normal production completed as soon as possible after the preliminary injunction hearing and was not prompted by the filing of Defendants' motion. Further, Plaintiff asserts that most of the production was an electronic duplication of data previously received in hard copy so it was not a new production.

Defendants counter with the affidavit of Kristen Shults Carney which avers that out of the 85 rows of data produced, only 26 rows are duplicative. The remaining 59 rows of data are new production. Admittedly, rows of data don't necessarily correlate to volume of data. Regardless, it appears that most of the production was new and not a duplication of prior hard copy materials contrary to Plaintiff's representation.

Plaintiff admits that some data that should have been produced was mistakenly omitted, "fell through the cracks", and that it was produced as soon as the mistake was discovered. This included field books, synoptic samplings and approximately one-half of the macroalgae and macroinvertebrate data.

The court finds that some of the data that should have been produced was not produced until after the motion to compel was filed and that the Federal Rules require the court to address an appropriate remedy.

4

**C.  Statutory Remedies**

Fed.R.Civ.P. 37(a)(5)(A), applicable upon filing of an initial motion to compel, provides that if a motion to compel "is granted-or if the disclosure or requested discovery is provided after the motion was filed-the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion,  the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

The court has reviewed the original motion to compel, Dkt. #743. No request for attorney fees and costs was made in spite of the mandatory language of Rule 37.

 Fed.R.Civ.P. 37(b)(2) (A)(i) through (vii) lists the sanctions available for failure to comply with a court order entered under Rule 37(a).  These include the court entering a order directing the matters embraced in the order or other designated facts to be taken as established for purposes of the action, prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence, striking pleadings in whole or in part, staying proceedings until the order is obeyed, dismissing the action or proceeding in whole or in part, rendering a default judgment and treating the failure to obey as contempt of court.

Fed.R.Civ.P. 37(b)(2)(C) provides:

> Instead of, or in addition to the orders above, the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Plaintiff argues that costs should not be ordered because proper demand was not

5

made by Defendants and/or Defendants did not comply with their meet and confer obligations. The court finds that Defendants did make proper demand and that meet and confer discussions were conducted. The court further finds that Plaintiff's obligations of supplementation exist pursuant to Rule 26 and compliance with those obligations is required regardless of any demand or meet and confer obligations.

The court finds an appropriate remedy under the facts and circumstances of this case is to award Defendants their attorney's fees and costs incurred in connection with the filing of the motion. Defendants are therefore ordered to file an itemized statement of costs and expenses relating to the filing of, and hearing on, the motion to compel within thirty (30) days of the date of this order. Plaintiff must file any objections to specific charges within fifteen (15) days thereafter and Defendants shall have five (5) days thereafter within which to reply.

### D.  Prospective Production

Defendants requested clarification as to whether the duty to supplement discovery responses extended to state agencies, such as the Oklahoma Conservation Commission and the Oklahoma Water Resources Board. Plaintiff acknowledged its responsibility to supplement discovery responses on behalf of such agencies and agreed to do so.

Defendants' counsel requested the production of future data within ten (10) days of the date such data is generated, to which Plaintiff's counsel agreed.

It is therefore ordered that the future data, testing, sampling and results, not covered by privilege, shall be produced within 10 days from the date it is generated. Plaintiff will provide chain of custody and QA/QC as it is received as to the data.

### II.  The Cargill Defendants' Motion To Quash Second Amended Rule 30(b)(6)

**Notices [Dkt. #1683] and The Cargill Defendants' Motion For
Protective Order  [Dkt. #1684]**

The parties announced they had been conferring as to these motions and were meeting immediately following the hearing in an effort to resolve the issues. They further advised they would request a telephone conference that same afternoon if issues remained which required court intervention.  The court did not receive a request for telephone conference and deems all issues moot. The motions are therefore stricken as moot without prejudice to reurge as necessary.

**III. State of Oklahoma's Motion for Protective Order and Motion to Quash
Deposition Notice [Dkt. #1687]**

Plaintiff filed Motion to Quash on Friday, April 25, 2008 in regard to the deposition which was noticed to begin on Monday, April 28, 2008.  Plaintiff obtained no court order staying or otherwise canceling the deposition until a ruling could be obtained on the motion and failed to appear at the deposition.  Defendants appeared at the noticed time and location with a court reporter, who made a record of Plaintiff's non-appearance, even though Defendants had been advised that neither Plaintiff nor deponent  would  appear prior to the deposition.

The parties are advised that the filing of a Motion to Quash a Notice of Deposition does not stay or cancel a properly noticed deposition. See *Batt v. Kimberly-Clark Corp.,* 438 F.Supp.2d 1315, 1317 (N.D.Okla. 2006).   The party filing the motion to quash must request and obtain an order staying or cancelling the deposition prior to the deposition to justify nonattendance.

The court finds that the Plaintiff was dilatory in filing the motion to quash three (3)

days before the scheduled deposition. This is more egregious where, as in this case, the intervening days are weekend days.

Plaintiff's primary argument in the brief in support of its motion is that Plaintiff's counsel and experts are busy preparing expert reports and don't have time to prepare for, or appear at, the deposition. Plaintiff did not buttress its position with specifics which would justify the court granting the motion in either its brief or at hearing. The court notes seven (7) counsel appeared for Plaintiff at the hearing even though the majority did not participate in argument. The court finds the motion should be overruled.

Typically, failure to appear at a properly noticed deposition and the dilatory filing of a motion to quash would result in costs and expenses being awarded against Plaintiff in this case. However, at hearing Plaintiff presented issues and arguments which should be resolved before the deposition. Those issues could have provided a basis for quashing the notice of deposition pending their resolution.

At hearing, Defendant Cobb-Vantress reiterated its request for dismissal of the action as the only sanction which would appropriately address Plaintiff's conduct. The court does not agree. Under all the circumstances, the court declines to impose sanctions, including any award of attorney fees and costs, finding they are not justified by Plaintiff's conduct.

The deposition notice did not on its face show to be a consolidated notice although counsel by letter confirmed that it was a consolidated notice. The court has encouraged the parties on multiple occasions to develop a coordinated, consolidated deposition plan for this case. The parties have worked in that direction but with no real success. Such a plan can be helpful in establishing the notice topics, timing, length and allocation of questioning

among counsel. The parties are encouraged to continue discussions to establish such a plan. Upon application of any party, the court will order the establishment of a consolidated deposition.

It is not the intent of the court to delay any deposition until such a plan is developed. Depositions should proceed as soon and as efficiently as possible. The court will not be sympathetic, without good cause, to modifications to the scheduling order based upon delayed depositions. It is the intent of the court to ensure that depositions are coordinated such that any witness not be subjected to more than one deposition without good cause.

As announced from the bench at hearing, the court finds the deposition which is the subject of the motion to quash is to be rescheduled by agreement of the parties on or before May 23, 2008. Should Plaintiff have objections not previously asserted, those should be presented promptly so that the deposition will not be delayed further.

**IV. State of Oklahoma's Motion to Expand the Discovery Period [Dkt. #1418]**

Prior to the hearing, the court notified the parties by minute order that this motion was set for status conference only. At hearing, the court presented three possible options for proceeding: allowing argument to be presented at status conference from which the court would later rule, scheduling a date on which the motion could be argued, or scheduling a full evidentiary hearing. The parties agreed there is no need for evidentiary hearing or separate motion hearing, electing to proceed with oral argument at status conference and submit the motion on the briefs.

Plaintiff's motion seeks an order expanding the temporal scope of discovery beyond the five (5) years previously imposed by the court. Plaintiff requests written discovery responses and deposition testimony from the beginning of each Defendant's poultry

9

processing operation in the Illinois River Watershed ("IRW").

Two grounds are asserted in support of the relevancy of the discovery sought. First, Plaintiff argues ground application of poultry waste from the beginning of each Defendant's operations continues to have deleterious effects today. Secondly, Plaintiff asserts there can be no temporal limitation on damages for harm to the IRW caused by poultry waste application because the Statute of Limitations does not run against the State of Oklahoma.

The court finds there is in the record sufficient evidence to establish that there may be relevant information beyond the five (5) year time period that could lead to the discovery of admissible evidence under Fed.R.Civ.P. 26(b)(1) relating to the question of whether poultry waste application from the beginning of each Defendant's operation continues to have harmful effects today. The court's ruling does not address, nor intimate in any way, any finding on the applicability of the Statute of Limitations in this case.  This is a matter best reserved for summary judgment.

The court finds that Plaintiff's motion should be granted insofar as the previously imposed five (5) year limit should be lifted.  However, the court finds some restrictions in the application of this ruling are in order.

At hearing, counsel for Tyson Foods, Inc., Tyson Chicken Inc., Tyson Poultry, Inc., and Cobb-Vantress, Inc., ("Tyson Defendants") represented that Tyson Defendants have previously responded to approximately 450 Requests for Production and 100 or more Interrogatories. The court agrees that It would be inefficient and burdensome to require each Defendant to provide supplemental responses to all previously answered discovery to include information retroactive to the beginning of each Defendant's operation in the IRW.  Plaintiff is therefore directed to submit to each Defendant supplemental discovery

requests indicating specifically which previously served discovery should be supplemented pursuant to this order.   Defendants are ordered to supplement responses within 45 days of receipt of Plaintiff's supplemental discovery requests.

Any objections Defendants may have to Plaintiff's supplemental discovery requests based upon relevance, privilege, burdensomeness or being "not reasonably accessible" under Fed. R. Civ. P. 26(b)(2) are reserved to the Defendants to be urged as deemed appropriate.  Meet and confer conferences are encouraged to resolve such differences.

Notwithstanding the above and without service of supplemental discovery by Plaintiff, each Defendant is directed to file a supplemental response within thirty (30) days from the date of this order stating the number of birds maintained in the IRW by that Defendant or the growers with which that Defendant has had grower contracts from the beginning of Defendant's operation in the IRW to the best of that Defendant's ability.  Again, objections Defendants may have on this issue  based upon relevance, privilege, burdensomeness or being "not reasonably accessible" under Fed.R.Civ.P. 26(b)(2) are reserved to Defendants to be urged as deemed appropriate.  Meet and confer conferences are encouraged to resolve such differences.

## V. Conclusion

Defendants' Motion to Compel Plaintiffs' Compliance with the Court's Order on Data Production [Dkt. #1605] is granted as set forth herein;  The Cargill Defendants' Motion To Quash Second Amended Rule 30(b)(6) Notices [Dkt. #1683] is stricken as moot; The Cargill Defendants' Motion For Protective Order  [Dkt. #1684] is stricken as moot;  State of Oklahoma's Motion for Protective Order and Motion to Quash Deposition Notice [Dkt. #1687] is denied; and, State of Oklahoma's Motion to Expand the Discovery Period [Dkt.

...

#1418] is granted as set forth herein.

IT IS SO ORDERED THIS 20th DAY OF MAY, 2008.

*Sam A. Joyner*
United States Magistrate Judge