# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT C. MILES TOLBERT, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA,<br><br>        Plaintiff,<br><br>vs.<br><br>TYSON FOODS, INC., INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB- VANTRESS, INC., AVIAGEN, INC., CAL-MAINE FOODS, INC., CAL-MAINE FARMS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., SIMMONS FOODS, INC., and WILLOW BROOK FOODS, INC.,<br><br>        Defendants. | Case No. 05-CV-329-GKF-SAJ |

## OPINION AND ORDER

Hearing was held on July 17, 2008 on Defendants' Motion to Compel Production of Plaintiffs' Working Models [Dkt. #1721][1], State of Oklahoma's Motion to Strike Defendants' Motion to Compel Production of Plaintiffs' Working Models [Dkt. #1727], State of Oklahoma's Motion for Costs [Dkt. #1738], Defendants' Joint Motion For Additional Time

---

[1] State of Oklahoma ("Plaintiff/State"), is occasionally referenced in the filings in the plural. The Court will refer to Plaintiff in the singular unless directly citing from a filed pleading.

1

To Produce Expert Reports [Dkt. #1722], and The Cargill Defendants' Notice of Joinder in Defendants' Motion for Scheduling Conference [Dkt. #1734], which the court deems to be a motion for joinder. Also before the court is Defendants' Notice to the Court on Their Joint Motion for Additional Time to Produce Expert Reports [Dkt. # 1754], filed following hearing.[2] Having considered the arguments and authorities presented in the filings and at hearing, the court finds as follows:

### Defendants' Motion to Compel Production of Plaintiffs' Working Models [Dkt. #1721]

Defendants' motion was filed on June 12, 2008. At hearing, Plaintiff admitted that because of miscommunications between the parties, everything necessary to test the working models had not been delivered in a timely manner as Plaintiff had initially maintained. With regard to Dr. Wells, final production was made just days before the July 17 hearing. The final production regarding Dr. Engel's report had still not been made at time of hearing but was expected to be made within the week. Defendants' motion should therefore be granted.

Defendants' motion seeks an award of attorney fees and costs in connection with the filing of the motion. State of Oklahoma's Motion for Costs [Dkt. #1738] was also filed, seeking an award of costs from Defendants for filing the allegedly unwarranted motion to compel.

Until hearing, Plaintiff's counsel had repeatedly stated that a full and complete production had been delivered. Defendants continually responded that they could not

---

[2]This motion is addressed on the filings, the court having determined a hearing was not necessary.

make the working models function. Counsel from both sides engaged in lengthy "meet and confer" sessions to resolve the issues. The positions of the parties were adamantly maintained until shortly before the hearing, when a telephone conference was held between the experts for both sides in which the parties determined that essential files were, in fact, missing. The parties were then able to identify and produce the missing files. Once Plaintiff was aware of the specific omissions in regard to the file production, the situation was resolved.

The court cannot find that Plaintiff refused to produce where Plaintiff believed, in good faith, that a complete production had been made.  Further, it was Plaintiff's counsel who suggested the telephone conference between the experts to resolve the stalemate. Nor can the court fault Defendants. The filing of the motion contributed to the parties' efforts at resolution. Accordingly, the court finds both requests for attorney fees and/or costs are denied.

### State of Oklahoma's Motion to Strike Defendants' Motion to Compel Production of Plaintiffs' Working Models [Dkt. #1727]

As announced by the court at hearing, this motion is denied.

### Defendants' Joint Motion For Additional Time To Produce Expert Reports [Dkt. #1722] [3]

The deadline for production of the majority of expert reports as to all issues except damages under the current schedule is August 14, 2008, with the remainder due August 28, 2008. Defendants seek an extension of time until October 14, 2008 within

---

[3] This motion was filed on behalf of all Defendants except the Cargill Defendants, on whose behalf a separate motion was filed.  The Cargill Defendants' motion is addressed separately herein.

which to file general defense expert reports except damages, with exceptions for the reports of at least five (5) more expert reports to be filed at later dates as set forth in the motion.

At hearing, Defendants stated they had only received Plaintiff's expert reports relating to the scientific case on causation and injury and remediation on May 15 and May 28, 2008. Eighteen (18) voluminous reports were delivered. Counsel for Defendant demonstrated that at least 2 reports representative of the reports produced were in excess of 100 pages long. In addition to having at least eighteen (18) expert depositions to take, Defendants must also prepare rebuttal expert reports. During this same time frame, the parties are continuing to take 30 (b)(6) witness depositions. Additionally, Defendants are faced with the possible testimony of thirty-three (33) witnesses listed as non-retained experts for whom no expert report is required to be provided, but who nevertheless may be presenting expert testimony at trial. There are numerous instances of delayed and/or ongoing production of necessary data needed by Defendants to properly prepare their defense. Some delays are attributable to actions and/or inactions by Plaintiff. In light of these circumstances and the fact Defendants attempted to shorten the time being requested as to many of their expert reports prior to hearing, the court finds Defendants' requests for extension are granted as reasonable and necessary.

The court therefore finds the date for general expert defense reports, including Wayne Grip, shall be extended to October 14, 2008; the date for Dr. Bierman's report shall be extended to December 12, 2008; the date for the report of Michael McGuire shall be extended to December 15, 2008; the date for the reports of Timothy Sullivan,

Alex Horn and the initial expert report of James Chadwick and supporting experts shall be extended to December 19, 2008; and, the date for final expert report from James Chadwick shall be extended until May 30, 2009.

### The Cargill Defendants' Notice of Joinder in Defendants' Motion for Scheduling Conference [Dkt. #1734]

The court deems this to be a motion for joinder which will be granted. However, the Cargill Defendants also seek relief from the current schedule beyond that sought by other Defendants. Applying the proverbial "goose and gander" rule, the court finds no justification for extending the dates for filing the expert reports of the Cargill Defendants beyond the dates extended to the other Defendants. The court therefore grants in part and denies in part the Cargill Defendants' request for extension of time within which to submit expert reports. Expert report filing dates, by subject area, are extended as follows:

| Subject | Date |
| --- | --- |
| Drinking Water Quality | December 15, 2008 |
| Erosion | December 15, 2008 |
| Modeling | December 12, 2008 |
| Aquatic Ecology and Limnology | December 19, 2008 |
| Final report on spring sampling | May 30, 2009 |

### Defendants' Notice to the Court on Their Joint Motion for Additional Time to Produce Expert Reports [Dkt. # 1754]

On July 30, 2008, Defendants filed post-hearing pleading in connection with the timing of expert reports. Defendants' Notice to the Court on Their Joint Motion for Additional Time to Produce Expert Reports [Dkt. # 1754], advised the court that one of

their principal experts, Dr. John Connolly, whose role includes serving as expert coordinator in addition to providing expertise in several areas, has recently learned that his wife has breast cancer and requires immediately surgery and follow-up care consistent with that diagnosis. Defendants seek an extension of time for Dr. Connolly's report to February 5, 2009, the same time as initially requested for extension of the reports of Drs. Horne and Sullivan. Plaintiff agrees to an extension until October 14, the date of the general extension sought by Defendants for all general defense expert reports, but could not agree to any additional extension absent more information/details about the medical condition/treatment of Dr. Connolly's wife.

The court finds the Defendants other than Cargill Defendants modified the motion to accelerate the date for extension for filing the reports of Horne and Sullivan to December 19, 2008 at hearing. The court deems this to be an appropriate date for the filing of Dr. Connolly's report in light of the medical information available at this time.

IT IS SO ORDERED THIS 8TH DAY OF AUGUST, 2008.

Sam A. Joyner
United States Magistrate Judge