# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT J.D. STRONG, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA,<br><br>    Plaintiff,<br><br>vs.<br><br>TYSON FOODS, INC., INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB- VANTRESS, INC., AVIAGEN, INC., CAL-MAINE FOODS, INC., CAL-MAINE FARMS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., SIMMONS FOODS, INC., and WILLOW BROOK FOODS, INC.,<br><br>    Defendants. | Case No. 05-CV-329-GKF-SAJ |

## OPINION AND ORDER

Hearing was held on October 8, 2008 on Defendants' Joint Motion to Enforce Scheduling Orders In Light of Plaintiffs' Expert Disclosure Abuses [Dkt. #1759][1]. Having considered the arguments and authorities presented in the filings and at hearing, the court finds the motion is granted in part and denied in part as follows:

---

[1] State of Oklahoma ("Plaintiff/State"), is occasionally referenced in the filings in the plural. The Court will refer to Plaintiff in the singular unless directly citing from a filed pleading.

1

Plaintiff's expert reports on all issues except damages were due on a staggered schedule in May, 2008. Defendants complain that Plaintiff has improperly supplemented its expert reports since that date. Defendants' brief sets out in detail the dates on which supplemental reports have been submitted, some as late as September, 2008. Defendants' reply brief sets forth five (5) additional supplements, titled errata by Plaintiff, served as late as September 30, 2008. Oral argument was held on the Defendants' motion on October 8, 2008. On October 22, 2008, Defendants were granted leave of court to file supplemental brief, which attached yet another errata with which they were served on October 17, 2008.

Defendants seek varied relief as outlined at page 24 of their brief, including striking the errata, prohibiting future supplementation or change to expert reports without court approval, limiting trial testimony of experts, extending the due date for Defendants' expert reports and awarding of costs and expenses caused by the errata, including expert costs and attorney fees.

Plaintiff argues that the supplements are normal and necessary errata required by Fed.R.Civ.P. 26(e), which provides, in pertinent part:

> (1) In General. A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.] . . .
>
> (2) Expert Witness. For an expert whose report must be

2

> disclosed under Rule 26 (a)(2)(B), the party's duty to supplement
> extends both to information included in the report and to information
> given during the expert's deposition. Any additions or changes
> to this information must be disclosed by the time the party's
> pretrial disclosures under Rule 26(a)(3) are due.

This is not to say the right to supplement under Rule 26 (e) is not without limits. This court addressed the issue in *Cohlmia v. Ardent Health Servs.*, LLC, 2008 WL 3992148 (N.D. Okla. Aug. 22, 2008), citing to an earlier decision in *Palmer et. al., v. Asarco, et. al.*, 2007 WL 2254343 (N.D. Okla. Aug. 3, 2007) (quoting *Cook v. Rockwell Int'l Corp.*, 2006 WL 3533049 (D. Colo. Dec. 7, 2007), as follows:

> A supplemental expert report that states additional opinions or rationales
> or seeks to "strengthen" or deepen" opinions expressed in the original expert
> report exceeds the bounds of permissible supplementation and is subject
> to exclusion under Rule 37(c)(1). To rule otherwise would create a system
> where preliminary [expert] reports could be followed by supplementary
> reports and there would be no finality to expert reports, as each side, in
> order to buttress its case or position, could "supplement" existing reports
> and modify opinions previously given. This result would be the antithesis
> of the full expert disclosure requirements stated in Rule 26(a).

Rule 26(e) allows supplementation of expert reports only where a disclosing party learns that its information is incorrect or incomplete. *Quarles v. United States,* 2006 U.S. Dist. LEXIS 96392 (N.D. Okla. Dec 5, 2006). Striking additional testing by plaintiff's expert to bolster opinion after disclosure of report, the court in *Quarles* cited *Akeva v. Mizuno,* 212 F.R.D. 306, 310 (M.D.N.C. 2002) as noting:

> Rule 26(e) envisions supplementation when a party's discovery disclosures
> happen to be defective in some way so that the disclosure was incorrect
> or incomplete and, therefore, misleading. It does not cover failures of
> omission because the expert did an inadequate or incomplete preparation.
> To construe supplementation to apply whenever a party wants to bolster or
> submit additional expert opinions would [wreak] havoc in docket control and
> amount to unlimited expert opinion preparation.

Defendants' brief sets forth the original report date, supplemental report dates and

the volume of new material submitted for seven (7) of Plaintiff's experts.  The court finds the volume of the supplemental reports is excessive, in some cases close to the size of the original report. The numerous miscalculations are extremely unfortunate. The consequent supplementations are detrimental to the timely resolution of this case.  As Defendants have attempted  to respond to Plaintiff's experts, they have been addressing a moving target, resulting in a waste of time and resources.  The ongoing errata effectively forces the court to extend the date Defendants' expert reports are due.  These delays harm all parties, postponing  the date on which either side may receive an ultimate resolution.

Having expressed the court's displeasure with the supplementation and the resulting delays and wasted resources, the court cannot find the supplementations to be unauthorized.  Rule 26(e) states, in mandatory terms, that a party must supplement or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure is incomplete or incorrect."

From the court's review, it does appear the majority of the supplementations are to correct incorrect calculations. One exception might be the report of Dr. Stevenson, in which he is reported by counsel to have found his original model of linear regression analysis was not accurate. In supplemental report, Dr. Stevenson disposed of that method. Any prejudice from such a shift is ameliorated by an extension of the Defendants' export report date and the long time before trial.

The court concludes the facts in this case  are readily distinguishable from those addressed in *Qualres* and *Cohlmia*.  In the case at bar, the supplements have been submitted approximately one (1) year before trial, well ahead of the discovery cut off, prior to Defendants' expert report due dates and prior to any Daubert challenges.  Since some

changes are to the Defendants' benefit, all supplements can't be described as bolstering.

The most appropriate relief which the court can provide to Defendants is to extend the date on which their expert reports are to be submitted. The court finds an extension to December 1, 2008 for Defendants' expert reports is therefore warranted.

Defendants have asked for an award of costs in connection with the motion. Certainly, this is within the court's authority where Defendants can establish that they have suffered additional expense and it is clear the extra expense was caused by the acts of the Plaintiff. Defendants specifically urge that Plaintiff's actions will necessitate reconvening the depositions of experts whose depositions have already been taken. The court finds the appropriate time to address the issue of cost allocation is at the conclusion of discovery and therefore denies Defendants' request at this time. Defendants may reurge the motion as to this issue, without prejudice, at the conclusion of discovery.

Based upon the court's finding that the supplements are mandatory under Rule 26(e), the court must deny all other requested relief, including striking the errata reports or any portions thereof, requiring prior court approval for subsequent supplements, and/or limiting trial testimony.

Defendants alleged in their motion that Plaintiff is withholding key expert information. This issue appeared to be resolved at the hearing. If that is not the case, Defendants should file separate motion as to this issue.

There is no provision in the scheduling order for rebuttal expert reports by either side so none should be expected.

The court finds no grounds for the award of attorney fees in connection with this motion.

IT IS SO ORDERED THIS 28th DAY OF OCTOBER, 2008.

Sam A. Joyner
United States Magistrate Judge