### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT C. MILES TOLBERT, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA,<br><br>    Plaintiff,<br><br>vs.<br><br>TYSON FOODS, INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB-VANTRESS, INC., CAL-MAINE FOODS, INC., CAL-MAINE FARMS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., SIMMONS FOODS, INC., and WILLOW BROOK FOODS, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 05-CV-329-GKF-PJC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### OPINION & ORDER

This matter comes before the Court on the State of Oklahoma's Motion for Leave to Serve a Supplemental Expert Report by Drs. Cooke/Welch [Docket No. 1826].

The State's expert reports were originally due on December 3, 2007. *See* Scheduling Order at Docket No. 1075. In November, 2007, this court granted plaintiffs an extension for all expert reports on all issues except damages until April 1, 2008. *See* Amended Scheduling Order at Docket No. 1376. In March, 2008, the State sought another extension to produce expert witness reports on all issues except damages, which the court granted, until May 15, 2008. *See* Order at Docket No. 1658. On May 13, 2008, the State filed an Emergency Motion for a Brief Extension of Certain of the Expert Witness Report Disclosure Deadlines Set Forth in the March 27, 2008 Scheduling Order.

The Emergency Motion sought, in part, a further extension of time in which to file the expert report of Drs. Cooke/Welch. The court granted the extension, until May 15, 2008.

The State subsequently served submitted supplemental expert reports, some as late as September 30, 2008, only 15 days before defendants' expert report deadline. Among those supplemental reports was a four-page errata to the report of Dr. Cooke, dated August 1, 2008. Cooke is plaintiffs' expert on the eutrophication of Lake Tenkiller. About two months later, on September 30, 2008, the State delivered a second, two page errata to Cooke's report. Following a hearing on October 8, 2008, the magistrate judge wrote

> The court finds the volume of the supplemental reports is excessive, in some cases close to the size of the original report. The numerous miscalculations are extremely unfortunate. The consequent supplementations are detrimental to the timely resolution of this case. As Defendants have attempted to respond to Plaintiff's experts, they have been addressing a moving target, resulting in a waste of time and resources. The ongoing errata effectively forces the court to extend the date Defendants' expert reports are due. These delays harm all parties, postponing the date on which either side may receive an ultimate resolution.
>
> Having expressed the court's displeasure with the supplementation and the resulting delays and wasted resources, the court cannot find the supplementations to be unauthorized. Rule 26(e) states, in mandatory terms, that a party must supplement or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure is incomplete or incorrect."

The magistrate judge concluded that "it does appear the majority of the supplementations are to correct incorrect calculations." Accordingly, he permitted the supplementations and extended the deadline for defendants' expert reports. *See* Opinion and Order, Docket No. 1787.

The vast majority of defendants' expert reports are now due January 30, 2009. On January 21, 2009, some nine days before that deadline, the State filed its motion to serve a supplemental

report by Drs. Cooke and Welch. As the magistrate judge noted in his Opinion and Order of October 28, 2008, "the right to supplement under Rule 26(e) is not without limits." The Court has reviewed the proposed supplement and concludes it does not correct or complete errors in original reports. "A supplemental expert report that states additional opinions or rationales or seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report exceeds the bounds of permissible supplementation and is subject to exclusion under Rule 37(c)(1)." *Palmer v. Asarco Inc.*, 2007 WL 2254343, at *3 (N.D. Okla. Aug. 3, 2007) (quoting *Cook v. Rockwell Int'l Corp.*, 2006 WL 3533049, at *87 (D. Colo. Dec. 7, 2006). The proposed supplemental report shall not be allowed.

WHEREFORE, the State of Oklahoma's Motion for Leave to Serve a Supplemental Expert Report by Drs. Cooke/Welch [Docket No. 1826] is denied.

IT IS SO ORDERED this 29th day of January, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma