# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-CV-00329-GKF-SAJ |
| | ) | |
| TYSON FOODS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**STATE OF OKLAHOMA'S RESPONSES TO TYSON FOODS, INC.'S APRIL 3, 2008**
**REQUESTS FOR PRODUCTION TO THE STATE OF OKLAHOMA**

COMES NOW, the Plaintiff, the State of Oklahoma, ex rel. W.A. Drew Edmondson, in his capacity as Attorney General of the State of Oklahoma, and Oklahoma Secretary of the Environment, C. Miles Tolbert, in his capacity as the Trustee for Natural Resources for the State of Oklahoma under CERCLA, (hereinafter "the State") and hereby responds to Tyson Foods, Inc.'s, April 3, 2008 Request for Production.  The State reserves the right to supplement these responses.

**GENERAL OBJECTIONS**

1.     The State objects to these discovery requests to the extent that they seek the discovery of information that is protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or protection under state or federal law.

2.     The State objects to these discovery requests to the extent that they seek the discovery of information that is already in the possession of Defendant Tyson Foods, Inc. ("Tyson"), is obtainable from another source that is more convenient, less burdensome or less expensive, or is as accessible to Defendant Tyson as it is to the State.  As such, the burden of obtaining such sought-after information is substantially the same, or less, for the Defendant

Tyson as it is for the State.

3.      The State objects to these discovery requests to the extent that they are overly broad, oppressive, unduly burdensome and expensive to answer.   Providing answers to such discovery requests would needlessly and improperly burden the State.

4.      The State objects to these discovery requests to the extent that they improperly seek identification of "all" documents for each request.   Such discovery requests are thus overly broad and unduly burdensome.   It may be impossible to locate "all" documents or each item of responsive information to such discovery requests.

5.      The State objects to these discovery requests to the extent that the discovery sought is unreasonably cumulative or duplicative.

6.      The State objects to these discovery requests to the extent that they do not state with the required degree of specificity and particularity what information is being sought to be admitted or denied.   As such, such discovery requests are vague, indefinite, ambiguous and not susceptible to easily discernible meaning, requiring the State to guess as to what it is admitting or denying, or to admit or deny a statement readily susceptible to alternative interpretations.

7.      The State objects to these discovery requests to the extent that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving the issues.

8.      The State objects to these discovery requests to the extent that they improperly attempt to impose obligations on the State other than those imposed by the Federal Rules of Civil Procedure.

9.      The State objects to the instructions set forth in these discovery requests to the

extent that they improperly expand or alter the obligations imposed by the Federal Rules of Civil Procedure. The State objects to the definitions of these discovery requests to the extent that they improperly attempt to alter the plain meaning of certain words.

10.   By submitting these responses, the State does not acknowledge that the requested information is necessarily relevant or admissible. The State expressly reserves the right to object to further discovery into the subject matter of any information provided and to the introduction of such information into evidence.

11.   The State objects to the definition of "You," "your" or "yourself" to the extent that it is intended to mean anything other than the State of Oklahoma. There is only one Plaintiff.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO.1:**   Please produce all documents, including but not limited to, any maps, presentations, power-point slides, outlines, notes, handouts, scripts and prepared remarks distributed, prepared for, or used in connection with Oklahoma Attorney General Drew Edmondson's meeting with Southern Attorney Generals in Biloxi, Mississippi (referenced in the attached OAG Press Release dated March 20, 2008) discussing this Lawsuit and/or the environmental impact of poultry litter application.

**RESPONSE TO REQUEST NO.1:**   The State incorporates its general objections as if fully stated herein. The State objects to this request to the extent it seeks information protected by the attorney client privilege or work product protection. The State further objects that to this request on the ground that the phrase "distributed, prepared for, or used in connection with" is susceptible of differing interpretations and therefore is vague, ambiguous and potentially overbroad. Yet further, the State objects to this interrogatory to the extent that it seeks information known or opinions held by expert consultants retained or specially employed by the

State or by its counsel in anticipation of litigation or preparation for trial. Fed. R. Civ. P. 26(b)(4)(A) and (B).  The State and its experts are still collecting and analyzing the information and data which will be used in their opinions and reports.  Therefore, the State objects to any production of expert opinions and materials prior to the applicable dates set by the Court's Scheduling Order.

Subject to and without waiver of any objection, see attached Power Point presentation presented at meeting of Southern Attorney General's in Biloxi, Mississippi. Attached as Exhibit 1.

**REQUEST FOR PROUDUCTION NO. 2:**       Please produce all correspondence between Plaintiffs, Plaintiffs' Experts, Plaintiffs' Attorneys, or any person or agent acting on Plaintiffs' behalf and any publication, association, journal, or other entity regarding the submission for peer review and/or publication as an article, poster, abstract, or in any format of the scientific opinions provided or to be provided by Dr. Valerie J. Harwood in this Lawsuit, including but not limited to Dr. Harwood's development or identification of a "poultry litter marker," Harwood supplemental Aff.¶¶ 2-3.

**RESPONSE TO REQUEST NO. 2:**       The State incorporates its general objections as if fully stated herein.  The State objects to this request to the extent it seeks information protected by the attorney client privilege or work product protection.  Further, the State objects to this interrogatory to the extent that it seeks information known or opinions held by expert consultants retained or specially employed by the State or by its counsel in anticipation of litigation or preparation for trial. Fed. R. Civ. P. 26(b)(4)(A) and (B).  The State and its experts are still collecting and analyzing the information and data which will be used in their opinions and

reports. Therefore, the State objects to any production of expert opinions and materials prior to the applicable dates set by the Court's Scheduling Order.

Subject to and without waiver of any objection, the State will produce all non-privileged responsive documents after the disclosure of expert opinions and materials on May 15, 2008. The State reserves the right to supplement its production and response to this request.

**REQUEST FOR PRODUCTION NO. 3:** Please produce all correspondence between Plaintiffs, Plaintiffs' Experts, Plaintiffs' Attorneys, or any person or agent acting on Plaintiffs' behalf and any publication, association, journal, or other entity regarding the submission for peer review and/or publication as an article, poster, abstract, or in any format of the scientific opinions provided or to be provided by Dr. Roger Olsen in this Lawsuit, including but not limited to Dr. Olsen's development or identification of a "definitive poultry waste signature," Olsen Aff. ¶ 6.

**RESPONSE TO REQUEST NO. 3:** The State incorporates its general objections as if fully stated herein. The State objects to this request to the extent it seeks information protected by the attorney client privilege or work product protection. Further, the State objects to this interrogatory to the extent that it seeks information known or opinions held by expert consultants retained or specially employed by the State or by its counsel in anticipation of litigation or preparation for trial. Fed. R. Civ. P. 26(b)(4)(A) and (B). The State and its experts are still collecting and analyzing the information and data which will be used in their opinions and reports. Therefore, the State objects to any production of expert opinions and materials prior to the applicable dates set by the Court's Scheduling Order.

Subject to and without waiver of any objection, the State will produce all non-privileged responsive documents after the disclosure of expert opinions and materials on May 15, 2008. The State reserves the right to supplement its production and response to this request.

**REQUEST FOR PRODUCTION NO. 4:** Please produce all correspondence between Plaintiffs, Plaintiffs' Experts, Plaintiffs' Attorneys, or any person or agent acting on Plaintiffs' behalf and any publication, association, journal, or other entity regarding the submission for peer review and/or publication as an article, poster, abstract, or in any format of the scientific opinions created, developed, provided or to be provided by any and all of Plaintiffs' Experts in connection with this Lawsuit.

**RESPONSE TO REQUEST NO.4:**     The State incorporates its general objections as if fully stated herein. The State objects to this request to the extent it seeks information protected by the attorney client privilege or work product protection. Further, the State objects to this interrogatory to the extent that it seeks information known or opinions held by expert consultants retained or specially employed by the State or by its counsel in anticipation of litigation or preparation for trial. Fed. R. Civ. P. 26(b)(4)(A) and (B). The State and its experts are still collecting and analyzing the information and data which will be used in their opinions and reports. Therefore, the State objects to any production of expert opinions and materials prior to the applicable dates set by the Court's Scheduling Order.

Subject to and without waiver of any objection, the State will produce all non-privileged responsive documents, if any, after the disclosure of expert opinions and materials on May 15, 2008. The State reserves the right to supplement its production and response to this request.

**REQUEST FOR PRODUCTION NO.5:** Please produce all materials, including but not limited to any drafts or versions of any article, poster, abstract, or material in any other format, with all supporting data, figures, tables, illustrations, references, and appendices, submitted or made available to any publication, association, journal, or other entity for peer review and/or publication regarding the scientific opinions provided or to be provided by Dr. Valerie J.

Harwood in this Lawsuit, including but not limited to Dr. Harwood's development or identification of a "poultry litter marker," Harwood Supplemental Aff. ¶¶ 2-3.

**RESPONSE TO REQUEST NO.5:**     The State incorporates its general objections as if fully stated herein.  The State objects to this request to the extent it seeks information protected by the attorney client privilege or work product protection.   Further, the State objects to this interrogatory to the extent that it seeks information known or opinions held by expert consultants retained or specially employed by the State or by its counsel in anticipation of litigation or preparation for trial. Fed. R. Civ. P. 26(b)(4)(A) and (B).   The State and its experts are still collecting and analyzing the information and data which will be used in their opinions and reports.  Therefore, the State objects to any production of expert opinions and materials prior to the applicable dates set by the Court's Scheduling Order.

Subject to and without waiver of any objection, the State will produce all non-privileged responsive documents after the disclosure of expert opinions and materials on May 15, 2008. The State reserves the right to supplement its production and response to this request.

**REQUEST FOR PRODUCTION NO. 6:** Please produce all materials, including but not limited to any drafts or versions of any article, poster, abstract, or material in any other format, with all supporting data, figures, tables, illustrations, references, and appendices, submitted or made available to any publication, association, journal, or other entity for peer review and/or publication regarding the scientific opinions provided or to be provided by Dr. Roger Olsen in this Lawsuit, including but not limited to Dr. Olsen's development or identification of a "definitive poultry waste signature," Olsen Aff. ¶ 6.

**RESPONSE TO REQUEST NO. 6:**     The State incorporates its general objections as if fully stated herein.  The State objects to this request to the extent it seeks information protected

by the attorney client privilege or work product protection. Further, the State objects to this interrogatory to the extent that it seeks information known or opinions held by expert consultants retained or specially employed by the State or by its counsel in anticipation of litigation or preparation for trial. Fed. R. Civ. P. 26(b)(4)(A) and (B). The State and its experts are still collecting and analyzing the information and data which will be used in their opinions and reports. Therefore, the State objects to any production of expert opinions and materials prior to the applicable dates set by the Court's Scheduling Order.

Subject to and without waiver of any objection, the State will produce all non-privileged responsive documents after the disclosure of expert opinions and materials on May 15, 2008. The State reserves the right to supplement its production and response to this request.

**REQUEST FOR PRODUCTION NO. 7:** Please produce all materials, including but not limited to any drafts or versions of any article, poster, abstract, or material in any other format, with all supporting data, figures, tables, illustrations, references, and appendices, submitted or made available to any publication, association, journal, or other entity for peer review and/or publication regarding the scientific opinions created, developed, provided or to be provided by any and all of Plaintiffs' Experts in connection with this Lawsuit.

**RESPONSE TO REQUEST NO.7:**      The State incorporates its general objections as if fully stated herein. The State objects to this request to the extent it seeks information protected by the attorney client privilege or work product protection. Further, the State objects to this interrogatory to the extent that it seeks information known or opinions held by expert consultants retained or specially employed by the State or by its counsel in anticipation of litigation or preparation for trial. Fed. R. Civ. P. 26(b)(4)(A) and (B). The State and its experts are still collecting and analyzing the information and data which will be used in their opinions and

reports.  Therefore, the State objects to any production of expert opinions and materials prior to the applicable dates set by the Court's Scheduling Order.

Subject to and without waiver of any objection, the State will produce all non-privileged responsive documents, if any, after the disclosure of expert opinions and materials on May 15, 2008.  The State reserves the right to supplement its production and response to this request.

Respectfully Submitted,

W.A. Drew Edmondson OBA # 2628
ATTORNEY GENERAL
Kelly H. Burch OBA #17067
J. Trevor Hammons OBA #20234
Tina Lynn Izadi OBA #17978
Daniel P. Lennington OBA #21577
ASSISTANT ATTORNEYS GENERAL
State of Oklahoma
313 N.E. 21st St.
Oklahoma City, OK 73105
(405) 521-3921

M. David Riggs OBA #7583
Joseph P. Lennart OBA #5371
Richard T. Garren OBA #3253
Sharon K. Weaver OBA #19010
Robert A. Nance OBA #6581
D. Sharon Gentry OBA #15641
David P. Page OBA #6852
RIGGS, ABNEY, NEAL, TURPEN,
  ORBISON & LEWIS
502 West Sixth Street
Tulsa, OK 74119
(918) 587-3161

Louis W. Bullock OBA #1305
Robert M. Blakemore OBA 18656
BULLOCK, BULLOCK & BLAKEMORE
110 West Seventh Street Suite 707
Tulsa OK 74119
(918) 584-2001

Frederick C. Baker
(admitted *pro hac vice*)
Lee M. Heath
(admitted *pro hac vice)*
Elizabeth C. Ward
(admitted *pro hac vice*)
Elizabeth Claire Xidis
(admitted *pro hac vice*)
MOTLEY RICE, LLC
28 Bridgeside Boulevard
Mount Pleasant, SC  29465
(843) 216-9280

William H. Narwold
(admitted *pro hac vice*)
Ingrid L. Moll
(admitted *pro hac vice)*
MOTLEY RICE, LLC
20 Church Street, 17th Floor
Hartford, CT  06103
(860) 882-1676

Jonathan D. Orent
(admitted *pro hac vice)*
Michael G. Rousseau
(admitted *pro hac vice)*
Fidelma L. Fitzpatrick
(admitted *pro hac vice)*
MOTLEY RICE, LLC
321 South Main Street
Providence, RI  02940
(401) 457-7700

Attorneys for the State of Oklahoma

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of May, 2008, I electronically transmitted the above and foregoing pleading to the Clerk of the Court using the ECF System for filing and a transmittal of a Notice of Electronic Filing to the following ECF registrants:

W. A. Drew Edmondson, Attorney General      fc_docket@oag.state.ok.us
Kelly H. Burch, Assistant Attorney General      kelly_burch@oag.state.ok.us
J. Trevor Hammons, Assistant Attorney General      trevor_hammons@oag.state.ok.us
Tina Lynn Izadi, Assistant Attorney General      tina_izadi@oag.state.ok.us
Daniel P. Lennington, Assistant Attorney General      daniel.lennington@oag.ok.gov
M. David Riggs      driggs@riggsabney.com
Joseph P. Lennart      jlennart@riggsabney.com
Richard T. Garren      rgarren@riggsabney.com
Douglas A. Wilson      doug_wilson@riggsabney.com
Sharon K. Weaver      sweaver@riggsabney.com
Robert A. Nance      rnance@riggsabney.com
D. Sharon Gentry      sgentry@riggsabney.com
David P. Page      dpage@riggsabney.com
RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS

Louis Werner Bullock      lbullock@bullock-blakemore.com
Robert M. Blakemore      bblakemore@bullock-blakemore.com
BULLOCK, BULLOCK & BLAKEMORE

Frederick C. Baker      fbaker@motleyrice.com
Lee M. Heath      lheath@motleyrice.com
Elizabeth C. Ward      lward@motleyrice.com
Elizabeth Claire Xidis      cxidis@motleyrice.com
William H. Narwold      bnarwold@motleyrice.com
Ingrid L. Moll      imoll@motleyrice.com
Jonathan D. Orent      jorent@motleyrice.com
Michael G. Rousseau      mrousseau@motleyrice.com
Fidelma L. Fitzpatrick      ffitzpatrick@motleyrice.com
MOTLEY RICE, LLC
**Counsel for State of Oklahoma**

Robert P. Redemann      rredemann@pmrlaw.net
Lawrence W. Zeringue      lzeringue@pmrlaw.net
David C. Senger      dsenger@pmrlaw.net
PERRINE, MCGIVERN, REDEMANN, REID, BARRY & TAYLOR, P.L.L.C.

Robert E Sanders      rsanders@youngwilliams.com
Edwin Stephen Williams      steve.williams@youngwilliams.com

YOUNG WILLIAMS P.A.
**Counsel for Cal-Maine Farms, Inc and Cal-Maine Foods, Inc.**

| | |
|---|---|
| John H. Tucker | jtucker@rhodesokla.com |
| Theresa Noble Hill | thill@rhodesokla.com |
| Colin Hampton Tucker | ctucker@rhodesokla.com |
| Leslie Jane Southerland | ljsoutherland@rhodesokla.com |

RHODES, HIERONYMUS, JONES, TUCKER & GABLE

| | |
|---|---|
| Terry Wayen West | terry@thewestlawfirm.com |

THE WEST LAW FIRM

| | |
|---|---|
| Delmar R. Ehrich | dehrich@faegre.com |
| Bruce Jones | bjones@faegre.com |
| Dara D. Mann | dmann@faegre.com |
| Krisann C. Kleibacker Lee | kklee@faegre.com |
| Todd P. Walker | twalker@faegre.com |

FAEGRE & BENSON, LLP
**Counsel for Cargill, Inc. & Cargill Turkey Production, LLC**

| | |
|---|---|
| James Martin Graves | jgraves@bassettlawfirm.com |
| Gary V Weeks | gweeks@bassettlawfirm.com |
| Paul E. Thompson, Jr | pthompson@bassettlawfirm.com |
| Woody Bassett | wbassett@bassettlawfirm.com |
| Jennifer E. Lloyd | jlloyd@bassettlawfirm.com |

BASSETT LAW FIRM

| | |
|---|---|
| George W. Owens | gwo@owenslawfirmpc.com |
| Randall E. Rose | rer@owenslawfirmpc.com |

OWENS LAW FIRM, P.C.
**Counsel for George's Inc. & George's Farms, Inc.**

| | |
|---|---|
| A. Scott McDaniel | smcdaniel@mhla-law.com |
| Nicole Longwell | nlongwell@mhla-law.com |
| Philip Hixon | phixon@mhla-law.com |
| Craig A. Merkes | cmerkes@mhla-law.com |

MCDANIEL, HIXON, LONGWELL & ACORD, PLLC

| | |
|---|---|
| Sherry P. Bartley | sbartley@mwsgw.com |

MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, PLLC
**Counsel for Peterson Farms, Inc.**

| | |
|---|---|
| John Elrod | jelrod@cwlaw.com |
| Vicki Bronson | vbronson@cwlaw.com |
| P. Joshua Wisley | jwisley@cwlaw.com |
| Bruce W. Freeman | bfreeman@cwlaw.com |
| D. Richard Funk | rfunk@cwlaw.com |
| CONNER & WINTERS, LLP | |

**Counsel for Simmons Foods, Inc.**

| | |
|---|---|
| Stephen L. Jantzen | sjantzen@ryanwhaley.com |
| Paula M. Buchwald | pbuchwald@ryanwhaley.com |
| Patrick M. Ryan | pryan@ryanwhaley.com |
| RYAN, WHALEY, COLDIRON & SHANDY, P.C. | |

| | |
|---|---|
| Mark D. Hopson | mhopson@sidley.com |
| Jay Thomas Jorgensen | jjorgensen@sidley.com |
| Timothy K. Webster | twebster@sidley.com |
| Thomas C. Green | tcgreen@sidley.com |
| Gordon D. Todd | gtodd@sidley.com |
| SIDLEY, AUSTIN, BROWN & WOOD LLP | |

| | |
|---|---|
| Robert W. George | robert.george@tyson.com |
| L. Bryan Burns | bryan.burns@tyson.com |
| TYSON FOODS, INC | |

| | |
|---|---|
| Michael R. Bond | michael.bond@kutakrock.com |
| Erin W. Thompson | erin.thompson@kutakrock.com |
| KUTAK ROCK, LLP | |

**Counsel for Tyson Foods, Inc., Tyson Poultry, Inc., Tyson Chicken, Inc., & Cobb-Vantress, Inc.**

| | |
|---|---|
| R. Thomas Lay | rtl@kiralaw.com |
| KERR, IRVINE, RHODES & ABLES | |

| | |
|---|---|
| Jennifer Stockton Griffin | jgriffin@lathropgage.com |
| David Gregory Brown | |
| LATHROP & GAGE LC | |

**Counsel for Willow Brook Foods, Inc.**

| | |
|---|---|
| Robin S Conrad | rconrad@uschamber.com |
| NATIONAL CHAMBER LITIGATION CENTER | |

| | |
|---|---|
| Gary S Chilton | gchilton@hcdattorneys.com |
| HOLLADAY, CHILTON AND DEGIUSTI, PLLC | |

**Counsel for US Chamber of Commerce and American Tort Reform Association**

D. Kenyon Williams, Jr.     kwilliams@hallestill.com
Michael D. Graves      mgraves@hallestill.com
HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON
**Counsel for Poultry Growers/Interested Parties/ Poultry Partners, Inc.**


Richard Ford        richard.ford@crowedunlevy.com
LeAnne Burnett       leanne.burnett@crowedunlevy.com
CROWE & DUNLEVY
**Counsel for Oklahoma Farm Bureau, Inc.**


Kendra Akin Jones, Assistant Attorney General  Kendra.Jones@arkansasag.gov
Charles L. Moulton, Sr Assistant Attorney General Charles.Moulton@arkansasag.gov
**Counsel for State of Arkansas and Arkansas National Resources Commission**


Mark Richard Mullins     richard.mullins@mcafeetaft.com
MCAFEE & TAFT
**Counsel for Texas Farm Bureau; Texas Cattle Feeders Association; Texas Pork Producers Association and Texas Association of Dairymen**


Mia Vahlberg       mvahlberg@gablelaw.com
GABLE GOTWALS

James T. Banks       jtbanks@hhlaw.com
Adam J. Siegel       ajsiegel@hhlaw.com
HOGAN & HARTSON, LLP
**Counsel for National Chicken Council; U.S. Poultry and Egg Association & National Turkey Federation**


John D. Russell       jrussell@fellerssnider.com
FELLERS, SNIDER, BLANKENSHIP, BAILEY
& TIPPENS, PC

William A. Waddell, Jr.     waddell@fec.net
David E. Choate       dchoate@fec.net
FRIDAY, ELDREDGE & CLARK, LLP
**Counsel for Arkansas Farm Bureau Federation**


Barry Greg Reynolds     reynolds@titushillis.com

Jessica E. Rainey                           jrainey@titushillis.com
TITUS, HILLIS, REYNOLDS, LOVE,
DICKMAN & MCCALMON

Nikaa Baugh Jordan                          njordan@lightfootlaw.com
William S. Cox, III                         wcox@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, LLC
**Counsel for American Farm Bureau and National Cattlemen's Beef Association**


    Also on this 5th day of May, 2008, I mailed a copy of the above and foregoing pleading to the following:

**David Gregory Brown**
Lathrop & Gage, LC
314 E. High Street
Jefferson City, MO 65101

**Thomas C. Green**
Sidley Austin Brown & Wood, LLP
1501 K St. NW
Washington, DC 20005

**Cary Silverman**
**Victor E. Schwartz**
Shook Hardy & Bacon LLP
600 14th St. NW, Ste. 800
Washington, DC 20005-2004

**C. Miles Tolbert**
Secretary of the Environment
State of Oklahoma
3800 North Classen
Oklahoma City, OK 73118

**Dustin McDaniel**
**Justin Allen**
Office of the Attorney General (Little Rock)
323 Center Street, Suite 200
Little Rock, AR 72201-2610

**Steven B. Randall**
58185 County Road 658
Kansas, Ok 74347

**George R. Stubblefield**
HC 66, Box 19-12
Proctor, Ok 74457

Robert A. Nance





Estimated 238,000 Animal Feeding Operations in the United States



# Waste Generation at Animal Feeding Operations

- About 500 million tons of animal waste per year

- Three times more waste than is generated by all humans in the U.S.

- 12.9 billion pounds of Total Nitrogen and 3.8 billion pounds of Total Phosphorus



