**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel. W.A. DREW EDMONDSON, in his capacity as ATTORNEY GENERAL OF THE STATE OF OKLAHOMA and OKLAHOMA SECRETARY OF THE ENVIRONMENT C. MILES TOLBERT, in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA, | ) ) ) ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 05-CV-329-GKF-PJC ) ) |
| TYSON FOODS, INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB-VANTRESS, INC., CAL-MAINE FOODS, INC., CAL-MAINE FARMS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., SIMMONS FOODS, INC., and WILLOW BROOK FOODS, INC., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter comes before the court on the State of Oklahoma's Objections to the Magistrate Judge's May 20, 2008 Opinion and Order. The State objects to the Magistrate Judge's grant of defendants' Motion to Compel Plaintiff's Compliance with the Court's Order on Data Production and the Magistrate Judge's grant of sanctions against the State in the form of attorney fees and costs.

A district judge may reconsider a magistrate judge's order in a pretrial matter where it has been shown that the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). *See also* Fed. R. Civ. Proc. 72(a) (on nondispositive matters "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."). "Under the clearly erroneous

standard, the reviewing court [must] affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Allen v. Sybase, Inc*., 468 F.3d 642, 658 (10th Cir. 2006) (internal quotations and citations omitted).

In an Order entered on January 5, 2007 (the "January 5, 2007 Order") [Dkt. # 1016] this Court directed the State to produce certain monitoring, sampling and testing data performed by plaintiffs and related documents.[1] On February 29, 2008, the defendants filed their Motion to Compel Compliance on the grounds that the State had failed to comply with the January 5, 2007 Order. On the date the State filed its Response [Dkt. # 1656] to the Motion to Compel Compliance, it also produced a large amount of data. [Letter dated 3/25/08, at Dkt. # 1656-2].[2] In their Reply [Dkt. # 1672], defendants asserted that the State had withheld vast amounts of data until *after* the defendants filed their Motion to Compel Compliance.

In his Opinion and Order, the Magistrate Judge determined that the State had failed to comply with its duty to supplement in a timely manner both before and after the defendants filed their Motion to Compel Compliance.

With regard to the State's production of data prior to the filing of defendants' motion, the Magistrate Jude found that improper delay had occurred. The Magistrate Judge based this finding, in part, on information contained in the affidavit of Todd E. Burgesser [Dkt. # 1691-2] filed by the State. The Burgesser Affidavit contained admissions that certain data had not been produced until five, six, or even eight months after it was generated. The Magistrate Judge acknowledged that some

---

[1] The January 5, 2007 Order granted defendant Cobb-Vantress, Inc.'s motion to compel discovery, which sought the production of "requested data, testing, sampling and results" from the State.

[2] The State made additional supplemental productions on March 25, April 3, April 29 and May 2, 2008. [Dkt. # 1710, page 2, n2].

delays were appropriate, but nevertheless found that "in some instances. . . . production of the data was improperly delayed." [Dkt. # 1710, page 3].

As to production *after* the defendants' Motion to Compel Compliance, the Magistrate Judge found that "some of the data that should have been produced was not produced until after the motion to compel was filed and that the Federal Rules require the court to address an appropriate remedy." [Dkt. # 1710, page 4]. In support, the Magistrate Judge cited defendants' affidavit of Kristen Shults Carney [Dkt. # 1672-2], which averred that out of eighty-five rows of data produced, fifty-nine were new production. The Magistrate Judge noted the State's admission that some data mistakenly "fell through the cracks" but that it was produced as soon as the mistake was discovered. However, he found that most of the production was new and not a duplication of prior hard copy materials.

Having found that some of the data that should have been produced as required by Court order was not produced until after the Motion to Compel Compliance was filed, the Magistrate Judge awarded attorney's fees and costs incurred in connection with the filing of the motion. The Magistrate Judge ordered the disobedient party (the State) to pay the sanctions pursuant to Fed.R.Civ.P. 37(b)(2)(C)

The State argues that the Opinion and Order is clearly erroneous and contrary to law because attorney fees may not be awarded if:

(i)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5)(A). The State also argues that the Magistrate Judge did not find that defendants had met the "meet and confer" requirements set forth in Local Civil Rule 37.1. Although

3

the Magistrate Judge explicitly found that the defendants did make proper demand and that meet and confer discussions were conducted, he need not have done so. Once the Order of January 7, 2007 was in place, Fed.R.Civ.P. 37(b) permits an award of sanctions against the disobedient party for failure to comply with that Order. The limitations set forth in Rule 37(a)(5)A) are inapplicable to sanctions awarded pursuant to Rule 37(b)(2)(c).

The State contends, however, that the Magistrate Judge did not explicitly determine that the State violated the January 5, 2007 Order itself, but instead concluded that the State violated its obligations to timely supplement production as required by Fed.R.Civ.P. 26(e)(1). In actuality, the Magistrate Judge wrote that "[the State's] continuing obligation under the Court's January 5 Order is one of supplementation as required by Fed.R.Civ.P. 26(e)(1) . . . ."[3] Although the State contends that "the January 5, 2007 Order contains no timeliness requirement for supplementation," the Order compels the State to produce the requested data, testing, sampling and results, and the continuing obligation to comply with the Order by timely supplementation is imposed by law. Fed.R.Civ.P. 26(e)(1); *see Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002) ("A party is under a continuing duty to supplement if there are additions . . . to what has been previously disclosed.").

Alternatively, the Magistrate Judge cited a separate basis for ordering the payment of reasonable expenses incurred in making the motion, including attorney fees. Fed.R.Civ.P. 37(a)(5)(A) is applicable upon the filing of an initial motion to compel, as the Magistrate Judge noted. Even if the State's continuing obligation under the Court's January 5, 2007 Order to timely supplement its production of data is more properly addressed under Rule 37(a) instead of 37(b), the

---

[3] Fed.R.Civ.P. 37(c)(1)(A) lends further legal support to the Magistrate Judge's ruling. This rule allows for an award of "reasonable expenses, including attorney's fees, caused by the failure" of a party to timely supplement pursuant to Rule 26(e).

award of sanctions would not be clearly erroneous or contrary to law. The Magistrate Judge's finding that "meet and confer discussions were conducted" is not clearly erroneous. The State's failure to make timely supplementation was not substantially justified, nor do the circumstances make an award of expenses unjust.

Upon review of the Order of January 5, 2007, the Motion to Compel Compliance with that Order and associated briefs, the Magistrate Judge's subsequent Opinion and Order, and the State's Objections thereto and associated briefs, the court finds that the State has failed to show that the Magistrate Judge's Opinion and Order is clearly erroneous or contrary to law.

WHEREFORE, plaintiff State of Oklahoma's Objections to the Magistrate Judge's Opinion and Order [Dkt. # 1716] are overruled.

DATED this 18th day of February, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma