## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA,                    :
                                      :
    Plaintiff,                    :
                                      :
v.                                    :    **Case No. 4:05-CV-329-GKF-PJC**
                                      :
TYSON FOODS, INC., *et al.,*          :
                                      :
    Defendants.                   :

### STATE OF OKLAHOMA'S OPPOSITION TO THE CARGILL DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S NATURAL DAMAGES REPORTS OR TO COMPEL COMPLETE EXPERT DISCLOSURES (DKT ##1938 & 1940)

COMES NOW Plaintiff, the State of Oklahoma ("the State"), and respectfully submits this opposition to the Cargill Defendants' Motion to Strike Plaintiff's Natural Damages Reports or to Compel Expert Disclosures (DKT ##1938 & 1940).

## I.    INTRODUCTION

On January 5, 2009, the State timely disclosed its expert reports pertaining to damages. Since that time, Defendants have set up a procedural game of chess designed to push off the closing of discovery, the remaining deadlines set forth in the scheduling order, and the trial date. Defendants' complaints regarding the sufficiency of the Stratus Reports are completely without merit, Defendants' arguments are without legal support, and the factual circumstances surrounding this issue demonstrate that Defendants have spent the last three months engaged in efforts to *delay* damages discovery, rather than simply *pursue* it in a productive manner. The State has made good-faith efforts to accommodate the ever-changing requests from counsel for

the Cargill Defendants.[1]  Unfortunately, the Cargill Defendants' conduct in regard to the Stratus

Reports and the depositions of the authors of those reports has wasted the resources of the State,

and now the Court.  Thus, the Motion should be denied in its entirety, and Defendants should not

be provided with any additional time to take the depositions of the authors of the Stratus Reports

beyond the discovery cut-off of April 16, 2009.

## II.    FACTUAL BACKGROUND

On January 5, 2009, pursuant to the scheduling order, the State served Defendants with

its expert reports on damages.[2]  Included among those reports was a report entitled "Natural

Resource Damages Associated with Aesthetic and Ecosystem Injuries to Oklahoma's Illinois

River System and Tenkiller Lake" (hereinafter "CV Report"), and a report entitled "Natural

Resource Damages Associated with Past Aesthetic and Ecosystem Injuries to Oklahoma's

Illinois River System and Tenkiller Lake" (hereinafter "Past Damages Report") (collectively, the

"Stratus Reports").[3]  (The CV Report has seven authors; the Past Damages Report has three

---

[1]    Although counsel for the Cargill Defendants appeared to speak on behalf of all
Defendants in the correspondence leading up to the instant Motion, it is only the Cargill
Defendants that filed the Motion to Strike five days ago and, as of the time of this filing, no other
Defendants have formally joined it.

[2]    In their Motion, the Cargill Defendants repeatedly make the false statement that the
"Plaintiffs provided two Natural Resource Damages ('NRD') Reports in January and February
2009." (Cargill Mot. at 2, 4.)  Both of the Stratus Reports were served on Defendants on January
5, 2009, along with all of the experts' considered materials.  The one exception to this timely
production of 12 gigabytes of expert disclosure material was a 20-page article on the recreation
industry that was produced on January 5, 2009, but which, unbeknownst to the State, had
become corrupted in its electronic format.  This one article was reproduced on February 3, 2009.

[3]    Prior to receiving the Cargill Defendants' Motion to Strike Plaintiffs' Damages Reports
or to Compel Expert Disclosures (DKT #1938), the State was unaware that the Cargill
Defendants had any complaints or issues with the Past Damages Report.  Thus, the Cargill
Defendants disregarded the requirement to meet and confer about the Past Damages Report, and
to the extent their Motion addresses that report, it should be disregarded.

authors.)  Along with these reports, the State disclosed all of the materials considered by the

authors, including subdivided folders for each author, which contained his or her curriculum vita,

billing rate, correspondence, and individually considered materials.  The production also

included a "shared materials" folder containing materials the Stratus experts had access to during

their collaborative work on the project.[4]

 On January 21, 2009, Defendants began making inappropriate demands for materials

related to the CV Report.  *See* Ex. 1 (Ehrich Jan. 21, 2009 email).  Over the course of the

following weeks, Defendants made requests for materials already produced to them, requests for

materials that the State explained did not exist, and demands for the identities of survey

participants that the State advised were not subject to disclosure.  *See* Ex. 2.  The dispute

regarding the identities of the survey participants culminated in the Defendants' Motion to

Compel (DKT #1854) and the State's Motion for Protective Order (DKT #1853).  This dispute

was resolved in favor of the State when this Court held that Defendants were not entitled to

discover the identities of the individuals who participated in the survey (DKT #1918).  However,

while this dispute was pending, Defendants received a 29-day extension for their expert report on

damages.

 On February 12, 2009, after having the CV Report in their possession for five and a half

weeks, the Cargill Defendants alleged for the first time that the CV Report did not meet the

expert disclosure requirements of Rule 26.  On February 13, 2009, the State promptly responded

that the Cargill Defendants' position was illegitimate.  *See* Ex. 3 (Ehrich/Xidis email exchange).

Defendants did not mention their unfounded allegation of the CV Report's compliance with Rule

---

[4] As explained in the State's Motion for Protective Order (DKT #1853 at 4-6), the
disclosure of considered materials for the Stratus Reports was thorough and complete.  It
included all relevant materials, and it amounted to 12 gigabytes of material.

26 again until nearly a month later, on March 10, 2009. *See* Ex. 4 (Ehrich March 10, 2009 email). If the Cargill Defendants had actually believed their Rule 26 complaint was legitimate, they easily could have – and certainly should have – raised it with the Court in February, concurrently with their Motion to Compel relating to the identity of the survey participants for an efficient resolution, or even earlier. Instead, demonstrating its make-weight nature, Defendants waited until *after* the Court's hearing on the identities of the survey participants, and *after* they already received an extension on their damages experts' disclosures to revitalize their complaint that the CV Report does not comply with Rule 26.

On March 13, 2009, the Cargill Defendants suggested that a list of which authors wrote which portions of the CV Report would be a practical solution to the ongoing dispute between the parties. *See* Ex. 5. On March 16, the State explained that the CV Report was a collaborative effort, but did offer to provide a list of which authors were the *lead* authors on the various chapters of the report, if that would satisfy Defendants' request and end the ongoing dispute. *See* Ex. 6. In response, on March 19, 2009, the Cargill Defendants, realizing that the State was willing to provide them the list they requested, changed their position and decided that such list would not satisfy them. Thus, they demanded separate statements from each author of the CV Report. *See* Ex. 7. Despite the fact the State had made its position abundantly clear, explained how the CV Report was written, and made a good faith offer of compromise to resolve the issue, counsel for the Cargill Defendants phoned counsel for the State on the evening of Friday, March 20, 2009, for yet further discussion on this topic.

As a result of this conversation, on March 23, 2009, again in a good faith effort to reach a compromise with the Cargill Defendants, the State provided a list of the lead authors for each chapter of the CV Report to counsel for the Cargill Defendants. (*See* Cargill Mot., Ex. 5.)

4

Unfortunately, the Cargill Defendants rejected this compromise, despite their earlier representation, and proceeded to complain about the list, now having gone so far as to use the list in their Motion to attempt to support their baseless Rule 26 argument. (*See* Cargill Mot. at 5-6.) It is unfortunate that the Cargill Defendants never genuinely sought compromise on this issue and instead used the proposed compromise with the State as fodder for their Motion.

Finally, on the evening of Friday, March 27, with the discovery cut-off rapidly approaching, and after they had the Stratus Reports in their possession for nearly *twelve weeks*, the Cargill Defendants filed the instant Motion to Strike. If the Cargill Defendants truly believed that the format of the Stratus Reports presented a problem under Rule 26, they should have raised the issue with the Court long ago. The timing of this Motion demonstrates its dilatory purpose: to effectively extend the discovery deadline and to obtain more time to take the depositions of the Stratus Report authors, which they easily could have taken during the three and a half month period between the disclosure of such reports on January 5, 2009 and the close of discovery on April 16, 2009.

### A.    Deposition Dates for the Stratus Authors

To put the Cargill Defendants' Motion to Strike in its proper context, a review of the challenges Defendants have created in scheduling the depositions of the Stratus authors is in order. On February 3, 2009, anticipating that Defendants would want to depose the Stratus authors before their damages reports were due on the previous deadline of March 2, 2009, the State offered its *first* set of deposition dates for the Stratus authors. *See* Ex. 8 (Xidis Feb. 3, 2009 email). Such dates were as follows:

> David Chapman – February 20 or 23
> Michael Hanemann – February  25, 26, or 27
> Richard Bishop – February 24 or 25
> Roger Tourangeau – February 26

Edward Morey – February 27
Jon Krosnick – February 28 or March 2
Barbara Kanninen – March 2

*Id.* Defendants did not accept any of these deposition dates.

On March 10, 2009, counsel for the Cargill Defendants wrote to counsel for the State

demanding deposition dates for each of the Stratus authors before March 30, 2009.  Despite the

challenging nature of this request, which required the State to provide seven experts for

deposition within 14 business days, the State was able to offer dates that satisfied Defendants'

request, and this ***second*** set of deposition dates was conveyed to counsel for the Cargill

Defendants one day later, on March 11, 2009.  *See* Ex. 9 (Xidis March 11, 2009 email).  Such

dates were as follows:

Chapman – March 18
Morey – March 20
Bishop – March 23
Tourangeau – March 25
Kanninen – March 26
Krosnick – March 27
Hanemann – March 29

Just two days later, on March 13, 2009, counsel for the Cargill Defendants changed his

position, and decided that he no longer was interested in the deposition dates prior to March 30,

which he had demanded earlier in the week, and he proposed taking the depositions during the

first two weeks in April.  *See* Ex. 5 (Ehrich March 13, 2009 email).  Again attempting to

accommodate Defendants' changing demands, on March 19, 2009, the State provided a ***third*** set

of dates for the depositions of the Stratus authors before April 16, 2009.  *See* Ex. 10 (Xidis

March 19, 2009 email).  Such dates were as follows:

Chapman – March 31
Bishop – April 6
Tourangeau – April 8
Hanemann – April 10
Morey – April 15

Kanninen – April 16
Krosnick – March 27

In response to these dates offered on March 19, 2009, Defendants requested alternative

dates for Mr. Chapman and Dr. Krosnick. The State did its best to accommodate Defendants'

request, and on March 20, 2009, offered an alternative date for Mr. Chapman, which in turn

necessitated that the State offer an alternative date for Dr. Bishop of April 11, 2009. *See* Ex. 11.

The State also explained that Dr. Krosnick's only remaining availability during the discovery

period was March 27, 2009 and strongly encouraged Defendants to proceed with his deposition

on that date. However, Defendants rejected that proposal. On March 23, 2009, Defendants

accepted the dates for five of the Stratus authors' depositions, but rejected the new date proposed

for the deposition of Dr. Bishop, claiming they could accommodate any work day between

April 1 and April 16 for Dr. Bishop's deposition. *See* Ex. 12. On March 24, the State offered

Tuesday, April 14, 2009, the *sixth* date offered for the deposition of Dr. Bishop. *See* Ex. 13

(Xidis March 24, 2009 email). Defendants ignored this offer despite requests from the State for

a response.

Then, on March 27, wrongly asserting that the discovery deadline was extended to May

15, 2009 for their depositions of the State's damages experts, Defendants informed the State they

would not proceed with any of the depositions of the Stratus authors they previously accepted

until the Court resolved their allegations about the State's compliance with Rule 26, effectively

cancelling the depositions they confirmed just days earlier.[5] Counsel for the Cargill Defendants

stated, "Now that the Court has continued the discovery deadline until May 15, the defendants

---

[5]    Because the Cargill Defendants initially accepted these dates, some of the Stratus authors
had already purchased plane tickets for the depositions before the depositions were abruptly
cancelled. The State has advised counsel for the Cargill Defendants that the State will seek costs
for any incurred expenses relating to these travel arrangements if the depositions do not go
forward as scheduled.

will not take any Stratus depositions until after the court has resolved that the scope of disclosure issue." *See* Ex. 14 (Ehrich March 27, 2009 email).  Shortly thereafter, the Cargill Defendants filed the instant motion.

Despite the ongoing unreasonable demands from Defendants regarding scheduling, as of the date this opposition was filed, the State is still able to make the Stratus authors available for deposition on the following dates, which are prior to the April 16, 2009 discovery cut-off:

> David Chapman – April 6
> Roger Tourangeau – April 8
> Edward Morey – April 10
> Richard Bishop – April 14
> Michael Hanemann – April 15
> Barbara Kanninen – April 16

As explained to Defendants, Dr. Krosnick's availability is extremely limited and other than the three dates previously offered for his deposition (February 28, March 2, and March 27, 2009), he has no other date available during the discovery period.  Defendants have been aware of this situation, but refused to go forward on the previously offered dates.

**B.      Current State of Discovery**

The Cargill Defendants' complaints about the time and expense of having to take the seven Stratus Report authors' depositions are simply not credible.  Defendants have been noticing a flurry of depositions over the last several weeks, including noticing dozens in the last 30 days.  In addition, the Cargill Defendants have served a Rule 30(b)(6) deposition notice on the State, which encompasses areas so broad it is clearly intended to require numerous responsive witnesses.  (This notice is the subject of a motion for protective order by the State. *See* DKT #1933.)

In addition to the recent barrage of deposition notices issued by Defendants, Defendants have sought not only the depositions of testifying experts in the case, but have demanded

depositions of non-testifying individuals who assisted testifying experts with their work. For example, in addition to deposing the State's testifying experts Dr. Cook and Dr. Welch (who submitted a joint report that Defendants never alleged was insufficient under Rule 26), Defendants then sought the deposition of Dr. Jack Jones, an individual who assisted Drs. Cook and Welch with some aspects of their work on the case. In addition, Defendants not only deposed State testifying expert Dr. Valarie Harwood, but also demanded the deposition of a records custodian at North Wind Inc. (a laboratory that performed work for Dr. Harwood) and Tamzen Macbeth (a scientist at North Wind Inc. who worked with Dr. Harwood). Thus, even if the State were to attempt now to narrow the number of authors testifying about the Stratus Reports, the history of Defendants' conduct demonstrates that Defendants would surely demand the depositions of all of the authors regardless of how they are categorized. Thus, the Cargill Defendants' complaint about having to take seven depositions is belied by their own conduct – they clearly want to take as many depositions as possible before the close of discovery, and the delineation between testifying and non-testifying experts has certainly not deferred them from pursuing depositions in the past.

## III. ARGUMENT

### A. The Cargill Defendants' Motion to Strike Is Untimely.

The Cargill Defendants' Motion to Strike should be denied as untimely. These Defendants have waited until the eve of the close of discovery to file their Motion to Strike, claiming that the Stratus Reports served on January 5, 2009 do not comply with Fed. R. Civ. P. 26. Having had such reports since January 5, 2009, this is another blatant attempt to stall discovery – and for whatever reason, to avoid taking the depositions of the authors of the Stratus Reports. Their Motion is untimely and should be denied in its entirety.

Although neither Rule 37 nor the local rules of this Court specify a time limit for filing a

motion to compel, "[a] party seeking to compel discovery must do so in a timely fashion." *Continental Indus., Inc. v. Integrated Logistics Solutions LLC*, 211 F.R.D. 442, 444 (N.D. Okla. 2002). "If the moving party has unduly delayed [filing its motion to compel], the court may conclude that the motion is untimely." 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2285 (1994 & Supp. 2006). The logic that underlies this rule is equally applicable to motions to strike.

Here, by way of review, the Cargill Defendants (along with the other Defendants) previously filed a motion to compel directed to the State's CV Report. (DKT #1854.) That motion – dated February 13, 2009 and heard on February 26, 2009 – sought to compel the production of personal identifying information relating to the participants in the CV survey and pre-survey activities. It did not raise any issue with the Stratus Reports' compliance with Rule 26. The Court denied the motion on March 11, 2009. (DKT #1918.)

When Defendants' earlier attempt to derail discovery and the timeline set forth in the scheduling order failed, the Cargill Defendants decided to pursue this new avenue, challenging the State's compliance with Fed. R. Civ. P. 26. There is no support for their position that the Stratus Reports should be stricken, and the alternative relief they seek – an order compelling supplemental expert disclosures – would presumably push the discovery deadline back by some period of time, which is, of course, what the Cargill Defendants have been working toward all along. If the Cargill Defendants (or any other Defendants) meaningfully believed that the Stratus Reports did not comply with Fed. R. Civ. P. 26, they surely would have raised the issue earlier than two and a half weeks before the close of discovery. Their latest attempt to derail discovery and the scheduling order should not be permitted and should be denied as untimely.

**B.    Nothing in Fed. R. Civ. P. 26(a)(2) Precludes Multiple Author Reports.**

Strikingly, in their Motion, the Cargill Defendants **admit** that "there is nothing inherently

wrong with reports authored by multiple experts." (Cargill Mot. at 8.)  In fact, it is common

practice in complex litigation to have expert reports prepared by multiple authors (and

Defendants have done so in this case, *see infra* Section III.D).  *See, e.g.*, *103 Investors I, L.P. v.*

*Square D Co.*, 372 F.3d 1213 (10th Cir. 2004) (reversing district court's exclusion of expert

report jointly prepared by two experts); *Citizens Fin. Group, Inc. v. Citizens Nat'l Bank*, No. 01-

1524, 2003 U.S. Dist. LEXIS 25977, at *41 (W.D. Pa. Apr. 23, 2003) ("find[ing] no support for

any theory that would not allow an expert report to be jointly written").

In a context nearly identical to the instant Motion, the district court, in *Structured*

*Development, LLC v. United Consumers Club*, No. 98-0378, 2001 U.S. Dist. LEXIS 26323, at *1

(E.D. La. Sept. 24, 2001), denied the defendants' motion to strike the plaintiff's expert report

based in part on the argument that "Defendants were unable to determine which portions each of

the two apparent authors prepared."  *Id.* at *2.  Rejecting the very arguments that the Cargill

Defendants make here, the court stated as follows:

> Defendants claimed that this made the report duplicative, cumulative, and that
> Defendants were unable to depose or cross-examine the experts given the
> vagueness of the report in this regard.  This argument is without merit.  All
> documents used to prepare the expert report were either produced to or produced
> by Defendants.  Defendants were able to and did depose both experts.

*Id.* at *5-6.  Here, all materials considered by the Stratus authors have long ago been produced to

Defendants.  Over the course of the past three months, Defendants have had many opportunities

to depose all of the Stratus authors, as described above, but have chosen not to do so.

Relatedly, in *Citizens Financial Group*, 2003 U.S. Dist. LEXIS 25977, the district court

refused to exclude an expert rebuttal report and certain sections of the main expert report on the

ground that the joint authors were not each experts on every topic covered in such reports.  *Id.* at

\*40. The court reasoned as follows:

> Although I agree with CNBEC that Crane and Gregor cannot testify to areas that are not within their respective expertise, ***I find no support for any theory that would not allow an expert report to be jointly written and submitted with the caveat that each expert would necessarily testify solely on their topic(s) of expertise***. . . . CNBEC has not sufficiently stated their objections in this regard as to particular sections of the main report and the rebuttal. I decline to do so *sua sponte*.

*Id.* at \*40-41 (emphasis added). Such is the case here, as the Cargill Defendants have made nothing but cursory assertions.

Notably, the Cargill Defendants do not cite *any* authority for their assertion that separate reports have to be prepared in the context of, and in addition to, an expert report prepared by multiple authors. Despite various references to "precedent" in correspondence from their counsel on this issue, the Cargill Defendants fail to cite any precedent actually supporting their position. (*See* Ex. 4 attached to Cargill Mot. (Ehrich March 23, 2009 email) (referring to "precedent").) Rule 26 simply does not so require.

### C.    The Cargill Defendants Received What They Requested.

During the meet and confer process, Cargill's counsel wrote to the State as follows:

> Taking my conversation with Rick Garren last night as part of the meet and confer process, however, ***I suggested that we and the plaintiff might engage in a discussion aimed at resolving the issue, and suggested we might talk about which Status [sic] author wrote which portions of the report.*** In short, it was a practical suggestion to try to work out what disclosure might mitigate the prejudice the defendants currently are suffering. I am still willing to engage in such a discussion.

(*See* Ex. 3 attached to Cargill Mot. (Ehrich March 13, 2009 email) (emphasis added).) Thereafter, the State provided Defendants with the very information the Cargill Defendants requested, identifying which Stratus authors were the primary authors on which chapters of the CV Report. (*See* Exhibit 5 attached to Cargill Mot.) Having received what they requested, after "suggest[ing] we might talk about which Status [sic] author wrote which portions of the report,"

12

the Cargill Defendants should not be permitted now to take the incredible position that the Stratus Reports should be stricken, or in the alternative, that separate supplemental disclosures are warranted.

**D.      The Cargill Defendants' Own Conduct Contradicts the Relief They Seek.**

In moving to strike the Stratus Reports, the Cargill Defendants are speaking out of both sides of their mouths.  While now complaining that the State has somehow failed to comply with Fed. R. Civ. P. 26(a)(2) by producing expert reports written by multiple authors, the Cargill Defendants fail to inform the Court that they themselves have produced expert reports written by more than one author.  Such reports include the following:

> ➢      Expert Report of: James Chadwick, Dr. Richard Merritt, and Dr. Kenneth Cummins produced on January 30, 2009; and

> ➢      Expert Report of Gordon Rausser, Ph.D. and Michael R. Dicks, Ph.D. dated December 1, 2008.

Such reports do not identify which authors wrote which sections thereof.

Moreover, even as recently as yesterday, Defendants produced two expert reports prepared by joint authors as follows:

> ➢      John P. Connolly, Ph.D., P.E., BCEE, Timothy Sullivan, Ph.D., and Frank Coale, Ph.D.; and

> ➢      William Desvousges, Ph.D. and Gordon Rausser, Ph.D.

Ex. 15 (Hill March 31, 2009 Letter).  The letter accompanying such reports states that the Connolly-Sullivan-Coale Report was "a collaborative [sic] effort  . . . . Recognizing the possible time limitations at trial, however, the defendants may call at trial John P. Connolly to testify to the matters addressed in sections 1, 2 and 3 of this Report and Frank Coale to testify to the matters addressed in sections 1 and 4 of the Report."  *Id.* at 2.  Such letter goes on to describe the Desvousges-Rausser Report as a "collaborative [sic] effort . . . and each may address all matters

in the Report." *Id.*  Thus, while the Cargill Defendants assert in their Motion that the State

"cannot hide the anticipated individual testimony of each expert by claiming the future damages

report was a 'collaborative project' or 'collaborative effort' of all testifying damages experts,"

(Cargill Mot. at 8), the same Defendants *yesterday* characterized their own damages experts'

work as "collaborative efforts."  Ex. 15 at 2.

Further, the Cargill Defendants claim that the State's Past Damages Report should be

stricken because it "suffers from the same 'multi-author' problem" as the CV Report.  (Cargill

Mot. at 12-13.)  Yet, the Past Damages Report – with three authors – has the same number of

authors as Defendants' Connolly-Sullivan-Coale Report described above, which they have called

a "collaborative effort."

Based on the foregoing, the Cargill Defendants are hard pressed to argue that a multi-

author report, without separate statements from each author, is sufficient for *them* to comply with

Rule 26, but not for the State.  Their Motion is without merit.

**E.**     **The Cargill Defendants Do Not Argue That the Stratus Reports Will Fail to
         Help the Trier of Fact.  Thus, Their Motion Must Be Denied.**

Finally, although it is not mentioned in the Cargill Defendants' Motion, it cannot be

forgotten that "the touchstone of the admissibility of expert testimony is its helpfulness to the

trier of fact." *Gust v. Jones*, 162 F.3d 587, 594 (10th Cir. 1998) (internal quotation marks

omitted); *see also Structured Dev.*, 2001 U.S. Dist. LEXIS 26323, at *6-7 ("The threshold

determination when ruling on [a motion to strike an expert's report] is whether expert testimony

will likely help [the] trier of fact understand and evaluate the material facts of a particular issue.

*See* Fed. R. Evid. 702.").  The absence of such a determination warrants the denial of a motion to

strike an expert report. *Structured Dev.*, 2001 U.S. Dist. LEXIS 26323, at *7.

The Cargill Defendants do not argue that the Stratus Reports will fail to help the trier of

fact understand and evaluate the issues. The Cargill Defendants have had the opportunity to

determine, clarify, or make further inquiry into the Stratus authors, facts, and methodologies

underlying the Stratus Reports. "As a result, Defendants' arguments are meritless," *id.* at *7, and

their Motion to Strike must be denied.

## IV.    CONCLUSION

Based on the foregoing, the State respectfully submits that the Cargill Defendants'

Motion to Strike Plaintiff's Natural Damages Reports or to Compel Complete Expert Disclosures

(DKT #1938) should be denied in its entirety.

Respectfully Submitted,

W.A. Drew Edmondson OBA # 2628
ATTORNEY GENERAL
Kelly H. Burch OBA #17067
J. Trevor Hammons OBA #20234
Daniel P. Lennington OBA #21577
ASSISTANT ATTORNEYS GENERAL
State of Oklahoma
313 N.E. 21st St.
Oklahoma City, OK 73105
(405) 521-3921

/s/ M. David Riggs
M. David Riggs OBA #7583
Joseph P. Lennart OBA #5371
Richard T. Garren OBA #3253
Sharon K. Weaver OBA #19010
Robert A. Nance OBA #6581
D. Sharon Gentry OBA #15641
David P. Page OBA #6852
RIGGS, ABNEY, NEAL, TURPEN,
  ORBISON & LEWIS
502 West Sixth Street
Tulsa, OK 74119
(918) 587-3161

Louis W. Bullock OBA #1305
Robert M. Blakemore OBA 18656
BULLOCK, BULLOCK & BLAKEMORE

110 West Seventh Street Suite 707
Tulsa OK 74119
(918) 584-2001

Frederick C. Baker
(admitted *pro hac vice*)
Lee M. Heath
(admitted *pro hac vice*)
Elizabeth C. Ward
(admitted *pro hac vice*)
Elizabeth Claire Xidis
(admitted *pro hac vice*)
MOTLEY RICE, LLC
28 Bridgeside Boulevard
Mount Pleasant, SC  29465
(843) 216-9280

William H. Narwold
(admitted *pro hac vice*)
Ingrid L. Moll
(admitted *pro hac vice*)
MOTLEY RICE, LLC
20 Church Street, 17th Floor
Hartford, CT  06103
(860) 882-1676

Jonathan D. Orent
(admitted *pro hac vice*)
Michael G. Rousseau
(admitted *pro hac vice*)
Fidelma L. Fitzpatrick
(admitted *pro hac vice*)
MOTLEY RICE, LLC
321 South Main Street
Providence, RI  02940
(401) 457-7700

Attorneys for the State of Oklahoma

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April,  2009, I electronically transmitted the above
and foregoing pleading to the Clerk of the Court using the ECF System for filing and a
transmittal of a Notice of Electronic Filing to the following ECF registrants:

| W. A. Drew Edmondson, Attorney General | fc_docket@oag.state.ok.us |
| --- | --- |

| | |
|---|---|
| Kelly H. Burch, Assistant Attorney General | kelly_burch@oag.state.ok.us |
| J. Trevor Hammons, Assistant Attorney General | trevor_hammons@oag.state.ok.us |
| Daniel P. Lennington, Assistant Attorney General | daniel.lennington@oag.ok.gov |
| | |
| M. David Riggs | driggs@riggsabney.com |
| Joseph P. Lennart | jlennart@riggsabney.com |
| Richard T. Garren | rgarren@riggsabney.com |
| Sharon K. Weaver | sweaver@riggsabney.com |
| Robert A. Nance | rnance@riggsabney.com |
| D. Sharon Gentry | sgentry@riggsabney.com |
| David P. Page | dpage@riggsabney.com |
| RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS | |
| | |
| Louis Werner Bullock | lbullock@bullock-blakemore.com |
| Robert M. Blakemore | bblakemore@bullock-blakemore.com |
| BULLOCK, BULLOCK & BLAKEMORE | |
| | |
| Frederick C. Baker | fbaker@motleyrice.com |
| Lee M. Heath | lheath@motleyrice.com |
| Elizabeth C. Ward | lward@motleyrice.com |
| Elizabeth Claire Xidis | cxidis@motleyrice.com |
| William H. Narwold | bnarwold@motleyrice.com |
| Ingrid L. Moll | imoll@motleyrice.com |
| Jonathan D. Orent | jorent@motleyrice.com |
| Michael G. Rousseau | mrousseau@motleyrice.com |
| Fidelma L. Fitzpatrick | ffitzpatrick@motleyrice.com |
| MOTLEY RICE, LLC | |
| **Counsel for State of Oklahoma** | |
| | |
| | |
| Robert P. Redemann | rredemann@pmrlaw.net |
| PERRINE, MCGIVERN, REDEMANN, REID, BARRY & TAYLOR, P.L.L.C. | |
| | |
| David C. Senger | david@cgmlawok.com |
| | |
| Robert E Sanders | rsanders@youngwilliams.com |
| Edwin Stephen Williams | steve.williams@youngwilliams.com |
| YOUNG WILLIAMS P.A. | |
| **Counsel for Cal-Maine Farms, Inc and Cal-Maine Foods, Inc.** | |
| | |
| | |
| John H. Tucker | jtucker@rhodesokla.com |
| Theresa Noble Hill | thill@rhodesokla.com |
| Colin Hampton Tucker | ctucker@rhodesokla.com |
| Leslie Jane Southerland | ljsoutherland@rhodesokla.com |

| RHODES, HIERONYMUS, JONES, TUCKER & GABLE | |
| --- | --- |
| | |
| Terry Wayen West | terry@thewestlawfirm.com |
| THE WEST LAW FIRM | |
| | |
| Delmar R. Ehrich | dehrich@faegre.com |
| Bruce Jones | bjones@faegre.com |
| Krisann C. Kleibacker Lee | kklee@faegre.com |
| Todd P. Walker | twalker@faegre.com |
| Christopher H. Dolan | cdolan@faegre.com |
| Melissa C. Collins | mcollins@faegre.com |
| FAEGRE & BENSON, LLP | |
| | |
| Dara D. Mann | dmann@mckennalong.com |
| MCKENNA, LONG & ALDRIDGE LLP | |
| **Counsel for Cargill, Inc. & Cargill Turkey Production, LLC** | |
| | |
| | |
| James Martin Graves | jgraves@bassettlawfirm.com |
| Gary V Weeks | gweeks@bassettlawfirm.com |
| Woody Bassett | wbassett@bassettlawfirm.com |
| K. C. Dupps Tucker | kctucker@bassettlawfirm.com |
| BASSETT LAW FIRM | |
| | |
| George W. Owens | gwo@owenslawfirmpc.com |
| Randall E. Rose | rer@owenslawfirmpc.com |
| OWENS LAW FIRM, P.C. | |
| **Counsel for George's Inc. & George's Farms, Inc.** | |
| | |
| | |
| A. Scott McDaniel | smcdaniel@mhla-law.com |
| Nicole Longwell | nlongwell@mhla-law.com |
| Philip Hixon | phixon@mhla-law.com |
| Craig A. Merkes | cmerkes@mhla-law.com |
| MCDANIEL, HIXON, LONGWELL & ACORD, PLLC | |
| | |
| Sherry P. Bartley | sbartley@mwsgw.com |
| MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, PLLC | |
| **Counsel for Peterson Farms, Inc.** | |
| | |
| | |
| John Elrod | jelrod@cwlaw.com |
| Vicki Bronson | vbronson@cwlaw.com |
| P. Joshua Wisley | jwisley@cwlaw.com |
| Bruce W. Freeman | bfreeman@cwlaw.com |

| | |
|---|---|
| D. Richard Funk | rfunk@cwlaw.com |
| CONNER & WINTERS, LLP | |
| **Counsel for Simmons Foods, Inc.** | |
| | |
| | |
| Stephen L. Jantzen | sjantzen@ryanwhaley.com |
| Paula M. Buchwald | pbuchwald@ryanwhaley.com |
| Patrick M. Ryan | pryan@ryanwhaley.com |
| RYAN, WHALEY, COLDIRON & SHANDY, P.C. | |
| | |
| Mark D. Hopson | mhopson@sidley.com |
| Jay Thomas Jorgensen | jjorgensen@sidley.com |
| Timothy K. Webster | twebster@sidley.com |
| Thomas C. Green | tcgreen@sidley.com |
| Gordon D. Todd | gtodd@sidley.com |
| SIDLEY, AUSTIN, BROWN & WOOD LLP | |
| | |
| Robert W. George | robert.george@tyson.com |
| L. Bryan Burns | bryan.burns@tyson.com |
| TYSON FOODS, INC | |
| | |
| Michael R. Bond | michael.bond@kutakrock.com |
| Erin W. Thompson | erin.thompson@kutakrock.com |
| Dustin R. Darst | dustin.darst@kutakrock.com |
| KUTAK ROCK, LLP | |
| **Counsel for Tyson Foods, Inc., Tyson Poultry, Inc., Tyson Chicken, Inc., & Cobb-Vantress, Inc.** | |
| | |
| | |
| R. Thomas Lay | rtl@kiralaw.com |
| KERR, IRVINE, RHODES & ABLES | |
| Frank M. Evans, III | fevans@lathropgage.com |
| Jennifer Stockton Griffin | jgriffin@lathropgage.com |
| David Gregory Brown | |
| LATHROP & GAGE LC | |
| **Counsel for Willow Brook Foods, Inc.** | |
| | |
| | |
| Robin S Conrad | rconrad@uschamber.com |
| NATIONAL CHAMBER LITIGATION CENTER | |
| | |
| Gary S Chilton | gchilton@hcdattorneys.com |
| HOLLADAY, CHILTON AND DEGIUSTI, PLLC | |
| **Counsel for US Chamber of Commerce and American Tort Reform Association** | |
| | |
| | |

| D. Kenyon Williams, Jr. | kwilliams@hallestill.com |
|---|---|
| Michael D. Graves | mgraves@hallestill.com |
| HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON | |
| **Counsel for Poultry Growers/Interested Parties/ Poultry Partners, Inc.** | |
| | |
| | |
| Richard Ford | richard.ford@crowedunlevy.com |
| LeAnne Burnett | leanne.burnett@crowedunlevy.com |
| CROWE & DUNLEVY | |
| **Counsel for Oklahoma Farm Bureau, Inc.** | |
| | |
| | |
| Kendra Akin Jones, Assistant Attorney General | Kendra.Jones@arkansasag.gov |
| Charles L. Moulton, Sr Assistant Attorney General | Charles.Moulton@arkansasag.gov |
| **Counsel for State of Arkansas and Arkansas National Resources Commission** | |
| | |
| | |
| Mark Richard Mullins | richard.mullins@mcafeetaft.com |
| MCAFEE & TAFT | |
| **Counsel for Texas Farm Bureau; Texas Cattle Feeders Association; Texas Pork Producers Association and Texas Association of Dairymen** | |
| | |
| | |
| Mia Vahlberg | mvahlberg@gablelaw.com |
| GABLE GOTWALS | |
| | |
| James T. Banks | jtbanks@hhlaw.com |
| Adam J. Siegel | ajsiegel@hhlaw.com |
| HOGAN & HARTSON, LLP | |
| **Counsel for National Chicken Council; U.S. Poultry and Egg Association & National Turkey Federation** | |
| | |
| | |
| John D. Russell | jrussell@fellerssnider.com |
| FELLERS, SNIDER, BLANKENSHIP, BAILEY & TIPPENS, PC | |
| | |
| William A. Waddell, Jr. | waddell@fec.net |
| David E. Choate | dchoate@fec.net |
| FRIDAY, ELDREDGE & CLARK, LLP | |
| **Counsel for Arkansas Farm Bureau Federation** | |
| | |
| | |
| Barry Greg Reynolds | reynolds@titushillis.com |
| Jessica E. Rainey | jrainey@titushillis.com |

| TITUS, HILLIS, REYNOLDS, LOVE, DICKMAN & MCCALMON | |
|---|---|
| | |
| Nikaa Baugh Jordan | njordan@lightfootlaw.com |
| William S. Cox, III | wcox@lightfootlaw.com |
| LIGHTFOOT, FRANKLIN & WHITE, LLC | |
| **Counsel for American Farm Bureau and National Cattlemen's Beef Association** | |

Also on this 1st day of April, 2009, I mailed a copy of the above and foregoing pleading to:

**David Gregory Brown**
Lathrop & Gage LC
314 E HIGH ST
JEFFERSON CITY, MO 65101

**Thomas C Green**
Sidley Austin Brown & Wood LLP
1501 K ST NW
WASHINGTON, DC 20005

**Dustin McDaniel**
**Justin Allen**
Office of the Attorney General (Little Rock)
323 Center St, Ste 200
Little Rock, AR 72201-2610

**Steven B. Randall**
58185 County Road 658
Kansas, Ok 74347

**Cary Silverman**
**Victor E Schwartz**
Shook Hardy & Bacon LLP (Washington DC)
600 14TH ST NW STE 800
WASHINGTON, DC 20005-2004

**George R. Stubblefield**
HC 66, Box 19-12
Proctor, Ok 74457

Secretary of the Environment
State of Oklahoma
3800 NORTH CLASSEN
OKLAHOMA CITY, OK 73118

/s/ M. David Riggs