# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA, *et al.*,   )
                               )
        Plaintiff,         )
                               )
vs.                            )   Case No. 05-CV-329-GKF-PJC
                               )
TYSON FOODS, INC., *et al.*,   )
                               )
        Defendants.        )

## OPINION AND ORDER

Before the court is the "Defendants' Joint Motion for Clarification of the Court's January 29, 2009 Orders [Dkt. Nos. 1839 & 1842]." [Dkt. No. 1972]. In the Order docketed as Document 1839, the court denied the plaintiff's Motion for Leave to Serve a Supplemental Expert Report by Drs. Cooke and Welch. In the Order docketed as Document 1842, the court denied the plaintiff's Motion for Leave to Serve Rebuttal Expert Reports. In the latter order, the court wrote, in part:

> [T]he motion to permit rebuttal expert reports [is] denied. To alter the course previously plotted by the scheduling orders entered by the magistrate judge and permit rebuttal expert reports (and, presumably, sur-rebuttal expert reports) at this late date would unduly increase the cost of this litigation and delay its ultimate resolution. Rebuttal expert testimony will be permitted at trial to the extent it constitutes true rebuttal.

Defendants suggest the court's reference to rebuttal in the last sentence of the preceeding paragraph has been the subject of some difference of opinion between the two sides in this case. It need not be. As the experienced trial lawyers in this case already know, rebuttal denotes evidence introduced by a plaintiff to meet new facts brought out in his opponent's case in chief. *Morgan v. Commercial Union Assur. Cos.*, 606 F.2d 554, 555 (5th Cir. 1979). At trial, it is properly within the discretion of the trial judge to limit rebuttal testimony to that which is precisely directed to rebutting

new matter or new theories presented by the defendant's case-in-chief."[1] *Upshur v. Shepherd*, 538 F.Supp. 1176, 1180 (E.D. Pa. 1982), aff'd, 707 F.2d 1396 (3d Cir. 1983).  Rebuttal is not "an opportunity for the correction of any oversights in the plaintiff's case in chief." *Crowley v. Chait*, 322 F.Supp.2d 530, 550-51 (D.N.J. 2004)(citation omitted).

WHEREFORE, "Defendants' Joint Motion for Clarification of the Court's January 29, 2009 Orders [Dkt. Nos. 1839 & 1842]" [Dkt. No. 1972] is granted.

IT IS SO ORDERED this 17th day of April 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[1] Upon reflection, this general rule may be unlikely to have any application whatsoever in the context of expert testimony at the trial of this case.  The opinions and theories of defendants' experts will have been fully revealed to plaintiff through expert reports.  It is unlikely that any attempt by defendants' experts to opine as to some as yet unrevealed theory or opinion will be permitted.

2