**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **STATE OF OKLAHOMA, ex rel.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **05-CV-0329 GKF-PJC** |
| | ) | |
| **TYSON FOODS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**TYSON FOODS, INC.'S, TYSON POULTRY, INC.'S, TYSON CHICKEN, INC.'S, AND COBB-VANTRESS, INC.'S  RESPONSE IN OPPOSITION TO THE STATE OF OKLAHOMA'S MOTION FOR PROTECTIVE ORDER**

Defendants Tyson Foods, Inc., Tyson Poultry, Inc., Tyson Chicken, Inc., and Cobb-Vantress, Inc. (collectively, "Tyson") provide the following *Response* in opposition to the State of Oklahoma's *Motion for Protective Order* ("*Motion*") regarding certain subpoenas issued by Tyson. *See* Doc. No. 1990.

## I.    INTRODUCTION

The Court should reject the State's Janus-faced arguments regarding the issuance of discovery seeking the production of documents beyond the April 16, 2009 discovery "cut-off" set by the Court.  Although the State complains that Tyson issued subpoenas to non-parties seeking the production of documents beyond the discovery "cut-off," what the State fails to inform the Court – and what should be fatal to the State's *Motion* – is the fact that the State served discovery requests that required a response after the April 16, 2009 discovery cut-off. The State served discovery requests on multiple defendants in this case seeking the production of

documents and answers to interrogatories <u>after</u> the April 16, 2009 discovery "cut-off" and defendant entities have responded to the State's discovery after the discovery "cut-off." Therefore, the State should not be heard by this Court to complain of non-party document production beyond the discovery "cut-off" when the State has itself issued discovery that should fail under the arguments advanced by the State.  To put it simply, the State cannot have it both ways.  Discovery seeking a response after the discovery "cut-off" is either untimely or it is not. Tyson respectfully submits that unless and until the State rescinds its discovery to defendants – and agrees not to use any information provided in defendants' responses to such discovery – the State should not be heard to complain about the subpoenas issued by Tyson.

## II.     ARGUMENT AND AUTHORITIES

The party seeking a protective order has the burden of showing good cause for its issuance.  *See AG Equip. Co. v. AIG Life Ins. Co*., 2008 WL 3992789, at *1 (N.D.Okla. Aug. 25, 2008).  The decision whether to enter a protective order is within the discretion of the court.  *See Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  As Tyson will demonstrate below, the State has wholly failed to demonstrate good cause for this Court to enter a protective order because the State itself has engaged in the type of discovery practice for which it now seeks "protection."

## A.     THE STATE OF OKLAHOMA SERVED DISCOVERY SEEKING THE PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES BEYOND THE APRIL 16, 2009 DISCOVERY CUT-OFF.

On March 17, 2009, the State served discovery requests on defendants in this matter seeking the production of documents and answers to interrogatories <u>after</u> the April 16, 2009 discovery "cut-off."  *See, e.g.,* the *State of Oklahoma's Interrogatories and Requests for Production of Documents of March 17, 2009* to Tyson Foods, Inc., Tyson Poultry, Inc., Tyson

Chicken, Inc., and Cobb-Vantress, Inc., Cargill, Inc., and Cargill Turkey Production, LLC (referred to collectively herein as the State's *"March 17 Discovery"*), attached hereto as **Exhibits A-F**.  Pursuant to Rules 5(b)(2)(C), 5(b)(2)(E), 6(d), 33(b)(2), and 34(b)(2)(A), defendants' time to respond to the State's discovery requests extended to April 20 – *i.e.,* <u>after</u> the discovery cut-off set by this Court.  Tyson responded to the State's *March 17 Discovery* early (on April 16, 2009) and, in accordance with the time provided by the Federal Rules, Cargill provided responses to the State's *March 17 Discovery* on April 20, 2009 – *i.e.,* <u>after</u> the discovery cut-off.  Under the arguments advanced in the State's *Motion*, the State's *March 17 Discovery* is clearly "untimely."

Importantly, the State has already benefitted from obtaining certain defendants' responses to the State's *March 17 Discovery* both before and <u>after</u> the discovery cut-off, and the State filed its *Motion* <u>after</u> receiving Cargill's April 20, 2009 responses – apparently oblivious to the discrepancy between accepting the benefit of discovery responses after the discovery cut-off while challenging Tyson's subpoenas.  Therefore, equity and fairness demand that unless and until the State rescinds its *March 17 Discovery* to the defendants – and agrees not to use any information provided in defendants' responses to such discovery – the State should not be heard to complain about the subpoenas issued by Tyson.  Regardless of whether the Court intended the discovery "cut-off" to be the date upon which all discovery should have been completed, or the deadline for issuing any new discovery, it would be highly inequitable for the Court to allow the State to enjoy the benefits of discovery requiring responses after the discovery "cut-off," while denying Tyson the opportunity to do the same – especially when there is no principled distinction between the two discovery efforts.

**B.     RELEVANT LEGAL AUTHORITY DOES NOT PROHIBIT THE ISSUANCE OF TYSON'S SUBPOENAS.**

3

Review of the relevant authority within the Northern District of Oklahoma yields two cases, each cited by the State: *Rice v. United States*, 164 F.R.D. 556 (N.D. Okla. 1995) and *Oldenkamp v. United American Ins. Co.*, 2008 WL 5083696 (Nov. 26, 2008 N.D. Okla.). Although the State places great reliance upon *Oldenkamp*, review of the two cases demonstrates that *Rice* should be viewed as the more authoritative opinion because the *Oldenkamp* opinion does not contain any legal analysis or citations to legal authorities to support its finding that the subpoenas at issue in that case were untimely. *See id*. at \*2. Therefore, it is quite possible that the district court was simply making a finding that was specific to the district court's interpretation of its own scheduling order. *Id*.; *accord Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 686 (D. Kan. 1995) (defendant moved to quash a subpoena *duces tecum* issued by plaintiff as being in violation of the court's scheduling order, requiring the district court to interpret the specific language in its scheduling order to reject defendant's objection to the subpoenas). The limited precedential value of *Oldenkamp* is further demonstrated by the fact that a Westlaw query of "citing references" fails to identify any other court that has cited to the *Oldenkamp* opinion for any purpose.[1]

In sharp contrast to the unexplained holding of *Oldenkamp*, *Rice* provides a thorough analysis of the policies and authority that govern inquiries of whether a subpoena is considered timely under an applicable scheduling order. In *Rice*, the defendant issued subpoenas *duces*

---

[1]     The State also cites to *Marvin Lumber and Cedar Co. v. PPG Indus., Inc*., 177 F.R.D. 443 (D. Minn. 1997) as support for the State's arguments. However, although the subpoenas at issue had a return date after the deadline for discovery, it is unclear from the *Marvin Lumber* opinion whether the challenged subpoenas were issued before or after the discovery deadline. *See id.* at 444-45. Therefore, *Marvin Lumber* seems to be of limited value for determining the timeliness of Tyson's subpoenas because Tyson's subpoenas were issued within the deadline for discovery in this matter.

4

*tecum* after the discovery "cut-off" date of October 31, 1995. *See id.* at 557.   After referencing

his own research into the matter, and citing to several cases, the Magistrate Judge held that:

> …by setting a discovery deadline the Court intended to limit the
> time during which the parties could <u>serve</u> discovery requests or
> <u>invoke</u> the Court's subpoena power to obtain documents from third
> parties…Defendant was not free, however, to <u>issue</u> subpoenas
> duces tecum <u>after</u> the discovery deadline.

*Id.* at 558 (emphasis added).  Consistent with the analysis in *Rice*, Tyson <u>issued</u> the subpoenas –

and thus, invoked this Court's authority – within the discovery deadline set by the Court.  *See id.*

Tyson does not disagree with the State's position that subpoenas are considered discovery

and thus, must be subject to the applicable discovery deadlines set by the Court.  This is clearly

the holding of *Rice*.  *See id.* at 558.  Instead, the current dispute between the parties distills down

to this:  whether the Court intended the April 16, 2009 discovery "cut-off" to place a time limit

upon the parties' ability to seek discovery, or whether the Court intended the discovery "cut-off"

to be the date by which all discovery must be completed.  The State's *March 17 Discovery* seeks

information regarding the land application of poultry litter in the Illinois River Watershed.  *See*

Exhibits A-F.  This practice is central to virtually every issue in dispute between the parties so

there is no reason why the State could not have sought this information earlier in the discovery

process.

Tyson respectfully submits that by serving the State's *March 17 Discovery* on

defendants, the State must have understood the Court's discovery "cut-off" to mean the date by

which all discovery requests must be made – not the date by which discovery must be completed.

Otherwise, the State must be presumed to have issued its *March 17 Discovery* in contravention

of this Court's Scheduling Order because Rules 5(b)(2)(C), 5(b)(2)(E), 6(d), 33(b)(2), and

5

34(b)(2)(A) clearly combine to set defendants' time to respond to the State's discovery requests on April 20 – *i.e.,* <u>after</u> the discovery cut-off set by this Court. The State simply cannot have it both ways; the State must concede that its *March 17 Discovery* was improper or the State must withdraw its *Motion* challenging Tyson's subpoenas.

Tyson is aware that in some circumstances, courts set discovery deadlines with the intention of limiting the time within which the parties must <u>complete</u> discovery. *See, e.g*., *Bolden v. City of Topeka, Kansas*, 441 F.3d 1129, (10th Cir. 2006) (reviewing district court action pursuant to a scheduling order providing that "all discovery shall be commenced or *served in time to be completed by* October 31, 2003) (emphasis in original); *Law v. Board of Trustees of Dodge City Comm. College,* 2009 WL 973561, at * (April 10, 2009 D. Kan.) (considering motion to quash a subpoena in light of scheduling order stating that "[a]ll discovery shall be commenced or served in time to be <u>completed</u> by March 2, 2009.") (emphasis added); *and Karagiannopoulous v. City of Lowell*, 2008 WL 948261, at * 1 (April 2, 2008 W.D. N.C.) (addressing motion to quash in light of the court's Pretrial Order and Case Management Plan setting a deadline for "Discovery Completion" and directing counsel to initiate discovery requests "sufficiently in advance of the discovery <u>completion</u> deadline" to comply with the court's order) (emphasis added). Similarly, some districts have promulgated Local Rules which clearly instruct counsel that all discovery shall be completed by the discovery deadline or cut-off date. *See, e.g., Butcher v. Allstate Ins. Co*., 2008 WL 4965288, at *1 (Nov. 18, 2008 S.D. Miss.) (applying Local Rule that defined the "discovery deadline or cut-off date" as the "date by which all responses to written discovery shall be due….").

Tyson's review of the Scheduling Order in this matter (and subsequent modifications thereof) and the Local Rules for the Northern District of Oklahoma has not identified any similar instruction that the parties were to have issued their written discovery sufficiently in advance of the Court's discovery cut-off so that discovery responses would have been complete by that date. Should the State maintain its position that all discovery must have been completed by April 16, then the State must necessarily concede that service of its *March 17 Discovery* was unreasonable and the State must agree not to use any of the information it obtained by means of that discovery.

**C.     THE STATE WILL NOT BE HARMED OR PREJUDICED BY ALLOWING THE SUBPOENAS TO BE ENFORCED**.

The State alleges that Tyson's subpoenas create an "unnecessary distraction and unfairly prejudices the State" because the "State needs to turn its attention to pretrial preparations." *Motion* at 3.  However, the State does not allege that the documents sought by the subpoenas are privileged, protected, or otherwise confidential, so the State will not be required to review the documents prior to production to preserve any of those interests.  Because the State will not be required to do anything in response to the subpoenas, there is no merit to the State's assertion that it will somehow be "distracted" by their enforcement.  The State has failed to satisfy its burden of making a particular and specific demonstration of any potential harm, so the State's *Motion* should be denied.  *See AG Equip. Co.*, 2008 WL 3992789, at *1 ("Within the context of Rule 26(c), 'good cause' contemplates a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'").

**III.     CONCLUSION**

The sole premise of the State's *Motion – i.e.,* that discovery seeking a response after the Court's April 16 discovery cut-off is improper – is belied by the State's own actions.  The State's

7

*March 17 Discovery* sought discovery responses from defendants <u>after</u> April 16 and importantly, the State has benefitted from defendants' discovery responses <u>after</u> April 16.  There is no principled distinction between the State's *March 17 Discovery* and Tyson's subpoenas.  Unless and until the State rescinds its *March 17 Discovery* to defendants – and agrees not to use any information obtained from defendants by means of that discovery – the State's *Motion* must fail.  Therefore, for the reasons set forth herein, Tyson respectfully requests that the Court enter an order denying the State's *Motion* and granting Tyson such other and further relief as the Court deems just under the circumstances.

Respectfully submitted,

 /s/ *Paula M. Buchwald*
Stephen L. Jantzen, OBA # 16247
Patrick M. Ryan, OBA # 7864
Paula M. Buchwald, OBA # 20464
RYAN WHALEY COLDIRON SHANDY PC.
900 Robinson Renaissance
119 North Robinson, Suite 900
Oklahoma City, OK 73102
(405) 239-6040 (phone)
(405) 239-6766 (fax)

-AND-

Thomas C. Green, *appearing pro hac vice*
Mark D. Hopson, *appearing pro hac vice*
Timothy K. Webster, *appearing pro hac vice*
Jay T. Jorgensen, *appearing pro hac vice*
Sidley Austin, LLP
1501 K Street, N.W.
Washington, D.C. 20005-1401
(202) 736-8000 (phone)
(202) 736-8711 (fax)

8

-AND-

Robert W. George, OBA #18562
Vice President and Associate General Counsel
L. Bryan Burns, *appearing pro hac vice*
Tyson Foods, Inc.
2210 West Oaklawn Drive
Springfield, AR  72764
(479) 290-4076 (phone)
(479) 290-7967 (fax)

-AND-

Michael R. Bond, Esq.
Erin Walker Thompson, Esq.
KUTAK ROCK LLP
234 East Millsap Road, Suite 400
Fayetteville, Arkansas 72703-4099 (479) 973-4200 (phone)
(479) 973-0007 (fax)

***Attorneys for Tyson Foods, Inc., Tyson Poultry, Inc., Tyson Chicken, Inc.
and Cobb-Vantress, Inc.***

### CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April, 2009, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| W.A. Drew Edmondson, Attorney General | fc.docket@oag.state.ok.us |
| Kelly H. Burch, Assistant Attorney General | Kelly.burch@oag.state.ok.us |
| J. Trevor Hammons, Assistant Attorney General | trevor.hammons@oag.state.ok.us |
| Daniel P. Lennington, Assistant Attorney General | daniel.lennington@oag.ok.us |
| | |
| M. David Riggs | driggs@riggsabney.com |
| Joseph P. Lennart | jlennart@riggsabney.com |
| Richard T. Garren | rgarren@riggsabney.com |
| Sharon K. Weaver | sweaver@riggsabney.com |
| Robert A. Nance | rnance@riggsabney.com |

9

| | |
|---|---|
| D. Sharon Gentry | sgentry@riggsabney.com |
| *RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS* | |
| | |
| Louis Werner Bullock | lbullock@bullock-blakemore.com |
| Robert M. Blakemore | bblakemore@bullock-blakemore.com |
| *BULLOCK BULLOCK & BLAKEMORE* | |
| | |
| David P. Page | dpage@riggsabney.com |
| *BELL LEGAL GROUP* | |
| | |
| Frederick C. Baker | fbaker@motleyrice.com |
| Lee M. Heath | lheath@motleyrice.com |
| Elizabeth C. Ward | lward@motleyrice.com |
| Elizabeth Claire Xidis | cxidis@motleyrice.com |
| William H. Harwold | bnarwold@motleyrice.com |
| Ingrid L. Moll | imoll@motleyrice.com |
| Jonathan D. Orent | jorent@motleyrice.com |
| Michael G. Rousseau | mrousseau@motleyrice.com |
| Fidelma L. Fitzpatrick | ffitzpatrick@motleyrice.com |
| *MOTLEY RICE, LLC* | |

**COUNSEL FOR THE PLAINTIFF, THE STATE OF OKLAHOMA**

| | |
|---|---|
| Robert R. Redemann | rredemann@pmrlaw.net |
| *PERRINE, McGIVERN, REDEMANN, REID, BARRY & TAYLOR, P.L.L.C.* | |
| | |
| David C. Senger | david@cgmlawok.com |
| | |
| Robert E. Sanders | rsanders@youngwilliams.com |
| Edwin Stephens Williams | steve.williams@youngwilliams.com |
| *YOUNG WILLIAMS P.A.* | |

**COUNSEL FOR CAL-MAINE FARMS, INC.  & CAL-MAINE FOODS**

| | |
|---|---|
| John H. Tucker | jtuckercourts@rhodesokla.com |
| Theresa Noble Hill | thillcourts@rhodesokla.com |
| Colin Hampton Tucker | ctucker@rhodesokla.com |
| Kerry R. Lewis | klewis@rhodesokla.com |
| *RHODES, HIERONYMUS, JONES, TUCKER & GABLE* | |
| | |
| Terry Wayen West | terry@thewestlawfirm.com |
| *THE WEST LAW FIRM* | |
| | |
| Delmar R. Ehrich | dehrich@faegre.com |
| Bruce Jones | bjones@faegre.com |

Dara D. Mann                          dmann@mckennalong.com
Krisann C. Kleibacker Lee             kklee@faegre.com
Todd P. Walker                        twalker@faegre.com
Melissa C. Collins                    mcollins@faegre.com
Christopher Harold Dolan              cdolan@faegre.com
Randall E. Kalnke                     rkalnke@faegre.com
*FAEGRE & BENSON, LLP*
**COUNSEL FOR CARGILL, INC. & CARGILL TURKEY PRODUCTION, LLC**

James Martin Graves                   jgraves@bassettlawfirm.com
Gary V. Weeks                         gweeks@bassettlawfirm.com
Woody Bassett                         wbassett@ bassettlawfirm.com
K.C. Dupps Tucker                     kctucker@bassettlawfirm.com
 Earl "Buddy" Chadick                 bchadick@bassettlawfirm.com
*BASSETT LAW FIRM*

George W. Owens                       gwo@ owenslawfirmpc.com
Randall E. Rose                       rer owenslawfirmpc.com
*OWENS LAW FIRM*
**COUNSEL FOR GEORGE'S INC. & GEORGE'S FARMS, INC.**

A. Scott McDaniel                     smcdaniel@mhla-law.com
Nicole Longwell                       nlogwell@mhla-law.com
Phillip Hixon                         phixon@mhla-law.com
Craig A. Mirkes                       cmirkes@mhla-law.com
*McDANIEL, HIXON, LONGWELL & ACORD, PLLC*

Sherry P. Bartley                     sbartley@mwsgw.com
*MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, PLLC*
**COUNSEL FOR PETERSON FARMS, INC.**
John Elrod                            jelrod@cwlaw.com
Vicki Bronson                         vbronson@cwlaw.com
P. Joshua Wisley                      jwisley@cwlaw.com
Bruce W. Freeman                      bfreeman@cwlaw.com
D. Richard Funk                       rfunk@cwlaw.com
*CONNOR & WINTERS, LLP*
**COUNSEL FOR SIMMONS FOODS, INC.**

Stephen L. Jantzen                    sjantzen@ryanwhaley.com
Paula M. Buchwald                     pbuchwald@ryanwhaley.com
Patrick M. Ryan                       pryan@ryanwhaley.com
*RYAN WHALEY COLDIRON & SHANDY*

Mark D. Hopson                                        mhopson@sidley.com
Jay Thomas Jorgensen                                  jjorgensen@sidley.com
Timothy K. Webster                                    twebster@sidley.com
Thomas C. Green                                       tcgreen@sidley.com
Gordon D. Todd                                        gtodd@sidley.com
*SIDLEY, AUSTIN, BROWN & WOOD LLP*

Michael R. Bond                                       michael.bon@kutakrock.com
Erin W. Thompson                                      erin.thompson@kutakrock.com
Dustin R. Darst                                       dustin.darst@kutakrock.com
*KUTAK ROCK, LLP*

Robert George                                         robert.george@tyson.com
L. Bryan Burns                                        bryan.burns@tyson.com
*TYSON FOODS, INC.*

**COUNSEL FOR TYSON FOODS, INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., & COBB-VANTRESS, INC.**

R. Thomas Lay                                         rt@kiralaw.com
*KERR, IRVIND, RHODES & ABLES*

Jennifer Stockton Griffin                             jgriffin@lathropgage.com
David Gregory Brown                                   dbrown@lathropage.com
Frank M. Evans, III                                   fevans@lathropgage.com
*LATHROP & GAGE, L.C.*

**COUNSEL FOR WILLOW BROOK FOODS, INC.**

Robin S. Conrad                                       rconrad@uschamber.com
*NATIONAL CHAMBER LITIGATION CENTER*

Gary S. Chilton                                       gchilton@holladaychilton.com
HOLLADAY, CHILTON AND DEGIUSTI, PLLC

**COUNSEL FOR US CHAMBER OF COMMERCE AND AMERICAN TORT REFORM ASSOCIATION**

D. Kenyon Williams, Jr.                               kwilliams@hallestill.com
Michael D. Graves                                     mgraves@hallestill.com
*HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON*

**COUNSEL FOR POULTRY GROWERS/INTERESTED
PARTIES/POULTRY PARTNERS, INC.**

Richard Ford                                    richard.ford@crowedunlevy.com
LeAnne Burnett                                  leanne.burnett@crowedunlevy.com
*CROWE & DUNLEVY*
**COUNSEL FOR OKLAHOMA FARM BUREAU, INC.**

Kendra Akin Jones, Assistant Attorney General       Kendra.Jones@arkansasag.gov
Charles L. Moulton, Sr. Assistant Attorney General  Charles.Moulton@arkansasag.gov
**COUNSEL FOR STATE OF ARKANSAS AND ARKANSAS NATIONAL
RESOURCES COMMISSION**

Mia Vahlberg                                    mvahlberg@gablelaw.com
*GABLE GOTWALS*

James T. Banks                                  jtbanks@hhlaw.com
Adam J. Siegel                                  ajsiegel@hhlaw.com
*HOGAN & HARTON, LLP*
**COUNSEL FOR NATIONAL CHICKEN COUNCIL; U.S. POULTRY AND
EGG ASSOCIATION & NATIONAL TURKEY FEDERAL**

John D. Russell                                 jrussell@fellerssnider.com
*FELLERS, SNIDER, BLANKENSHIP, BAILEY & TIPPENS, PC*

William A. Waddell, Jr.                          waddell@fec.net
David E. Choate                                 dchoate@fec.net
**COUNSEL FOR ARKANSAS FARM BUREAU FEDERATION**

Barry Greg Reynolds                             reynolds@titushillis.com
Jessica E. Rainey                               jrainey@titushillis.com
*TITUS, HILLIS, REYNOLDS, LOVE, DICKMAN & MCCALMON*

Nikka Baugh Jordon                              njordan@lightfootlaw.com
William S. Cox III                              wcox@lightfootlaw.com
**COUNSEL FOR AMERICAN FARM BUREAU AND NATIONAL
CATTLEMEN'S BEEF ASSOCIATION**

and I further certify that a true and correct copy of the above and foregoing will be mailed via regular mail through the United States Postal Service, postage properly paid, on the following who are not registered participants of the ECF System:

**ATTORNEYS FOR PLAINTIFF**

C. Miles Tolbert
SECRETARY OF THE ENVIRONMENT
State of Oklahoma
3800 North Classen
Oklahoma City, OK  73118

Cherri House
P.O. Box 1097
Stilwell, OK  74960

David Gregory Brown
Lathrop & Gage LC
314 E. High Street
Jefferson City, MO  65101

Donna S. Parker
34996 S 502 Road
Park Hill, OK  74451

Doris Mares
14943 SE 15th Street
Choctaw, OK  73020-7007

G. Craig Heffinton
20144 W. Sixshooter Road
Cookson, OK  74427

John & Virginia W. Adair Family Trust
Rt. 2 Box 1160
Stilwell, OK  74960

Cary Silverman
Shook Hardy & Bacon  LLP
600 14th Street NW Ste 800
Washington D.C.  20005-2004

Dustin McDaniel
Office of the Attorney General
323 Center Street
Suite 200
Little Rock, AR   72201-2610

George R. Stubblefield
HC-66, Box 19-12
Proctor, OK  74457

Gordon W. Clinton
23605 S. Goodnight Lane
Welling, OK  74471

Jerry M. Maddux
Selby Connor Maddux Janer
P.O. Box Z
Bartlesville, OK  74005-5025

Thomas C. Green
Sidley Austin Brown & Wood LLP
1501 K Street NW
Washington, D.C.  20005

Victor E. Schwartz
Shook Hardy & Bacon LLP
600 14th Street NW
Suite 800
Washington, D.C.  2005-2004

William House
P.O. Box 1097
Stilwell, OK  74960

Jim Baby
RR 2, Box 1711
Westville, OK  74965

Jonathan D. Orent
Motley Rice LLC
321 S. Main Street
Providence, RI  02940

Justin Allen
Office of the Attorney General
323 Center Street
Suite 200
Little Rock, Ark  72001-2610

Marjorie Garman
19031 US Hwy 412
Colcord, Ok  74338-3861

Melissa C. Collins
Faegre & Benson
1700 Lincoln Street, Suite 3200
Denver, CO   80203

Richard E. Parker
34996 S. 502 Rd
Park Hill, OK  74451

Robin L. Wofford
Rt. 2,  Box 370
Watts, OK  749764

Steven B.  Randall
58185 Country Road 658
Kansas, OK  74347

Susann Clinton
23605 Goodnight Lane
Welling, OK  7447

J.D. Strong
Secretary of the Environment
State of Oklahoma
3800 North Classen
Oklahoma City, OK 73118


/s/ *Paula M. Buchwald*
 Paula M. Buchwald

16