# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **STATE OF OKLAHOMA, et al.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 05-CV-329-GKF-PJC |
| ) | |
| **TYSON FOODS, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Before the Court are the State of Oklahoma's ("Oklahoma") Motion for Protective Order Regarding the Tyson Defendants' Subpoenas Seeking Discovery Beyond the April 16, 2009 Discovery Cut-off (Dkt. #1990). Oklahoma seeks to quash two subpoenas duces tecum issued by the Tyson Defendants to Florida A&M University and Florida State University seeking information about Dr. Christopher Teaf, one of Oklahoma's experts. Oklahoma contends the subpoenas are untimely as they are returnable on May 4, 2009, eighteen days after the discovery cut-off of April 16, 2009.

The Tyson Defendants object that Oklahoma has not shown good cause for a protective order because it has engaged in the type of discovery practice for which it now seeks "protection." *AG Equip. Co. v. AIG Life Ins. Co.*, 2008 WL 3992789, *1 (N.D.Okla. Aug. 25, 2008) ("The moving party has the burden of showing good cause for the entry of the protective order."). They point out that although Oklahoma is contesting the untimeliness of the subpoenas, Oklahoma served requests for production of documents and answers to interrogatories on them on March 17, 2009, thus making their responses due on April 20, 2009,

four days after the April 16, 2009 discovery deadline.[1] The Tyson Defendants cite *Rice v. United States*, 164 F.R.D. 556 (N.D.Okla. 1995) for the proposition that the pertinent date to determine the timeliness of discovery requests in relation to the discovery deadline set forth in the Scheduling Order is when the discovery is served, not when the responses are due:

> [B]y setting a discovery deadline the Court intended to limit the time during which the parties could serve discovery requests or invoke the Court's subpoena power to obtain documents from third parties. If Defendant believed the information to be of importance to its case, it could have attempted to show good cause for modifying the deadlines. Defendant was not free, however, to issue subpoenas duces tecum after the discovery deadline.

*Id.* at 558. The Tyson Defendants contend that *Rice* requires only that the discovery be *served* by the discovery deadline.

The Court disagrees. Most courts, including this one, have held that the use of a Rule 45 subpoena duces tecum served on a non-party constitutes "discovery." *See Rice*, 164 F.R.D. at 557; *Dreyer v. GACS Inc.*, 204 F.R.D. 120, 122 (N.D.Ind. 2001); *Alper v. United States*, 190

---

[1] The Tyson Defendants do not specifically explain how they have calculated the response date as April 20, 2009. They simply cite Rule 5(b)(2)(C) and (E), and Rule 6(b).
  Rule 5(b)(2)(C) and (E) state:
  A paper is served under this rule by:
  . . . .
  (C) mailing it to the person's last known address - in which event service is complete upon mailing;
  . . . .
  (E) sending it by electronic means if the person consented in writing – in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served: . . .
Fed.R.Civ.P. 5(b)(2)(C) and (E).

  Rule 6(d) provides:
  When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C),(D),(E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).
Fed.R.Civ.P. 6(d).

F.R.D. 281, 283 (D.Mass. 2000); *Integra Lifesciences I, Ltd. v. Merck KgaA*, 190 F.R.D. 556, 561 (S.D.Cal. 1999); *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443, 445 (D.Minn.1997); Fed.R.Civ.P. 45 (addressing subpoenas for productions of documents); Fed.R.Civ.P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.").[2] The Tyson Defendants concede that the use of subpoenas here is for the purpose of discovery, *i.e.* to procure copies of documents pertaining to Dr. Teaf's employment background and compensation at two different universities to determine Dr. Teaf's qualification as an expert. As discovery, these subpoenas are subject to the scheduling order of the court. *Rice*, 164 F.R.D. at 558 ("Rule 45 subpoenas duces tecum . . . are a form of discovery and, therefore, are subject to the Court's discovery deadline."). Rule 16(b)(3) of the Federal Rules of Civil Procedure sets forth the required contents of a scheduling order as follows: "The scheduling order must limit the time to join other parties, amend the pleadings, *complete* discovery, and file motions." Fed.R.Civ.P. 16(b)(3) (emphasis added). Clearly, the discovery deadline or cut-off in a scheduling order is exactly that - the date that discovery must be *completed*, not commenced. There is nothing in *Rice* that conflicts with the undersigned's holding that the discovery must be *completed* by the discovery deadline; *Rice* simply states that parties must accordingly *serve* discovery requests or *invoke* the Court's subpoena power within the time limits set by the discovery deadline. As this Court recently held in *Oldenkamp v. United American Ins. Co.*, 2008 WL 5083696 (N.D.Okla.), subpoenas seeking document production after the discovery deadline are untimely. *Id*. at *2.

---

[2] There are, of course, uses of subpoena duces tecum which are not discovery, such as securing for trial the production of original documents previously disclosed in discovery. *Mortg. Info. Serv., Inc. v. Kitchens*, 210 F.R.D. 562, 567 (W.D.N.C. 2002).

3

Thus, the subpoenas on the universities are untimely.

Even so, the Tyson Defendants complain that Oklahoma should not be allowed to protest the untimeliness of this discovery when Oklahoma itself sought production of documents and answers to interrogatories on March 17, 2009, making April 20, 2009 the response date under Rule 34(b)(2)(A),[3] which is four days *after* the April 16, 2009 discovery deadline.  The Tyson Defendants protest that they responded early on April 16, 2009, the discovery deadline, and the Cargill Defendants provided their responses on April 20, 2009, four days after the deadline, as they were allowed to do under Rule 34(b)(2)(A). The Tyson Defendants argue that

> [r]egardless of whether the Court intended the discovery "cut-off" to be the date upon which all discovery should have been completed, or the deadline for issuing any new discovery, it would be highly inequitable for the Court to allow the State to enjoy the benefits of discovery requiring responses after the discovery "cut-off," while denying Tyson the opportunity to do the same - especially when there is no principled distinction between the two discovery efforts.

*Tyson Response, p. 3* (Dkt. #3).

The Court, however, sees a distinction, whether or not "principled."  There is a considerable difference between the timing of the Plaintiff's and Tyson Defendants' discovery. Oklahoma states it served the interrogatories and requests for production of documents thirty days prior to the discovery deadline "*in conformance with the parties' course of conduct in this litigation that responses to discovery served electronically were due thirty days thereafter.*" *Oklahoma's Reply, p. 3* (Dkt. #2013) (emphasis in original).  The Tyson Defendants do not dispute this "course of conduct."   The Tyson Defendants, however, served their subpoenas on

---

[3] Rules 34(b)(2)(A) provides:
*Time to Respond.* The party to whom the request is directed must respond in writing within 30 days after being served.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.
Fed.R.Civ.P. 34(b)(2)(A).

the universities *on* the discovery deadline, making the responses from the universities necessarily due *after* the discovery deadline.  The Court has no doubt that the very capable counsel for the Tyson Defendants would have objected to Oklahoma's discovery requests if they thought them untimely.  But if the Court is mistaken, the Tyson Defendants have waived any objection by not timely moving for a protective order as Oklahoma has done here.

For good cause shown, the Court **GRANTS** Oklahoma's Motion for Protective Order (Dkt. #1990).

IT IS SO ORDERED, this 1st day of May, 2009.

Paul J. Cleary
United States Magistrate Judge