IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA, *et al.*

Plaintiffs,

vs.

Case # 05CV0329-GKF-PJC

TYSON FOODS, INC., *et al.*

Defendants.

**DEFENDANTS' JOINT MOTION IN LIMINE TO
PROHIBIT PLAINTIFFS' TESTIMONY REGARDING DATA
ACQUIRED AND ANALYZED BEYOND EXPERT REPORTING DEADLINES**

More than a year beyond their expert reporting deadlines, Plaintiffs have continued to acquire and analyze thousands of pages of new data. While some of these analyses have been excluded by the Court [Dkt. #2379],[1] a multitude of data and analyses have not specifically been presented to the Court, although the concern about the generation and analysis of such new data was certainly raised in the Defendants' Joint Motion for Clarification [Dkt #1972]. Accordingly, Defendants bring this Joint Motion in Limine to prohibit testimony and exhibits by the Plaintiffs

---

[1] Specifically, the Court in a recent Order struck the declarations of Engel, Chappell, Loftis, Sadowsky, and Weeidhaas. [Dkt. #2379]. Portions of these declarations included data acquired and analyzed beyond the expert reporting deadlines. Additionally, sections of the MacBeth, Olsen, Fisher, and Teaf declarations that included new testimony were stricken. Since these declarations (or portions thereof) have been stricken from the matter, it is not necessary to revisit these specific issues. Therefore, this Motion attempts to characterize some of the outstanding issues regarding additional sampling and analyses of data beyond the Plaintiffs' expert reporting deadlines.

regarding data considered, collected, acquired, generated, analyzed, summarized or tabulated in any form and at any time after their expert reporting deadlines passed in May, 2008.

## I.    BACKGROUND

Plaintiffs' expert reports were originally due December 3, 2007.  [Dkt. #1075].  In October 2007, the Court granted Plaintiffs an across-the-board extension until April 2008 to submit expert reports on all issues other than damages.  [Dkt. #1376].  In March 2008, Plaintiffs again sought and were granted another enlargement of time, until May 2008, to submit their non-damages expert reports, and thereafter secured a third extension for reports from a subset of non-damages experts.  [Dkt. Nos. 1658 and 1706, respectively].

Throughout the course of this litigation, the aggregation of Plaintiffs' delays has required defense experts to revisit work already completed, in some cases to re-start their work from the beginning, and has impeded Defendants' ability to prepare their case for trial.  *See generally,* Dkt. #1759. Plaintiffs' multiple late submissions, Magistrate Judge Joyner noted, were "extremely unfortunate" as they were "detrimental to the timely resolution of this case" and "force[d] the Court to extend the date Defendants' expert reports are due."  [Dkt. #1787].

Even after Magistrate Judge Joyner's admonition, during the deposition of Dr. Dennis Cooke, Plaintiffs attempted to enter into evidence a supplemental report incorporating samples taken, data compiled, and analysis performed well-beyond the deadline for submission of the Cooke and Welch report.  In response to Defendants' objections, Plaintiffs moved in January 2009 for leave to submit belatedly this untimely supplementation.  [Dkt. #1826].  On January 29, 2009, this Court held that "a supplemental expert report that states additional opinions or rationales or seeks to 'strengthen' or 'deepen' opinions expressed in the original expert report exceeds the bounds of permissible supplementation and is subject to exclusion under Rule

37(c)(1)," and denied admission of the Cooke-Welch supplement.  [Dkt. #1839].

Likewise, during the depositions of Defendants' experts Alex Horne, Glenn Johnson, Brian Murphy, and James Chadwick, Plaintiffs attempted to introduce new work and new analysis generated by Plaintiffs' experts after the final deadline for the complete disclosure of Plaintiffs' expert work in this case.  Over defense objections, this pattern of behavior continued throughout the depositions of defense experts, always with Plaintiffs' counsel claiming that the new information was simply "rebuttal" permitted by this Court.  To the contrary, Plaintiffs were injecting new data and analysis into evidence, despite the fact that this Court specifically instructed that late expert opinions would only be permitted to the extent they corrected actual errors in the experts' previously-submitted reports.  [Dkt. #1787].

As a result, the Defendants filed a Motion to Clarify the Court's January 29, 2009 Orders at Dkt. Nos. 1839 and 1842 seeking clarification from the Court as to whether the practice of adding data to the Plaintiffs' expert case was to be allowed. [Dkt #1972]. This Court followed that Motion with an Order that provided: "As the experienced trial lawyers in this case already know, rebuttal denotes evidence introduced by a plaintiff to meet new facts brought out in his opponent's case in chief. At trial, it is properly within the discretion of the trial judge to limit rebuttal testimony to that which is precisely directed to rebutting new matter or new theories presented by the defendant's case-in-chief. Rebuttal is not an opportunity for the correction of any oversights in the plaintiff's case in chief." [Doc. #1989, pp. 1-2] (internal citations omitted).

 Further, the Court noted that the nature of Defendants' experts reports were such that rebuttal evidence by Plaintiffs would likely be unnecessary. "Upon reflection, this general rule may be unlikely to have any application whatsoever in the context of expert testimony at the trial of this case. The opinions and theories of defendants' experts will have been fully revealed to

plaintiff through expert reports. It is unlikely that any attempt by defendants' experts to opine as to some as yet unrevealed theory or opinion will be permitted." *Id*. at 2.

Without regard to the Court's continued clarifications regarding rebuttal and supplemental expert work, Plaintiffs have continued to submit new expert opinions belatedly, as evidenced by their attempted recent filings incorporating newly-disclosed work and opinions contained in declarations. In keeping with Magistrate Judge Joyner's Order, this supplemental work completed by Plaintiffs' (disclosed or previously undisclosed) experts was stricken by this Court, as the new material inappropriately attempted to bolster the experts' work. Further, the Court deemed these declarations an attempt by the Plaintiffs to directly contravene the Court's previous orders. [Dkt. #2379 at 9]. Nevertheless, the Plaintiffs have continued to collect, consider and analyze new data even as recently as July 8, 2009. Thus, Defendants are again forced to request that the Court rein in Plaintiffs' continued violations of its scheduling Orders by prohibiting Plaintiffs from offering any testimony or information at the trial of this case regarding any data considered, collected, generated, acquired, analyzed, summarized, or tabulated or after their expert reporting deadlines passed in May, 2008.

## II.    LEGAL STANDARD

Courts faced with decisions regarding expert opinions first consider *Fed. R. Civ. P.* 26. *Fed.R.Civ.P.* 26(a)(2)(B) requires that an expert witness' report contain "a complete statement of all opinions the witness will express and the basis and reasons for them" as well as "the data or other information considered by the witness in forming them" to facilitate discovery. This rule has been further explained by the Tenth Circuit: "Allowing a new basis for an opinion well after disclosure deadlines could serve to encourage a party to file an incomplete preliminary report, and at its leisure, even after discovery, file a comprehensive final report. The party who was

entitled to know the expert's opinion and the basis for the opinion would…be sandbagged. The Court's case management plan would be thwarted …." *Coleman v. BNSF Ry. Co.*, 2008 WL 5622542, *4 (D.N.M. Aug. 29, 2008).

While an affirmative duty to correct errors in expert reports exists, this duty does not extend beyond correcting or completing errors in original reports. As this Court confirmed in its January 29, 2009 Order, "the right to supplement under Rule 26(e) is not without limits." [Dkt. #1839]. In first analyzing this issue, this Court determined that a report that attempts to "strengthen or deepen" the original opinions expressed by the expert in fact exceeds the bounds of permissible supplementation. [Dkt. #1839]. Further, this Court has noted that Rule 26(e) "allows supplementation of expert reports only where a disclosing party learns that its information is ***incorrect or incomplete***." Citing *Quarles v. United States*, 2006 U.S. Dist. LEXIS 96392 (N.D. Okla. Dec. 5, 2006) (emphasis added). [Dkt. #1787].[2]

Other courts in the Tenth Circuit have held that expert opinions regarding sampling campaigns beyond the Fed. R. Civ. P. 26 expert reporting deadlines are inadmissible. Specifically, the District of Colorado in *Cook v. Rockwell Intern. Corp.* stated that "the purpose of Rule 26(a)(2)'s expert disclosure requirements is to eliminate surprise and provide the opposing party with enough information regarding the expert's opinions and methodology to prepare efficiently for deposition, any pretrial motions and trial." *Cook v. Rockwell Intern. Corp.*, 580 F. Supp. 2d 1071, 1122 (D.Colo. 2006). The court in *Cook* went on to explain, "Rule 26(e)(1) permits an expert [to] supplement his report and disclosures in certain limited

---

[2] Additional Tenth Circuit case law addressing the impermissible bounds of expert supplementation confirms the findings in *Quarles*. *See generally, Akeva v. Mizuno*, 212 F.R.D. 306, 310 (M.D.N.C. 2002); *Cohlmia v. Ardent Health Servs., LLC*, 2008 WL 3992148 (N.D. Okla. Aug. 22, 2008); *and Palmer v. Asarco Inc.*, #03-CV-059, 2007 U.S. Dist. LEXIS 56969 (N.D. Okla. Aug. 3, 2007).

circumstances. Those circumstances are when the party or expert learns the information previously disclosed is incomplete or incorrect in some material respect. ..*This provision is not intended to provide an extension of the expert designation and report production deadlines* and may not be used for this purpose." *Id.* at 1169. (Internal citations omitted and emphasis added.)

In *Cook*, as in the instant matter, a party attempted to enter into evidence data and analyses regarding sampling acquired after the court-ordered expert reporting deadlines. After weighing factors such as the potential prejudice to the opposing party, trial deadlines, and the willfulness or bad faith of the proffering party, the court held such an activity was improper supplementation and any opinions regarding the additional data were prohibited at trial. *Id.* at 1171. Accordingly, Defendants request the Court prohibit any testimony regarding data acquired or analyzed beyond the expert reporting deadlines.

### III. DISCUSSION

**A.     The Plaintiffs' experts should not be allowed to offer testimony regarding data acquired beyond the expert reporting deadlines.**

For ease of evaluation, Defendants have provided a summary of some[3] of the sampling data acquired by Plaintiffs after their May 2008 expert reporting deadlines as Appendix A to this Motion. Defendants contend that none of that data, nor any other data (even prior to the expert report deadline), should be allowed in any testimony, reference or exhibits at trial if it was not considered by one of the Plaintiffs' testifying experts in a timely expert report, as contemplated

---

[3] While this list is extensive, Defendants do not claim it is exhaustive.  Defendants have attempted to list the majority of sampling and analyses *known* to have been completed beyond the expert reporting deadlines in May 2008.  There is also data which was produced very close in time to the expert report deadline which likely was not considered in the expert reports, and should therefore also be excluded from trial. It is also entirely possible that Plaintiffs continue to sample and analyze other data that have not been produced to date.

by *Fed. R. Civ. P*. 26.

Defendants have voiced their objections to this late-produced or considered data.  [*See generally*, Exhibit FF, letters from Tyson Defendants' counsel to Plaintiffs' counsel].  Plaintiffs' counsel responded to Tyson Defendants' counsel by citing Plaintiffs' duty to supplement their sampling and analysis data generated in this matter. [Exhibit GG, letter from Plaintiffs' counsel to Tyson Defendants' counsel citing generally Dkt. #1016].  However, the duty to supplement does not entitle the Plaintiffs to present the Defendants with a moving target by actually generating new expert analysis of newly acquired data in what is surely an attempt to untimely bolster the opinions contained in their reports with testimony and exhibits at trial. Moreover, the Plaintiffs' argument regarding a duty to supplement avoids entirely the harm Plaintiffs continue to cause Defendants' case preparation.  While Plaintiffs *do* have a duty to produce *all* sampling data to Defendants, Plaintiffs have clearly overstepped the permissible bounds of when they are permitted to continue to acquire additional data for their expert case.  Plaintiffs' continued sampling ignores countless Orders by this Court and renders the expert reporting deadlines meaningless.

Because the data which is the subject of this motion was not analyzed and included in the Plaintiffs' expert reports, it is impossible for Defendants to know what opinions Plaintiffs' experts plan to offer on this data.  Under *Fed. R. Civ. P*. 26, the Plaintiffs' experts should have submitted their complete statements of all opinions as well as the basis for those opinions on a timely basis in their expert reports submitted in May, 2008.  Because opinions regarding this data were not included in Plaintiffs' expert reports, Defendants were provided with no meaningful opportunity to depose the Plaintiffs' experts regarding: the methodology employed to acquire the new data; the details of the reported data; nor the opinions that will be offered at trial as a result

of the new data.

Further, this data clearly supplements and does not "correct" or "complete" earlier work provided by Plaintiffs as permitted by *Fed. R. Civ. P.* 26. Rather, Plaintiffs seek to 'strengthen' or 'deepen' opinions expressed in the original expert report, exceeding the bounds of permissible supplementation and subjecting the information to exclusion under this Court's prior Order. [Dkt. #1839]. Allowing Plaintiffs' experts to rely upon data acquired and analyzed beyond the submission of their reports necessarily contravenes the spirit (and the letter) of *Fed. R. Civ. P.* 26. Therefore, Defendants move for the Court to exclude all exhibits and testimony that relates to data not included as a part of the analysis in Plaintiffs' *Fed. R. Civ. P.* 26 final expert reports.

**B.      The Plaintiffs should not be allowed to offer testimony or exhibits regarding data analyzed beyond the expert reporting deadlines.**

During numerous depositions of Defendants' experts, Plaintiffs attempted to enter into evidence new summaries of additional untimely analyses of data by Plaintiffs' experts based on data acquired well beyond the Plaintiffs' expert reporting deadlines.[4]  For example, during the deposition of Defendants' experts Drs. Glenn Johnson and Charles Cowan, Plaintiffs attempted to enter into evidence: new summary tables and scatter plots of Dr. Olsen's PCA runs or "sensitivity analyses" and aerial photographs previously produced, but with additional analyses.

---

[4] Defendants have raised the issues regarding supplement work produced by Plaintiffs' experts during the depositions of Defendants' experts in a previous Motion to Clarify. [Dkt. #1972]. Defendants now move for these documents to be excluded from trial and hearing testimony. Defendants do not know the full extent of Plaintiffs' expert analyses completed beyond the expert reporting deadlines.  However, Defendants have attempted to summarize and list for the Court some specific instances where the tardy analyses by the Plaintiffs have been memorialized through depositions.

[Dkt. Nos. 1972-2, Ex. A and 1972-4, Ex. C, respectively][5].  Dr. Olsen's report was due on May 15, 2008.  The depositions of Drs. Johnson and Cowan took place on December 17 – 18, 2008 and February 17, 2009, respectively.   Clearly, these additional analyses by Dr. Olsen were generated beyond the Plaintiffs' expert reporting deadline and testimony regarding these analyses should not be admitted at trial.

During the March 5 and 6, 2009 deposition of Dr. Alex Horne, Plaintiffs offered newly generated versions of Figures 7, 8, and 9 of the expert report of Drs. Cooke and Welch.  [Dkt. #1972-7, Ex. F]. Plaintiffs labeled these Figures on their face as "Supplemental."  [Dkt. #1972-7, Ex. F]. These new figures include data acquired after the report deadline for Drs. Cooke and Welch.   Further, the Court already held that this *exact* data and analysis by Drs. Cooke and Welch was inadmissible as improper supplementation. [Dkt Nos. 1826 & 1939, respectively]. During the same deposition, Plaintiffs entered an exhibit consisting of four figures showing temperature and dissolved oxygen content. [Dkt. #1972-9, Ex. H]. Plaintiffs' counsel explained during Dr. Horne's deposition that the figures are identical to figures in the Cooke and Welch Report, except they have been supplemented with data from 1960 and 2008. [Dkt. #1972-10, Ex. I]. These figures are clearly another supplementation of the Cooke and Welch Report similar to the supplemental report this Court rejected, and do not rebut Dr. Horne's work because Dr. Horne did not provide analysis of 1960 and 2008 data on the subject matter of the exhibits. Permitting this type of supplemental analysis, whether it is called rebuttal evidence or not, creates a vicious cycle of unending supplementation – if allowed, then Dr. Horne would need to be afforded the opportunity to rebut these new analyses.

On March 25, 2009, Plaintiffs took the deposition of Dr. Brian Murphy. Dr. Murphy was

---

[5] Plaintiffs also attempted to enter this exhibit during the February 17, 2009 deposition of Defendants' expert, Dr. Charles Cowan.

retained by the Cargill Defendants to, among other things, examine certain work and reporting completed by Plaintiffs' witness Dr. Roger Olsen. During Dr. Murphy's deposition, Plaintiffs' counsel presented to the witness documents created by Dr. Olsen. However, Plaintiffs' counsel explained these documents were not previously produced with Dr. Olsen's report or through errata. [Dkt. #1972-11, Ex. J and Dkt. #1971-12, Ex. K]. As expert work created beyond the Plaintiffs' expert reporting deadlines, these documents produced during Dr. Murphy's deposition and any testimony relying upon these documents should be excluded.

During his deposition, Plaintiffs' "consulting" expert Jack Jones referenced sampling trips to Lake Tenkiller and Broken Bow Reservoir he conducted on May 7, 8, and 9, 2009. [Ex. HH, portion of Jones' deposition transcript]. Dr. Jones is a limnologist and the Plaintiffs' expert opinions regarding limnology were due approximately one year prior to Dr. Jones' sampling trip. Defendants have not received any results from or analyses regarding these sampling campaigns. Clearly sampling this far beyond the *Fed. R. Civ. P.* 26 expert reporting deadlines outlined by this Court is prejudicial to Defendants and should not be included as testimony during trial.

## IV. CONCLUSION

As the Court is aware, "the orderly conduct of litigation demands that expert opinions reach closure." *Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1334 (10th Cir. 2004). Permitting Plaintiffs' continual supplementation of their expert work and permitting Plaintiffs' experts to opine on data acquired and analyzed beyond the close of Plaintiffs' expert deadlines unfairly prejudices Defendants and is counter to the timely resolution of this matter. For the reasons stated herein, the Defendants respectfully request the Court enter an Order prohibiting Plaintiffs' testimony or exhibits regarding data considered, collected, acquired, analyzed, summarized or tabulated in any form to the extent it occurred after their expert reporting deadlines had passed,

and for any and all other relief to which they may be entitled.

Respectfully submitted,

/s/ James M. Graves

James M. Graves (OB #16657)

Vince Chadick (OB #15981)

Woody Bassett (*appearing pro hac vice*)

Gary V. Weeks (*appearing pro hac vice*)

K.C. Dupps Tucker (*appearing pro hac vice*)

BASSETT LAW FIRM LLP

221 North College Avenue

P.O. Box 3618

Fayetteville, AR 72702-3618

(479) 521-9996

(479) 521-9600 Facsimile

-And-

Randall E. Rose (OB #7753)

George W. Owens

THE OWENS LAW FIRM, P.C.

234 West 13th Street

Tulsa, OK   74119

(918) 587-0021

(918) 587-6111 Facsimile

**ATTORNEYS FOR GEORGE'S, INC. and GEORGE'S FARMS, INC., and for purposes of this Motion, for all defendants**

John H. Tucker, OBA #9110

Theresa Noble Hill, OBA #19119

Leslie Jane Southerland

Colin Hampton Tucker

RHODES, HIERONYMUS, JONES, TUCKER & GABLE, PLLC

100 W. Fifth Street, Suite 400 (74103-4287)

P.O. Box 21100

Tulsa, OK 74121-1100

Telephone: (918) 582-1173

Facsimile: (918) 592-3390

     -and-

Terry Wayen West

THE WEST LAW FIRM

     -and-

Delmar R. Ehrich

Bruce Jones

Krisann C. Kleibacker Lee

Todd P. Walker

Christopher H. Dolan

FAEGRE & BENSON LLP

2200 Wells Fargo Center

90 South Seventh Street

Minneapolis, MN 55402

Telephone: (612) 766-7000

Facsimile:  (612) 766-1600


     -and-


Dara D. Mann

MCKENNA, LONG & ALDRIDGE, LLP

**ATTORNEYS FOR CARGILL, INC. and CARGILL TURKEY PRODUCTION, LLC**

Stephen L. Jantzen, OBA #16247
Patrick M. Ryan, OBA #7864
Paula M. Buchwald
RYAN, WHALEY, COLDIRON & SHANDY, P.C.
119 North Robinson
900 Robinson Renaissance
Oklahoma City, OK  73102
Telephone: (405) 239-6040
Facsimile: (405) 239-6766
     -and-
Thomas C. Green, Esq.
Mark D. Hopson, Esq.
Jay T. Jorgensen, Esq.
Gordon D. Todd
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C.  20005-1401
Telephone: (202) 736-8700
Facsimile: (202) 736-8711
     -and-
Robert W. George
Vice President & Associate General Counsel
L. Bryan Burns
Timothy T. Jones
Tyson Foods, Inc.
2210 West Oaklawn Drive
Springdale, Ark.  72764
Telephone: (479) 290-4076
Facsimile: (479) 290-7967

     -and-

Michael R. Bond

KUTAK ROCK LLP

Suite 400

234 East Millsap Road

Fayetteville, AR 72703-4099

Telephone: (479) 973-4200

Facsimile: (479) 973-0007

**ATTORNEYS FOR TYSON FOODS, INC.; TYSON POULTRY, INC.; TYSON CHICKEN, INC.; and COBB-VANTRESS, INC.**

A. Scott McDaniel, OBA # 16460

Nicole M. Longwell, OBA #18771

Philip D. Hixon, OBA #19121

Craig A. Mirkes, OBA #20783

McDANIEL, HIXON, LONGWELL & ACORD, PLLC

320 South Boston Avenue, Suite 700

Tulsa, OK  74103

Telephone:     (918) 382-9200

Facsimile:      (918) 382-9282

                -and-

Sherry P. Bartley (*Appearing Pro Hac Vice*)

MITCHELL, WILLIAMS, SELIG, GAGES & WOODYARD, P.L.L.C.

425 W. Capitol Avenue, Suite 1800

Little Rock, AR  72201

Telephone:  (501) 688-8800

**ATTORNEYS FOR PETERSON FARMS, INC.**

Robert E. Sanders
E. Stephen Williams
YOUNG WILLIAMS P.A
2000 AmSouth Plaza
P.O. Box 23059
Jackson, MS  39225-3059
Telephone:  (601) 948-6100
Facsimile: (601) 355-6136
      -and-
Robert P. Redemann, OBA #7454
Lawrence W. Zeringue, OBA #9996
David C. Senger, OBA #18830
PERRIN,  McGIVERN,  REDEMANN,  REID,  BERRY  &
TAYLOR, P.L.L.C.
P.O. Box 1710
Tulsa, OK  74101-1710
Telephone:  (918) 382-1400
Facsimile: (918) 382-1499

**COUNSEL FOR CAL-MAINE FOODS, INC.
and CAL-MAINE FARMS, INC.**


John R. Elrod, Esq.
Vicki Bronson, OBA #20574
P. Joshua Wisley
Bruce W. Freeman
D. Richard Funk
CONNER & WINTERS, LLP
211 East Dickson Street
Fayetteville, AR  72701
Telephone:  (479) 582-5711
Facsimile: (479) 587-1426

**ATTORNEYS FOR SIMMONS FOODS, INC.**

15

## CERTIFICATE OF SERVICE

I certify that on the 5th day of August, 2009, I electronically transmitted the attached document to the following ECF registrants:

| | |
|---|---|
| W. A. Drew Edmondson, Attorney General | fc_docket@oag.state.ok.us |
| Kelly Hunter Burch, Assistant Attorney General | kelly_burch@oag.state.ok.us |
| | |
| Melvin David Riggs | driggs@riggsabney.com |
| Joseph P. Lennart | jlennart@riggsabney.com |
| Richard T. Garren | rgarren@riggsabney.com |
| Sharon K. Weaver | sweaver@riggsabney.com |
| Robert Allen Nance | rnance@riggsabney.com |
| Dorothy Sharon Gentry | sgentry@riggsabney.com |
| David P. Page | dpage@riggsabney.com |
| Riggs Abney Neal Turpen Orbison & Lewis | |
| | |
| Louis W. Bullock | lbullock@mkblaw.net |
| Robert M. Blakemore | bblakemore@bullockblakemore.com |
| Bullock, Bullock & Blakemore | |
| | |
| Elizabeth C. Ward | lward@motleyrice.com |
| Frederick C. Baker | fbaker@motleyrice.com |
| William H. Narwold | bnarwold@motleyrice.com |
| Lee M. Heath | lheath@motleyrice.com |
| Elizabeth Claire Xidis | exidis@motleyrice.com |
| Ingrid L. Moll | imoll@motleyrice.com |
| Jonathan D. Orent | jorent@motleyrice.com |
| Michael G. Rousseau | mrousseau@motleyrice.com |
| Fidelma L. Fitzpatrick | ffitzpatrick@motleyrice.com |
| Motley Rice, LLC | |

**COUNSEL FOR PLAINTIFFS, STATE OF OKLAHOMA**

| | |
|---|---|
| Stephen L. Jantzen | sjantzen@ryanwhaley.com |
| Patrick M. Ryan | pryan@ryanwhaley.com |
| Paula M. Buchwald | pbuchwald@ryanwhaley.com |
| Ryan, Whaley & Coldiron, P.C. | |

| | |
|---|---|
| Mark D. Hopson | mhopson@sidley.com |
| Jay Thomas Jorgensen | jjorgensen@sidley.com |
| Timothy K. Webster | twebster@sidley.com |
| Thomas C. Green | tcgreen@sidley.com |
| Gordon D. Todd | gtodd@sidley.com |
| Sidley Austin LLP | |
| Robert W. George | robert.george@tyson.com |
| L. Bryan Burns | bryan.burns@tyson.com |
| Michael Bond | michael.bond@kutakrock.com |
| Erin W. Thompson | erin.thompson@kutakrock.com |
| Kutak Rock LLP | |

**COUNSEL FOR TYSON FOODS, INC., TYSON POULTRY, INC., TYSON CHICKEN, INC.; AND COBB-VANTRESS, INC.**

| | |
|---|---|
| R. Thomas Lay | rtl@kiralaw.com |
| Kerr, Irvine, Rhodes & Ables | |

| | |
|---|---|
| Jennifer S. Griffin | jgriffin@lathropgage.com |
| David Gregory Brown | |
| Lathrop & Gage, L.C. | |

**COUNSEL FOR WILLOW BROOK FOODS, INC.**

| | |
|---|---|
| Robert P. Redemann | rredemann@pmrlaw.net |
| Lawrence W. Zeringue | lzeringue@pmrlaw.net |
| David C .Senger | dsenger@pmrlaw.net |
| Perrine, McGivern, Redemann, Reid, Berry & Taylor, PLLC | |

| | |
|---|---|
| Robert E. Sanders | rsanders@youngwilliams.com |
| E. Stephen Williams | steve.williams@youngwilliams.com |
| Young Williams P.A. | |

**COUNSEL FOR CAL-MAINE FOODS, INC. AND CAL-MAINE FARMS, INC.**

A. Scott McDaniel                          smcdaniel@mhla-law.com

Nicole Longwell                            nlongwell@mhla-law.com

Philip Hixon                               phixon@mhla-law.com

Craig A. Merkes                            cmerkes@mhla-law.com

McDaniel, Hixon, Longwell & Acord, PLLC

Sherry P. Bartley                          sbartley@mwsgw.com

Mitchell, Williams, Selig, Gates & Woodyard, PLLC

**COUNSEL FOR PETERSON FARMS, INC.**


John R. Elrod                              jelrod@cwlaw.com

Vicki Bronson                              vbronson@cwlaw.com

P. Joshua Wisley                           jwisley@cwlaw.com

Bruce W. Freeman                           bfreeman@cwlaw.com

D. Richard Funk                            rfunk@cwlaw.com

Conner & Winters, LLLP

**COUNSEL FOR SIMMONS FOODS, INC.**


John H. Tucker                             jtuckercourts@rhodesokla.com

Colin H. Tucker                            chtucker@rhodesokla.com

Theresa Noble Hill                         thillcourts@rhodesokla.com

Rhodes, Hieronymus, Jones, Tucker & Gable


Terry W. West                              terry@thewestlawfirm.com

The West Law Firm


Delmar R. Ehrich                           dehrich@faegre.com

Bruce Jones                                bjones@faegre.com

Krisann Kleibacker Lee                     kklee@faegre.com

Todd P. Walker                             twalker@faegre.com

Christopher H. Dolan                       cdolan@faegre.com

Faegre & Benson LLP


Dara D. Mann                               dmann@mckennalong.com

McKenna, Long & Aldridge, LLP

**COUNSEL FOR CARGILL, INC. AND CARGILL TURKEY PRODUCTION, LLC**

Michael D. Graves                              mgraves@hallestill.com
D. Kenyon Williams, Jr.                        kwilliams@hallestill.com
Hall, Estill, Hardwick, Gable, Golden & Nelson
**COUNSEL FOR POULTRY GROWERS/ INTERESTED PARTIES/ POULTRY PARTNERS, INC.**


Charles Moulton, Sr. Assistant Attorney General    charles.moulton@arkansasag.gov
Kendra Akin Jones, Assistant Attorney General      Kendra.Jones@arkansasag.gov
Office of the Attorney General
**COUNSEL FOR STATE OF ARKANSAS AND THE ARKANSAS NATURAL RESOURCES COMMISSION**


Richard Ford                                   richard.ford@crowedunlevy.com
LeAnne Burnett                                 leanne.burnett@crowedunlevy.com
Crowe & Dunlevy
**COUNSEL FOR OKLAHOMA FARM BUREAU, INC**.


Robin S. Conrad                                rconrad@uschamber.com
National Chamber Litigation Center


Gary S. Chilton                                gchilton@hcdattorneys.com
Holladay, Chilton and Degiusti, PLLC
**COUNSEL FOR US CHAMBER OF COMMERCE AND AMERICAN TORT REFORM ASSOCIATION**


Mark Richard Mullins                           richard.mullins@mcafeetaft.com
McAfee & Taft
**COUNSEL FOR TEXAS FARM BUREAU; TEXAS CATTLE FEEDERS ASSOCIATION; TEXAS PORK PRODUCERS ASSOCIATION AND TEXAS ASSOCIATION OF DAIRYMEN**

Mia Vahlberg                                    mvahlberg@gablelaw.com

Gable Gotwals


James T. Banks                                  jtbanks@hhlaw.com

Adam J. Siegel                                  ajsiegel@hhlaw.com

Hogan & Hartson, LLP

**COUNSEL FOR NATIONAL CHICKEN COUNCIL; POULTRY AND EGG ASSOCIATION & NATIONAL TURKEY FEDERATION**


John D. Russell                                 jrussell@fellerssnider.com

Fellers, Snider, Blankenship, Bailey & Tippens, PC


William A. Waddell, Jr.                          waddell@fec.net

David E. Choate                                 dchoate@fec.net

Friday, Eldredge & Clark, LLP

**COUNSEL FOR ARKANSAS FARM BUREAU FEDERATION**


Barry Greg Reynolds                             reynolds@titushillis.com

Jessica E. Rainey                               jrainey@titushillis.com

Titus, Hillis, Reynolds, Love, Dickman & McCalmon


Nikaa Baugh Jordan                              njordan@lightfootlaw.com

William S. Cox, III                             wcox@lightfootlaw.com

Lightfoot, Franklin & White, LLC

**COUNSEL FOR AMERICAN FARM BUREAU AND NATIONAL CATTLEMEN'S BEEF ASSOCIATION**

I also hereby certify that I served the attached documents by United States Postal Service, proper postage paid, on the following who are not registered participants of the ECF System:

David Gregory Brown
Lathrop & Gage, LC
314 E. High Street
Jefferson City, MO  65101

Thomas C. Green
Sidley Austin Brown & Wood, LLP
1501 K. St. NW
Washington, DC  20005

Cary Silverman
Victor E. Schwartz
Shook, Hardy & Bacon LLP
600 14th St. NW. Ste. 800
Washington, DC  20005-2004

Dustin McDaniel
Justin Allen
Office of the Attorney General (Little Rock)
323 Center Street, Suite 200
Little Rock, AR  72201-2610

J.D. Strong
Secretary of the Environment
State of Oklahoma
3800 North Classen
Oklahoma City, OK  73118

Steven B. Randall
58185 County Road 658
Kansas, OK  74347

George R. Stubblefield
HC 66 Box 19-12
Proctor, OK  74457

/s/ James M. Graves
James Graves