**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STATE OF OKLAHOMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-cv-329-GKF-PJC |
| ) | |
| TYSON FOODS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

### OPINION AND ORDER

Before the court is Defendants' Joint Motion to Strike Jury Demand [Docket No. 2388]. Defendants contend that plaintiff's remaining claims are not subject to a jury trial. In response, plaintiff argues that jury issues remain as to portions of Counts 7 and 8 of the Second Amended Complaint.[1] For the reasons set forth below, the Court agrees that the State is entitled to a jury trial to determine whether defendants are liable for civil penalties under 27A Okla. Stat. § 2-6-105(A) (Count 7 of the Second Amended Complaint).

"[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *Simler v. Conner*, 372 U.S. 221, 222 (1963); *Mexico Private Equity Fund v. Dougherty*, 2009 WL 2044720 at *2 n. 2 (N.D. Okla. July 9, 2009). The analysis used to determine whether a claim is "legal" or "equitable" consists of two factors. First, the court compares the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, the court examines the remedy sought and determines whether it is legal or equitable in nature. *Tull v. United States*, 481 U.S. 412, 417-18

---

[1]Plaintiff also argued that Count 2 of the Second Amended Complaint contained jury issues. However, the court dismissed Count 2 and subsequently denied plaintiff's motion for reconsideration.

(1987).  In *Tull*, the United States Supreme Court addressed a similar issue of whether the Seventh Amendment guarantees a jury trial to determine liability in an action by the United States seeking civil penalties under the Clean Water Act.  The Supreme Court held that:

> [a] civil penalty was a type of remedy at common law that could only be enforced in courts of law.  Remedies intended to punish culpable individuals, as opposed to those intended to simply extract compensation or restore the status quo, were issued by courts of law, not courts of equity.

*Tull,* 481 U.S. at 422.

The civil penalties plaintiff seeks for violation of 27A Okla. Stat. § 2-6-105(A) are clearly intended to punish culpable actors.  The statutory scheme provides that "violators "*[m]ay be punished* in civil proceedings in district court by assessment of a civil penalty of not more than Ten Thousand Dollars ($10,000.00) for each violation."  27A Okla. Stat. § 2-3-504(A)(2) (emphasis added).  Accordingly, the State's claim for civil penalties for violations of 27A Okla. Stat. 2-6-105(A) is legal in nature and the State has a constitutional right to a jury trial to determine whether defendants are liable on this claim.  In the event the jury determine defendants are liable, the amount of civil penalties to be imposed on defendants will be determined by the Court, a procedure that "does not infringe on the right to a jury trial."  *Tull*, 481 U.S. at 426-27.

Defendants argue that the imposition of civil penalties under the Oklahoma Environmental Quality Code is "not intended to punish, but rather to disgorge any economic benefit retained as a result of the alleged violation."  In support, defendants cite the statutory factors for the court to consider in determining the amount of a civil penalty to be imposed.  *See* 27A Okla. Stat. § 2-3-504(H).  Defendant are incorrect for at least two reasons.  First, the explicitly stated statutory purpose of any civil penalties assessed under the statute is to punish.  *See* 27A Okla. Stat. § 2-3-

504(A)(2). Second, the factors set forth in Section 2-3-504(H) are merely factors that a court (as opposed to the jury) must consider in determining the *amount* of the civil penalty which is assessed for the purpose of punishment for liability determined by a jury.

Defendants are correct that civil penalties are not an available form of relief for violation of 2 Okla. Stat. § 2-18.1. The only available remedy thereunder is an administrative penalty. *See* 2 Okla. Stat. § 2-18.1(B). Section 2-16(B) does not authorize the Attorney General to recover some unidentified amount of "administrative or civil penalties" not otherwise assessed pursuant to a substantive provision of the Agricultural Code. Plaintiff is not entitled to a jury trial on this portion of Count 7 of its Second Amended Complaint.

Similarly, the penalty provision of the Oklahoma Registered Poultry Feeding Operations Act does not authorize the recovery of civil penalties. *See* 2 Okla. Stat. § 10-9.11. Rather, that provision authorizes criminal penalties, administrative penalties, and injunctive relief. Plaintiff is not entitled to a jury trial on Count 8 of the Second Amended Complaint.[2]

WHEREFORE, Defendants' Joint Motion to Strike Jury Demand [Docket No. 2388] is denied.

IT IS SO ORDERED this 26th day of August 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[2] The Court previously granted summary judgment in favor of all defendants but Tyson on Count 8 because the RPFO permits remedies only against integrators who operate or operated their own growing facilities.