IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 05-cv-329-GKF-SH |
| ) | |
| TYSON FOODS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY
IN SUPPORT OF MOTION TO DISMISS**

Mark D. Hopson
Frank R. Volpe
Gordon D. Todd
Cody L. Reaves (*pro hac vice* forthcoming)
Peter A. Bruland (*pro hac vice* forthcoming)
Sidley Austin LLP
1501 K Street, NW
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (facsimile)
mhopson@sidley.com
fvolpe@sidley.com
gtodd@sidley.com
cody.reaves@sidley.com
pbruland@sidley.com

*Attorneys for Tyson Foods, Inc.,
Tyson Poultry, Inc., Tyson Chicken, Inc.,
and Cobb-Vantress, Inc.*

(additional counsel listed on inside cover)

November 17, 2023

A. Scott McDaniel, OBA #16460
McDaniel Acord, PLLC
9343 East 95th Court
Tulsa, OK 74133
(918) 382-9200

*Attorney for Tyson Foods, Inc., Tyson Poultry, Inc., Tyson Chicken, Inc., Cobb-Vantress, Inc., and Peterson Farms, Inc.*

Robert George, OBA #18562
George's, Inc.
402 W. Robinson Ave.
Springdale, AR 73764
(479) 927-7249

Gary V. Weeks
K.C. Dupps Tucker
The Law Group of Northwest
  Arkansas PLLC
1830 Shelby Lane
Fayetteville, AR 72704
(479) 316-3760

Perry L. Glantz
Stinson LLP
1144 15th Street, Suite 2400
Denver, CO 80202
(303) 376-8410

Clinton Russell, OBA # 19209
Taylor, Foster, Mallett, Downs,
  Ramsey & Russell
400 West Fourth Street
Claremore, OK 74018
(918) 343-4100
crussell@soonerlaw.com

*Attorneys for George's, Inc. and George's Farms, Inc.*

John R. Elrod (admitted *pro hac vice*)
Vicki Bronson, OBA 20574
Conner & Winters, P.C.
4375 N. Vantage Drive, Suite 405
Fayetteville, AR 72703
(479) 582-5711
(479) 358-1518 (facsimile)
jelrod@cwlaw.com
vbronson@cwlaw.com

*Attorneys for Simmons Foods, Inc.*

Robert P. Redemann, OBA #7454
William D. Perrine, OBA #11955
Perrine, Redemann, Berry,
  Taylor & Frette, PLLC
1800 S. Baltimore Ave., Suite 900
Tulsa, OK 74119
(918) 382-1400
(918) 382-1499 (facsimile)
rredemann@pmrlaw.net
wperrine@pmrlaw.net

Robert E. Sanders, MSB#6446
  (admitted *pro hac vice*)
Young Wells Williams P.A.
P.O. Box 6005
Ridgeland, MS 39158-6005
(601) 948-6100
(601) 355-6136 (facsimile)
rsanders@youngwells.com

*Attorneys for Cal-Maine Foods*

John H. Tucker, OBA 9110
Theresa N. Hill, OBA 19119
Colin H. Tucker
Rhodes Hieronymus Jones
  Tucker & Gable
Two W. 2nd Street, Suite 1000
P.O. Box 21100
Tulsa, OK  74121-1100
(918) 582-1173
(918) 592-3390 (facsimile)
jtucker@rhodesokla.com
thill@rhodesokla.com

Delmar R. Ehrich
  (admitted *pro hac vice*)
Bruce Jones (admitted *pro hac vice*)
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN  55402-3901
(612) 766-7000
(612) 766-1600 (facsimile)
Delmar.ehrich@faegredrinker.com
Bruce.jones@faegredrinker.com

*Attorneys for Cargill, Inc. and Cargill Turkey Production, LLC*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ii

ARGUMENT........................................................................................................................................2

I.      The Court Cannot Grant Injunctive Relief On This Record. ........................................................2

         A.      Oklahoma's claims for injunctive relief are moot............................................................2

               1.      A stale record cannot support injunctive relief. ...................................................2

               2.      The Court cannot grant effectual relief on this record.......................................5

         B.      Due process precludes granting injunctive relief on this record....................................7

II.     The Only Appropriate Remedy Is Dismissal. ..............................................................................9

         A.      Claims for penalties, fees, and costs cannot avert mootness. .........................................9

         B.      Oklahoma's claims for injunctive relief must be dismissed.............................................9

CONCLUSION....................................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Boykin v. Georgia-Pacific Corp.*,
    706 F.2d 1384 (5th Cir. 1983) .................................................................................... 4, 5

*Caddo Nation of Okla. v. Wichita & Affiliated Tribes*,
    877 F.3d 1171 (10th Cir. 2017) ........................................................................................ 7

*Center v. Lampert*,
    726 F. App'x 672 (10th Cir. 2018) ................................................................................... 7

*Davilla v. Enable Midstream Partners L.P.*,
    913 F.3d 959 (10th Cir. 2019) .......................................................................................... 5

*DeLancy v. Caldwell*,
    741 F.2d 1246 (10th Cir. 1984) ........................................................................................ 7

*Donnell v. Gen. Motors Corp.*,
    576 F.2d 1292 (8th Cir. 1978) .......................................................................................... 5

*In re Est. of Ferdinand Marcos Hum. Rts. Litig.*,
    94 F.3d 539 (9th Cir. 1996) .............................................................................................. 7

*GeoMetWatch Corp. v. Behunin*,
    38 F.4th 1183 (10th Cir. 2022) ........................................................................................ 9

*Georgia v. Public.Resource.Org, Inc.*,
    140 S. Ct. 1498 (2020) ..................................................................................................... 6

*Great N. Ry. Co. v. Local Union No. 2409*,
    140 F. Supp. 393 (D. Mont. 1955) ................................................................................... 7

*Harris v. Champion*,
    15 F.3d 1538 (10th Cir. 1994) .......................................................................................... 7

*State ex rel. Hunter v. Johnson & Johnson*,
    499 P.3d 719 (Okla. 2021) ............................................................................................... 8

*Joseph v. Terminix Int'l Co.*,
    17 F.3d 1282 (10th Cir. 1994) ........................................................................................ 10

*Livingston v. Lincoln Fin. Grp.*,
    2020 WL 12800746 (N.D. Okla. May 18, 2020) ............................................................. 9

*McRoberts v. Fikes*,
    2021 WL 2935896 (D. Kan. July 13, 2021) ....................................................................... 7

*Northcutt v. Fulton*,
    2020 WL 7380967 (W.D. Okla. Dec. 15, 2020) ................................................................ 9

*Rio Grande Silvery Minnow v. Bureau of Reclamation*,
    601 F.3d 1096 (10th Cir. 2010) ......................................................................................... 6

*Salazar v. San Juan Cnty. Det. Ctr.*,
    2016 WL 335447 (D.N.M. Jan. 15, 2016) ......................................................................... 7

*Taylor v. Teletype Corp.*,
    648 F.2d 1129 (8th Cir. 1981) ........................................................................................... 4

*Trial Laws. Coll. v. Gerry Spence Trial Laws. Coll. at Thunderhead Ranch*,
    23 F.4th 1262 (10th Cir. 2022) ......................................................................................... 3

*United States v. Crawford*,
    533 F.3d 133 (2d Cir. 2008) ............................................................................................ 10

*United States v. Or. State Med. Soc'y*,
    343 U.S. 326 (1952) ...................................................................................................... 3, 4

*United States v. Price*,
    44 F.4th 1288 (10th Cir. 2022) ......................................................................................... 3

*Uzuegbunam v. Preczewski*,
    141 S. Ct. 792 (2021) ........................................................................................................ 9

*Webb v. Mo. Pac. R.R. Co.*,
    98 F.3d 1067 (8th Cir. 1996) ................................................................................... 2, 3, 4, 5

*Weekes v. Fleming*,
    301 F.3d 1175 (10th Cir. 2002) ....................................................................................... 10

**Other Authorities**

13B Charles Alan Wright & Arthur R. Miller,
    *Federal Practice and Procedure* § 3533.1 (3d ed. Apr. 2023 update) ............................ 5

Oklahoma offers no explanation why it sat idly by for more than 13 years following the close of trial, neither asking the Court to rule or reopen the record, nor seeking mandamus relief. Oklahoma does not disagree that as plaintiff it bears the burden to prove liability and demonstrate an effective remedy as an initial matter. Nor does Oklahoma seriously dispute that the trial record is now stale or that a court abuses its discretion by granting prospective relief on a stale record. Nonetheless, Oklahoma asks the Court to enter precisely such a judgment and to order sweeping and invasive prospective injunctive relief based on a stale, 13-year-old record. The Court cannot and should not do so.

The State argues that the mere passage of time does not moot a case—an artful but misleading response. The passage of time by itself may not moot a case, but it can render a record stale, which in turn precludes a court from awarding prospective injunctive relief. And, the State cannot dispute, when liability or remedy are no longer reasonably certain, a claim is mooted. That is this case.

The State argues that defendants have failed to prove changed circumstances. But this gets it backwards. This is not a case where a court timely entered judgment and ordered prospective relief from which defendants are later seeking to escape. Rather, because the Court has yet to enter judgment in the first instance, the burden remains squarely on the State to adduce evidence of liability and remedy—but the record the State compiled (regardless of its merits or lack thereof) is now so hopelessly outdated it cannot support prospective relief. The State's argument puts the cart before the horse and attempts improperly to shift the burden to defendants.

As to due process, Oklahoma disputes neither defendants' due process rights nor that three of the four relevant factors favor defendants. Rather, the State contends only that defendants have not been prejudiced. Yet the State reaches this conclusion by claiming the Court's findings and conclusions addressed legal authorities nowhere discussed, and by ignoring the prejudicial effect of defendants being unable to try a case to relevant authorities issued years after the close of trial. And in any event, the State does not deny that defendants are prejudiced with respect to prosecuting their

third-party claims. That concession alone is grounds to find that due process precludes relief.

At bottom, the State urges the Court not to worry about staleness, because it can all be fixed on the backend. The Court, the State points out, has already found facts supporting liability, and can in any event appoint a special master and indeed a whole team to investigate the state of poultry farming and environmental conditions in the IRW *after* judgment is entered. But both are foreclosed by staleness. The Court cannot find liability, enter judgment, and order prospective injunctive relief on a record more than 13 years old. And a special master *is* itself a form of prospective injunctive relief. Had the State's lawyers presented themselves for trial in September 2009 with a case featuring no evidence more recent than 1996, the Court would have tossed them out on their collective ear. Yet what they ask the Court to do today is no different. The record is stale; it cannot support prospective relief; and proceeding would violate due process. The only remaining course is to dismiss.

## ARGUMENT

### I. The Court Cannot Grant Injunctive Relief On This Record.

As noted in defendants' opening Motion, this case is unprecedented. Mot. 1–2 (Dkt. 3010). We have found no case, nor has Oklahoma identified any, affirming the entry of judgment and imposition of prospective injunctive relief on a trial record anywhere close to 13 years old. Whether viewed as staleness, as constitutional or prudential mootness, or through the lens of due process, the record before the Court is simply too old to support judgment and prospective relief.

#### A. Oklahoma's claims for injunctive relief are moot.

##### 1. A stale record cannot support injunctive relief.

Oklahoma argues chiefly that the passage of time "*on its own*" cannot moot a case. Opp. 5 (Dkt. 3012). This attacks a strawman. As our opening brief explained (at 5–13), injunctive relief should not be considered unless the record shows "a real threat of [a] future violation … or a contemporary violation of a nature likely to continue or recur." *Webb v. Mo. Pac. R.R. Co.*, 98 F.3d 1067,

2

1068 (8th Cir. 1996) ((quoting *United States v. Or. State Med. Soc'y*, 343 U.S. 326, 333 (1952)). Or, as the Supreme Court put it, "[i]n a forward-looking action such as this, an examination of a great amount of archaeology is justified only when it illuminates or explains the present and predicts the shape of things to come." *Or. State*, 343 U.S. at 333 (cleaned up). In other words, to enter forward-looking relief, whether a prohibitory injunction restraining behavior or a mandatory injunction compelling behavior,[1] a court must have evidence documenting the current state of things and providing a reliable basis for prognostication. The passage of time makes both more challenging, and with sufficient time a record becomes stale and can no longer do either. That is why a district court "abuse[s] its discretion by granting an injunction on a stale record." *Webb*, 98 F.3d at 1069. Hence, the passage of time might not moot a claim "*on its own*," but it *may* render the record so stale that it "becomes impossible … to grant effective relief." *United States v. Price*, 44 F.4th 1288, 1293 (10th Cir. 2022) (citation omitted).

Oklahoma accuses defendants of misreading *Webb*. According to the State, in *Webb* the Eighth Circuit vacated the injunction because the original defendant had merged with a new railroad, making it unlikely that a violation would continue. *See* Opp. 5–6. Oklahoma argues that *Webb* and the authorities it cited hold that the case for injunctive relief may change only with proof of changed circumstances. But *Webb* says nothing of the sort. The Eighth Circuit nowhere embraced the novel theory that corporate mergers cut off past liabilities, or that post-trial affidavits nullify trial evidence. To the contrary, the Eighth Circuit emphasized "the age of the trial record"—calling it "stale." Far from crediting evidence of changed circumstances, the court explained that "[e]ven [if] the district court's findings of widespread discrimination [were] correct, Missouri Pacific's past transgressions w[ould] not support an injunction *that was not issued until five years after the close of all the evidence.*" *Webb*, 98 F.3d at 1069 (emphasis added). If Oklahoma were right about *Webb*, those statements would have

---

[1] *See Trial Laws. Coll. v. Gerry Spence Trial Laws. Coll. at Thunderhead Ranch*, 23 F.4th 1262, 1274–75 (10th Cir. 2022).

3

been pointless. But it is not right: *Webb* turned on staleness, not voluntary cessation.

The Eighth Circuit relied on the Fifth Circuit's decision in *Boykin v. Georgia-Pacific Corp.*, 706 F.2d 1384 (5th Cir. 1983), which further underscores the point. That case went to trial in 1976, but the magistrate waited five years before ruling for the defendant. Calling that delay "shocking" and "unconscionable," the Fifth Circuit reversed and ordered the district court to enter judgment for the plaintiffs. *Id.* at 1385. While the Fifth Circuit ruled the plaintiffs were "entitled to make a claim for back pay and other relief," it was "unable" to "evaluate the propriety of granting injunctive relief" because the latest evidence was *eight* years old. *Id.* at 1394. Nothing in the Fifth Circuit's opinion suggested that injunctive relief was unwarranted because the defendant had changed its ways during the intervening years. Indeed, the only basis for the Fifth Circuit's refusal to grant injunctive relief was that the stale record shed no light on present circumstances. The Eighth Circuit's parenthetical description of *Boykin* in *Webb* confirms it shared this reading—"injunction inappropriate when last testimony about class-wide discriminatory treatment was seven years old." 98 F.3d at 1069.

The other cases cited in *Webb* similarly do not advance Oklahoma's changed-circumstances theory. *Oregon State* lays out hornbook principles of equitable remedies, but it did not address staleness. The Court there explained that because injunctive relief "target[s]" only "future violations," conduct that was "discontinued in 1941" provided no basis for "an injunction in 1949." 343 U.S. at 333–34. But it does not follow that changed circumstances are *required* to avoid injunctive relief, and that was not the holding in *Oregon State*. When a record is stale, a court has no current and competent evidence on which to base prospective relief, so it abuses its discretion by granting an injunction. That is true whether or not the defendant has a "visible reversal of policy." *Id.* at 334. Meanwhile, the Eighth Circuit suggested that injunctive relief was improper in *Taylor v. Teletype Corp.*, 648 F.2d 1129 (8th Cir. 1981), because the record showed "no discrimination" in the "three years immediately preceding the injunction." *Id.* at 1136. In other words, the *freshness* of the record enabled the court to evaluate the

4

propriety of injunctive relief. Not so here. Finally, *Donnell v. General Motors Corp.*, 576 F.2d 1292 (8th Cir. 1978), stands for more of the same: a fresh record can offer grounds to deny injunctive relief. *See id.* at 1301. None of those cases stands for the proposition that courts can grant injunctive relief on a stale record or that defendants must prove changed circumstances.

Finally, and most tellingly, after spending pages attempting to distinguish *Webb* and its authorities, the State points the Court to *no* case where a court entered judgment on a record even close to this stale. That is because—as we explained in our opening Motion—no such case exists.

### 2. The Court cannot grant effectual relief on this record.

Turning to the facts of this case, Oklahoma asserts that it "continues to be exposed to an actual, future threat." Opp. 6. The State points to the Court's conclusion that the use of poultry litter can and does run off into the waters of the IRW and argues that "there is no reason to conclude that the poultry waste is not continuing … to result in injuries to the waters of the IRW." *Id.* 7–8. In short, the State points to the trial record itself to show that the trial record is not stale.

This is precisely the sort of bootstrapping the Fifth Circuit rejected in *Boykin* and the Eighth Circuit rejected in *Webb*. In *Boykin* the court had no grounds to think that the defendants had changed their employment practices—but it was still "unable" to grant injunctive relief in 1983 "on a record that include[d] no information after the 1976 trial." *Boykin*, 706 F.2d at 1394. So too in *Webb*, the court held that even assuming the correctness of the trial record, it still could not support entering an injunction five years later. 98 F.3d at 1069.

That stands to reason. A court can issue a permanent injunction only if the plaintiff proves it necessary to prevent irreparable harm. *See Davilla v. Enable Midstream Partners L.P.*, 913 F.3d 959, 973 (10th Cir. 2019). There is no evidence of that here—and Oklahoma cannot turn the tables and demand that defendants prove changed circumstances. *See* 13B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3533.1 (3d ed. Apr. 2023 update) ("The party seeking relief, rather than

5

the defendant, remains obliged to satisfy the court that relief is needed ….") (citation omitted)).

Nor can the State assert its way to redressability—waving "the 'magic wand of *ipse dixit*' does nothing to strengthen [their] argument, and in fact only serves to underscore its weakness." *Georgia v. Public.Resource.Org, Inc.*, 140 S. Ct. 1498, 1520 (2020) (Thomas, J., dissenting) (citation omitted). Whether this record would have warranted an injunction in 2010, it cannot support injunctive relief nearly fourteen years later. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1111–12 (10th Cir. 2010) ("[A]llegations of legal wrongdoing must be grounded in a concrete and particularized factual context; they are not subject to review as free-floating, ethereal grievances.").

Lastly, Oklahoma tries to bull rush its way past the stale record by pointing to a long and expensive wish list of remedies. Most of these sound familiar: buffer strips, water treatment, excavation, alum application to fields and Lake Tenkiller, crop and nutrient management, bank stabilization, constructed wetlands, sediment removal, layered aeration, and exportation of poultry litter—all overseen by a special master. Opp. 9-10. But some are altogether new: the State now asks for a "Watershed Monitoring Team" and demands that defendants be required to indemnify poultry growers to the extent any judgment imposes costs collaterally on them. Opp. 9–10.

As an initial matter, the State forfeited most of these remedies when it failed to adduce meaningful evidence about them at trial. *See* Trial Tr. 8011:23 – 8012:11 (Dkt. 2803).[2] The State cannot rely on a special master to backfill evidentiary gaps either from trial or that emerged when the State sat idly by for 13 years. But in any event, appointing a special master cannot cure staleness as that is

---

[2] Court: So as I understand it, in terms of options that you discussed today that you retained for remedial evaluation in a later part of the report is cessation, vegetative buffer strips, and drinking water surface water treatment. Is that essentially it?

King: Yes, sir. But I didn't mean to imply that I wasn't retaining those other options for additional evaluation, but I think they need to be considered, but there's more work that needs to be done.

Court: Well, unfortunately, this being a lawsuit, the decision has to be made, you understand.

6

itself a form of extraordinary prospective relief, requiring a not-stale record in the first instance. *See Center v. Lampert*, 726 F. App'x. 672, 676 (10th Cir. 2018) (appointment of a special master "require[es] affirmative action" which is an "extraordinary remedy and is generally disfavored").[3] To save a case from mootness, a plaintiff must point to relief that is actually *available*—not just relief that it *wishes* would issue. Nor can a plaintiff resurrect a case by expanding the scope of relief that it seeks, as Oklahoma tries to do here by asking for remedies that it did not seek at trial. *See Caddo Nation of Okla. v. Wichita & Affiliated Tribes*, 877 F.3d 1171, 1177 (10th Cir. 2017) (declining to "sua sponte … expand the request for injunctive relief"). None of Oklahoma's remedies is available here because granting any of them on this record would be an abuse of discretion.[4]

### B. Due process precludes granting injunctive relief on this record.

Oklahoma's claims should also be dismissed for the independent reason that granting relief on this record would violate due process. *See* Mot. 13–17; *DeLancy v. Caldwell*, 741 F.2d 1246, 1247 (10th Cir. 1984) ("excessive delay" can give rise to a due-process violation).

Oklahoma does not dispute application of the *Harris* framework, Mot. 14, nor indeed that three of the four *Harris* factors indisputably favor defendants, Mot. 15–17: A 13-year delay is "inordinate"; there was no "constitutionally sufficient justification"; and defendants did not "affirmatively s[eek] or cause[]" the delay." *Harris v. Champion*, 15 F.3d 1538, 1562–63 (10th Cir. 1994). The only remaining question is whether delay has prejudiced defendants. *See id.* at 1559. It has, legally and

---

[3] *See also Salazar v. San Juan Cnty. Det. Ctr.*, 2016 WL 335447, at *1, *39 (D.N.M. Jan. 15, 2016) (special master constitutes mandatory injunctive relief); *McRoberts v. Fikes*, 2021 WL 2935896, at *6 (D. Kan. July 13, 2021) (assignment of investigator constitutes mandatory injunctive relief).

[4] The staleness of the record also prevents the Court (or any special master) from evaluating whether any remedy will in fact have any meaningful effect on the underlying environmental conditions. *See Great N. Ry. Co. v. Local Union No. 2409*, 140 F. Supp. 393, 396 (D. Mont. 1955) ("[B]efore a Court will grant an injunction, it should appear with reasonable certainty that the injunction will be effective to prevent the damage which it seeks to prevent."); *In re Est. of Ferdinand Marcos Hum. Rts. Litig.*, 94 F.3d 539, 548 (9th Cir. 1996) (vacating "futile injunction").

factually.

As to the former, Oklahoma argues "there has been no change in the law" and that intervening developments "have already been addressed by this Court." Opp. 11, 13. These claims are borderline specious. As noted in our Motion, the most recent authority cited in the Court's findings and conclusions dates from 2011. Since then, federal and state courts have issued thousands, if not tens of thousands, of opinions. That the law has developed since the end of trial is beyond cavil. In our Motion we noted but a few decisions that bear on issues in this case, not to argue their substance, but simply to show that the passage of time, and accompanying development of the law, causes prejudice.

The ink the State spills attempting to swat away our few examples underscores the point. In *State ex rel. Hunter v. Johnson & Johnson*, 499 P.3d 719 (Okla. 2021), for example, the court ruled that the State cannot hold a party liable for nuisance if that party "did not *control* the instrumentality … alleged to constitute the nuisance at the time the nuisance occurred." *Id.* at 724 (emphasis added). Here, without discussing *Hunter*, the Court ruled that "the degree of control" is "not [a] concer[n]." Hr'g Tr. 67 (Dkt. 2548). The State argues that this is of no moment as the record would still support injunctive relief. Opp. 11–12. But this ignores that courts must apply the law as it exists at the time a decision is rendered. Here, the factual record was developed at trial against the law as it stood 13 years ago. Neither party had an opportunity to try its case to the body of law that should now be applied to that record.

As for the facts, even Oklahoma does not deny that entering injunctive relief on this record would prejudice defendants with respect to their third-party claims. *See* Mot. 17. When these claims move forward, the third parties will have the benefit of intervening improvements in water quality and other factual changes, as well as more developed law. Meanwhile, the State seeks injunctive relief based on a record compiled between 2005 and 2010. That uncontested mismatch is grounds enough to find that entering judgment on this record would violate defendants' due-process rights.

8

## II.   The Only Appropriate Remedy Is Dismissal.

As our opening Motion explained, the only appropriate remedy is to dismiss. *See* Mot. 2, 4–5. It is telling that Oklahoma does not argue the contrary. Indeed, while the State protests that relief is still available, it does not deny that the case must be dismissed if this Court finds otherwise. *See Livingston v. Lincoln Fin. Grp.*, 2020 WL 12800746, at *1 n.2 (N.D. Okla. May 18, 2020) (Frizzell, J.) ("[Plaintiff] offers no argument in opposition … and therefore effectively concedes [the issue].").

### A.   Claims for penalties, fees, and costs cannot avert mootness.

Oklahoma suggests, obliquely, that other remedies remain to be considered, referencing civil penalties, attorney fees, and costs. *See* F&C at 5 (Dkt. 2979); Opp. 10. None of these saves the State's case. Fees and costs cannot defeat mootness because they are "not a form of redressability." *See Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801 (2021). And as our opening Motion explained, the Court has not made defendant-specific, violation-specific findings needed to support civil penalties. *See* Mot. 2–3, 11–12 n.6. Nor does the record offer any basis for such a remedy: this Court previously found that "poultry litter is not a nuisance in all circumstances," Dkt. 2884 at 8, yet the record offers no grounds for disaggregating nuisance-causing litter applications from non-nuisance-causing ones, let alone ascribing penalties to particular defendants. In response, Oklahoma offers only a single, cursory sentence: "The State also seeks an award of penalties … which should be determined by the Court following subsequent briefing by the parties." Opp. 10. That paucity both betrays the correctness of defendants' position and waives the issue. *See Northcutt v. Fulton*, 2020 WL 7380967, at *2 (W.D. Okla. Dec 15, 2020) ("Courts routinely deem an issue 'waived' when a party fails to respond to a movant's substantive argument."); *see also GeoMetWatch Corp. v. Behunin*, 38 F.4th 1183, 1183 (10th Cir. 2022).

### B.   Oklahoma's claims for injunctive relief must be dismissed.

That leaves only the State's claims for prospective injunctive relief, and for all the reasons given above, the Court cannot grant an injunction on this record.

The State notes—in passing—that the "appropriate remedy" in *Boykin* was not dismissal, but instead remand for the district court to "undertake the relevant inquiry concerning injunctive relief." Opp. 7. But *Boykin* did not address mootness or due-process concerns so it is "not persuasive authority" on those issues. *Weekes v. Fleming*, 301 F.3d 1175, 1181 n.6 (10th Cir. 2002). Regardless, Oklahoma has not argued that this Court should reopen the record, nor may a court reopen *sua sponte* to circumvent timeliness problems. *See United States v. Crawford*, 533 F.3d 133, 138 (2d Cir. 2008) ("The government does not get a free pass [to reopen] merely because the district judge participates.").

In any event, thirteen years after trial is far too late to reopen the record. *Joseph v. Terminix Int'l Co.*, 17 F.3d 1282, 1284–85 (10th Cir. 1994) (motion to reopen on the last day of trial was untimely). In considering whether to do so, courts must consider "the time the motion is made, the character of additional testimony and the potential prejudicial effect in granting or denying the motion." *Id.* at 1285. Here, the existing evidence is stale and unreliable *in toto* and, if the record were reopened, would have to be refreshed *in toto*. Any witness offered to reaffirm or update it would be subject to discovery; any expert called to address the IRW pre- or post-trial would have to serve a report and be deposed—to say nothing of rebuttal reports and *Daubert* challenges. And every party would be entitled to new discovery into developments in the IRW in the intervening 13 years, including changes in water quality, upgrades to wastewater treatment plants, urban growth, the implementation of Arkansas and Oklahoma litter laws, the growth in litter exports, the extensive studies undertaken by the EPA, and so forth. In other words, reopening would back the case up so far up as to be indistinguishable from simple dismissal. Better to dismiss and allow the State and other interested parties to chart whatever course they want anew. Doing anything different would prejudice all parties. *See* Mot. 15–17.

## CONCLUSION

In sum, because Oklahoma has no viable claim on which this Court can grant effectual relief, the Court should dismiss.

10

November 17, 2023               Respectfully submitted,

/s/ *Gordon D. Todd*  
Mark D. Hopson  
Frank R. Volpe  
Gordon D. Todd  
Cody L. Reaves  
 (*pro hac vice* forthcoming)  
Peter A. Bruland  
 (*pro hac vice* forthcoming)  
Sidley Austin LLP  
1501 K Street, NW  
Washington, D.C. 20005  
(202) 736-8000  
(202) 736-8711 (facsimile)  
mhopson@sidley.com  
fvolpe@sidley.com  
gtodd@sidley.com  
cody.reaves@sidley.com  
pbruland@sidley.com  

*Attorneys for Tyson Foods, Inc.,*  
*Tyson Poultry, Inc., Tyson Chicken, Inc., and Cobb-Vantress, Inc.*

/s/ *A. Scott McDaniel*  
A. Scott McDaniel, OBA #16460  
McDaniel Acord, PLLC  
9343 East 95th Court  
Tulsa, OK 74133  
(918) 382-9200  

*Attorney for Tyson Foods, Inc., Tyson Poultry, Inc., Tyson Chicken, Inc., Cobb-Vantress, Inc., and Peterson Farms, Inc.*

/s/ *Robert George*  
Robert George, OBA #18562  
George's, Inc.  
402 W. Robinson Ave.  
Springdale, AR 73764  
(479) 927-7249  

Gary V. Weeks  
K.C. Dupps Tucker  
The Law Group of Northwest  
 Arkansas PLLC  
1830 Shelby Lane  
Fayetteville, AR 72704  
(479) 316-3760  

Perry L. Glantz  
Stinson LLP  
1144 15th Street, Suite 2400  
Denver, CO 80202  
(303) 376-8410  

Clinton Russell, OBA # 19209  
Taylor, Foster, Mallett, Downs,  
 Ramsey & Russell  
400 West Fourth Street  
Claremore, OK 74018  
(918) 343-4100  
crussell@soonerlaw.com  

*Attorneys for George's, Inc. and George's Farms, Inc.*

11

/s/ *John R. Elrod*
John R. Elrod (admitted *pro hac vice*)
Vicki Bronson, OBA 20574
Conner & Winters, P.C.
4375 N. Vantage Drive, Suite 405
Fayetteville, AR  72703
(479) 582-5711
(479) 358-1518 (facsimile)
jelrod@cwlaw.com
vbronson@cwlaw.com

*Attorneys for Simmons Foods, Inc.*

/s/ *Robert P. Redemann*
Robert P. Redemann, OBA #7454
William D. Perrine, OBA #11955
Perrine, Redemann, Berry,
  Taylor & Frette, PLLC
1800 S. Baltimore Ave., Suite 900
Tulsa, OK 74119
(918) 382-1400
(918) 382-1499 (facsimile)
rredemann@pmrlaw.net
wperrine@pmrlaw.net

Robert E. Sanders, MSB#6446
  (admitted *pro hac vice*)
Young Wells Williams P.A.
P.O. Box 6005
Ridgeland, MS   39158-6005
(601) 948-6100
(601) 355-6136 (facsimile)
rsanders@youngwells.com

*Attorneys for Cal-Maine Foods*

/s/ *John H. Tucker*
John H. Tucker, OBA 9110
Theresa N. Hill, OBA 19119
Colin H. Tucker
Rhodes Hieronymus Jones
  Tucker & Gable
Two W. 2nd Street, Suite 1000
P.O. Box 21100
Tulsa, OK  74121-1100
(918) 582-1173
(918) 592-3390 (facsimile)
jtucker@rhodesokla.com
thill@rhodesokla.com

Delmar R. Ehrich
  (admitted *pro hac vice*)
Bruce Jones (admitted *pro hac vice*)
Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN  55402-3901
(612) 766-7000
(612) 766-1600 (facsimile)
Delmar.ehrich@faegredrinker.com
Bruce.jones@faegredrinker.com

*Attorneys for Cargill, Inc. and Cargill Turkey Production, LLC*

**CERTIFICATE OF SERVICE**

I certify that on November 17, 2023, I caused this document to be filed with the Clerk of Court through CM/ECF, which will serve copies on all registered counsel.

/s/ *Gordon D. Todd*
Gordon D. Todd