IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA *ex rel.* GENTNER DRUMMOND, in his capacity as Attorney General of the State of Oklahoma and OKLAHOMA SECRETARY OF ENERGY AND ENVIRONMENT KEN McQUEEN in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 05-CV-00329-GKF-SH |
| TYSON FOODS, INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB-VANTRESS, INC., CAL-MAINE FOODS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., and SIMMONS FOODS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the court on defendants' Motion to Certify Interlocutory Appeal Under 28 U.S.C. § 1292(b) [Doc. 3041] and Motion to Stay Further Proceedings Pending Interlocutory Appeal Under 28 U.S.C. § 1292(b) [Doc. 3042]. For the reasons set forth below, the motion to certify interlocutory appeal is denied and the motion to stay is moot.

I.   **Background/Procedural History**

This case has a lengthy procedural history, which the court will not fully summarize. Relevant to this motion, the State of Oklahoma brought this case against defendants alleging that

defendants have polluted and continue to pollute the waters of the Illinois River Watershed (IRW) with phosphorus and bacteria from the waste generated from defendants' poultry and applied to lands in the IRW.  Although the State initially asserted ten causes of action, the case ultimately proceeded to a non-jury trial regarding the State's right to equitable relief on the following claims: (1) violation of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6972; (2) state law public nuisance and state law nuisance *per se*; (3) federal common law nuisance; (4) trespass; and (5) violations of Okla. Stat. tit. 27A, § 2-6-105 and Okla. Stat tit. 2, § 2-18.1.

The parties tried the case to the court for fifty-two days over the course of five months. After the State rested, on defendants' motion, the court granted defendants judgment on partial findings under Federal Rule of Civil Procedure 52(c) as to the state-law nuisance *per se* and RCRA claims, as well as the State's claim of bacterial pollution with the exception of the State's allegations and evidence related to blue-green algae.  *Oklahoma v. Tyson Foods, Inc.*, No. 05-CV-0329-GKF, 2010 WL 653032 (N.D. Okla. Feb. 17, 2010).

On January 18, 2023, the court entered its Findings of Fact and Conclusions of Law.  [Doc. 2979].  Therein, the court found in favor of the State and against defendants on the State's claims of statutory public nuisance, federal common law nuisance, trespass, and violations of Okla. Stat. tit. 27A, § 2-6-105 and Okla. Stat. tit. 2, § 2-18.1.  The court further found and concluded that "actual and ongoing injury to the waters of the IRW constitutes irreparable harm and warrants injunctive relief." [*Id.* at p. 217]; *see also* [*Id.* at pp. 207, 212-13].  Based on the Findings of Fact and Conclusions of Law, the court directed the parties to meet and attempt to reach an agreement with regard to remedies to be imposed in this action and, on or before March 17, 2023, advise the court whether they had been able to do so.  [*Id.* at p. 218].

On March 17, 2023, the court held a Status Conference wherein the parties requested a 90-day extension of the deadline to reach an agreement with regard to remedies. [Doc. 2988]. The court granted the request and directed the parties to file a joint status report by June 9, 2023.

On June 9, 2023, the parties filed a Joint Status Report advising the court that they wished to pursue mediation and advised that they would submit a status report within fourteen days of its conclusion. [Doc. 2997].

On October 26, 2023, plaintiffs and defendants filed separate Status Reports advising the mediation had been unsuccessful. [Doc. 3008; Doc. 3009]. That same day, defendants filed a motion to dismiss, arguing that dismissal was required for two primary reasons. First, defendants contended that the State's claims for injunctive relief were both constitutionally and prudentially moot. Second, defendants asserted that proceeding on the current record would violate their due-process rights. [Doc. 3010].

In an Order of June 26, 2024, the court denied the motion to dismiss. [Doc. 3023]. The court concluded that defendants "ha[d] failed to satisfy the 'stringent' burden of showing that this matter is constitutionally moot." [*Id.* at p. 7 (quoting *Bldg. & Constr. Dep't v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1491 (10th Cir. 1993))]. With respect to prudential mootness, the court concluded that it need not decide the issue because, "based on new evidence, the court shall make additional findings and conclusions as to the specific terms of the injunctive relief and the act or acts to be restrained or required." [*Id.* at p. 8]. Finally, the court concluded that due process did not warrant dismissal, but, instead, expeditious resolution of the remedial issues. [*Id.* at pp. 8-9].

The court subsequently held a Status and Scheduling Conference, during which it set this matter for evidentiary hearing with respect to the specific terms of injunctive relief to be imposed,

if any, as well as the issue of prudential mootness. The evidentiary hearing is scheduled to begin on Tuesday, December 3, 2024. [Doc. 3038].

On September 20, 2024, defendants filed the Motion to Certify Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b), wherein defendants seek to certify the following question, which they assert is implicated in the court's January 18, 2023 Findings of Fact and Conclusions of Law and June 26, 2024 Order denying defendants' motion to dismiss: "[W]hether district courts have the authority to grant injunctive relief on a stale record." [Doc. 3041, p. 1; Doc. 3043, p. 12]. The State responded in opposition to the motion [Doc. 3051], and defendants filed a reply [Doc. 3052].

## II.     Motion to Certify Interlocutory Appeal

Pursuant to title 28 of the United States Code, section 1292:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). The Tenth Circuit has recognized that interlocutory appeals pursuant to § 1292(b) "should be limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action." *Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (quoting S. Rep. No. 2434, 85th Cong., 2d Sess. 1 (1958)); *see also In re SemGroup Energy Partners, L.P.*, 729 F. Supp. 2d 1276, 1312 (N.D. Okla. 2010) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)) ("Only exceptional circumstances justify departure from the

basic policy of postponing appellate review until after the entry of a final judgment."); *Cherokee Nation v. McKesson Corp.*, No. CIV-18-56-RAW, 2021 WL 2695353, at *1 (E.D. Okla. June 30, 2021) (quoting *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1189 (10th Cir. 2006)) ("Interlocutory appeals have long been disfavored in the law, and properly so."). As previously recognized by this court,

> [f]our criteria must be satisfied to warrant § 1292 certification: (1) the action must be a civil action; (2) the court must conclude that the order involves a controlling question of law; (3) there must be substantial ground for difference of opinion as to the resolution of that question; and (4) it must appear that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

*In re SemGroup Energy Partners, L.P.*, 729 F. Supp. 2d at 1311. The proponent bears the "heavy burden" of establishing that all of the requirements are met. *Id.* at 1311-12.

The State urges the court to impose an additional requirement—that the motion be timely filed. Section 1292 does not include a statutory deadline to file a motion for interlocutory appeal. Instead, the State cites a decision of the U.S. Court of Appeals for the Seventh Circuit holding that § 1292 includes a nonstatutory requirement—"the petition must be filed in the district court within a reasonable time after the order sought to be appealed." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675-76 (7th Cir. 2000). However, the State cites no Tenth Circuit authority adopting such a nonstatutory requirement, nor has the court identified any binding Tenth Circuit authority.[1] Regardless, the court need not decide whether § 1292(b) imposes a nonstatutory timeliness

---

[1] The State directs the court to the decision of another district judge in the Northern District of Oklahoma, wherein the court considered timeliness to decide whether to certify an order for interlocutory appeal, but did not treat timeliness as dispositive. *See Lindley v. Life Invs. Ins. Co. of Am.*, Nos. 08-CV-0379-CVE-PJC, 09-CV-0429-CVE-PJC, 2010 WL 2465515, at *2 (N.D. Okla. June 11, 2010).

requirement as, having considered the three substantive statutory factors, the court concludes that an interlocutory appeal is not warranted in this matter.[2]

*First,* defendants do not seek to certify a controlling question of law. The phrase "controlling question of law," as used in § 1292(b), refers to a "question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1193 (D.N.M. 2016) (quoting *Ahrenholz,* 219 F.3d at 676). "Controlling question of law" "means a pure question of law requiring the resolution of 'abstract' legal issues; it is not the application of a legal question to the particular facts of the case." *In re SemGroup Energy Partners, L.P.*, 729 F. Supp. 2d at 1312. "It does not include questions requiring a Court of Appeals to 'delve beyond the surface of the record in order to determine the facts.'" *XTO Energy, Inc.*, 189 F. Supp. 3d at 1193. Thus, "[a] legal question of the type envisioned in § 1292(b) generally does not include matters within the discretion of the trial court." *Goodly v. Check-6, Inc.,* No. 16-CV-334-GKF-JFJ, 2018 WL 11512880, at *1 (N.D. Okla. Dec. 17, 2018).

As previously stated, defendants seek to certify the question of whether the district court has the authority to grant injunctive relief on a "stale" record. However, this court has not yet decided the nature of the injunctive relief to be imposed in this matter, *if any*. Rather, the court expressly declined to decide whether the record had become too stale to support an injunction and, instead, expressed its intent to make additional findings and conclusions regarding injunctive relief, as well as prudential mootness. [Doc. 3023, p. 8; Doc. 3040, pp. 5-6]. Thus, the court has

---

[2] This is a civil action and therefore the first statutory requirement is clearly satisfied. *See In re SemGroup Energy Partners*, *L.P.*, 729 F. Supp. 2d at 1311; *see also In re Epipen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2021 WL 4948270, at *1(D. Kan. Oct. 25, 2021) (referring to three "substantive" requirements).

not determined the question that defendants seek to certify and therefore an interlocutory appeal is inappropriate.[3]  *See Simon v. Ford Motor Co.*, 165 F.R.D. 650, 660 (N.D. Okla. 1995).

Moreover, defendants' proposed question does not present an "abstract" legal issue, but, instead, would require the Tenth Circuit "to 'delve beyond the surface of the record in order to determine the facts.'" *XTO Energy, Inc.*, 189 F. Supp. 3d at 1193.  Defendants contend that the record is "stale" based solely on the passage of time.  However, the record includes evidence that runoff water quality can be affected for years after the cessation of poultry litter application, including the testimony of one expert who opined that poultry waste can contribute to phosphorus runoff for about *70 years* after cessation.  Under the circumstances, defendants' proposed question would require the Tenth Circuit to consider and determine factual issues related to staleness and the nature of the relief warranted.  "Put simply, [defendants] do[] not identify a 'pure question of law' that the Tenth Circuit could 'decide quickly and cleanly without having to study the record.'" *Cordis v. State Farm Mut. Auto. Ins. Co.*, No. CIV-21-873-D, 2022 WL 18142396, at *2 (W.D. Okla. Dec. 2, 2022) (quoting *Ahrenholz,* 219 F.3d at 677).

*Second*, defendants' proposed question presents no substantial ground for a difference of opinion.  Significantly, as discussed above, the court has not imposed injunctive relief based on the current record, but, rather, intends to hear additional evidence.  The cases cited by defendants

---

[3] Defendants point to the court's conclusion that "the actual and ongoing injury to the waters of the IRW constitutes irreparable harm and warrants injunctive relief."  [Doc. 3052, p. 11 (citing [Doc. 2979, p. 217])].  However, the court has not yet imposed injunctive relief and has set the matter for evidentiary hearing.  Further, the court will permit the parties to present evidence directed to prudential mootness and may be persuaded that "considerations of prudence and comity" counsel the court to "stay its hand" and "withhold relief."  *See Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011). Regardless, at this stage of the proceedings, the court has explicitly declined to determine whether the record is "stale," an essential component of defendants' proposed question.  [Doc. 3023, p. 8].

do not suggest that the court is prohibited from doing so but, instead, indicate that the approach adopted by this court is entirely proper. *See Am. Comm. for Prot. of Foreign Born v. Subversive Activities Control Bd.,* 380 U.S. 503, 504-06 (1965) (remanding for proceedings to determine petitioner's current status and to bring the record "up to date to take account of supervening events"); *Boykin v. Georgia-Pacific Corp.*, 706 F.2d 1384, 1394 (5th Cir. 1983) (remanding for the court to evaluate the propriety of injunctive relief); *C.L. v. Del Amo Hosp., Inc.*, No. 21-56195, 2023 WL 2770918, at *1 (9th Cir. Apr. 4, 2023) (remanding for further findings of fact and conclusions of law). That defendants disagree with the court's chosen course of action is not sufficient to justify an interlocutory appeal. *In re SemGroup Energy Partners*, *L.P.*, 729 F. Supp. 2d at 1312 ("A party's strong disagreement with the court's ruling is not sufficient for there to be a 'substantial ground for difference,' the proponent of an appeal must make some greater showing.").

*Third,* and most significant to this court, defendants have not shown that an immediate appeal would "materially advance the ultimate termination of the litigation." *In re SemGroup Energy Partners, L.P.,* 729 F. Supp. 2d at 1311. The Tenth Circuit has observed,

> [w]hile recognizing that most interlocutory orders disadvantage or inflict some degree of harm on one of the parties to a litigation, th[e] court must balance that concern against the need for efficient judicial administration, the delay caused by interlocutory appeals, and the burden on appellate courts imposed by fragmentary and piecemeal review of the district court's myriad rulings in the course of a typical case.

*Boughton v. Cotter Corp.*, 10 F.3d 746, 748 (10th Cir. 1993). The court has entered its Findings of Fact and Conclusions of Law and has set an evidentiary hearing to begin on December 3, 2024—less than a month from now—to determine what remedies, if any, are warranted. An interlocutory appeal would require the court to postpone the scheduled evidentiary hearing and further delay the

ultimate termination of this litigation.[4]  *See In re A.H. Robins Co.*, 107 F.R.D. 2, 16 (D. Kan. 1985); *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 2021 WL 4948270, at *4; *cf. Utah ex rel. Utah State Dep't of Health*, 14 F.3d at 1495 (emphasis added) (noting that § 1292(b) certification "should be limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions *encountered early in the action*").

Further, resolution of the proposed question would not resolve the question of civil penalties, which remain at issue. *See* [Doc. 2979, at pp. 207-08]. Thus, a determination of the proposed question would not "obviate the need for further proceedings in the case." *Merrill v. Pathway Leasing LLC*, No. 16-CV-02242-KLM, 2019 WL 5078655, at *8 (D. Colo. Oct. 9, 2019).

Finally, this case has twice been to the Tenth Circuit, and an additional appeal will almost certainly follow entry of final judgment. Once the evidentiary hearing has occurred, the court is prepared to expeditiously enter a final judgment after which the parties can file an appeal to resolve all appellate issues. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (discouraging "[r]outine resort" to interlocutory appeal as federal courts generally retain "a firm final judgment rule"). There is no need to burden the Tenth Circuit with further "fragmentary and piecemeal review," given that this matter is approaching its final determination. *Boughton,* 10 F.3d at 748.

---

[4] In this regard, the court considers defendants' delay in filing the motion for interlocutory appeal only insofar as it relates to the material advancement statutory factor. Here, defendants did not file the motion for interlocutory appeal until *after* the court had set this matter for evidentiary hearing. Further, defendants filed the motion nearly two years after the court's entry of its Findings of Fact and Conclusions of Law and over three months after resolution of the motion to dismiss. The court is mindful that "[d]elay in filing a motion to certify an order for interlocutory appeal suggests that a party may be seeking to avoid an unfavorable ruling, rather than to expedite the litigation for the benefit of the Court and all parties." *Lindley*, 2010 WL 2465515, at *2.

Based on the foregoing, defendants have not satisfied their "heavy burden" to show that the statutory criteria of § 1292(b) are satisfied and that immediate appellate review is warranted. *In re SemGroup Energy Partners, L.P.*, 729 F. Supp. 2d at 1311.  Thus, defendants' motion to certify interlocutory appeal is denied.  The court having denied the motion for interlocutory appeal, defendants' motion to stay further proceedings pending interlocutory appeal is moot.

### III.  Conclusion

WHEREFORE, the Motion to Certify Interlocutory Appeal Under 28 U.S.C. § 1292(b) [Doc. 3041] of defendants Tyson Foods, Inc.; Tyson Poultry, Inc.; Tyson Chicken, Inc.; Cobb-Vantress, Inc.; Cal-Maine Foods, Inc.; Cargill, Inc.; Cargill Turkey Production, LLC; George's, Inc.; George's Farms, Inc.; Peterson Farms, Inc.; and Simmons Foods, Inc. is denied.

IT IS FURTHER ORDERED that defendants' Motion to Stay Further Proceedings Pending Interlocutory Appeal Under 28 U.S.C. § 1292(b) [Doc. 3042] is moot.

IT IS SO ORDERED this 5th day of November, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE