IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, *et al.*<br><br>Plaintiffs,<br><br>vs.<br><br>TYSON FOODS, INC., *et al.*<br><br>Defendants. | Case No. 05-cv-329-GKF-SH |

### GEORGE'S, INC. AND GEORGE'S FARM, INC.'S RESPONSE TO THE STATE OF OKLAHOMA'S MOTION TO QUASH SUBPOENAS SERVED ON THE STATE OF OKLAHOMA DEPARTMENT OF AGRICULTURE, FOOD AND FORESTRY AND REQUEST FOR EXPEDITED HEARING

Come now, George's, Inc. and George's Farms, Inc. (collectively "George's") and for their response to The State of Oklahoma's Motion to Quash Subpoenas Served on the State of Oklahoma Department of Agriculture, Food and Forestry and Request for Expedited Hearing ("Motion to Quash"), state as follows, to-wit:

Plaintiffs filed a motion seeking an order of this Court quashing the subpoena to produce pre-trial documents and the subpoena to testify and produce documents (collectively, "the Subpoenas") served upon the records custodian of Oklahoma Department of Agriculture, Food and Forestry ("ODAFF") pursuant to Federal Rule of Civil Procedure 45. For the foregoing reasons, George's respectfully requests that this Court deny Plaintiff's Motion to Quash and for all other proper relief to which it is entitled.[1]

---

[1] Minutes prior to filing this response, the Plaintiff filed an amended motion to quash asserting all files that were not previously produced have been produced as of this afternoon. *See* Dkt. 3079. George's counsel is still attempting to download these documents and asks that the Court enter an order for ODAFF to produce all documents, in the event not all have been produced, and to find no privilege exists between ODAFF and the Attorney General's office.

**LEGAL STANDARD**

"Generally, absent a claim of privilege, or personal or proprietary interest, a party lacks standing to challenge a subpoena served on a third party." *Dodd v. Indian Health Care Res. Ctr. Of Tulsa, Inc.*, No. 24-CV-00327-SH, 2024 WL 4648150, at *1 (N.D. Okla. Nov. 1, 2024). "Even if a party has standing to challenge a subpoena directed to a third party on privacy or privilege grounds, he may not challenge the subpoena on the grounds that the information imposes an undue burden on the subpoenaed party." *Id.* "Objections unrelated to a claim of privilege or privacy are not proper bases upon which a party may quash a third-party subpoena." *Patel v. State Farm Mut. Auto. Ins. Co.*, No. CIV-22-280-R, 2022 WL 22887035, at *2 (W.D. Okla. Aug. 15, 2022) (internal citations omitted). A party seeking to quash a subpoena has a particularly heavy burden as contrasted with one who seeks only limited protection. *Howard v. Segway, Inc.*, No. 11-CV-688-GKF-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012). A movant claiming undue burden generally must supply the information needed for a determination of burden. *Hahn v. Ohio Sec. Ins. Co.*, No. 22-CV-00369-GKF-SH, 2023 WL 4826857, at *2 (N.D. Okla. July 27, 2023).

**ARGUMENT**

Plaintiffs allege: (1) "the subpoenas are an improper attempt to obtain discovery counter to the Court's direction that there is no discovery prior to the upcoming evidentiary hearing"; (2) "the subpoenas improperly seek documents protected pursuant to the work product doctrine and/or attorney client privilege"; (3) regarding the "non-privileged documents the subpoenas seek, the vast majority of these documents have been listed by the State as exhibits and have already been provided to Defendants"; and (4) "the deadline for listing and exchanging exhibits was November 18, 2024." In summation, Plaintiffs argue "there is no practical purpose to the subpoena for production of documents and the subpoena for testimony to the extent it seeks production of

documents." Dkt. No. 3071

Plaintiffs only have standing to move to quash the Subpoenas served on ODAFF to the extent that Plaintiffs are asserting a claim of privilege, or a privacy interest is implicated. Plaintiffs make several arguments for quashing the Subpoenas all of which Plaintiffs lack standing to raise and should be denied.

### a. Plaintiffs lack standing to raise any issues other than privilege.

This Court has noted that absent a claim of privilege, a party lacks standing to challenge a third-party subpoena. *Dodd v. Indian Health Care Res. Ctr. Of Tulsa, Inc.*, No. 24-CV-00327-SH, 2024 WL 4648150, at *1 (N.D. Okla. Nov. 1, 2024). "Even if a party has standing to challenge a subpoena directed to a third party on privacy or privilege grounds, he may not challenge the subpoena on the grounds that the information imposes an undue burden on the subpoenaed party." *Id.*

Plaintiffs lack standing to challenge the third-party subpoenas at issue, ODAFF is not a party to this lawsuit. While one of the Plaintiffs – the Attorney General - argues that he represents ODAFF the evidence in this case would indicate that ODAFF and the Attorney General's positions are too divergent to support the claim of legal representation on which the motion to quash is premised. Specifically, on September 9, 2024 Secretary of Agriculture Blayne Arthur, the statutorily appointed leader of ODAFF, wrote a letter to the Court expressing concerns over the very relief being sought by the Attorney General in this case. Dkt. 3037.

Additionally, Plaintiffs subpoenaed ODAFF to appear and testify at the upcoming December trial. *See* Exhibit 1. As this Court is well aware, subpoenas are reserved for commanding action from third parties, not parties to the litigation. Therefore, the mere fact that Plaintiffs have issued a subpoena to ODAFF to appear and testify at the upcoming trial is further indication that

Plaintiffs do not represent ODAFF in the present litigation.

The above evidence would seem to indicate that ODAFF is a third party to this litigation and as such Plaintiffs only standing to object to the subpoena is based on privilege. If the Court disagrees, George's would argue that the above at least raises doubt as to the relationship between Plaintiffs and ODAFF to the extent where Secretary Arthur needs to notify the Court as to whether or not Plaintiffs represent ODAFFs interest in this litigation.

### b.  The Subpoenas Are Not An Improper Attempt To Obtain Discovery.

Plaintiffs have claimed this is an improper attempt to obtain discovery. This is incorrect; the Subpoenas are an effort to obtain full disclosures that should have been provided to George's along with the ODAFF documents disclosed on Plaintiffs' exhibit list from which Plaintiffs represented they intend to develop "summaries."[2]  Further, while the pre-trial schedule established by the Court did not allow sufficient time for meaningful discovery, the Court did ***not*** prohibit the parties from engaging in any discovery, rather, the Court directed the parties to attempt to work out any disagreements regarding discovery prior to engaging the Court in such conflicts. *See* Transcript of Status Conference, September 13, 2024, p. 6:25. Unfortunately, the parties have not been able to work out this conflict.

George's believes there are thousands of pages of documents which ODAFF produced to Plaintiffs that were not provided to George's. For example, there exist large gaps in Bates numbers in two grower files, and counsel for Plaintiffs confirmed in the meet and confer session conducted on November 22, 2024 that everything had not been produced. From a review of just two (2) of hundreds of trial exhibits listed by Plaintiffs with the description of "PFO ID # . . ." documents

---

[2] The opposing parties' opportunity to access and review the voluminous writings from which such summaries were developed is a prerequisite to admissibility. *See* Fed. R. Evid. 1006.

provided by ODAFF to the Plaintiffs are missing. *See generally* Dkt. 3057-1. By way of example, we know that OKLA_PX_18 is missing ODAFF0009986 to ODAFF0010247; OKLA_PX_65 is missing ODAFF0035234 to ODAFF0035574; OKLA_PX_66 is missing ODAFF0035854 to ODAFF0035877; OKLA_PX_69 is missing ODAFF0025068 to ODAFF0025302; OKLA_PX_78 is missing ODAFF0056035 to ODAFF0056272; OKLA_PX_103 is missing ODAFF0043893 – ODAFF0046069 and ODAFF004262 – ODAFF0046497; OKLA_PX_104 is missing ODAFF0048943 - ODAFF0049260 and ODAFF0049264 - ODAFF0049293, OKLA_PX_108 is missing ODAFF0050862 - ODAFF0051146; and OKLA_PLX_109 is missing ODAFF0051479 - ODAFF0052108.[3]

Because of the large number of pages missing from what was produced, George's cannot know what else was omitted from production, and therefore has asked for all documentation to ensure its ability to defend this case with all pertinent information.

    c. **Plaintiffs do not have a valid privilege to assert.**

Plaintiffs claim that on its face, the subpoena requests privileged information and states the requested documents are protected by the attorney-client privilege and/or the work product doctrine. Despite George's prior request, no privilege log was provided before the parties' November 22, 2024 meet and confer session. When George's declined to withdraw the Subpoenas, Plaintiffs attached a privilege log to their Motion to Quash filed with the Court on the next business day. *See* Dkt. 3071-3 and 3072-1. The descriptions in the privilege log are too vague to know how the documents identified there relate, if at all, to the ODAFF bates numbered documents

---

[3] George's review of Plaintiffs' exhibits is on-going; George's believes there are likely thousands of additional pages missing from the exhibits. Based on the impending trial, merely 2 business days from the filing of this response, all documents produced by ODAFF to Plaintiffs must be produced immediately to avoid additional prejudice to George's and all Defendants.

removed from the incomplete grower files disclosed by Plaintiffs as trial exhibits. George's believes the documents identified on the privilege log most likely are not part of the ODAFF grower files but rather communications between ODAFF and the Plaintiffs pertaining to this lawsuit and the Plaintiffs' requests for evidence to support their litigation claims against the Defendants.

In any event, ambiguities as to the nature of the documents over which the Plaintiffs are asserting privilege claims must be construed in favor of production. This Court has noted that "the party asserting attorney-client privilege or work-product protection has the burden of clearly showing that either or both apply." *Lindley v. Life Invs. Ins. Co. of Am.*, 267 F.R.D. 382, 388 (N.D. Okla. 2010), *aff'd in part as modified*, No. 08-CV-0379-CVE-PJC, 2010 WL 1741407 (N.D. Okla. Apr. 28, 2010). "The purpose of the attorney-client privilege is to encourage 'clients to make 'full and frank' disclosure to their attorneys, who are then better able to provide candid advice and effective representation." *Id.* "The goal of the attorney work product doctrine is to protect "an attorney's subjective analysis and substantive efforts in, or in anticipation of, litigation from use by the adverse party." *Id.* Because "all privileges are 'in derogation of the search for truth,' both are narrowly construed." *Id.*

As noted *supra* there is a serious question about whether the Attorney General is ODAFF's lawyer for purposes of this litigation. Clearly, the attorney-client privilege and/or the work product doctrine only apply when an attorney-client relationship exists. If the Court finds that Plaintiffs are counsel for ODAFF in this lawsuit, then Plaintiffs are required to produce a privilege log for all information they are claiming is privileged or covered by the work-product doctrine. Fed. R. Civ. P. 26(b)(5)(A). The privilege log must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without

revealing information itself privileged or protected, will enable other parties to assess the claim" Fed. R. Civ. P. 26(b)(5)(A)(ii).

Here, the Plaintiff's privilege log repeatedly states "for the purpose of rendering legal advice," however no other details are given to support such assertion. Intermittently, the privilege log will reference "ODAFF spreadsheet" which does not appear to be the name of any particular document but simply some spreadsheet produced by or possibly for ODAFF. Presumably, the other documents listed are email communications, however the privilege log does not specifically identify all of them as such. Further, Plaintiffs stated privilege assertions are "Attorney Client Communication" and "Attorney Client Communication/Work Product" and for two entries "Settlement Communications – Rule 408/Work Product."

Plaintiffs have failed to state with any specificity what material allegedly falls under the attorney-client privilege. Plaintiffs further fails to assert with specificity the attorney-client privilege or provide any information which would allow the Court to determine that such privilege is assertable under these facts. Further, is not the attorney's privilege to assert, it is the clients. It is a "fundamental premise that the attorney-client privilege is designed to shield the client's confidential disclosures and the attorney's advice. The privilege <u>belongs to the client and not to the lawyer</u>. It may be waived only by the client." *Chandler v. Denton*, 1987 OK 38, ¶ 19, 741 P.2d 855, 865. (Emphasis added.) Therefore, it would appear that if any privilege exists, which George's denies, as asserted by Plaintiff, and ODAFF is the client, that only Secretary Arthur can assert the privilege. Based on Secretary Arthur's direct correspondence with this Court, he does not appear to be asserting this privilege. *See generally* Dkt. 3037. Given the lack of information provided in the privilege log, Plaintiffs have failed to provide the Court with sufficient information to determine whether each element of the asserted privilege is met, and, therefore, Plaintiffs have

7

failed to meet their burden showing that any privilege applies.

George's has a substantial need for the materials requested in that such materials are essential for George's to properly defend against this case. Plaintiffs stated to the Court and Defendants in the conference on November 26, 2024, that a State of Oklahoma employee, Lynnette Jordan, has created summary exhibits from the ODAFF PFO and PWA files. Without the benefit of seeing the entirety of these ODAFF files, George's will be robbed of the ability to completely cross-examine Ms. Jordan on the choices she made in generating these summary documents. Moreover, where Plaintiffs assert the work-product protection, conceding for argument's sake that such protection did exist, a substantial equivalent cannot be acquired by other means, because these documents were created by ODAFF, or if any of the materials may be acquired by other means, it would require undue hardship not only on George's but on non-party persons.

Because Plaintiffs have failed to specifically identify materials within their privilege log; Plaintiffs have failed to specifically assert the privilege they are seeking to invoke; Plaintiffs previously produced large portions of the documents provided by ODAFF, which were not produced in preparation or anticipation of litigation; George's has a substantial need for the requested materials so that George's may mount an adequate defense; and acquiring some if not all of the documents is not possible through other means, and those materials which may be available through other means would require undue hardship not only on George's but also on non-party persons, Plaintiff has wholly failed to show that either the attorney-client privilege or the work-product doctrine applies to any materials sought by George's subpoenas.

## CONCLUSION

The Plaintiffs lack standing to quash subpoenas issued to a third-party such as ODAFF for any reason other than to assert privilege or to claim a privacy interest. The Plaintiffs have failed to

show that a legitimate basis exists for quashing the Subpoenas. As such, the Motion to Quash should be denied.

November 27, 2024                              Respectfully submitted,

/s/ *Robert George*
Robert George, OBA #18562
George's, Inc.
402 W. Robinson Ave.
Springdale, AR 73764
(479) 927-7249

K.C. Dupps Tucker (admitted *pro hac vice*)
Kristy E. Boehler (admitted *pro hac vice*)
The Law Group of Northwest Arkansas PLLC
1830 Shelby Lane
Fayetteville, AR 72704
(479) 316-3760

Counsel for George's, Inc. and
George's Farms, Inc.

## CERTIFICATE OF SERVICE

I certify that on November 27, 2024, I caused this document to be filed with the Clerk of Court through CM/ECF, which will serve copies on all registered counsel.

/s/ K.C. Tucker