IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA *ex rel.* )
GENTNER DRUMMOND, in his capacity as )
Attorney General of the State of Oklahoma and )
OKLAHOMA SECRETARY OF ENERGY )
AND ENVIRONMENT KEN McQUEEN )
in his capacity as the TRUSTEE FOR )
NATURAL RESOURCES FOR THE )
STATE OF OKLAHOMA, )
 )
   Plaintiffs, )
 )
v. ) Case No. 05-CV-00329-GKF-SH
 )
TYSON FOODS, INC., )
TYSON POULTRY, INC., )
TYSON CHICKEN, INC., )
COBB-VANTRESS, INC., )
CAL-MAINE FOODS, INC., )
CARGILL, INC., )
CARGILL TURKEY PRODUCTION, LLC, )
GEORGE'S, INC., )
GEORGE'S FARMS, INC., )
PETERSON FARMS, INC., and )
SIMMONS FOODS, INC., )
 )
   Defendants. )

**<u>ORDER</u>**

  This matter comes before the court on defendants' Joint Motion to Exclude Improperly Disclosed Expert Opinion Testimony From Gregory Scott, Lynnette Jordan, Teena Gunter, Tim Knight, Eric Lee, Matthew Yockey, and Edward Fite [Doc. 3070].

  In the motion, defendants seek to preclude the following seven witnesses from offering expert opinion testimony during the December 3, 2024 hearing: (1) Gregory Scott, Oklahoma Conservation Commission; (2) Lynette Jordan, Oklahoma Department of Agriculture, Food, and Forestry; (3) Teena Gunter, Oklahoma Department of Agriculture, Food, and Forestry; (4) Tim

Knight, Nautical Adventures Scuba; (5) Eric Lee, City of Tulsa; (6) Matthew Yockey, City of Tulsa; and (7) Edward Fite, Grand River Dam Authority Ecosystems. [Doc. 3070]. In response, plaintiff State of Oklahoma states that it will not call either Eric Lee or Matthew Yockey during the December 3 hearing. [Doc. 3076, p. 1 n.1]. Thus, the motion is moot insofar as it seeks to exclude Mr. Lee's and Mr. Yockey's opinion testimony. The court separately considers the remaining witnesses.

**I.  Standard**

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(C),

> [u]nless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> (i)  the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii)  a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C). The Advisory Committee Notes to the 2010 Amendments state:

> Rule 26(a)(2)(C) is added to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under rule 26(a)(2)(B) and of the facts supporting those opinions. This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B) [witnesses who are required to provide expert reports]. Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have.

Fed. R. Civ. P. 26(a)(2)(C), advisory committee notes 2010 amends; *see also Vincent v. Nelson,* 51 F.4th 1200, 1215-17 (10th Cir. 2022) (citing advisory committee notes). The Tenth Circuit has

described a "summary" as "'[a]n abridgment' of a fuller accounting of material." *Vincent,* 51 F.4th at 1216.[1]

However, the Advisory Committee Notes to the 2010 amendments recognize that "[a] witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705." The Tenth Circuit has described the distinction between fact and expert testimony as follows:

> The Federal Rules of Evidence "distinguish between expert and lay testimony, not between expert and lay witnesses." *United States v. Caballero*, 277 F.3d 1235, 1247 (10th Cir. 2002) (emphasis added). Lay opinion testimony must be: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(a)-(c). By contrast, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if . . . the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Because the key distinctions here relate to the nature of the testimony, as opposed to the category of witnesses, "it is possible for the same witness to provide both lay and expert testimony in a single case." Fed. R. Evid. 701 advisory committee notes to 2000 amendment.

*Vincent,* 51 F.4th at 1213-14. Thus, "when 'the challenged testimony proffer[s] no opinion, lay or expert, but simply the witness['s] personal experience,' the witness 'need not testify as [an] expert'—even if the witness is an expert." *United States v. Boutte*, No. 22-2079, 2024 WL 3665536, at *7 (10th Cir. Aug. 6, 2024) (unpublished) (quoting *United States v. Caballero,* 277 F.3d 1235, 1247 (10th Cir. 2002)); *see also ORP Surgical, LLC v. Howmedica Osteonics Corp.*, 92 F.4th 896, 915 (10th Cir. 2024) (internal citation omitted) ("[P]ossessing expert knowledge or

---

[1] Other district courts in this Circuit have noted that the Tenth Circuit's discussion of Rule 26(a)(2)(C) was "an alternative holding," but have concluded that the *Vincent* decision "remains guidance stated in a published opinion from the Circuit." *Lopez v. Singh,* No. 22-36-JCH-SCY, 2023 WL 7130422, at *2 n.1 (D.N.M. Oct. 30, 2023).

training does not automatically disqualify someone as a lay witness. Witnesses with professional expertise may qualify as lay witnesses if their testimony pertains to personal experience or first-hand knowledge."). The "extensive" disclosure requirements of Rule 26(a)(2)(B) do not apply to non-retained witnesses and "no disclosure provision applies to a designated expert witness's *lay* testimony." *Vincent,* 51 F.4th at 1214.

## II. Gregory Scott, Oklahoma Conservation Commission

The State concedes that Mr. Scott constitutes a non-retained expert subject to the requirements of Rule 26(a)(2)(C), but contends that it has satisfied its disclosure obligations with respect to his opinions.

In his report of November 18, 2024, Mr. Scott opines as follows: (1) so long as poultry waste and phosphorus are land applied in the IRW, phosphorous concentrations in the soil will continue to climb; (2) phosphorus will continue to leak from the soils of the IRW for decades, and even longer if land application continues; and (3) if land application stopped today, "legacy" phosphorus already in the soil from decades of land application will continue to leak into the waters for decades.[2]

The court concludes the State has adequately disclosed Mr. Scott's opinions, but for the bases of his opinions regarding the duration of phosphorous leakage from the soils of the IRW, with or without continued land application of poultry waste. *See ClearOne, Inc. v. PathPartner Tech., Inc.,* No. 18-CV-00427-JNP-JCB, 2022 WL 1063733, at *13 (D. Utah Apr. 8, 2022) ("[A]n adequate summary of opinions alone [does not] absolve a disclosing party of the obligation to

---

[2] Mr. Scott's report also includes opinions directed to remedies. However, because remedies are not at issue during the December 3 hearing, Mr. Scott shall not be permitted to testify regarding those opinions.

identify the factual basis for those opinions."). Thus, the State has not satisfied its Rule 26(a)(2)(C) obligations as to Mr. Scott's opinions with regard to duration of phosphorous leakage from the soils of the IRW.

### III. Lynette Jordan and Teena Gunter, 30(b)(6) Representatives of the Oklahoma Department of Agriculture, Food and Forestry

Defendants next seek to exclude both Lynette Jordan and Teena Gunter, 30(b)(6) Representatives of the Oklahoma Department of Agriculture, Food, and Forestry, from offering expert opinion testimony. In response, the State clarifies that neither Ms. Jordan nor Ms. Gunter will offer expert opinion testimony. Instead, both will effectively testify as records custodians with respect to the ODAFF records. [Doc. 3076, pp. 2-3]. Rule 26(a)(2)(C) does not apply to non-expert records custodian testimony. *Lopez v. Singh,* No. 22-36-JCH-SCY, 2023 WL 7130422, at *5 (D.N.M. Oct. 30, 2023). Rather, "no disclosure provision applies to a designated expert witness's *lay* testimony." *Vincent,* 51 F.4th at 1214. Because Ms. Jordan and Ms. Gunter will only offer lay testimony, no disclosure requirements apply and defendants' motion to exclude for improper disclosure is denied as to these witnesses.

### IV. Tim Knight, Nautical Adventures Scuba

Likewise, the State represents that Mr. Knight will offer lay testimonybased on his own personal experience and observations. Further, having reviewed the State's disclosures with respect to Mr. Knight, the court concurs that Mr. Knight's proffered testimony is based on his personal experience and "d[oes] not go beyond the realm of common experience." *Vincent*, 51

F.4th at 1214. Thus, the disclosure requirements of Rule 26(a)(2)(C) are inapplicable and defendants' motion is denied with respect to Mr. Knight.[3]

V. **Edward Fite, Grand River Dam Authority Ecosystems**

Finally, the State contends that Mr. Fite intends to offer "classic fact and lay opinion testimony." [Doc. 3076, p. 4]. Having reviewed the State's disclosures with respect to Mr. Fite, the court concludes that the following subject matters fall within Mr. Fite's personal experience and that Mr. Fite will offer lay testimony on these topics:

(1) his role in water monitoring/point source monitoring;

(2) his experience managing the IRW and water clarity;

(3) his observations of the impact on the IRW of high flow events;

(4) his personal observations relating to poultry industry activities throughout the IRW, including the level of poultry production, the storage of poultry waste, and application of poultry waste;

(5) his past and present efforts to work with poultry industry representatives in managing non-point source impact on the IRW;

(6) current observable conditions of the IRW;

(7) his observations of water clarity, discoloration/staining of water, algae growth, general conditions, and the observed impact of poultry production in the IRW;

(8) testimony regarding visibility in Illinois River and the ability to see submerged items and landmarks;

---

[3] Insofar as the State may seek to illicit testimony from Mr. Knight regarding matters that require special skill and knowledge or not based upon personal knowledge, the requirements of Rule 26(a)(2)(C) are satisfied. As previously stated, the Advisory Committee Notes to Rule 26 and the Tenth Circuit have cautioned "against requiring undue detail" for non-retained experts. Instead, only "a *summary* of the facts and opinions to which the witness is expected to testify" is required. Fed. R. Civ. P. 26(a)(2)(C) (emphasis added). Based on the court's review, the disclosures are sufficient to "obviate the danger of unfair surprise regarding the factual and opinion testimony of the nonretained expert." *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014). Thus, the requirements of Rule 26(a)(2)(C) are satisfied.

(9)   the impact that repeated contact with water in the Illinois River has had on him personally;

(10)   his observations of turbidity, lack of ability to see gravel and riverbed, observation of brown foam/suds on water surface, and observation of algae blooms;

(11)   his personal experiences with the effect of water clarity on corpse recovery efforts; and

(12)   his opinion that, the rivers and streams in the IRW, at present as compared to trial, are unimproved.

See Boutte, 2024 WL 3665536, at *7.

However, insofar as Mr. Fite will testify to his concerns regarding representations made by the poultry industry in relation to waste disposal and removal and his poultry waste calculations, such testimony goes beyond Mr. Fite's personal observations and matters of common understanding.[4]  Accordingly, such testimony constitutes expert testimony with respect to which the State must satisfy the requirements of Rule 26(a)(2)(C).

Having reviewed the State's disclosures and in light the Tenth Circuit's warning "against requiring undue detail" for non-retained experts, the court concludes that the State adequately disclosed Mr. Fite's poultry calculation opinion, as the State informed defendants that Mr. Fite will (1) testify to the number of trucks needed to transport the amount of poultry waste produced and represented as being hauled out of the IRW, and (2) the methodology on which he bases his calculation.  Likewise, given the State's otherwise fulsome disclosure as to Mr. Fite's testimony, Rule 26(a)(2)(C) is satisfied with respect to Mr. Fite's opinion that the river and streams in the

---

[4] Additionally, Mr. Fite's opinion that buffer zones, conservation easements, and other river management techniques would benefit the IRW constitutes expert opinion testimony.  However, because remedies are not at issue during the December 3 hearing, Mr. Fite shall not be permitted to testify to those opinions.

IRW, at present as compared to trial, are unimproved. This disclosure is sufficient to "obviate the danger of unfair surprise regarding the factual and opinion testimony of the nonretained expert." *Hayes*, 2014 WL 3927277, at *3; *see also Vincent,* 51 F.4th at 1216 (internal quotations omitted) (collecting cases and noting that other Circuits "seem largely to have faulted parties only when they have filed disclosures so generic, unhelpful, and boilerplate [that] they could apply to . . . virtually any case.").

However, the State has not adequately disclosed Mr. Fite's opinions regarding representations made by the poultry industry in relation to waste disposal and removal and his concerns about such representations based on his observations of such hauling activities. "[A]n adequate summary of opinions alone [does not] absolve a disclosing party of the obligation to identify the factual basis for those opinions." *ClearOne, Inc.*, 2022 WL 1063733, at *13. Here, the State neither discloses the nature of Mr. Fite's "concerns" nor the factual bases for same. Thus, the State has not satisfied its obligations under Rule 26 with respect to this opinion.

**VI.    Remedy**

Pursuant to Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[T]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Neiberger v. Fed Ex Ground Package Sys., Inc.*, 566 F.3d 1184, 1191-92 (10th Cir. 2009) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999)). To make the determination, the court should be guided by the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the

- 8 -

party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc*., 170 F.3d at 993. "In ruling on a motion to exclude expert testimony under Rule 37(c)(1), the court should bear in mind that it is a drastic sanction." *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014) (internal quotations omitted).

Having reviewed the four *Woodworker's* factors, the court concludes that the appropriate remedy is supplementation, rather than exclusion. Significantly, defendants do not contend that the State has acted in bad faith, nor do the disclosures suggest that the State acted in bad faith or willfully. Further, permitting the opinion testimony will not disrupt the hearing, as supplementation is required as to only a few, discrete opinions. Finally, the parties are familiar with the issues and little prejudice will result. Thus, the State shall supplement its disclosures with respect to the following opinions:

1. Gregory Scott's opinions with regard to duration of phosphorous leakage from the soils of the IRW; and

2. Edward Fite's opinions regarding representations made by the poultry industry in relation to waste disposal and removal and his concerns about such representations based on his observations of such hauling activities.

## VII. Conclusion

WHEREFORE, the Joint Motion to Exclude Improperly Disclosed Expert Opinion Testimony From Gregory Scott, Lynnette Jordan, Teena Gunter, Tim Knight, Eric Lee, Matthew Yockey, and Edward Fite [Doc. 3070] of defendants Tyson Foods, Inc.; Tyson Poultry, Inc.; Tyson Chicken, Inc.; Cobb-Vantress, Inc.; Cal-Maine Foods, Inc.; Cargill, Inc.; Cargill Turkey Production, LLC; George's, Inc.; George's Farms, Inc.; Peterson Farms, Inc.; and Simmons Foods, Inc. is moot in part and denied in part.

IT IS FURTHER ORDERED that plaintiff State of Oklahoma *ex rel.* Gentner Drummond, in his capacity as Attorney General of the State of Oklahoma and Oklahoma Secretary of Energy and Environment Ken McQueen, in his capacity as the Trustee for Natural Resources for the State of Oklahoma, is directed to supplement its Rule 26(a)(2)(C) disclosures, consistent with this Order, on or before **Monday, December 2, 2024 at 3:00 p.m.**

IT IS SO ORDERED this 1st day of December, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE