# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA *ex rel.* GENTNER DRUMMOND, in his capacity as Attorney General of the State of Oklahoma and OKLAHOMA SECRETARY OF ENERGY AND ENVIRONMENT DESIGNATE JEFF STARLING in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA, <br><br> Plaintiffs, <br><br> v. <br><br> TYSON FOODS, INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB-VANTRESS, INC., CAL-MAINE FOODS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., and SIMMONS FOODS, INC., <br><br> Defendants. | Case No. 05-CV-00329-GKF-SH |

## ORDER

Before the court is the Motion of plaintiff State of Oklahoma *ex rel.* Gentner Drummond, in his capacity as Attorney General of the State of Oklahoma, and Oklahoma Secretary of Energy and Environment Designate Jeff Starling, in his capacity as the Trustee for Natural Resources for

the State of Oklahoma[1] to Strike Defendants' Joint Supplemental List of Witnesses with Summary of Expected Testimony as to Patrick Fisk [Doc. 3110].

The court previously directed the parties, on or before November 18, 2024, to exchange expert witness reports and to identify non-expert witnesses, including a summary of each witness's expected testimony. [Doc. 3038].

On November 18, 2024, defendants timely filed their Joint List of Witnesses with Summary of Expected Testimony. [Doc. 3059]. Therein, defendants disclosed, among other witnesses, Patrick Fisk as a fact witness and provided the following disclosure as to his anticipated testimony:

> Mr. Fisk is expected to testify regarding poultry litter regulation and management in Arkansas, including without limitation nutrient management plans, litter application, litter transportation, storage, and export, training, agronomic practices, grower trends, agricultural data, and other subjects relevant to current and historical conditions in the watershed.

[*Id.* at p. 3].

Subsequently, on November 27, 2024, defendants filed a Joint Supplemental List of Witnesses with Summary of Expected Testimony. [Doc. 3090]. In the supplemental list, defendants identify Mr. Fisk as a "Rebuttal Non-Retained Opinion Witness," as well as a fact witness, and provide an approximately six-page summary of the facts and opinions to which Mr. Fisk may testify as a non-retained opinion witness. [*Id.* at pp. 8-14].

Pursuant to Federal Rules of Civil Procedure 26(a) and 37(c), the State seeks to strike defendants' supplemental disclosure of Mr. Fisk as a non-retained opinion witness, arguing that defendants' untimely supplemental disclosure unfairly prejudices it. [Doc. 3110].

---

[1] Effective December 3, 2024, pursuant to Federal Rule of Civil Procedure 25(d), Jeff Starling, Oklahoma Secretary of Energy and Environment Designate, is substituted as a plaintiff in this action.

Pursuant to Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[T]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Neiberger v. Fed Ex Ground Package Sys., Inc.*, 566 F.3d 1184, 1191-92 (10th Cir. 2009) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999)). To make the determination, the court should be guided by the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc.*, 170 F.3d at 993. "In ruling on a motion to exclude expert testimony under Rule 37(c)(1), the court should bear in mind that it is a drastic sanction." *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014) (internal quotations omitted).

*First*, looking to prejudice, the State argues that "undue surprise" results, particularly because it "has not received any information upon which Fisk will base his . . . newly-disclosed opinions." [Doc. 3110, p. 3]. However, the supplemental disclosure indicates that Mr. Fisk will base his opinions on observations made during his employment with the Arkansas Department of Agriculture, the Arkansas Natural Resources Commission, and Pilgrim's Pride, all of which have given him first-hand knowledge of the historic and current litter management practices of poultry growers in the Illinois River Watershed. Additionally, Mr. Fisk will testify based on his review of "data he regularly receives, interprets, and analyzes in the course of his work." [Doc. 3090, p. 14]. Thus, defendants have sufficiently disclosed the factual bases for Mr. Fisk's opinions. *See Vincent*

*v. Nelson,* 51 F.4th 1200, 1215-17 (10th Cir. 2022); *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014).  Further, the court has reviewed the supplemental disclosure and Mr. Fisk's opinions all fall within the topics of anticipated testimony disclosed by defendants on November 18, 2024.  [Doc. 3059, at p. 3].  Thus, little prejudice or surprise to the State results.

*Second,* defendants disclosed Mr. Fisk's opinion testimony on November 27, 2024 and this matter is not scheduled to resume until December 16, 2024.  Thus, the State will have sufficient time to prepare to cross-examine Mr. Fisk, particularly given the parties' familiarity with the issues.  Accordingly, any potential prejudice may be cured through preparation during this break week.

*Third*, the testimony will not disrupt the hearing.  The State argues that Mr. Fisk's opinions will "distract the Court from the matter at hand."  [Doc. 3110, p. 4].  However, little risk of distraction exists as the evidence is being presented to the court and the court will determine its relevance.  Further, the court notes that evidence regarding Arkansas poultry practices has been introduced by the State in this matter, and defendants are entitled to meet that evidence.

*Finally*, the State does not explicitly contend that defendants have acted in bad faith, nor do the circumstances surrounding the supplemental disclosure suggest bad faith or willfulness to the court.

Based on the foregoing, having reviewed the four *Woodworker's* factors, the court concludes that exclusion is not warranted.

WHEREFORE, plaintiff State of Oklahoma's Motion to Strike Defendants' Joint Supplemental List of Witnesses with Summary of Expected Testimony as to Patrick Fisk [Doc. 3110] is denied.

IT IS SO ORDERED this 12th day of December, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE