**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STATE OF OKLAHOMA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-329-GKF-SH |
| | ) | |
| TYSON FOODS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE
NOTICE OF SUPPLEMENTAL AUTHORITY**

Under Federal Rule of Civil Procedure 7(b) and Local Civil Rule 7.1(f), the undersigned Defendants hereby request leave to file the attached Notice of Supplemental Authority regarding the Supreme Court's recent decision in *City of San Francisco v. EPA*, No. 23-753 (U.S. Mar. 4, 2025), which bears upon issues currently before the court in the above captioned matter.

As courts with a similar local rule have held, "leave to file supplemental briefs may be granted in the interests of justice when the proposed submission contains 'new authority or evidence that was not available [to the movant] in the exercise of reasonable diligence' when the original briefs were filed." *Valassis Commc'ns, Inc. v. News Corp.*, 2015 WL 13050049, at *1 (E.D. Mich. Dec. 23, 2015) (quoting *Harshaw v. Bethany Christian Servs.*, 2010 WL 610262, at *1 (W.D. Mich. Feb. 19, 2010) (citing *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp.*, 463 F.3d 478, 488 (6th Cir. 2006))); *accord Niemi v. Lasshofer*, 728 F.3d 1252, 1262 (10th Cir. 2013) ("The proper function of Rule 28(j) letters . . . is to advise the court of 'new authorities' a party has learned of after oral argument[.]"); *see also Jacobs v. Guardian Life Ins. Co. of Am.*, 730 F. Supp. 2d 830, 844 (N.D. Ill. 2010) (granting leave where the supplemental authority was "relevant"

1

and "helpful" to decide the case).  Courts in this circuit routinely grant leave to file such notices.  *See, e.g.*, *Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1204 (D. Colo. 2015); *BancInsure, Inc. v. McCaffree*, 2013 WL 5769918, at *1 (D. Kan. Oct. 24, 2013); *FDIC v. Dee*, 222 F. Supp. 3d 972, 1001 (D.N.M. 2016); *United States v. Flowers*, 2011 WL 4496635, at *1 (N.D. Okla. Sept. 27, 2011); *Martinez v. United States*, 2014 WL 1338119, at *1 (W.D. Okla. Mar. 28, 2014).  Indeed, such notices have been filed by both parties in this case.  *See, e.g.*, Doc. 1325 (filed by Plaintiffs); Doc. 1181 (filed by Defendants).

The proffered supplemental authority was unavailable at the time post-trial briefs were submitted.  Opinions issued after the filing sought to be supplemented are considered "unavailable."  *See, e.g.*, *Ashghari-Kamrani v. U.S. Auto. Ass'n*, 2016 WL 8253884, at *1 (E.D. Va. Mar. 18, 2016) ("Defendant filed its Reply Brief at 12:38 p.m. *eastern* time and *OpenTV* was published at 1:30 p.m. *pacific* time.  The opinion was therefore not available to the Defendant before pleading on Defendant's Motion to Dismiss was complete."); *Daimler Vans USA, LLC v. Fyda Freightliner Cincinnati, Inc.*, 2023 WL 3734236, at *3 (S.D. Ohio May 31, 2023) ("Here, Daimler has identified new authority published on April 12, 2023 – nearly a month after the other pending motions were fully briefed. (ECF No. 72.).  Accordingly, for good cause shown, that Motion (ECF No. 72) is GRANTED pursuant to Local Rule 7.2(a)(2)."); *Bhd. of Maint. of Way Emps. Div., IBT v. BNSF Ry. Co.*, 2008 WL 5489360, at *2 (D.N.M. Sept. 17, 2008) (noting that it considered authorities cited in notice which were "decided after the Court's initial decision").  Defendants' Post-Trial Brief was filed on January 30, 2025.  The Supreme Court decided *San Francisco* on March 4, 2025.

Defendants exercised "reasonable diligence" in putting this supplemental authority before the Court.  Courts only find that reasonable diligence has not been exercised when the notice is

filed "months" after the supplemental authority became available. *See, e.g., Platt v. Moore*, 2018 WL 2057900, at *4 (D. Ariz. Mar. 15, 2018) ("Plaintiffs were aware of the *Horne* decision for months before the Court entered its order on the motions to dismiss because their counsel appeared as counsel in the *Horne* case."); *Amaya v. Menzies Aviation (USA), Inc.*, 2024 WL 3008868, at *2 (C.D. Cal. May 1, 2024) ("The *In re Marriot* decision was issued on August 18, 2023, over five months **before** the Certification Order was issued. As such, knowledge of this case was known to Menzies well before the Order was issued and could have been brought to the Court's attention with reasonable diligence through a Notice of Supplemental Authority. Instead, Defendant waited until March 2024 to bring this Motion to cite an August 2023 case."). That is not the case here. Defendants filed their stricken notice promptly, just nine days after the Supreme Court's decision and are now seeking leave to refile promptly after the Court's order striking that notice.

Defendants' failure to seek leave as an initial matter should not weigh against the Court subsequently granting leave to supplement. *Cf. Ashghari-Kamrani*, 2016 WL 8253884, at *1 n.1. Defendants apologize to the Court for their failure to seek leave, but did not anticipate that their notice would be considered a supplemental brief subject to Local Rule 7.1(f). The notice was limited to an authority that was unavailable at the time the Post-Trial Brief was filed. *Cf. Tammy H. v. Saul*, 2020 WL 6269596, at *2 n.2 (D. Me. Oct. 25, 2020), *report and recommendation adopted*, 12020 WL 7265841 (D. Me. Dec. 10, 2020) ("A statement of supplemental authorities should be confined to authorities unavailable as of the date of the filing of the statement of errors. Otherwise, . . . such a filing is in substance a reply brief, which is not permitted as of right pursuant to Local Rule 16.3(a)(2) and, accordingly, requires leave of court to file[.]"). Moreover, the Court has previously accepted similar notice filings made without first seeking leave. *See, e.g.*, Doc. 1119; Doc. 1165; Doc. 1169; Doc. 1170; Doc. 1171; Doc. 1181; Doc. 1325.

Granting leave to file will not prejudice Plaintiffs. *Cf. Jacobs*, 730 F. Supp. 2d at 844 (considering this factor because the supplemental authority "was decided several months before the parties filed their cross-motions for summary judgment and Defendants could have cited it at that time"). Even though the Supreme Court's decision is not binding, given the eminence of the tribunal and the persuasiveness of the reasoning, the Court may well have "addressed the relevant [decision] even if [Defendants] failed to [bring it to the Court's attention]." *Id.* Moreover, Defendants have no objection to Plaintiffs filing a "substantive response," Doc. 3154 at 1, thereby giving "both sides . . . a chance to address the [decision]." *Jacobs*, 730 F. Supp. 2d at 844 (denying non-movant's objection to the notice for these reasons).

Finally, the Supreme Court's decision in *San Francisco* is "relevant" and "helpful" to deciding the issues currently before this Court. *Id.* (citing *Illinois ex rel. Madigan v. Hemi Group, LLC*, 2008 WL 4545349, at *3 n.1 (C.D. Ill. Oct. 10, 2008) ("Because the case is helpful, the Court allows the Motion."))). Contrary to Plaintiffs' suggestion, *see* Doc. 3154-1 at 2–3 ("Defendants' efforts to analogize and apply principles underlying the CWA's permitting program for point source pollution to a state's delegated nonpoint regulatory responsibilities is thus entirely off-point."), "authorities cited in a notice of supplemental authority [do] not have to be binding to be considered by the Court." *Ashghari-Kamrani*, 2016 WL 8253884, at *1. "Courts commonly consider decisions rendered in other jurisdictions for a variety of reasons, such as persuasiveness or reasoning process." *Id.*

Indeed, those reasons are precisely why Defendants are providing notice of the Supreme Court's decision. As explained in that notice, "[w]hile *Tyson Foods* does not arise under the CWA, it does involve the construction of state environmental and tort statutes in parallel with state-issued permits detailing what can and cannot be done on particular fields, and liability based in significant

4

part on water quality standards applied to water bodies with multiple dischargers." Doc. 3153 at 2–3. "Like the EPA in *San Francisco*, Plaintiffs are attempting to apply Oklahoma state law in a bottom-up, water-quality-standard-based manner," thereby "gut[ting] the protections the Oklahoma legislature clearly intended Animal Waste Management Plans to provide, . . . and expos[ing] permit holders to onerous penalties for circumstances entirely beyond their control." *Id.* at 3. As even the dissent in *San Francisco* would acknowledge, it would be "arbitrary and capricious" to hold Defendants "solely liable" for pollution of "waterways which have hundreds, if not thousands of permitted and non-permitted dischargers." *Id.* As the majority reasoned in *San Francisco*, it is highly dubious that this palpably inequitable result is in any way consistent with legislative intent, and the Court should consider *San Francisco*'s reasoning when deciding this case.

The proposed Notice of Supplemental Authority is attached to this motion as Exhibit A. The substance of that notice is not different from the substance of the stricken notice; the changes made reflect only what has happened in this case since that original filing. The Supreme Court's opinion is reattached as Exhibit B.

March 27, 2025

Respectfully submitted,

/s/ *Gordon D. Todd*

Mark D. Hopson
Frank R. Volpe
Gordon D. Todd
Benjamin M. Mundel
  (*pro hac vice* filed)
David H. Kinnaird
  (*pro hac vice* forthcoming)
Sidley Austin LLP
1501 K Street, NW
Washington, D.C.  20005
(202) 736-8000
(202) 736-8711 (facsimile)
mhopson@sidley.com
fvolpe@sidley.com
gtodd@sidley.com
bmundel@sidley.com
dkinnaird@sidley.com

*Attorneys for Tyson Foods, Inc.,*
*Tyson Poultry, Inc., Tyson Chicken, Inc., and*
*Cobb-Vantress, Inc.*

/s/ *A. Scott McDaniel*
A. Scott McDaniel, OBA #16460
McDaniel Acord, PLLC
9343 East 95th Court
Tulsa, OK  74133
(918) 382-9200

*Attorney for Tyson Foods, Inc., Tyson*
*Poultry, Inc., Tyson Chicken, Inc., Cobb-*
*Vantress, Inc., and Peterson Farms, Inc.*

6

/s/ *Robert George*
Robert George, OBA #18562
George's, Inc.
402 W. Robinson Ave.
Springdale, AR  73764
(479) 927-7249

K.C. Dupps Tucker (admitted *pro hac vice*)
Kristy E. Boehler (admitted *pro hac vice*)
The Law Group of Northwest
  Arkansas PLLC
1830 Shelby Lane
Fayetteville, AR 72704
(479) 316-3760

Perry L. Glantz (admitted *pro hac vice*)
Stinson LLP
1144 15th Street, Suite 2400
Denver, CO 80202
(303) 376-8410

Clinton Russell, OBA # 19209
Taylor, Foster, Mallett, Downs,
  Ramsey & Russell
400 West Fourth Street
Claremore, OK 74018
(918) 343-4100
crussell@soonerlaw.com

*Attorneys for George's, Inc. and George's Farms, Inc.*

/s/ *John R. Elrod*
John R. Elrod (admitted *pro hac vice*)
Vicki Bronson, OBA 20574
Conner & Winters, P.C.
4375 N. Vantage Drive, Suite 405
Fayetteville, AR  72703
(479) 582-5711
(479) 358-1518 (facsimile)
jelrod@cwlaw.com
vbronson@cwlaw.com

*Attorneys for Simmons Foods, Inc.*

/s/ *Robert P. Redemann*
Robert P. Redemann, OBA #7454
William D. Perrine, OBA #11955
Perrine, Redemann, Berry,
  Taylor & Frette, PLLC
1800 S. Baltimore Ave., Suite 900
Tulsa, OK 74119
(918) 382-1400
(918) 382-1499 (facsimile)
rredemann@pmrlaw.net
wperrine@pmrlaw.net

Robert E. Sanders, MSB#6446
  (admitted *pro hac vice*)
Young Wells Williams P.A.
P.O. Box 6005
Ridgeland, MS   39158-6005
(601) 948-6100
(601) 355-6136 (facsimile)
rsanders@youngwells.com

*Attorneys for Cal-Maine Foods*

/s/ *John H. Tucker*
John H. Tucker, OBA 9110
Theresa N. Hill, OBA 19119
Colin H. Tucker
Rhodes Hieronymus Jones
  Tucker & Gable
Two W. 2nd Street, Suite 1000
P.O. Box 21100
Tulsa, OK  74121-1100
(918) 582-1173
(918) 592-3390 (facsimile)
jtucker@rhodesokla.com
thill@rhodesokla.com
chtucker@rhodesokla.com

Jacob D. Bylund, admitted *pro hac vice*
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, IA  50309
Main: (515) 248-9000
jacob.bylund@faegredrinker.com

Bruce Jones, admitted *pro hac vice*
Aaron D. Van Oort, admitted *pro hac vice*
Christopher H. Dolan, admitted *pro hac vice*
Jeffrey P. Justman, admitted *pro hac vice*
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Well Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Main:  (612) 766-7000
bruce.jones@faegredrinker.com
aaron.vanoort.jones@faegredrinker.com
chris.dolan@faegredrinker.com
jeff.justman@faegredrinker.com

*Attorneys for Cargill, Inc. and Cargill Turkey Production, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 27, 2025, I caused this document to be filed with the Clerk of Court

through CM/ECF, which will serve copies on all registered counsel.


/s/ *Gordon D. Todd*
Gordon D. Todd