## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-329-GKF-SH |
| | ) | |
| TYSON FOODS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' PROPOSED JOINT NOTICE OF
## SUPPLEMENTAL AUTHORITY

The undersigned Defendants respectfully notify the Court of the Supreme Court's recent decision in *City of San Francisco v. EPA,* No. 23-753 (U.S. Mar. 4, 2025), which bears upon the issues currently before the court in the above captioned matter.

In *San Francisco*, the Supreme Court considered whether the Clean Water Act (CWA) allows the EPA (or an authorized state agency) to include in National Pollutant Discharge Elimination System (NPDES) permits restrictions that make permitholders liable in the event the water into which the permitholder discharges fails to meet applicable water quality standards. The Court concluded that the CWA does not permit such water quality standard-based conditions.

In its opinion, the Supreme Court concluded that imposing strict liability on permitholders for violations of water quality standards would undermine the CWA's permitting scheme. *San Francisco*, slip. op. at 15. Parsing the statute's text and

history, the Court concluded first that the CWA supports limitations on a permit holder's discharges and conduct, *id.* at 8–14, both of which a permit holder can control. The Court went on to conclude, however, that the CWA does not allow limitations based on metrics beyond a permit holder's control such as water quality. The Court based this conclusion in significant part on the CWA's "permit shield" provision, "under which a permittee is deemed to be in compliance with the CWA if it follows all the terms in its permit." *Id.* at 14. The Court held that holding a permitholder to external metrics outside the permitholder's control would lead to untenable results:

> A permittee could do everything required by all the other permit terms. It could devise a careful plan for protecting water quality, and it could diligently implement that plan. But if, in the end, the quality of the water in its receiving waters dropped below the applicable water quality levels, it would face dire potential consequences."

*Id.* This inequity would be all the more acute, the Court noted, when there "may be dozens or even hundreds of permitted and unpermitted discharges into the same waterbody." *Id.* at 16 (cleaned up). This "multiple-discharger problem," the Court noted, both gutted the utility of the CWA's permit shield guarantee, and also exposed permit holders to the "harsh penalties for violating the terms of a permit" imposed under the CWA. *Id.* at 15–17. These results confirmed the Court's construction that the CWA allows limitations on effluent discharges and practices, but not based on water quality standards.

These same concerns feature prominently in the matter pending before the Court. While *Tyson Foods* does not arise under the CWA, it does involve the

construction of state environmental and tort statutes in parallel with state-issued permits detailing what can and cannot be done on particular fields, and liability based in significant part on water quality standards applied to water bodies with multiple dischargers. As Defendants have argued previously, and as the Supreme Court echoed in *San Francisco*, a farmer could comply perfectly with a state-issued plan and yet be held liable in view of water quality standard violations in water bodies receiving thousands of different discharges. This is true for individual farmers, and it is true for Defendant integrators who Plaintiffs contend are vicariously liable for those farmers. In basing liability on water quality standards rather than violations of field-specific permits, Plaintiffs' legal theory guts the protections the Oklahoma legislature clearly intended Animal Waste Management Plans to provide, as originally codified at Okla. Stat. tit. 2, § 10.9 *et seq.*, and further modified via S.B. 1424 at 15–16 (May 30, 2024), and exposes permit holders to onerous penalties for circumstances entirely beyond their control.

Like the EPA in *San Francisco*, Plaintiffs are attempting to apply Oklahoma state law in a bottom-up, water-quality-standard-based manner. Moreover, they are doing so with respect to waterways which have hundreds, if not thousands of permitted and non-permitted dischargers, seeking to hold Defendants solely liable for the end result of all those discharges—something even the dissent in *San Francisco* conceded would be "arbitrary and capricious." *San Francisco*, slip dissenting op. at 11 (Barrett, J.). And worst of all, they are seeking to impose liability in total disregard of whether the activities associated with poultry farming complied with

state-issued permits governing litter application and runoff from those fields. None of this is consistent with the elaborate permitting scheme that the Oklahoma and Arkansas state legislatures set up. If Plaintiffs are desirous of improving the water quality in the IRW, the proper forum to make that complaint is before the state permitting agencies, not this Court.

March ___, 2025

Respectfully submitted,

/s/ *Gordon D. Todd*

Mark D. Hopson
Frank R. Volpe
Gordon D. Todd
Benjamin M. Mundel
  (*pro hac vice* filed)
David H. Kinnaird
  (*pro hac vice* forthcoming)
Sidley Austin LLP
1501 K Street, NW
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (facsimile)
mhopson@sidley.com
fvolpe@sidley.com
gtodd@sidley.com
bmundel@sidley.com
dkinnaird@sidley.com

*Attorneys for Tyson Foods, Inc.,*
*Tyson Poultry, Inc., Tyson Chicken,*
*Inc., and Cobb-Vantress, Inc.*

4

/s/ *A. Scott McDaniel*

A. Scott McDaniel, OBA #16460
McDaniel Acord, PLLC
9343 East 95th Court
Tulsa, OK  74133
(918) 382-9200

*Attorney for Tyson Foods, Inc., Tyson Poultry, Inc., Tyson Chicken, Inc., Cobb-Vantress, Inc., and Peterson Farms, Inc.*

/s/ *Robert George*

Robert George, OBA #18562
George's, Inc.
402 W. Robinson Ave.
Springdale, AR  73764
(479) 927-7249

K.C. Dupps Tucker (admitted *pro hac vice*)
Kristy E. Boehler (admitted *pro hac vice*)
The Law Group of Northwest
  Arkansas PLLC
1830 Shelby Lane
Fayetteville, AR 72704
(479) 316-3760

Perry L. Glantz (admitted *pro hac vice*)
Stinson LLP
1144 15th Street, Suite 2400
Denver, CO 80202
(303) 376-8410

Clinton Russell, OBA # 19209
Taylor, Foster, Mallett, Downs,
  Ramsey & Russell
400 West Fourth Street
Claremore, OK 74018
(918) 343-4100
crussell@soonerlaw.com

*Attorneys for George's, Inc. and George's Farms, Inc.*

5

/s/ *John R. Elrod*
John R. Elrod (admitted *pro hac vice*)
Vicki Bronson, OBA 20574
Conner & Winters, P.C.
4375 N. Vantage Drive, Suite 405
Fayetteville, AR  72703
(479) 582-5711
(479) 358-1518 (facsimile)
jelrod@cwlaw.com
vbronson@cwlaw.com

*Attorneys for Simmons Foods, Inc.*

/s/ *Robert P. Redemann*
Robert P. Redemann, OBA #7454
William D. Perrine, OBA #11955
Perrine, Redemann, Berry,
   Taylor & Frette, PLLC
1800 S. Baltimore Ave., Suite 900
Tulsa, OK 74119
(918) 382-1400
(918) 382-1499 (facsimile)
rredemann@pmrlaw.net
wperrine@pmrlaw.net

Robert E. Sanders, MSB#6446
   (admitted *pro hac vice*)
Young Wells Williams P.A.
P.O. Box 6005
Ridgeland, MS   39158-6005
(601) 948-6100
(601) 355-6136 (facsimile)
rsanders@youngwells.com

*Attorneys for Cal-Maine Foods*

/s/ *John H. Tucker*
John H. Tucker, OBA 9110
Theresa N. Hill, OBA 19119
Colin H. Tucker
Rhodes Hieronymus Jones
  Tucker & Gable
Two W. 2nd Street, Suite 1000
P.O. Box 21100
Tulsa, OK  74121-1100
(918) 582-1173
(918) 592-3390 (facsimile)
jtucker@rhodesokla.com
thill@rhodesokla.com
chtucker@rhodesokla.com

Jacob D. Bylund, admitted *pro hac vice*
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, IA  50309
Main: (515) 248-9000
jacob.bylund@faegredrinker.com

Bruce Jones, admitted *pro hac vice*
Aaron D. Van Oort, admitted *pro hac vice*
Christopher H. Dolan, admitted *pro hac vice*
Jeffrey P. Justman, admitted *pro hac vice*
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Well Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Main:  (612) 766-7000
bruce.jones@faegredrinker.com
aaron.vanoort.jones@faegredrinker.com
chris.dolan@faegredrinker.com
jeff.justman@faegredrinker.com

*Attorneys for Cargill, Inc. and Cargill Turkey Production, LLC*

## CERTIFICATE OF SERVICE

I certify that on March ___, 2025, I caused this document to be filed with the Clerk of Court through CM/ECF, which will serve copies on all registered counsel.


/s/ *Gordon D. Todd*
Gordon D. Todd