IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Case No. 05-cv-329-GKF-SH |
| ) | |
| TYSON FOODS, INC., *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

### THE STATE OF OKLAHOMA'S RESPONSE IN OPPOSITION TO "DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY"

Defendants' Joint Motion for Leave to File Notice of Supplemental Authority (Doc. No. 3156) should be denied as *City and County of San Francisco v. EPA*, No. 23-753 (U.S. Mar. 4, 2025), is neither relevant nor helpful to deciding the issues before this Court.

Defendants acknowledge that supplemental authority should be "relevant" and "helpful." *See* Def. Motion at 1-2 (citing *Jacobs v. Guardian Life Ins. Co. of Am.*, 730 F. Supp. 2d 830, 844 (N.D. Ill. 2010)). The proposed supplemental authority is neither. Specifically, *San Francisco* is a point source pollution permitting case arising under the Clean Water Act ("CWA"). In contrast, as this Court has previously recognized, the State's case here is a nonpoint source pollution case which in no way implicates the CWA's point source permitting provisions. *See* Doc. No. 2979 at COL No. 37 ("At issue here are *nonpoint* source discharges. In *American Wildlands v. Browner*, 260 F.3d 1192, 1193-94 (10th Cir. 2001), the Tenth Circuit recognized that nonpoint source discharges are not defined by the Clean Water Act and that '[r]ather than vest the EPA with authority to control nonpoint sources through a permitting process, Congress

1

required states to develop water quality standards for intrastate waters.' *Id.*") (emphasis in original).[1] *San Francisco* is thus entirely off-point.

Should the Court grant Defendants' motion for leave, the State should be granted leave to file a substantive response to Defendants' proposed filing. Defendants have indicated in their motion for leave that they have no objection to the State filing a substantive response. *See* Def. Motion at 4.

March 31, 2025

                                                        Respectfully Submitted,

/s/ Gentner Drummond

GENTNER DRUMMOND, OBA #16645
  *Attorney General*
GARRY M. GASKINS, II, OBA #20212
  *Solicitor General*
JENNIFER L. LEWIS, OBA #32819
  *Deputy Attorney General*
OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Direct: (405) 521-3921
gentner.drummond@oag.ok.gov

M. David Riggs, OBA, #7583
Kristopher E. Koepsel, OBA #19147
Riggs, Abney, Neal, Turpen, Orbison & Lewis
502 West 6th Street
Tulsa, OK 74119
(918) 587-3161

Robert A. Nance, OBA #6581
W.A. Drew Edmondson, OBA #2628
Riggs, Abney, Neal, Turpen, Orbison & Lewis

---

[1] Underscoring its irrelevancy to the issues to be decided by this Court, regulation of nonpoint source pollution is not even mentioned in *San Francisco*.

528 N.W. 12th Street
Oklahoma City, OK 73103
(405) 843-9909

Louis W. Bullock, OBA #1305
Bullock Law Firm PLLC
110 W. 7th Street
Tulsa, OK 74119
(918) 584-2001

Frederick C. Baker, admitted *pro hac vice*
Cynthia Solomon, admitted *pro hac vice*
Kristin Hermiz, admitted *pro hac vice*
Madeline Becker, admitted *pro hac vice*
Motley Rice LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
(843) 216-9186

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants with entries of appearance filed of record.

_____
GENTNER DRUMMOND