# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 05-cv-329-GKF-SH |
| TYSON FOODS, INC., *et al.*, | ) ) ) |
| Defendants. | ) ) |

## [Proposed] FINAL JUDGMENT

Consistent with the accompanying memorandum opinion, it is hereby **ORDERED** that judgment shall enter in favor of the State and against Defendants on the State's claims of statutory public nuisance, federal common law nuisance, trespass, for violation of 27A Okla. Stat. § 2-6-105, and for violation of 2 Okla. Stat. § 2-18.1.

It is further **ORDERED** that the Non-Withdrawing Defendants shall comply with the following:

1. **Definitions**

    a. "Withdrawing Defendants" includes Peterson Farms, Inc; Cal-Maine Foods, Inc; Cargill, Inc.; and Cargill Turkey Production LLC.

    b. "Non-Withdrawing Defendants" includes Tyson Foods, Inc.; Tyson Poultry, Inc.; Tyson Chicken, Inc.; Cobb-Vantress, Inc.; George's, Inc.; George's Farms, Inc.; and Simmons Foods, Inc.

    c. "IRW" means the Illinois River Watershed.

    d. "NMP" means a State-issued nutrient management plan or animal waste management plan.

2. **Requirements**

    a. Upon written notice from the Oklahoma Department of Agriculture, Food, and Forestry or the Arkansas Natural Resources Commission that a grower located in the IRW and contracted with a Non-Withdrawing Defendant has land applied poultry litter in material violation of the terms of their NMP or has been cited for failing to obtain an NMP as required, Non-Withdrawing Defendants will withhold placement of flocks with that grower until the grower has met the issuing agency's requirements, including any corrective actions.

    b. Defendants shall not place birds in any new broiler house(s) constructed in the IRW under a letter of intent and/or contract executed after the entry of this judgment unless the Defendant's contract with the growers covering such broiler house(s) requires all litter generated in such broiler house(s) to be transported out of the IRW during all periods prior to the expiration or termination of this judgment.

    c. Each Non-Withdrawing Defendant will fund (or obtain funding from a public or private source for) a $4 per ton subsidy to be applied toward the purchase/transport cost of each ton of litter their IRW growers agree to export from the IRW.

    d. For any grower with land abutting Lake Tenkiller or a designated Scenic river in the IRW who continues to land apply poultry litter to such lands as permitted by an NMP after the entry of this judgment, and who is required by their NMP or voluntarily elects to install a vegetative riparian buffer on such lands, the Non-Withdrawing Defendant contracting with such grower at that time will fund (or obtain funding from a public or private source for) 50% of the costs to construct and install riparian buffer strips on that grower's farm in the areas adjacent to the fields where litter is applied or adjacent to the applicable water body, provided that (1) the proposed riparian buffer strip does not constitute a bio-security risk with respect to Defendant's birds, (2) the proposed riparian buffer strip meets the Defendant's contractual setback requirements, if any, and (3) the total cost for construction of any individual riparian buffer strip does not exceed the greater of $10,000 dollars per acre or $250,000 in total. Costs associated with fencing cattle, ongoing maintenance and/or improvements beyond the initial construction and installation of the riparian vegetative buffers described above will not be included in a Non-Withdrawing Defendant's financial obligation under this provision.

e. Each Non-Withdrawing Defendant will annually communicate in writing to its growers located in the IRW the immediately preceding financial commitments.

f. Upon a joint request by the Oklahoma Secretary of the Environment and the Oklahoma Attorney General, but no more than once per calendar year, each Non-Withdrawing Defendant will submit a written report with the following information: (1) the number of times flocks were withheld from their IRW growers because litter was applied in violation of an NMP; (2) the total amount in subsidies paid for litter exports under this judgment; (3) the number of farms that applied for the riparian buffer strip financial assistance available under this judgment; (4) the total square feet of riparian buffer strips installed under this judgment; and (5) the total square feet of riparian buffer strips approved under this judgment but not yet installed and the anticipated installation date for such riparian buffer strip.

3. **Term.** The Non-Withdrawing Defendants' obligations hereunder shall automatically expire ten years after the date this judgment is entered unless Plaintiffs prove willful noncompliance by a defendant, in which case the injunction may be extended by the Court as to the non-complying Defendant(s) for a term of three years. During any such three-year extension term, the Court may terminate the injunction upon a showing of substantial compliance by the Defendant(s) subject to the extension.

All relief not granted here is denied. The clerk of court is directed to enter this document on the docket as a final judgment.

Dated: August ___, 2025

_____
Gregory K. Frizzell
United States District Court Judge