# EXHIBIT 4


**GENTNER DRUMMOND**
**ATTORNEY GENERAL**

October 4, 2024

<u>*Via Email*</u>

John H. Tucker
Rhodes, Hieronymus, Jones, Tucker & Gable, P.L.L.C.
jtucker@rhodesokla.com

Mr. Tucker:

  In response to Defendants' October 2, 2024, letter, it is my understanding that Defendants are seeking to conduct discovery and to amend the schedule for expert witness identification and exchange of expert reports, which differs from the approach the Court directed in its September 13 and 16, 2024 rulings. *See* Dkt# 3038 and 3039. With all due respect for Defendants' request, the processes ordered by the Court are consistent with the authority granted to the Court in Rule 26(b)(1). Therefore, the State must respectfully decline any efforts to overturn the Court's orders in this matter.

  The Court set the schedule for deadlines leading up to the December 2024 hearing, and the State intends to follow the Court's schedule. Revising the Court's schedule would substantially and unfairly limit the timeframe for the State to prepare its expert reports by eliminating three weeks of the time allotted by the Court for the identification of expert witnesses and the submission of their respective reports. As the Court expressed during the September 13, 2024, hearing, "the defendants bear the burden of proof insofar as they seek to reurge the issue" of prudential mootness. *See* Transcript of Status Conference, September 13, 2024, p. 5, ln. 23 through p. 6, ln. 1. ("[D]efendants have the burden to the extent that they wish to continue to urge prudential mootness." Transcript p. 10, ln. 1-2.). The Court's order, which sets a schedule for the parties' simultaneous identification and exchange of expert witness information is consistent with the Court's view that both sides of the case have a burden of proof at the December 2024 hearing. Adjusting the schedule solely with regard to an issue where the State will present evidence and not doing so with regard to those areas that Defendants must carry the burden of proof constitutes an obstacle to a fair trial of the issues from the State's perspective. From the State's point of view, Defendants have extended a one-sided request that the State cannot accept.

  Further, I am concerned that Defendants' letter misunderstands the purpose of the December 2024 hearing. The State's reading of the letter is that Defendants believe the overarching purpose of the December 2024 hearing is to address remedies. The State disagrees that the hearing has such a focus. In accord with the Court's direction at the September 13, 2024, status conference, the State intends to show that there is continuing harm from the past and current overapplication of poultry waste by Defendants in the IRW.

Despite the Court having denied discovery without objection by Defendants, Defendants' letter seeks discovery as to the presentation of evidence at the hearing in relation to remedies being sought by the State. But addressing the details of remedies is a subject for a later date – not the focus of the evidentiary hearing. To the extent remedies are relevant to the evidentiary hearing, the State intends to argue that remedies exist to address the pollution caused by overapplication of poultry waste. Beyond that threshold, the State does not need to show more with respect to remedies at the upcoming evidentiary hearing. To the extent Defendants aim to argue prudential mootness, it is the Defendants' burden to establish a showing of no possible remedy.

I acknowledge that the parties do not see eye-to-eye on this matter. As I have said before, it is not my aim to injure the poultry companies. I simply want to find a solution. I continue to have an open door for discussions that would resolve this matter between the parties.

Respectfully,

GENTNER DRUMMOND
*Attorney General*