IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**STATE OF OKLAHOMA** *et al.*,

    *Plaintiffs*,

v.

**TYSON FOODS, INC.,** *et al.*,

    *Defendants.*

No. 4:05-cv-329-GKF-SH

### THE STATE OF OKLAHOMA'S OPPOSITION TO "MOTION OF JEREMY JACKSON, JERRY MOYER, AND THE ARKANSAS FARM BUREAU FEDERATION FOR LEAVE TO FILE AMICUS BRIEF" (DOC. 3166)

The State of Oklahoma hereby submits this response and objection to the "Motion of Jeremy Jackson, Jerry Moyer, and the Arkansas Farm Bureau Federation for Leave to File Amicus Brief" (Doc. 3166). In response thereto, the State of Oklahoma states as follows:

Leave to file an amicus brief is generally appropriate when "(i) the amicus has an interest in some other case that may be affected by the decision in the present case, but not a sufficient interest to justify intervention; or (ii) when the amicus has unique information or perspective that can help the court beyond… that [which] the lawyers for the parties were able to provide." *Pickup v. Dist. Court of Nowata Cnty., Oklahoma*, CIV 20-0346 JB/JFJ, 2023 WL 1394896, at *36 (N.D. Okla. Jan. 31, 2023) (internal citations omitted). "Participation as an amicus to brief and argue as a friend of the court is a privilege within the sound discretion of the court, depending upon a finding that the proffered information of the amicus is timely, useful, or otherwise necessary to the administration of justice." Doc. 1698 (citing *United States v. Michigan,* 940 F.2d 143, 165 (6th Cir. 1991)).

In 2008, the Arkansas Farm Bureau Federation (ArFB) filed a Motion for Leave to File an Amicus Brief, Doc. 1545, which the State opposed. Doc. 1572. The Court denied ArFB's request, along with the requests of several other proposed amici. Doc. 1698. The Court based the denial on

1

reasoning that: (1) "the poultry integrator defendants are represented competently by lawyers who have thoroughly and extensively briefed the relevant issues", (2) "the proposed amici indicate their interest about this case, but do not contend they presently have interests in other pending cases that may be affected by the decision [on the motions for leave to file an amicus brief]", (3) "it does not appear that the proposed amici have such unique information or perspective that can help the Court beyond the help that the lawyers for the parties and the three permitted amici[1] are able to provide", and (4) "to permit the proposed amicus briefs would require the State to expend additional resources to file responses, although the issues have been fully briefed by the parties and three permitted amici." *Id.* at 2-3.

The same reasons that supported the Court's denial of ArFB's 2008 request now support denial of their current request. Concerning the Court's reasons 1 and 2, the defendants are still represented competently, *see* Doc. 3166 at 2, the relevant issues have been thoroughly and extensively briefed, *see id.*, and the proposed amici do not contend they presently have interests in other pending cases that may be affected by the decision in the present case. *See id.* at 3 ("movants acknowledge that there are no other pending cases against them or ArFB's members.")

Concerning the Court's reason 3, the proposed amicus brief addresses issues and makes (the same flawed) arguments that are already addressed and made by the defendants (e.g., an alleged – but illusory – conflict between the proposed final judgment and the states' regulatory regimes for poultry waste management; an alleged – but unfounded – assertion that entry of the proposed final judgment would result in an unconstitutional taking). *Compare, e.g.,* Doc. 3166-1 at 11-15 with Doc. 3164 at 10-15, 25-26. Thus, the Court already has the benefit of the information

---

[1] The three amici the Court permitted were the State of Arkansas, Oklahoma Farm Bureau, Inc., and Poultry Partners, Inc. (Doc. 1698, fn 1).

that the proposed amicus brief seeks to provide. Accordingly, the movants have not demonstrated that their proposed amicus brief would be useful.

Regarding the Court's reason 4, the movants fail to account for the burden that would accompany the filing of their amicus brief. The State would be burdened with responding to the fifteen-page brief, even though it simply re-urges information already briefed by the defendants.[2] Although the State could draw upon the responses that it has already filed in response to previous briefing, such redundancy is inefficient and not a good use of the time and resources of the State or the Court.

For these reasons, the amicus participation sought by ArFB is not appropriate. Accordingly, the State respectfully requests that the Court overrule and deny the "Motion of Jeremy Jackson, Jerry Moyer, and the Arkansas Farm Bureau Federation for Leave to File Amicus Brief" (Doc. 3166).

Respectfully Submitted,

*s/ Gentner Drummond*

GENTNER DRUMMOND, OBA #16645
  *Attorney General*
GARRY M. GASKINS, II, OBA #20212
  *Solicitor General*
JENNIFER L. LEWIS, OBA #32819
  *Deputy Attorney General*
OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Direct: (405) 521-3921
gentner.drummond@oag.ok.gov

M. David Riggs, OBA, #7583
Kristopher E. Koepsel, OBA #19147

---

[2] The defendants' response brief (doc. 3164) already exceeded the page limitations outlined in LCvR 7(d) by eighteen pages.

Riggs, Abney, Neal, Turpen, Orbison & Lewis
502 West 6th Street
Tulsa, OK 74119
(918) 587-3161

Robert A. Nance, OBA #6581
W.A. Drew Edmondson, OBA #2628
Riggs, Abney, Neal, Turpen, Orbison & Lewis
528 N.W. 12th Street
Oklahoma City, OK 73103
(405) 843-9909

Louis W. Bullock, OBA #1305
Bullock Law Firm PLLC
110 W. 7th Street
Tulsa, OK 74119
(918) 584-2001

Frederick C. Baker, admitted *pro hac vice*
Cynthia Solomon, admitted *pro hac vice*
Kristin Hermiz, admitted *pro hac vice*
Madeline Becker, admitted *pro hac vice*
Motley Rice LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
(843) 216-9186

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of August, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants with entries of appearance filed of record.

s/ *Gentner Drummond*
GENTNER DRUMMOND
