IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA ex rel.<br>GENTNER DRUMMOND, in his capacity as<br>Attorney General of the State of Oklahoma and<br>OKLAHOMA SECRETARY OF ENERGY AND<br>ENVIRONMENT JEFF STARLING<br>in his capacity as the TRUSTEE FOR<br>NATURAL RESOURCES FOR THE<br>STATE OF OKLAHOMA,<br><br>Plaintiffs,<br><br>v.<br><br>TYSON FOODS, INC., TYSON POULTRY,<br>INC., TYSON CHICKEN, INC.,<br>COBB-VANTRESS, INC., CAL-MAINE<br>FOODS, INC., CARGILL, INC.,<br>CARGILL TURKEY PRODUCTION, LLC,<br>GEORGE'S, INC., GEORGE'S FARMS, INC.,<br>and SIMMONS FOODS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 05-CV-00329-GKF-SH |

## MOTION FOR SUBSTITUTION OF COUNSEL

Plaintiff, Oklahoma Secretary of Energy and Environment Jeff Starling, in his capacity as the Trustee for Natural Resources for the State of Oklahoma ("Secretary Starling" or "Secretary"), hereby requests that all attorneys currently representing him, including but not exclusive of Attorney General Gentner Drummond, Solicitor General Garry Gaskins, Jennifer Lewis, M. David Riggs, Kristopher E. Koespel, Robert Nance, W.A. Drew Edmondson, Louis Bullock, Frederick Baker, Cynthis Solomon, Kristin Hermiz, and Madeline Becker,[1] be withdrawn as his counsel and be substituted by Andrew W. Lester of the firm Spencer Fane LLP, in the captioned action. In support of this Motion, Secretary Starling states as follows:

---

[1] All named counsel represent Secretary Starling through the Office of the Attorney General.

1.      The lawyers mentioned above are currently listed as counsel of record for Secretary Starling in the above-named case.

2.      Secretary Starling has retained Andrew W. Lester of the law firm Spencer Fane LLP as his counsel for this litigation and desires to substitute him as his counsel in place of all those lawyers currently listed as his counsel.

3.      Upon assuming his role in December 2024, Secretary Starling corresponded with Attorney General Drummond, stating that he "acts as the trustee for natural resources solely for purposes of a limited number of specifically enumerated federal statutes."(Ex. 1, Letter from Secretary Starling to Attorney General Drummond, December 20, 2024.)[2] The Secretary's position is supported by 27A O.S. § 1-2-101(4).[3]

4.      One of the federal statutes for which Secretary Starling acts as trustee is the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). A claim under CERCLA was brought against the Defendants in this case, but was dismissed in 2009 (ECF

---

[2] Attorney General Drummond marked much of his correspondence to Secretary Starling as confidential and subject to the attorney-client privilege. While the attorney-client privilege typically rests with the client, Secretary Starling, out of an abundance of caution, is not attaching the Attorney General's correspondence here. Nor does Secretary Starling think the Attorney General Drummond's correspondence is additive to this motion, but he is happy to provide such material to the Court if needed.

[3] By law, the Secretary shall, "[a]ct on behalf of the public as trustee for natural resources under the federal Oil Pollution Act of 1990, **the federal Comprehensive Environmental Response, Compensation and Liability Act of 1980**, as amended, the federal Water Pollution Control Act **and any other federal laws providing that a trustee for the natural resources is to be designated**. The Secretary is authorized to make claims against federal funds, receive federal payments, establish and manage a revolving fund in relation to duties as the natural resources trustee consistent with the federal enabling acts and to coordinate, monitor and gather information from and enter into agreements with the appropriate state environmental agencies or state agencies with limited environmental responsibilities in carrying out the duties and functions of the trustee for the natural resources of this state." 27A O.S. § 1-2-101(4) (emphasis added).

2

2362). It is Secretary Starling's understanding that it is undisputed that his involvement in this matter is solely related to this one CERCLA claim that the Court dismissed sixteen years ago.

5. In the dismissal order, this Court determined that the Cherokee Nation was an indispensable party under Fed. R. Civ. P. 19(b), that joinder of the Cherokee Nation was not feasible due to the Nation's status as a dependent sovereign, and that "plaintiff's claims for damages should not, in equity and good conscience, be allowed to proceed among the existing parties." *Id.*

6. Due to the Order of the Court, neither CERCLA, nor any other federal statutes nor laws remain at issue in this litigation. Secretary Starling's participation as a Plaintiff is no longer necessary.

7. Because of this, Secretary Starling asked the Attorney General to seek his removal from this case. The Attorney General has refused his request, claiming authority to make litigation decisions under 74 O.S. § 18b. The Secretary was advised that Attorney General Drummond seeks to retain Secretary Starling in this case for the purposes of a possible appeal.

8. On June 30, 2025, Secretary Starling renewed his request to Attorney General Drummond to seek his dismissal from the case. (Ex. 2, Letter from Secretary Starling to Attorney General Drummond, June 30, 2025.) The Attorney General, however, continues to refuse this request.

9. Secretary Starling has also requested that the record be clarified. In the Court's recent Minute Order (ECF. 3160) and Order (ECF. 3161), the Court mistakenly found that Secretary Starling satisfied his burden on the remaining state law claims. But such claims were not brought by the Secretary, nor could he have brought them in his capacity as Trustee for Natural Resources. The Order should exclusively refer to the State of Oklahoma, not Secretary Starling.

10. On September 8, 2025, upon learning that a mediation had been scheduled between the Attorney General's office and some or all of the Defendants, Secretary Starling again reached out to the Attorney General. (Ex. 3, Email from Secretary Starling to Attorney General Drummond, September 8, 2025). As a named party, Secretary Starling requested that the Attorney General confirm whether a mediation was scheduled and provide the date, time, and location so that he could participate. However, none of that information was provided to him. In other words, Secretary Starling was deprived of the opportunity to participate in the mediation, even though he is a named party to this litigation.

11. The Attorney General's authority to make litigation decisions—derived from 74 O.S. § 18b—*only* extends to actions "in which the Attorney General represents the interests of the state," and does not extend to interests that require the trustee for natural resources to act.

12. Earlier this year, this Court analyzed the limits of the Attorney General's authority in *Briggs v. Friesen*, Case No. 23-cv-00081. Relying on the Oklahoma Supreme Court rulings in *Howard v. Oklahoma Corporation Comm'n*, 614 P.2d 45, 1980 OK 96, and *Cherokee Nation v. United States Department of the Interior*, 564 P.3d 58, 2025 OK 4, this Court granted the Motion to Substitute and denied the Attorney General's Motion to Strike Attorney Appearances. *Briggs*, ECF 113.

13. Of course, all counsel in Oklahoma must follow the Rules of Professional Conduct that guide all licensed attorneys in Oklahoma, and "shall abide by a client's decisions concerning the objectives or representation[.]" 5 O.S. § Rule 1.2(a). This includes Secretary Starling's request to be removed from this suit, his request to seek modification of a finding about him, and his request to be notified of a mediation and of the opportunity to participate in the mediation of litigation in which he is a named party.

14. The views of the Attorney General as to this litigation have not been consonant with the views of Secretary Starling. The Attorney General has refused Secretary Starling's requests to conclude his involvement in this matter, has not sought to clarify the record consistent with Secretary Starling's requests, and has not notified him of important litigation events, such as a mediation. Secretary Starling is entitled to counsel who agrees to consult with him and to represent his interests.

15. For these reasons, Secretary Starling makes this request to substitute counsel. If this Court grants the substitution, Mr. Lester will subsequently file a request to sever the CERCLA claim and further request the entry of final judgment on the dismissed claim that Secretary Starling in his capacity as the Trustee for Natural Resources for the State of Oklahoma brought as a Plaintiff in this case.

16. All future notices, pleadings, motions, correspondence and any other papers filed in connection with the above-entitled and numbered case should be addressed to:

> Andrew W. Lester
> Spencer Fane LLP
> 9400 North Broadway Extension
> Suite 600
> Oklahoma City, Oklahoma 73114
> Phone: 405.844.9900
> Fax: 405.844.9958
> alester@spencerfane.com

17. Secretary Starling approves of this substitution and asserts that the substitution is not sought for purposes of delay.

18. A proposed Order Allowing Substitution of Counsel is submitted herewith.

WHEREFORE, Secretary Starling requests that all attorneys currently representing him, including but not exclusive of Attorney General Gentner Drummond, Solicitor General Garry Gaskins, Jennifer Lewis, M. David Riggs, Kristopher E. Koespel, Robert Nance, W.A. Drew

Edmondson, Louis Bullock, Frederick Baker, Cynthis Solomon, Kristin Hermiz, and Madeline Becker be withdrawn as counsel from his representation, and that Andrew W. Lester of the law firm Spencer Fane LLP be substituted as counsel for Plaintiff, Oklahoma Secretary of Energy and Environment Jeff Starling, in his capacity as the Trustee for Natural Resources for the State of Oklahoma.

Respectfully submitted,

/s/ Andrew W. Lester
Andrew W. Lester, OBA No. 5388
Spencer Fane LLP
9400 North Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114
Telephone: (405) 844-9900
Facsimile: (405) 844-9958
Email: alester@spencerfane.com
**Attorney for Plaintiff, Oklahoma Secretary of Energy and Environment Jeff Starling, in his capacity as the Trustee for Natural Resources for the State of Oklahoma**

## CERTIFICATE OF SERVICE

I hereby certify that, on October 2, 2025, I have caused a true and correct copy of the foregoing document to be filed via the Court's CM/ECF system, which will effect service on all counsel of record.

/s/ Andrew W. Lester