IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA *ex rel.* GENTNER DRUMMOND, in his capacity as Attorney General of the State of Oklahoma and OKLAHOMA SECRETARY OF ENERGY AND ENVIRONMENT JEFF STARLING in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TYSON FOODS, INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB-VANTRESS, INC., CAL-MAINE FOODS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., and SIMMONS FOODS, INC.,<br><br>　　　　Defendants. | Case No. 05-CV-00329-GKF-SH |

**ORDER**

This matter comes before the court on the Joint Motion for Entry of Consent Judgment [Doc. 3229] of plaintiff State of Oklahoma and defendants George's, Inc. and George's Farms, Inc. (collectively, "George's").

The State of Oklahoma brought this case against defendants Tyson Foods, Inc.; Tyson Poultry, Inc.; Tyson Chicken, Inc.; Cobb-Vantress, Inc.; Cal-Maine Foods, Inc.; Cargill, Inc.; Cargill Turkey Production, LLC; George's, Inc.; George's Farms, Inc.; Peterson Farms, Inc.; and Simmons Foods, Inc. alleging that defendants have polluted and continue to pollute the waters of

the Illinois River Watershed (IRW) with phosphorus from the waste generated from defendants' poultry and applied to lands in the IRW.  The court found in favor of the State of Oklahoma and against defendants on the State's claims of statutory public nuisance, federal common law nuisance, trespass, and violations of Okla. Stat. tit. 27A, § 2-6-105 and Okla. Stat. tit. 2, § 2-18.1. It further found and concluded that "actual and ongoing injury to the waters of the IRW constitutes irreparable harm and warrants injunctive relief." [Doc. 2979 at p. 217]; *see also* [*Id*. at pp. 207, 212-13].

The court's Judgment includes three primary forms of relief:  (1) remediation, (2) restriction on land application of poultry waste, and (3) penalties.

Defendants appealed.  *See* [Doc. 3197 to Doc. 3202].  Thereafter, defendants filed a motion to stay the Judgment during the pendency of the appeal.  *See* [Doc. 3203].

In an Opinion and Order of January 16, 2026, the court stayed the monetary portions of the Judgment, but declined to stay the injunctive portions.  [Doc. 3241].

The State and George's now represent that they have negotiated a settlement in the form of a Consent Judgment.  The settling parties ask the court to approve and enter the proposed Consent Judgment, which, if entered, would "supersede[] and replace[] the Judgment" as to George's. [Doc. 3229].

The U.S. Court of Appeals for the Tenth Circuit has recognized that "[t]he district court . . . is not obliged to approve every proposed consent decree placed before it." *United States v. Colorado*, 937 F.2d 505, 509 (10th Cir. 1991). "Because the issuance of a consent decree places the power of the court behind the compromise struck by the parties, the district court must ensure that the agreement is not illegal, a product of collusion, or against the public interest." *Id.*  Further,

the court must determine "whether the decree is fair, adequate, and reasonable before it is approved." *Id.*

Having reviewed the proposed Consent Judgment [Doc. 3229-1], the court concludes that additional information is necessary to ensure that the agreement is not "against the public interest" and "is fair, adequate, and reasonable." *See Colorado*, 937 F.2d at 509. Accordingly, the motion for entry of consent judgment shall be set for hearing. During the hearing, the parties shall be prepared to address the following topics, among others that may arise:

- The proposed Monetary Relief Fund [Doc. 3229-1, p. 5, ¶ 4], including who controls the Fund, its relationship to the evergreen fund contemplated by the Judgment [Doc. 3192, p. 19, § 3.n.], and permissible uses of the monies deposited therein;

- The proposed Litter Removal Commitments [Doc. 3229-1, pp. 6-7, ¶¶ 6-7], and their relationship, if any, to Soil Test Phosphorus (STP) restrictions;

- The proposed direct payment of $250,000 to the State "for deposit into an escrow account to be used to pay for the services and/or expenses of the special master in monitoring compliance with the litter application restrictions of Paragraph 6," [Doc. 3229-1, p. 10, ¶ 12], including who controls the escrow account, its relationship to the evergreen fund contemplated by the Judgment [Doc. 3192, p. 19, § 3.n.], and costs of future compliance once the escrow account is exhausted; and

- The proposed payments to the State for a Material violation of the land application restrictions of Paragraph 6 [Doc. 3229-1, p. 12, ¶ 14], including the account/fund into which such monies are to be deposited and who controls that account/fund;

- The proposed release and discharge of nonparties that are or were previously under contract with George's and related entities for the production or care of poultry or eggs in the Illinois River Watershed [Doc. 3229-1, p. 14, ¶ 19]; and

- The proposed agreement by the State to "a reduction of any damages awarded against other defendants to this lawsuit on a joint and several basis to the extent of the pro-rata share of the liability of the Released Parties," [Doc. 3229-1, p. 15, ¶ 21], given that the court did not impose a traditional damages award.

WHEREFORE, the Joint Motion for Entry of Consent Judgment [Doc. 3229] of plaintiff State of Oklahoma and defendants George's, Inc. and George's Farms, Inc. is set for hearing on Monday, February 2, 2026 at 1:30 p.m.

IT IS SO ORDERED this 23rd day of January, 2026.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE