# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA *ex rel.* GENTNER DRUMMOND, in his capacity as Attorney General of the State of Oklahoma and OKLAHOMA SECRETARY OF ENERGY AND ENVIRONMENT JEFF STARLING in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA,<br><br>        Plaintiffs,<br><br>v.<br><br>TYSON FOODS, INC.,<br>TYSON POULTRY, INC.,<br>TYSON CHICKEN, INC.,<br>COBB-VANTRESS, INC.,<br>CAL-MAINE FOODS, INC.,<br>CARGILL, INC.,<br>CARGILL TURKEY PRODUCTION, LLC,<br>GEORGE'S, INC.,<br>GEORGE'S FARMS, INC.,<br>PETERSON FARMS, INC., and<br>SIMMONS FOODS, INC.,<br><br>        Defendants. | Case No. 05-CV-00329-GKF-SH |

## **ORDER**

This matter comes before the court on the Joint Motion for Entry of Consent Judgment [Doc. 3229] of plaintiff State of Oklahoma and defendants George's, Inc. and George's Farms, Inc. (collectively, "George's").

On December 19, 2025, the court entered Judgment in favor of the State of Oklahoma and against defendants on the State's claims of statutory public nuisance, federal common law nuisance, trespass, and violations of Okla. Stat. tit. 27A, § 2-6-105 and Okla. Stat. tit. 2, § 2-18.1.

The State and George's subsequently filed the Joint Motion for Entry of Consent Judgment. [Doc. 3229]. The State and George's represent that they have negotiated a settlement in the form of a Consent Judgment, which, if entered, would "supersede[] and replace[] the Judgment" as to George's. [Doc. 3229]. Accordingly, pursuant to Federal Rule of Civil Procedure 60(b)(5), the parties seek relief from the court's December 19 Judgment. [*Id.* at p. 1]. The motion is set for hearing on Friday, February 27, 2026, at 1:30 p.m. [Doc. 3263].

"Rule 60(b)(5) permits relief from a judgment or order if '[1] the judgment has been satisfied, released, or discharged; [2] it is based on an earlier judgment that has been reversed or vacated; *or* [3] applying it prospectively is no longer equitable.'" *Jackson v. Los Lunas Cmty. Program,* 880 F.3d 1176, 1192 (10th Cir. 2018) (quoting Fed. R. Civ. P. 60(b)(5)). As recognized by the Tenth Circuit, "[u]se of the disjunctive 'or' demonstrates 'that each of the provision's three grounds for relief is independently sufficient.'" *Jackson,* 880 F.3d at 1192 (quoting *Horne v. Flores,* 557 U.S. 433, 454 (2009)).

The parties rely on Rule 60(b)(5)'s provision that permits relief where "the judgment has been . . . released." Fed. R. Civ. P. 60(b)(5). However, that provision applies when the "movant has satisfied each obligation set forth in" the judgment. *Cf. Jackson*, 880 F.3d at 1201. George's has not satisfied all of its obligations under the December 19 Judgment and the parties no case law applying the provision under similar circumstances. Nor do the parties cite or discuss any other provision of Rule 60(b).

Further, the parties have not analyzed the applicability, if any, of *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994). In that decision, the U.S. Supreme Court held that "mootness by reason of settlement" generally "does not justify vacatur of a judgment." *U.S. Bancorp Mortg. Co.*, 513 U.S. at 29. Recognizing that "the determination is an equitable

one," however, the Court acknowledged that "exceptional circumstances may conceivably counsel in favor of" vacatur. *Id*.

For the foregoing reasons, supplemental briefing is necessary in advance of the February 27 hearing.

WHEREFORE, on or before February 19, 2026, the parties shall file a supplemental brief, limited to fifteen pages, addressing the issues raised in this Order.

IT IS SO ORDERED this 5th day of February, 2026.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE