## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA *ex rel.* GENTNER DRUMMOND, in his capacity as Attorney General of the State of Oklahoma and OKLAHOMA SECRETARY OF ENERGY AND ENVIRONMENT JEFF STARLING in his capacity as the TRUSTEE FOR NATURAL RESOURCES FOR THE STATE OF OKLAHOMA, <br><br> Plaintiffs, <br><br> v. <br><br> TYSON FOODS, INC., TYSON POULTRY, INC., TYSON CHICKEN, INC., COBB-VANTRESS, INC., CAL-MAINE FOODS, INC., CARGILL, INC., CARGILL TURKEY PRODUCTION, LLC, GEORGE'S, INC., GEORGE'S FARMS, INC., PETERSON FARMS, INC., and SIMMONS FOODS, INC., <br><br> Defendants. | Case No. 05-CV-00329-GKF-SH |

## ORDER

This matter comes before the court on the Joint Motion for Clarification [Doc. 3294] of defendants Cal-Maine Foods, Inc. and Simmons Foods, Inc.

Defendants Tyson Foods, Inc., Tyson Poultry, Inc., Tyson Chicken, Inc., and Cobb-Vantress, Inc., collectively; Cargill, Inc. and Cargill Turkey Production, LLC, collectively; Georges, Inc. and George's Farms, Inc., collectively; and Peterson Farms, Inc. have reached tentative settlements with plaintiff State of Oklahoma, the terms of which are set forth in proposed Consent Judgments. *See* [Doc. 3229; Doc. 3268; Doc. 3269; Doc. 3279]. The settling defendants

have filed joint motions requesting that the court issue an indicative ruling under Federal Rule of Civil Procedure 62.1(a) that it would approve and enter the proposed consent judgments. Cal-Maine and Simmons now "request the Court, the Settling Defendants, and Plaintiffs clarify on the record whether they believe the proposed consent judgments purport to extinguish, or affect in any way, non-settling-defendants' contribution rights." [Doc. 3294, p. 2].

It is axiomatic that "courts must adjudicate only 'concrete legal issues, presented in actual cases, not abstractions.'" *United States v. Muhtorov*, 20 F.4th 558, 608 (10th Cir. 2021) (quoting *Golden v. Zwickler*, 394 U.S. 103, 108 (1969)). Thus, courts are prohibited from issuing "advisory opinions on abstract propositions of law." *Muhtorov*, 20 F.4th at 608 (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969)).

Simmons' and Cal-Maine's requested relief is abstract and therefore prohibited. *First,* this court has not ruled on the settling defendants' motions for indicative ruling, and, further, jurisdiction of the matter remains with the U.S. Court of Appeals for the Tenth Circuit. *Second,* assuming the court entered the proposed consent judgments, a consent decree is to be construed as a contract, and the court must consider traditional principles of contract interpretation. *See Joseph A. ex rel. Corrine Wolfe v. Ingram,* 275 F.3d 1253, 1266 (10th Cir. 2002). Simmons and Cal-Maine effectively ask the court to issue an advisory opinion as to the manner in which it would construe the proposed consent judgments if presented with questions regarding contribution. This is improper. Thus, Simmons' and Cal-Maine's motion is denied insofar as it purports to seek "clarification" from this court.

With respect to the request that the Settling Defendants and the State provide clarification, Simmons and Cal-Maine may seek the requested statements of belief from the parties, without an Order of this court.

WHEREFORE, the Joint Motion for Clarification [Doc. 3294] of defendants Cal-Maine Foods, Inc. and Simmons Foods, Inc. is denied.

IT IS SO ORDERED this 10th day of March, 2026.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE